**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI) <br> Plaintiffs, <br> -against- <br><br> VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN AND ROBERT SEIBEL, <br> Defendants. | Civil Action No.: 1:18-cv-05775-ERK-CLP <br><br> **DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** |

Defendants, Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte"), Randall Franzen ("Franzen"), and Robert Seibel ("Seibel"), by and through their undersigned counsel, hereby Answer the Complaint of the above-captioned Plaintiffs' (collectively the "Star Auto Entities") as follows.  Further, Voynow also asserts counterclaims as set forth below against certain of the Star Auto Entities.

### *Introduction*

1.      Admitted in part, denied in part.  It is admitted that this is an action in which the Star Auto Entities assert claims for professional malpractice and breach of contract against Voynow and certain principals of Voynow.  It is denied, however, that any such claims have any merit or that any of the Voynow Defendants are in any way liable to any of the Star Auto Entities.  By way of further response, the Star Auto Entities' claims for breach of contract have been dismissed.

1

2.      Denied as stated.  By way of further response, to the extent that the Voynow Defendants do not know exactly what the Star Auto Entities mean by "commonly owned and operated" in this paragraph, and the same is denied based on lack of knowledge and information.

3.      Admitted in part, denied in part.  By way of further response, to the extent that the Voynow Defendants do not know exactly what the Star Auto Entities mean by "full-service accounting firm" in this paragraph, the same is denied based on lack of knowledge and information.

4.      Admitted in part, denied in part.  It is admitted that the Star Auto Entities engaged the Voynow Defendants to provide certain accounting services; that such engagement spanned a number of years; and that such engagement included the preparing and filing of tax returns.  It is further admitted that the Voynow Defendants provided certain other accounting services to the Star Auto Entities from time to time.  It is denied, however, that the Voynow Defendants provided "a broad range of accounting services" to the Star Auto Entities.  Further, as the Voynow Defendants do not know what Star Auto Entities mean when they refer to "all of Plaintiffs' related entities" in this allegation, the same is denied based on lack of knowledge and information.

5.      Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

6.      Denied.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to whether employees of the Star Auto Entities actually stole from those entities without their knowledge, consent, or involvement, or whether such alleged thefts

2

"went on for an extended period of time," or produced any "red flags"; the Voynow Defendants accordingly deny such allegations.  It is specifically denied that the Voynow Defendants in any way breached their duties to the Star Auto Entities.

7.      Denied.  The Voynow Defendants are not sure who the Star Entities mean when they refer to the "theft ring leader" in this paragraph, and such allegations are therefore denied based on lack of knowledge or information.  The remaining allegations set forth in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

8.      Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

9.      Admitted in part, denied in part.  It is admitted that certain former employees of the Star Auto Entities are being prosecuted criminally; and that the Star Auto Entities are also pursuing certain former employees civilly.  The Voynow Defendants are, however, without knowledge or information sufficient to form a belief as to whether such employees constitute all of the employees involved in the alleged thefts, or whether it is unlikely that the Star Auto Entities will be unable to recover from such employees; and such allegations are therefore denied.  Furthermore, it is denied that this action is in anyway necessary or warranted, or that the Voynow Defendants breached any duties owed to the Star Auto Entities or are in any way liable to them.

*The Parties*

10.     Admitted.

11.     Admitted.

3

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Denied.

### *Jurisdiction and Venue*

21.      Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

22.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

23.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

### *Voynow Dealership Practice*

24.     Denied as stated.  The allegations set forth in this paragraph contain excerpts of information set forth on Voynow's website, which speaks for itself.  Further, to the extent that

the "relevant times" at issue in this case span decades, the Voynow Defendants deny that such representations were made via its website "at all relevant times[.]"

26.     Denied as stated.  The allegations set forth in this paragraph contain excerpts of information set forth on Voynow's website, which speaks for itself.  Further, to the extent that the "relevant times" at issue in this case span decades, the Voynow Defendants deny that such representations were made via its website "at all relevant times[.]"

