# TRACHTENBERG RODES & FRIEDBERG LLP

ATTORNEYS AT LAW

545 FIFTH AVENUE

NEW YORK, NEW YORK 10017

Stephen Arena
sarena@trflaw.com

TELEPHONE (212) 972-2929
TELECOPIER (212) 972-7581
www.trflaw.com

**By ECF**

February 12, 2020

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13B – South
Brooklyn, NY 11201

*Star Auto Sales of Bayside, Inc. et al. v.*
*Voynow, Bayard, Whyte and Company, LLP et al.*,
U.S.D.C., E.D.N.Y. 18-cv-05775-ERK-CLP

Dear Judge Pollak,

This firm represents the Plaintiffs in the above-referenced matter.

Further to our discussion at the February 10, 2020 status conference, Plaintiffs submit this letter in support of their request to utilize alternative service to serve a subpoena on non-party Nicholas Chester.

It is our understanding that Mr. Chester is a friend and former business relation of defendant Randall Franzen. Mr. Chester assisted Mr. Franzen with a review of the books and records of Plaintiffs regarding the systematic thefts alleged in the complaint in this action. *See* Exhibit A.

Plaintiffs have attempted to serve a subpoena duces tecum on Mr. Chester at his address at 88 Aristotle Way, Cranbury, New Jersey. *See* Exhibit B. However, Plaintiffs have been unsuccessful on at least four occasions. *Id.* Plaintiffs' process server also reached out to Mr. Chester via email. Although Mr. Chester was initially responsive via email, he has not responded since December 2019. *See* Exhibit C.

Federal Rule of Civil Procedure 45 "does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose attendance or production of documents is sought. Such language 'neither requires in-hand service nor prohibits alternative means of service.'" *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356

(E.D.N.Y. 1997)).  Alternative service can be proper so long as it "comports with due process" and is "reasonably calculated under the circumstances to provide [the recipient] with both notice and an opportunity to present objections." *Id*. (citing *SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)).

Accordingly. Plaintiffs respectfully request that the Court authorize by order that Plaintiffs may utilize alternative service to serve a subpoena duces tecum on Mr. Chester by email at njchet@gmail.com and by Federal Express at 88 Aristotle Way, Cranbury, New Jersey. A copy of the subpoena duces tecum is attached hereto as Exhibit D.

Respectfully submitted,

/s/ *Stephen Arena*

Stephen Arena
For Plaintiffs

cc: Counsel of Record (via ECF)

# EXHIBIT A

| Date: | Mon, 6 Feb 2017 3:44:58 PM (UTC) |
| --- | --- |
| Sent: | Mon, 6 Feb 2017 3:45:03 PM (UTC) |
| Subject: | Vivian |
| From: | Nicholas Chester <njchet@gmail.com> |
| To: | MKOUFAKIS@gmail.com; Randy Franzen <RFranzen@voynowbayard.com >; |
| Attachments: | Memo to Mike K.docx; RECAP.xls |

Hello Mike,  my name is Nick Chester, I was with Randy from VB&Co working on the Vivian project.
At your convenience, please review the Word document and the Excel recap that I have attached.
To discuss the findings I am normally available at 609-547-0595.  If I don't pick up I will get back to you
ASAP.
Thanks,
Nick Chester

---

**Total Control Panel**

Login

To: rfranzen@voynowbayard.com          Remove this sender from my allow list
From: njchet@gmail.com

*You received this message because the sender is on your allow list.*

EXHIBIT B

United States District Court
Eastern District of New York

Star Auto Sales of Bayside, Inc., et al

Plaintiff

VS

Voynow, Bayard, Whyte and Company LLP, et al

Defendant

**AFFIDAVIT OF ATTEMPTED SERVICE**

File/Index No.: 1:18-cv-0775-ERK-CLP
Issued On: 11/21/2019
Alt.File/Index No.:
Calendar No.:

**SERVICE UPON: Nicholas Chester**

STATE OF New Jersey, COUNTY OF Ocean: ss

Glenn Burroughs being duly sworn, deposes and says:  I am not a party to the within action, am over the age of 18 years and reside in the State of New Jersey.

