# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 4, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201-1804

*Re:*   **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP,** *et al.*
         **Case No.: 1:18-cv-5775 (ERK) (CLP)**
         **Defendants' File No.: 03127-1373**
         **MLLG File No.: 76-2018**

Dear Judge Pollak:

This office represents the Plaintiffs in the above-referenced case against the Defendants Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte"), Randall a/k/a Randy Franzen ("Franzen"), and Robert Seibel ("Seibel") (collectively & interchangeably referred to as the "Defendants").

Plaintiffs write to seek emergency relief based on Defendants' improper conduct in contacting and soliciting witnesses – Defendants' former employees – that Plaintiffs intend to (but have not yet) issued subpoenas to. Defendants' conduct is an apparent attempt to inappropriately gain a tactical advantage and prevent Plaintiffs from learning the truth behind Defendants' malfeasance and nonfeasance. Due to the urgency of this motion, Plaintiffs respectfully request that a letter motion be accepted in lieu of a formal motion pursuant to Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

Courts have the inherent authority to control the conduct of the parties with respect to discovery, and courts have previously barred counsel that have engaged in improper solicitations of witnesses to represent them in order to gain a tactical advantage from communicating with the witnesses *ex parte* in situations such as this. <u>See</u> <u>Rivera v. Lutheran Med. Ctr.</u>, 22 Misc. 3d 178 (Sup. Ct. Kings Cty. 2008), <u>aff'd,</u> 73 A.D.3d 891 (2d Dept. 2010) ("These witnesses are not parties to the litigation in any sense and there is no chance that they will be subject to any liability. They were clearly solicited by [defense counsel] on behalf of [Defendants] to gain a tactical advantage in this litigation by insulating them from any informal contact with plaintiff's counsel").

As fully outlined below, Plaintiffs respectfully request an immediate protective Order barring Defendants and their agents from contacting third-party witnesses John Breslin, Mike Corrigan, David Lombardo, and Shawn McCormack (collectively hereinafter the "Witnesses" or the "Witness"), former employees of Defendants, based on Defendants' improper contact with and solicitations of the Witnesses.

The impropriety of Defendants' conduct is underscored by the fact none of the Witnesses were identified in Defendants' initial disclosures, and Defendants only contacted them immediately following Plaintiffs' submission of notice that subpoenas *ad testificandum* will be served.[1] In the event a conference is necessary to discuss the issues discussed herein, Plaintiffs respectfully request that a protective Order be issued pending a hearing precluding Defendants and their agents from contacting the Witnesses. For the reasons that follow, Plaintiffs' requested relief must be granted as they are concerned about the potential for witness tampering by Defendants.

**Relevant Factual Background & Procedural History**

This is an accounting malpractice case. The parties engaged and continue to engage in extensive and protracted discovery. See Docket Entries 14, 30, 33-34, 41, and 43-44. At the genesis of this case, Defendants submitted Rule 26 disclosures identifying nineteen (19) witnesses. See copy of Defendants' Rule 26 disclosures annexed hereto as **Exhibit "A."** The Witnesses are not identified therein.

On June 1, 2021, Plaintiffs served Defendants with notice of four (4) subpoenas *ad testificandum* to depose the Witnesses but indicated they will not send these subpoenas out for service until June 3, 2021. On the following day, June 2, 2021, Defendants wrote to request Plaintiffs forego service of the subpoenas based on various unavailing objections. On the same day, Plaintiffs also learned that Defendant Franzen began contacting and soliciting the Witnesses, including David Lombardo, at the apparent request of Defendants' counsel.

Specifically, a Witness named in the subpoenas contacted Plaintiffs and informed Plaintiffs that on June 2, 2021, he received a phone call from Franzen who was trying to induce, persuade, and coax the Witness to retain Defendants' counsel despite the fact the subpoena has not yet been served. Moreover, in their June 2, 2021 correspondence, Defendants stated that their counsel "will be" representing at least some of the Witnesses and that their depositions should therefore be coordinated by and through their counsel. Defendants' counsel stated that they would inform Plaintiffs as to which of the Witnesses will be represented shortly but have not done so as of the filing of this letter. Critically, the future tense of Defendants' representation that they *will be* representing former employees coupled with the fact that the Witnesses were not identified in Defendants' initial disclosures and were not yet served with the subpoenas leads to the obvious conclusion that Defendants' counsel is improperly, through the Defendants, soliciting the Witnesses as clients. This is exactly the type of conduct prohibited in Rivera. Indeed, since the subpoenas had not been sent out for service at that time, the Witnesses have no reason to retain counsel as they were unaware of the existence of the subpoenas until Defendants and their counsel informed the Witnesses about the subpoenas (since, again, none of the Witnesses are listed in Defendants' Rule 26 initial disclosures).

This leads to the clear conclusion that Defendants and their counsel are in violation of Rule 7.3 of the New York Rules of Professional Conduct ("RPC").

---

[1] Plaintiffs respectfully request that this protective Order apply to all former employees of Voynow who were not otherwise listed in Defendants' Rule 26 initial disclosures that Plaintiffs may subpoena to avoid further motion practice on this issue.