26.     Denied as stated.  The allegations set forth in this paragraph contain excerpts of information set forth on Voynow's website, which speaks for itself.  Further, to the extent that the "relevant times" at issue in this case span decades, the Voynow Defendants deny that such representations were made via its website "at all relevant times[.]"

27.     Denied as stated.  The allegations set forth in this paragraph contain excerpts of information set forth on Voynow's website, which speaks for itself.  Further, to the extent that the "relevant times" at issue in this case span decades, the Voynow Defendants deny such representations were made via its website "at all relevant times[.]"

28.     Denied as stated.  The allegations set forth in this paragraph contain excerpts of information set forth on Voynow's website, which speaks for itself.  Further, to the extent that the "relevant times" at issue in this case span decades, the Voynow Defendants deny such representations were made via its website "at all relevant times[.]"

29.     Denied  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

### *Voynow's Work for the Star Auto Group*

30.     Admitted in part, denied in part.  It is admitted that the Voynow Defendants began their relationship in 1996 with those of the Star Auto Entities that existed at that time.  It is denied, however, that all of the Star Auto Entities existed at that time.

31.     Denied as stated.  The Voynow Defendants do not know what Star Auto Entities mean by the reference to "focus' and specific expertise" as set forth in this paragraph, and same is therefore denied based on lack of knowledge or information.

32.     Admitted in part, denied in part.  It is admitted that Voynow provided accounting services to the Star Auto Entities in or about the time period in question.  It is denied, however, that Voynow "provided a broad array of accounting, management, and related services[.]"  It is further denied that the Voynow Defendants provided all of the enumerated services set forth in this paragraph to all of the Star Auto Entities during the entirety of the time period in question.

33.     Denied.  By way of further response, the terms and scope of the Star Auto Entities engagement of Voynow is set forth in yearly engagement letters that Voynow sent to the  Star Auto Entities.

34.     Denied.  By way of further response, the terms and scope of the Star Auto Entities' engagement of Voynow is set forth in yearly engagement letters that Voynow sent to the Star Auto Entities.

35.      Denied as stated.  It is admitted, however, that, for a large portion of the relevant time period, Whyte, Franzen, and Seibel were the main representatives of Voynow who handled/supervised the work performed for the Star Auto Entities.

36.     Admitted in part, denied in part.  It is admitted that Voynow performed certain tasks on behalf of the Star Auto Entities during the time period in question, and billed and were

paid during that time period.  It is denied, however, that Voynow performed all of the tasks

enumerated in paragraph 32 of the Complaint for all of the Star Auto Entities during the entirety

of the time period in question.  Further, it is denied that Voynow has been paid in full for all

services rendered.

37.     Admitted in part, denied in part.  To the extent that the allegations in this

paragraph reference "the foregoing tasks," as alleged in paragraphs 32 and 36 of the Star Auto

Entities' Complaint, the same is denied for the reasons set forth in the Voynow Defendants'

answers to those paragraphs.  It is admitted, however, that the, in the course of providing

accounting services to the Star Auto Entities, Defendants interacted with the Star Auto Entities

and their accounting staff.

38.     Admitted in part, denied in part.  It is admitted that someone from Voynow visited

the Star Auto Entities at least once a year for a tax planning visit and a year end visit.  It is

further admitted that Voynow would (1) obtain year end balances, (2) collect and review data to

prepare tax materials; and (3) propose year end adjusting entries.  It is specifically denied that

Voynow "review[ed] manual accounting entries."

39.     Denied.  It is specifically denied that Voynow team members had remote access

to the Star Auto Entities' books and records at all times.  By way of further response, Voynow

did not have remote access to the Star Auto Entities' books and records until *after* the alleged

theft was discovered.

40.     Denied.  The Voynow Defendants do not know what the Star Auto Entities mean

by the reference to "actively engaged in communications" as set forth in this paragraph, and the

same is therefore denied based on lack of knowledge or information.  By way of further

response, it is specifically denied that the Voynow Defendants communicated with the Star Auto Entities' banking representatives every year at numerous times.