I was unable to effect service of process of the following documents: Subpoena For Documents (return date 02/24/2020); Schedule A upon Nicholas Chester after due diligent efforts to do so at the following dates and times and at the following places:

On 11/22/2019 at 7:25 PM at 88 Aristotle Way, Cranbury, NJ 05512,  This is a gated community of private homes. There is a dgital directory near the entrance. I looked for Nicholas Chester, and found "N. Chester" #376. I put the number 376 in the intercom and heard a phone ring several times. There was no answer on the other end, and no answering machine picked up. There was no one in the "guard house" to speak with.

On 11/23/2019 at 2:40 PM at 88 Aristotle Way, Cranbury, NJ 05512,  I pulled up to the interdom and put in the number 376. The phone rang several times, but no one answered and there was no answering machine.

On 2/4/2020 at 7:15 AM at 88 Aristotle Way, Cranbury, NJ 05512,  I put the number 376 in the intercom and received no answer. After several rings the call just stopped.. No one picked up and there is no answering machine.

On 2/4/2020 at 12:40 PM at 88 Aristotle Way, Cranbury, NJ 05512,  As before, there was no answer on the intercom when I put in the number 376 for "N. Chester" I had no access through the gate.

Subscribed and sworn before me on

Notary Public:
Notary #:          Qualified in County
My Commision expires on:

DEBBIE BURROUGHS
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50057857
My Commission Expires 3/30/2022

Glenn Burroughs
Target Research & Investigation
233 Broadway, Suite 2065,
New York, NY 10279
(212) 227-9600

Order #:T85781

AFFIDAVIT OF NON SERVICE

EXHIBIT C

## Stephen Arena

| | |
|---|---|
| **From:** | Harlin Parker <harlin@targetresearch.com> |
| **Sent:** | Friday, December 06, 2019 11:39 AM |
| **To:** | Stephen Arena |
| **Subject:** | Fwd: We are seeking to deliver a SUBPOENA to you in the matter, Star Auto Sales of Bayside vs Voynow, Bayard, White and Company LLP |

Sent from my iPhone
Please excuse short message or typos

Begin forwarded message:

> **From:** Nicholas Chester <njchet@gmail.com>
> **Date:** December 6, 2019 at 11:35:32 AM EST
> **To:** Harlin Parker <harlin@targetresearch.com>
> **Subject: Re:  We are seeking to deliver a SUBPOENA to you in the matter, Star Auto Sales of Bayside vs Voynow, Bayard, White and Company LLP**
>
> In Florida until the 11th. Will contact you then.
>
> Nick Chester
>
> On Mon, Dec 2, 2019 at 11:52 AM Harlin Parker <harlin@targetresearch.com> wrote:
>
>> To:      Mr. Nicholas Chester
>>
>>          88 Aristotle Way, Cranbury, NJ
>>
>>
>> Dear Mr. Chester,
>>
>>
>> On behalf of counsel for Star Auto Sales of Bayside, Inc. plaintiff in a matter now before the United States District Court for the Eastern District of New York as noted above (court file no. 18 CV 05775), over the past week or so one of our agents has been attempting to deliver to you a witness subpoena.  We see that you live in a gated community so the only way our agents have been able to try to reach you is via the intercom system at the premises.
>>
>>
>> As we would like to minimize the trips our agents are taking to your residence, I'm reaching out to you by email, as we do not appear to have a current telephone number for you.

1

Please keep in mind that, in some manner, the subpoena will be delivered to you.  Under the court rules, the subpoena, primarily, should be delivered to you by one of our agents by hand.  If we can do that, I'm quite sure that you will have little trouble rescheduling the date and place at which you will be directed to attend.  To do so, and in consideration of the community in which you live, we will gladly accommodate you as to a date, time and place that is most convenient for you to receive the subpoena.  Please be so kind as to call me, or respond to this email, at your earliest opportunity.

If we do not communicate and if we do not have this delivered to you by hand delivery, it may come about that the court will direct another manner of delivery to you; which may not be as convenient to you as far as the date and place you will directed to attend.

Thank you in advance for responding as quickly as possible.

Harlin Parker

President

Private Investigation

Licensed in New York and New Jersey: USA

Target Research & Investigation Corporation

233 Broadway, Suite 2065

New York, NY 10279

t. 212.227.9600

f. 212.227.9878

c. 646.765.3355

www.targetresearch.com

## Stephen Arena

| | |
|---|---|
| **From:** | Harlin Parker <harlin@targetresearch.com> |
| **Sent:** | Tuesday, December 17, 2019 11:52 AM |
| **To:** | Nicholas Chester |
| **Subject:** | RE: We are seeking to deliver a SUBPOENA to you in the matter, Star Auto Sales of Bayside vs Voynow, Bayard, White and Company LLP |

Mr. Chester,

I took a look and it is the case that the subpoena is for documents only.  You are not being called to a deposition.  Just to provide needed documents.  I trust this should make it easier to set a date?