RPC 7.3 provides that a lawyer shall not engage in solicitation by in-person or telephone contact unless the recipient is a close friend, relative, former client, or existing client. Because Franzen began calling the Witnesses as soon as Plaintiffs gave Defendants' notice of the subpoenas, Franzen acted as his counsel's agent in improperly soliciting the Witnesses. The law is clear that an agent cannot do what his principal is prohibited from doing. See Brenmer Indus., Inc. v. Hattie Carnegie Jewelry Enters., Ltd., 71 A.D.2d 597, 597 (1st Dept. 1979) (holding that "[a]n agent must not seek to acquire indirect advantages from third persons for performing duties and obligations owed to his principal"); see also RPC 4.3 and 7.3(b) ("For purposes of this Rule, 'solicitation' means any advertisement initiated by *or on behalf of* a lawyer or law firm that is directed to, or targeted at, a specific recipient, … the primary purpose of which is the retention of the lawyer or law firm …").

**Legal Standard**

To the extent a party seeks a protective order under Rule 26(c), that party "has the burden of showing that good cause exists for issuance of that order." See Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004); accord Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (citing cases). Ultimately, "[t]he grant and nature of protection is singularly within the discretion of the district court." See Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (citation omitted).

As set forth herein, based on Defendants' apparent intent to gain a tactical advantage and otherwise frustrate Plaintiffs' ability to get to the bottom of their malfeasance and nonfeasance, more than sufficient good cause exists for this Court to grant Plaintiffs' requested relief and allow them to seek the truth as to Defendants' conduct.

**Plaintiffs are Entitled to the Relief Sought & Defendants' Counsel Must be Disqualified**

Here, as set forth above, Defendants and their counsel never listed the Witnesses in their Rule 26 disclosures, improperly contacted the Witnesses after being notified that Plaintiffs were issuing subpoenas to them, and did so solely to persuade the Witnesses to retain Defendants' counsel despite the fact the Witnesses had not yet been served with any subpoena and had no knowledge of their existence. Crucially, no claim lies against the Witnesses and Plaintiffs are not pursuing any such claims to the extent any exist. Defendants were improperly soliciting the Witnesses to gain a tactical advantage and Defendants seek to represent them to prevent any informal contact with Plaintiffs' counsel and so that they can control their testimony.

This conduct is inappropriate as it is violative of the RPC and must therefore be stopped immediately. Further, Defendants' counsel should be disqualified from further representation of any party or witness in this case, and additional severe sanctions in this Court's discretion should be issued. See Rivera, 22 Misc. 3d 178, aff'd, 73 A.D.3d 891. Indeed, the court in Rivera ultimately held that the defendant's counsel in that case was disqualified from representing non-party witnesses due to a conflict of interest (see N.Y. Code Prof. Resp. DR 5-105, now codified as RPC 1.7) and/or because the defendant's counsel improperly solicited them as clients (see N.Y. Code Prof. Resp. DR 2-103[a][1] – the identical predecessor to RPC 7.3[a][1]). See 22 Misc. 3d 178 (2008).

  Disqualification of an attorney is a matter which rests within the sound discretion of the court.  See Cheng v. GAF Corp., 631 F.2d 1052, 1055 (2d Cir. 1980), vacated on other grounds and remanded, 450 U.S. 903 (1981).  A federal court's power to disqualify an attorney derives from its "inherent power to 'preserve the integrity of the adversary process,'" See Hempstead Video, Inc. v. Inc. Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005).  "[I]n the disqualification situation, any doubt is to be resolved in favor of disqualification.  See Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975).  Further, courts consider the New York Rules of Professional Conduct and ABA Model Rules of Professional Responsibility for guidance on motions.  See Id. at 132; see also Tufamerica, Inc. v. Codigo Music LLC, 2013 U.S. Dist. LEXIS 65777 (S.D.N.Y. May 7, 2013).

  Because this case is no different than that of Rivera, Plaintiffs respectfully submit that Defendants' counsel should be directed to cease all communications with Witnesses, Defendants and their counsel should be directed to appear for their depositions to disclose the communications with the Witnesses, Defendants' counsel should be disqualified from further representation of any party or witness in this case, and additional severe sanctions should be issued.

  Due to the urgency of this motion, Plaintiffs respectfully request that: (i) Defendants be Ordered to respond by letter no later than 5:00 PM on Monday, June 7, 2021; and (ii) a telephonic conference be held before this Court on Tuesday, June 8, 2021 as soon as possible thereafter.

Dated: Lake Success, New York
   June 4, 2021

                  **MILMAN LABUDA LAW GROUP PLLC**
                  _____/s_____
                  Jamie S. Felsen, Esq.
                  Emanuel Kataev, Esq.
                  3000 Marcus Avenue, Suite 3W8
                  Lake Success, NY 11042-1073
                  (516) 328-8899 (telephone)
                  (516) 328-0082 (facsimile)
                  jamiefelsen@mllaborlaw.com
                  emanuel@mllaborlaw.com

**VIA ECF**
Marshall Dennehy Warner Coleman & Goggin
Attn: John L. Slimm & Maureen P. Fitzgerald, Esqs.
15000 Midatlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054-1570
jlslimm@mdwcg.com
mpfitzgerald@mdwcg.com