41.     Denied as stated.  It is specifically denied that at all times Voynow team members worked closely and regularly with the Star Auto Entities ownership and office managers and accounting personnel.  By way of further response, the Voynow Defendants do not know what Star Auto Entities mean by the reference to "at all times" as set forth in this paragraph, and the same is therefore denied based on lack of knowledge or information.

42.     Denied as stated.  As the phrase "this long-standing and close working relationship," refers to characterizations of the relationship between the Voynow Defendants and the Star Auto Entities as alleged in prior paragraphs of the Complaint, the Voynow Defendants respond to the same by incorporating their responses to those paragraphs here. Further, the Voynow Defendants do not know what Star Auto Entities mean by the reference to "accounting and management systems" or "specifics of its interrelated businesses" as set forth in this paragraph, and the same is therefore denied based on lack of knowledge or information.

43.     Admitted in part, denied in part.  The Voynow Defendants do not know what Star Auto Entities mean by the reference to an "independent relationship" with Karouzakis, and therefore denies that the allegations on the basis of lack of knowledge or information.  It is admitted, however, that Voynow prepared Karouzakis' and her husband's personal tax returns for certain years.

### The Star Auto Group Employees Defalcations

44.     Admitted in part, denied in part.  It is admitted that the Voynow Defendants did not have knowledge of the alleged "massive pattern of theft" from the Star Auto Entities.  It is, however, denied that the Voynow Defendants should have discovered such alleged thefts, that

they breached any duties to the Star Auto Entities by not having discovered such alleged theft, and that they are in any way liable to the Star Auto Entities for not having discovered such alleged theft.

45.     Denied as stated.  By way of further response, Voynow admits that the Star Auto Entities *informed it* that they had discovered that Karouzakis was stealing corporate funds in or about December 2016, and that they had been alerted to this by an officer of their bank.

46.     Admitted in part, denied in part.  It is admitted, upon information and belief, that the Star Auto Entities initiated an investigation into the alleged thefts by Karouzakis.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to whether (1) the Star Auto Entities were "caught utterly by surprise" regarding any such alleged theft and (2) Karouzakis actually stole "enormous sums across various of the affiliated dealerships and in multiple schemes[,]" and the same are therefore denied.

47.     Denied.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and the same are therefore denied.

### The Fallout:  Plaintiffs Clean House

48.     Admitted in part, denied in part.  It is admitted, upon information and belief, that the Star Auto Entities fired Karouzakis, and that she has been indicted.  The indictment, however, is a document that speaks for itself, and the Voynow Defendants accordingly deny all characterizations thereof.  Further, the Voynow Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs filed a criminal complaint against Karouzakis, or whether they "immediately" fired Karouzakis, and such allegations are therefore denied.

49.     Admitted in part, denied in part.  It is admitted, upon information and belief, that the Star Auto Entities have retained a forensic accounting firm to investigate the alleged thefts. The Voynow Defendants are, however, without knowledge or information sufficient to form a belief as to whether the scope of such firm's investigation has, in fact, been "broad[,]" and such allegations are therefore denied.

50.     Denied.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and the same are therefore denied.

51.     Denied as stated.  By way of further response, it is admitted that the Star Auto Entities have initiated certain lawsuits against Karouzakis, her sister, and one other former employee, seeking to recover allegedly stolen funds.

52.     Admitted in part, denied in part.  It is admitted that the Star Auto Entities fired Voynow, and, upon information and belief, retained a new accounting firm.  It is denied, however, that such action was necessary to "restore Plaintiffs' accounting integrity."

### The Voynow Defendants' Massive Failures

53.     Admitted in part, denied in part.  It is admitted that the Star Auto Entities utilized services provided by Voynow for approximately the number of years stated.  The remaining allegations set forth in this paragraph are, however, denied.  By way of further response, the Voynow Defendants are without knowledge or information sufficient to form a belief as to what impressions the Star Auto Entities might have had.

54.     Admitted in part, denied in part.  It is admitted that the Star Auto Entities are now making allegations that the Voynow Defendants failed to appropriately perform their accounting services.  It is denied, however, that such allegations are true, that the Voynow

Defendants breached any duties to the Star Auto Entities, or that the Voynow Defendants are in any way liable to the Star Auto Entities.