Harlin Parker
President
Private Investigation
Licensed in New York and New Jersey: USA
**Target Research & Investigation Corporation**
233 Broadway, Suite 2065
New York, NY 10279
t. 212.227.9600
f. 212.227.9878
c. 646.765.3355
www.targetresearch.com

**From:** Nicholas Chester <njchet@gmail.com>
**Sent:** Tuesday, December 17, 2019 11:17 AM
**To:** Harlin Parker <harlin@targetresearch.com>
**Subject:** Re: We are seeking to deliver a SUBPOENA to you in the matter, Star Auto Sales of Bayside vs Voynow, Bayard, White and Company LLP

I see that you are willing to accommodate me as to the date, time, and place that is most convenient for me to receive the subpoena.  You do not say anything about the date, time, and place where the deposition will take place, nor about reimbursement of my time and expenses that I will incur if required to travel.

Please let me know about the details.

Nick Chester

On Mon, Dec 2, 2019 at 11:52 AM Harlin Parker <harlin@targetresearch.com> wrote:

> To:     Mr. Nicholas Chester
>
>          88 Aristotle Way, Cranbury, NJ
>
>
> Dear Mr. Chester,

On behalf of counsel for Star Auto Sales of Bayside, Inc. plaintiff in a matter now before the United States District Court for the Eastern District of New York as noted above (court file no. 18 CV 05775), over the past week or so one of our agents has been attempting to deliver to you a witness subpoena. We see that you live in a gated community so the only way our agents have been able to try to reach you is via the intercom system at the premises.

As we would like to minimize the trips our agents are taking to your residence, I'm reaching out to you by email, as we do not appear to have a current telephone number for you.

Please keep in mind that, in some manner, the subpoena will be delivered to you. Under the court rules, the subpoena, primarily, should be delivered to you by one of our agents by hand. If we can do that, I'm quite sure that you will have little trouble rescheduling the date and place at which you will be directed to attend. To do so, and in consideration of the community in which you live, we will gladly accommodate you as to a date, time and place that is most convenient for you to receive the subpoena. Please be so kind as to call me, or respond to this email, at your earliest opportunity.

If we do not communicate and if we do not have this delivered to you by hand delivery, it may come about that the court will direct another manner of delivery to you; which may not be as convenient to you as far as the date and place you will directed to attend.

Thank you in advance for responding as quickly as possible.

Harlin Parker

President

Private Investigation

Licensed in New York and New Jersey: USA

Target Research & Investigation Corporation

233 Broadway, Suite 2065

New York, NY 10279

t. 212.227.9600

f. 212.227.9878

c. 646.765.3355

www.targetresearch.com

# EXHIBIT D

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| Star Auto Sales of Bayside, Inc. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-cv-05775-ERK-CLP |
| | ) | |
| Voynow, Bayard, Whyte and Company LLP et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Nicholas Chester
                              88 Aristotle Way, Cranbury, NJ  08512

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| Place: Trachtenberg Rodes & Friedberg LLP<br>545 Fifth Avenue, Suite 640<br>New York, New York 10017 | Date and Time:<br><br>03/11/2020 5:00  PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/11/2020

|                    *CLERK OF COURT*                    | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Star Auto Sales of
Bayside, Inc. et al.                                                        , who issues or requests this subpoena, are:

Stephen J. Arena, Trachtenberg Rodes & Friedberg LLP, 545 Fifth Avenue, Suite 640, New York, NY 10017, (212)972-2929 sarena@trflaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-05775-ERK-CLP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      Unless otherwise specified, the time period applicable to the following requests shall be January 1, 2014 through the date of production, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even if dated, prepared, generated or received prior to that period.