55.     Denied.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to whether "Karouzakis falsified 'control' and/or 'employee' numbers" as alleged in this paragraph, and the same is therefore denied.  Further, the Voynow Defendants do not know what the Star Auto Entities mean when they reference "irregular, manual journal entries" or that the transactions failed to clear the payroll cycle[,]" in this paragraph and such allegations are therefore denied on the basis of lack of knowledge or information.  Finally, the Voynow Defendants lack knowledge or information sufficient to form a belief as to what Karouzakis "was able to steal[,]" if anything, and such allegations are therefore denied.

56.     Admitted in part, denied in part.  It is admitted that Voynow did not notice or report checks issued to pay credit card bills or personal obligations of Karouzakis or any other inappropriate check practices involving Karouzakis as alleged in this paragraph.  It is denied, however, that the Voynow Defendants should have noticed such alleged inappropriate practices or that they are in any way liable to the Star Auto Entities for not noticing such practices.  By way of further response, the Voynow Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and the same are therefore denied.

57.     Denied.  The Voynow Defendants lack knowledge or information regarding the accounting transactions alleged in this paragraph, and therefore deny all allegations set forth in this paragraph based on lack of knowledge or information.

58.     Denied.  The allegations that Voynow should have noticed the "irregular transactions" and/or occurrences referenced in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.  Further, the Voynow Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and the same are therefore denied.

59.     Admitted in part, denied in part.  The Voynow Defendants lack knowledge or information as to what specifically JP Morgan raised with the Star Auto Entities, other than what the Star Auto Entities passed on to Voynow, and such allegations are therefore denied.  It is admitted that, from time to time, certain of the Star Auto Entities asked the Voynow Defendants to help respond to questions by the bank regarding the retained earnings accounts. At such times, the Voynow Defendants assisted in providing retained earnings reconciliations to the bank between the Star Auto Entities' 12th and 13th month-end financial statements.  It is specifically denied, however, that anyone else ever asked the Voynow Defendants to investigate the retained earnings accounts.  It is further denied that the Voynow Defendants owed or undertook a duty to notice or report the "irregular entries" referenced in this paragraph, or that they failed to recognize any accounting irregularities that they had a duty to, or reasonably should have, noticed under the circumstances.  The Voynow Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of this paragraph, and such allegations are therefore denied.

60.     Denied.  The Voynow Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph, and such allegations are therefore denied.  Further, it is denied that the Voynow Defendants owed or

undertook a duty to notice or report the "irregularities" referenced in this paragraph, or that they failed to notice or report any alleged accounting irregularities that they had a duty to notice or report.

61.     Denied.

62.     Admitted in part, denied in part.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph, and the same are therefore denied.  The Voynow Defendants, however, admit the allegations set forth in the second sentence of this paragraph.

63.     Denied as stated.  By way of further response, see answer to paragraph 62.

64.     Denied.  It is denied that Voynow was engaged to manage the month ending and bank reconciliation processes referenced in this paragraph.  Further, the Voynow Defendants are without knowledge or information as to the alleged "continuing irregularities" referenced in the remaining portions of this paragraph, and therefore deny all such allegations on the basis of lack of knowledge or information.

65.     Admitted in part, denied in part.  It is admitted that Voynow had no idea that Doug Filardo was stealing as the Star Auto Entities allege in this paragraph.  It is denied, however, that the Voynow Defendants should have discovered any such alleged thefts, or that Voynow acted or failed to act in any way contrary to the duties owed to the Star Auto Entities in a way that facilitated any alleged thefts.  The Voynow Defendants are without knowledge or information as to what "transactions" are being referred to in this paragraph, and allegations relating thereto are therefore denied.

66.     Denied.  It is denied that "Voynow's failures are and have been massive and extreme."  Further, the Voynow Defendants lack knowledge or information sufficient to form a

belief as to the truth to the remaining allegations set forth in this paragraph, and the same are therefore denied.

### *Defendants' Continuous Representations of Plaintiffs*

67.    Denied for lack of information.  By way of further response, it is admitted that the Star Auto Entities informed Voynow that they had allegedly discovered certain employee theft in or around December 2016.