2.      The term "Plaintiffs" shall mean Star Auto Sales of Bayside, Inc. (d/b/a Star Toyota of Bayside), Star Auto Sales of Queens, LLC (d/b/a Star Subaru), Star Hyundai LLC (d/b/a Star Hyundai), Star Nissan, Inc. (d/b/a Star Nissan), Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep Dodge), Star Auto Sales of Queens County LLC (d/b/a Star Fiat), Star Auto Sales of Queens Village LLC (d/b/a Star Mitsubishi) and Star Auto Body of Queens Village, LLC (d/b/a Star Auto Body of Queens Village).

3.      The term "Defendants" shall mean Voynow, Bayard, Whyte and Company, LLP, Hugh Whyte, Randall Franzen and Robert Seibel, individually and collectively, as well as its and their successors, predecessors, attorneys, representatives, or agents, and all other persons acting or purporting to act on its or their behalf.

4.      The terms "You" or "Your" shall mean Nicholas Chester as well as his representatives, agents and/or any other persons acting or purporting to act on his behalf.

5.      The term "concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

6.      The term "communication" means the transmittal or information (in the form of facts, ideas, inquiries or otherwise).

7.     The term "document" is intended to have the broadest possible meaning. "Documents" includes any writings, recordings, or photographs, and includes without limitation any memoranda, correspondence, communication, e-mails, calendars, notebooks, files, folders, notes, telephone logs, diary entries, appointment books, graphics, images, film, videos, photographs, plans, agreements, contracts, files, schedules, journals, text messages, facsimiles, minutes of meetings, stenographic and handwritten notes, news articles and press releases, printouts, punch cards, logs, desk calendars, diaries, appointment books, computer data, tapes and discs, video tapes, voice recordings, all drafts and/or non-identical copies of every such writing, any other items of a similar nature, and any other type of writing or record or media, including any "ESI" (as that term is defined below), regardless of the manner in which produced or recorded, whether handwritten, typed, printed or recorded.  Any document bearing marks, including, but not limited to, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof is a separate document.

8.     The term "ESI" means all electronic information stored on any kind of electronic media or in an electronic format including, but not limited to:

a) e-mails (including their attachments, if any, and e-mails currently located in any folder outside an inbox (i.e. e-mails in sent items or outbox, deleted items, or personal folders, wherever located, including on any personal web-based or other e-mail accounts (e.g. Yahoo Mail or Gmail));

b) instant messages (i.e. G-chat, AOL IM, Facetime Messenger, iMessages, WhatsApp, GroupMe);

c) text messages (including SMS or MMS);

d) video calls, chats or transcripts (i.e. via Facetime, Skype);

e) social media communications, which means any communication sent or received through a social networking or media website; software or program and includes, but is not limited to tweets; profiles; postings (including postings that include photographs or videos); status updates;

2

tagged photographs; comments (including wall comments); messages; videos; causes or groups joined; or weblog entries on any social networking or other social media website (i.e. Facebook, Instagram, Twitter, LinkedIn, Blogger, YouTube));

f)  office suite documents, which includes, but is not limited to, word processing documents; presentations; spreadsheets; and databases;

g)  calendars; notes, tasks and reminders;

h)  telephone logs and voicemails; and

i)  all other types of information created, stored, or transferred electronically, wherever located, including but not limited to on a desktop, laptop or tablet computer; iPhone, Android or other mobile device; USB/thumb drive or other flash memory drive or removable storage device; web or cloud-based storage server (including those stored as part of a social networking account); or a CD, DVD, audio or video tape or any other storage device.  This term also includes a draft of any of the above types of ESI (i.e. draft of an e-mail or word processing document).

## INSTRUCTIONS

1.  Whenever necessary to bring within the score of the Request documents that might otherwise be construed to be outside their scope:

a)  The use of a verb in any tense shall be construed as that of the verb in all other tenses;

b)  The use of a word in its singular form shall be deemed to include within its use the plural form as well;

c)  The use of a word in its plural form shall be deemed to include within its use the singular form as well;

d)  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

e)  The terms, "all," "any," and "each" shall be construed as encompassing any and all.

2.   Each paragraph of the Requests should be construed independently and no other paragraph shall be referred to or relied on for the purpose of limiting the scope of any Request.

3.   Documents and things should be produced in full, without abbreviation or expurgation, regardless of whether You consider the entire document to be relevant or responsive.

4.   A request for a document shall be deemed to include a request for all actual, proposed or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

5.   Documents and things not otherwise responsive to any of the Requests herein should be produced if such documents and things mention, discuss, refer to, or explain one or more documents and things called for by the Requests or are attached to a document or thing called for by the Requests.