68.    Denied.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and the same are therefore denied.

69.    Denied.  The Voynow Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and the same are therefore denied.

70.    Denied.  By way of further response, the Voynow Defendants are without knowledge or information sufficient to form a belief regarding what the Star Auto Entities may have relied on.

71.    Denied as stated.  By way of further response, the Voynow Defendants do not know what the Star Auto Entities mean when they refer to "the foregoing respects" in this paragraph, and this paragraph is therefore denied on the basis of lack of knowledge or information.

72.    Denied.  The Voynow Defendants lack knowledge or information as to what the Star Auto Entities may have "repose[d] confidence" in, and these allegations are therefore denied.

73.    Denied.  The Voynow Defendants are without knowledge or information as to what the Star Auto Entities may have "rel[ied] on", and these allegations are therefore denied.

74.    Denied.  The Voynow Defendants are without knowledge or information as to whether or when the Star Auto Entities realized the things alleged in this paragraph, and such allegations are therefore denied.  By way of further response, it is denied that "different representation on all accounting matters was called for."

75.    Admitted.

76.    Denied as stated.  It is admitted that Voynow turned over certain documents to the Star Auto Entities in January 2018.  The Voynow Defendants are, however, without knowledge or information as to when "Plaintiffs' new accountants" may have initiated their representation, or whether such initiation was "in the ordinary course[,]" and such allegations are therefore denied.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Professional Malpractice)

77.    The Voynow Defendants hereby incorporate their answers to the preceding paragraphs are though the same were set forth at length.

78.    Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

79.    Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

80.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

81.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

82.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

83.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

84.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

85.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT VOYNOW
### (Respondeat Superior)

86.     The Voynow Defendants hereby incorporate their answers to the preceding paragraphs are though the same were set forth at length.

87.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

88.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

89.     Denied.  The Voynow Defendants deny the allegations set forth in this paragraph to the extent that they constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are denied.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT VOYNOW
### *(Breach of Contract)*

90.     This count has been dismissed by the Court; no response is required.

91.     This count has been dismissed by the Court; no response is required.

92.     This count has been dismissed by the Court; no response is required.

93.     This count has been dismissed by the Court; no response is required.

94.     This count has been dismissed by the Court; no response is required.

95.     This count has been dismissed by the Court; no response is required.

96.     This count has been dismissed by the Court; no response is required.

97.     This count has been dismissed by the Court; no response is required.

98.     This count has been dismissed by the Court; no response is required.

WHEREFORE, the Voynow Defendants respectfully request that this Honorable Court dismiss all claims asserted against them, with prejudice, award them their costs, and grant them such other further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

17

## FIRST AFFIRMATIVE DEFENSE

The Star Auto Entities have failed to set forth claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, by the doctrine of *in pari delicto.*

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred in whole or in part by their unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, to the extent that they were caused by their own negligence or other culpable conduct.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, pursuant to NY CLS CPLR § 1411.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, as a result of their failure to mitigate any damages.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, as a result of the limited scope of Voynow's yearly engagements.

## NINTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, to the extent that the Voynow Defendants did not cause the alleged damages.

## TENTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, to the extent that the Voynow Defendants could not have prevented the alleged thefts.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part as a result of their failure to join indispensible parties.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, by doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the Star Auto Entities are barred, in whole or in part, by the doctrine of assumption of risk.

## COUNTERCLAIMS

1.  The Voynow Defendants incorporate the preceding paragraphs as though the same were more fully set forth herein.

2.  Counterclaims Plaintiffs are Defendant, Voynow, Bayard, Whyte and Company, LLP ("Voynow")

3.  Counterclaim Defendants are Star Auto Entities, Star Auto Sales of Bayside, Inc (d/b/a Star Toyota of Bayside) ("Star Toyota"),Star Auto Sales of Queens, LLC (d/b/a Star Subaru) ("Star Subaru"), Star Hyundai LLC (d/b/a Star Hyundai) ("Star Hyundai"), Star Nissan,

Inc (d/b/a Star Nissan) ("Star Nissan"), Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep

Dodge) ("Star Chrysler Jeep Dodge"), and Star Auto Sales of Queens County LLC (d/b/a Star

Fiat) ("Star Fiat" and collectively with Star Toyota, Star Subaru, Star Hyundai, Star Nissan, Star

Chrysler Jeep Dodge, and Star Fiat, the "Star Auto Entities").