6.   You shall respond to each of these requests for production of documents pursuant to the Definitions and Instructions set forth herein.

7.   The documents called for by the Requests include all documents in Your possession, custody, or control, unless privileged and such privilege has not been waived, regardless of whether those documents are possessed by You, Your employees, representatives, agents or attorneys.  A document is deemed to be in Your possession, custody, or control if You have a right to obtain the document or a copy thereof from another person or public or private entity having actual possession thereof.  You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail or messaging records, voice-mail records, and World Wide Web or hypertext markup language pages) and of other papers and materials

4

in Your possession or available to You or Your employees, agents, representatives, and attorneys.

8. All documents called for by the Requests are to be produced in their full and unredacted form (except as necessary to protect privilege) and as kept in the ordinary course of business. Documents or pages that are physically attached to one another in Your files should be considered a single document for purposes of this notice and should be produced in that form. Documents that are categorized or identified by file labels, dividers, tabs or any other method should be produced along with the labels, dividers or tabs. Documents should be produced in the order in which they are maintained or categorized by request.

9. With respect to any document or thing responsive to the Requests that is withheld from production based on a claim of privilege, or for any other reason, describe such document by date, type (e.g., letter, memorandum, email, note), author, addressee, persons copied, general subject matter, claimed ground for the withholding, and, if not apparent, the relationship of the author, addressee, and recipients to each other. Respondents are prepared to meet and confer with Claimant concerning a narrowing of documents that needed to be placed on a privilege log as well as the use of categorical designations in lieu of a document-by-document log.

10. In the event that any requested document or thing is known to have existed and cannot now be located or has been destroyed or discarded, that documents shall be identified by: the last known custodian, date of destruction or discard, the manner of destruction or discard, the reasons for destruction or discard, any efforts made to locate such documents, and a statement describing the document by contents, author, and recipients.

11. If You are unable fully to respond to any of the Requests, supply the information that is available and explain why Your response is incomplete, the efforts made by You to obtain responsive documents and things, and the source from which all responsive documents and things may be obtained, to the best of Your knowledge or belief.

12. The fact that a document has been or will be produced by another party (or nonparty) does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical in all respects.

13. Please provide documents as single-page TIFFs, with document level OCR, delimited (.DAT) document load file, LFP or OPT image load files, and metadata for the following fields: BegDoc, EndDoc, BegAttach, EndAttach, Subject, FileName, Sent Date, Created Date, Last Modified Date, Author, From, To, CC, BCC, Recipients, Custodian, FilePath, Parent, MD5, ConfidentialStamp, Text_Path, and File_Path.

14. Please provide separate copies of spreadsheets (Excel), presentations (PowerPoint) and database files in their native format. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC0000001.xls").

15. The Requests are continuing in nature. If after responding to the Requests, You obtain or become aware of any additional documents responsive to any of the Requests, You are required to furnish a supplemental response to Respondents when such information becomes available.

16. Unless otherwise specified below, each Request should be interpreted to include all documents created, generated, dated, executed, sent, issued, received or in effect during the period from January 1, 2010 to the date hereof.

## SPECIFIC REQUESTS

1.   All documents concerning any Plaintiff.

2.   All documents concerning any communications between You and any Plaintiff or other persons acting or purporting to act on its or their behalf.

3.   All documents concerning any communications between You and any Defendant or other persons acting or purporting to act on its or their behalf regarding any Plaintiff.

4.   All documents concerning any communication between You and any employee and/or former employee of any Plaintiff.

5.   All documents concerning any service You performed for or on behalf of any Plaintiff.

6.   All engagement letters or other documents concerning any agreement for a scope of services to any Plaintiff.

7.   All documents concerning any billing and/or payment for services rendered by to any Plaintiff.

8.   All documents concerning any investigation regarding any Plaintiff.

9.   All documents concerning any claims of malpractice or breach of contract against any Defendant.

10. All documents concerning any of the following: Vivian Karouzakis, Despina Theocharis (a/k/a Debbie Theocharis), Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson), Ange Raptis, Sam Raptis, Michael Karouzakis, George Theocharis, Douglas Filardo, Richard Provenzano, Alkarim Pardhan, Carmen Jones, Gladys Galarza, Ahra Han, Aphrodite Gellis, Hora Ezraseneh, Omar Alvarez and Christina Haynes.