4.      The Star Auto Entities engaged Voynow to provide certain tax services in 2016

and 2017.

5.      Voynow sent the Star Auto Entities an engagement letter in connection with the

engagement.

6.      The Star Auto Entities received the engagement letter sent by Voynow each year.

7.      The Star Auto Entities agreed to the terms of the engagement set forth in the

engagement letter.

8.      The terms of the agreement were fair and reasonable, as were the charges made

for the services performed.

9.      Voynow did, in fact, provide various tax services to the Star Auto Entities in 2016

and 2017, in accordance with the engagement letter (the "Tax Services").

10.     Voynow, at all relevant times provided full, complete, and competent accounting

services to the Star Entities pursuant to the engagement letters.

11.     Voynow accrued fees in connection with the Tax Services provided to the Star

Auto Entities.

12.     The Star Auto Entities have failed and refused to pay the fees incurred for years

2016 and 2017 for Tax Services.

13.     A breakdown of the amount of unpaid fees by entity owed for Tax Services is set

forth in the following table:

| Entity | Date | Invoice Number | Amount Outstanding |
|---|---|---|---|
| Star Subaru[1] | 7/31/17 | 3195 | $2,390 |
| | 7/31/17 | 3203 | $2,220 |
| Star Chrysler Plymouth Jeep[2] | | | |
| | 7/31/17 | 3196 | $2,420 |
| | 7/31/17 | 3209 | $4,285 |
| Star Nissan[3] | | | |
| | 7/31/17 | 3197 | $2,410 |
| | 7/31/17 | 3208 | $4,285 |
| Star Toyota[4] | | | |
| | 7/31/17 | 3198 | $2,425 |
| | 7/31/17 | 3207 | $4,285 |
| Star Hyundai[5] | 7/31/17 | 3199 | $2,380 |
| | 7/31/17 | 3204 | $3,120 |
| Star Fiat[6] | 7/31/17 | 3201 | $2,275 |
| | | Grand Total | $32,495.00 |

14.    In addition to Tax Services, in April 2017, certain of the Star Auto Entities also engaged Voynow to assist and train Jackie in the month ending and bank reconciliation processes (the "Accounting Services").

15.    Voynow provided the Accounting Services as requested.

16.    Voynow accrued fees in connection with the Accounting Services.

17.    The Star Auto Entities have failed and refused to pay the fees incurred for the Accounting Services.

---

[1]    A copy Star Subaru's outstanding invoices are attached as Exhibit A.
[2]    A copy of Star Chrysler Plymouth Jeep's outstanding invoices relating to the Tax Services are attached as Exhibit B1.
[3]    A copy of Star Nissan's outstanding invoices relating to the Tax Services are attached as Exhibit C1.
[4]    A copy of Star Toyota's outstanding invoices relating to the Tax Services are attached as Exhibit D1
[5]    A copy of Star Hyundai's outstanding invoices are attached as Exhibit E.
[6]    A copy of Star Fiat's outstanding invoices are attached as Exhibit F.

18.     A breakdown of the amount of unpaid fees by entity owed for the Accounting

Services is set forth in the following table:

| Entity | Date | Invoice Number | Amount Outstanding |
|---|---|---|---|
| **Star Chrysler Plymouth Jeep**[7] | 9/27/17 | 3309 | $7,197 |
| | 9/27/17 | 3312 | $6,770 |
| **Star Nissan**[8] | 9/27/17 | 3307 | $3,300 |
| | 9/27/17 | 3310 | $8,234 |
| | 9/27/17 | 3314 | $3,300 |
| **Star Toyota**[9] | 9/27/17 | 3308 | $6,835 |
| | 9/27/17 | 3311 | $3,300 |
| | 9/27/17 | 3821 | $6,894 |
| **Grand Total** | | | $45,830 |

## COUNT I: BREACH OF CONTRACT – FOR THE TAX SERVICES
### (STAR SUBARU)

19.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

20.     Voynow provided the Tax Services to Star Subaru in 2016 and 2017 pursuant to

the terms set forth in the Engagement Letter.

21.     The terms of the agreement were fair and reasonable, as were the charges made.

22.     Voynow accrued fees in the amount set forth in the table at paragraph 13 in

connection with the Tax Services provided to Star Subaru.

23.     Star Subaru has failed and refused to pay the fees incurred.

24.     As a result of Star Subaru's breach of contract, Voynow has suffered and

continues to suffer damages consisting of the amount of fees incurred as well as consequential

damages and other damages, all in an amount to be established at trial.

---

[7]     A copy of Star Chrysler Plymouth Jeep's outstanding invoices relating to the Accounting Services are attached as Exhibit B2.
[8]     A copy of Star Nissan's outstanding invoices relating to the Accounting Services are attached as Exhibit C2.
[9]     A copy of Star Toyota's outstanding invoices relating to the Accounting Services are attached as Exhibit D2.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Subaru in the amount of $4, 610.00, together with costs and interest and such other relief as the Court may deem appropriate.

### COUNT II: BREACH OF CONTRACT – FOR THE TAX SERVICES
### (STAR CHRYSLER PLYMOUTH JEEP)

25.    Voynow incorporates the preceding paragraphs as if set forth fully herein.

26.    Voynow provided the Tax Services to Star Chrysler Plymouth Jeep in 2016 and 2017 pursuant to the terms set forth in the Engagement Letter.

27.    The terms of the agreement were fair and reasonable, as were the charges made.

28.    Voynow accrued fees in the amount set forth in the table at paragraph 13 in connection with the Tax Services provided to Star Chrysler Plymouth Jeep.

29.    Star Chrysler Plymouth Jeep has failed and refused to pay the fees incurred for the Tax Services.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Chrysler Plymouth Jeep in the amount of $6,705.00 together with costs and interest and such other relief as the Court may deem appropriate.

### COUNT III: BREACH OF CONTRACT – FOR THE ACCOUNTING SERVICES
### (STAR CHRYSLER PLYMOUTH JEEP)

30.    Voynow incorporates the preceding paragraphs as if set forth fully herein.

31.    As requested, Voynow provided the Accounting Services to Star Chrysler Plymouth Jeep in 2017.

32.    Voynow accrued fees in the amount set forth in the table at paragraph 18 in connection with the Accounting Services provided to Star Chrysler Plymouth Jeep.

33.    Such fees were fair and reasonable.

23

34.     Star Chrysler Plymouth Jeep has failed and refused to pay the fees incurred for the Accounting services.

35.     As a result of Star Chrysler Plymouth Jeep's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Chrysler Plymouth Jeep in the amount of $13,967.00 together with costs and interest and such other relief as the Court may deem appropriate.

## COUNT IV BREACH OF CONTRACT – FOR THE TAX SERVICES
### (STAR NISSAN)

36.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

37.     Voynow provided the Tax Services to Star Nissan in 2016 and 2017 pursuant to the terms set forth in the Engagement Letter.

38.     The terms of the agreement were fair and reasonable, as were the charges made.

39.     Voynow accrued fees in the amount set forth in the table at paragraph 13 in connection with the Tax Services provided to Star Nissan.

40.     Star Nissan has failed and refused to pay the fees incurred for the Tax Services.

41.     As a result of Star Nissan's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Nissan in the amount of $6,695.00 together with costs and interest and such other relief as the Court may deem appropriate.

## COUNT V BREACH OF CONTRACT – FOR THE ACCOUNTING SERVICES
### (STAR NISSAN)

42.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

43.     As requested, Voynow provided the Accounting Services to Star Nissan in 2017.

44.     Voynow accrued fees in the amount set forth in the table at paragraph 18 in connection with the Accounting Services provided to Star Nissan.

45.     Such fees were fair and reasonable.

46. Star Nissan has failed and refused to pay the fees incurred for the Accounting Services.

47.     As a result of Star Nissan's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Nissan in the amount of $14,834.00 together with costs and interest and such other relief as the Court may deem appropriate.

## COUNT VI: BREACH OF CONTRACT – FOR THE TAX SERVICES
### (STAR TOYOTA)

48.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

49.     Voynow provided the Tax Services to Star Toyota in 2016 and 2017 pursuant to the terms set forth in the Engagement Letter.

50.     The terms of the agreement were fair and reasonable, as were the charges made.

51.     Voynow accrued fees in the amount set forth in the table at paragraph 13 in connection with the Tax Services provided to Star Toyota.

52.     Star Toyota has failed and refused to pay the fees incurred for the Tax Services.

53.     As a result of Star Toyota's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Toyota in the amount of $6,710 together with costs and interest and such other relief as the Court may deem appropriate.

## COUNT VII: BREACH OF CONTRACT – FOR THE ACCOUNTING SERVICES (STAR TOYOTA)

54.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

55.     As requested, Voynow provided the Accounting Services to Star Toyota in 2017.

56.     Voynow accrued fees in the amount set forth in the table at paragraph 18 in connection with the Accounting Services provided to Star Toyota.

57.     Such fees were fair and reasonable.

58.     Star Toyota has failed and refused to pay the fees incurred for the Accounting Services.

59.     As a result of Star Toyota's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Toyota in the amount of $17,029.00 together with costs and interest and such other relief as the Court may deem appropriate.

## COUNT VIII: BREACH OF CONTRACT – FOR THE TAX SERVICES (STAR HYUNDAI)

60.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

26

61.     Voynow provided the Tax Services to Star Hyundai in 2016 and 2017 pursuant to the terms set forth in the Engagement Letter.

62.     The terms of the agreement were fair and reasonable, as were the charges made.

63.     Voynow accrued fees in the amount set forth in the table at paragraph 13 in connection with the Tax Services provided to Star Hyundai.

64.     Star Hyundai has failed and refused to pay the fees incurred.

65.     As a result of Star Hyundai's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against Counterclaim Defendant Star Hyundai in the amount of $5,500.00 together with costs and interest and such other relief as the Court may deem appropriate.

## COUNT IX: BREACH OF CONTRACT – FOR THE TAX SERVICES
### (STAR FIAT)

66.     Voynow incorporates the preceding paragraphs as if set forth fully herein.

67.     Voynow provided the Tax Services to Star Fiat in 2016 and 2017 pursuant to the terms set forth in the Engagement Letter.

68.     The terms of the agreement were fair and reasonable, as were the charges made.

69.     Voynow accrued fees in the amount set forth in the table at paragraph 13 in connection with the Tax Services provided to Star Fiat.

70.     Star Fiat has failed and refused to pay the fees incurred.

71.     As a result of Star Fiat's breach of contract, Voynow has suffered and continues to suffer damages consisting of the amount of fees incurred as well as consequential damages and other damages, all in an amount to be established at trial.

WHEREFORE, Counterclaim Plaintiff Voynow demands a judgment against

Counterclaim Defendant Star Fiat in the amount of $2,275.00, together with costs and interest

and such other relief as the Court may deem appropriate.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

*/s/ Gregory W. Fox*
Gregory W. Fox, Esquire
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2827
(215) 575-0856
gwfox@mdwcg.com
Attorney for Defendants,
Voynow, Bayard, Whyte and Company, LLC, Hugh
Whyte, Randall Franzen, and Robert Siebel

Dated:  April 22, 2019
LEGAL/122230124.v1

28

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory W. Fox, hereby certify that on the date indicated below a copy of the

foregoing Answer and Counterclaim, was served on all counsel of record via electronic filing.


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:____/s/ Gregory W. Fox_____
     Gregory W. Fox, Esquire
     Identification No.  200846
     2000 Market Street, Suite 2300
     Philadelphia, PA 19103
     (215) 575-2827


April 22, 2019