# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 7, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201-1804

*Re*:   **Star Auto Sales of Bayside, Inc.,** *et al*. **v. Voynow, Bayard, Whyte and Co., LLP,** *et al*.
        **Case No.: 1:18-cv-5775 (ERK) (CLP)**
        **Defendants' File No.: 03127-1373**
        <u>**MLLG File No.: 76-2018**</u>

Dear Judge Pollak:

This office represents the Plaintiffs in the above-referenced case against the Defendants Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte"), Randall a/k/a Randy Franzen ("Franzen"), and Robert Seibel ("Seibel") (collectively & interchangeably referred to as the "Defendants").

Plaintiffs submit this reply letter in further support[1] of their motion to quash the subpoena Defendants intend to issue to Rosenfield & Company, PLLC ("Rosenfield"). For the reasons discussed in Plaintiffs May 28, 2021 letter and as set forth below, the Rosenfield subpoena must be quashed – or, alternatively – this Court should require an *in camera* inspection of any documents produced in response to the Rosenfield subpoena to protect Plaintiffs' privilege under the attorney work product doctrine and, to the extent found applicable, the law-enforcement privilege.

In opposing Plaintiffs' motion to quash, Defendants emphasize that Plaintiffs voluntarily produced items in discovery that Defendants assert have resulted in a waiver of the attorney work product privilege <u>while altogether blatantly ignoring the existence of the parties' Discovery Stipulation and Agreement</u> (hereinafter the "Discovery Stipulation"). Under the Discovery Stipulation, the production of a privileged or work-product protected document – whether *inadvertent <u>or otherwise</u>* – is <u>not</u> a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. <u>See</u> Docket Entry 52-3, Exhibit C, at 13 ¶ V. Indeed, the Discovery Stipulation specifically provides for "clawback" protections for inadvertent production(s) of privileged or protected materials. <u>See</u> <u>Id.</u> at 14 ¶ VI.

---

[1] Defendants filed a letter on May 21, 2021 seeking a conference to discuss this dispute. On May 28, 2021, Plaintiffs moved to quash the Rosenfield subpoena. On June 2, 2021, Defendants submitted their opposition letter. As such, the instant letter serves as a reply in further support of Plaintiffs' letter motion to quash. This Court's Individual Rules therefore permit the instant reply.

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court Eastern District of New York
June 7, 2021
P a g e | **2**

     The Discovery Stipulation also provides that it shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (hereinafter "FRE") 502(d), which in turn, provides that a federal court may order that the privilege or protection is <u>not</u> waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding. <u>See</u> FRE 502(d).

     Crucially, the Discovery Stipulation does not require that any document be labeled "for settlement purposes only" or "attorney work product," as argued by Defendants, in order to qualify for protection under it nor is same required to permit clawing back any document protected by any privilege or work product protection; indeed, the Discovery Stipulation even protects privileged or work-product protected documents that are produced as a matter of inadvertence *or otherwise*. Such a broadly written provision cannot permit any finding of waiver.[2]

     Accordingly, Defendants' argument that the privilege has been waived because some documents related to Rosenfield were produced is entirely frivolous; finding as such would obliterate the Discovery Stipulation and otherwise render it meaningless. Critically, none of the cases cited by Defendants in support of waiver dealt with a discovery stipulation with FRE 502(d) protections such as is present here, nor do they mention FRE 502(d); they are thus inapposite.

     Defendants also launch a collateral attack on Plaintiffs' argument concerning privilege on the ground that Plaintiffs directly engaged Rosenfield rather than by and through Plaintiffs' prior counsel. This is incorrect. As already stated by Plaintiffs in their initial letter on this motion, Plaintiffs' counsel – not the Plaintiffs – retained Rosenfield. Plaintiffs' counsel retained Rosenfield as a consultant to assess Defendants' liability for accounting malpractice and to determine the extent of their liability, which is precisely an engagement protected by the privilege. As such, it is plainly irrelevant whether Plaintiffs have referred to Rosenfield as their own accountant (as Rosenfield was Plaintiffs' accountant, under a separate engagement merely to perform tax work) or its "forensic accountant" because Plaintiffs' former counsel directed Rosenfield to assist in responding to Defendants' pre-complaint document demands, all of which fell within Rosenfield's engagement that is protected by the attorney work-product doctrine. Accordingly, Defendants engagement in semantics to argue an otherwise moot point in light of the Discovery Stipulation's broad protections is meritless.

     Critically, prior to commencing this case, the parties entered into a tolling agreement while conducting settlement discussions during which Defendants sent requests for documents to Plaintiffs for purposes of settlement. Plaintiffs' prior counsel utilized Rosenfield to assist in responding to these demands, which Plaintiffs did with the assistance of Rosenfield on July 19, 2018 – virtually three (3) months prior to the filing of this case. <u>See</u> Docket Entry 53, Exhibit B.

---

[2] The purpose of entering into the Discovery Stipulation was to permit the parties to evaluate the merits of their claims and assist in resolving this case. This is evidenced by the Plaintiffs' prolonged and documented efforts at resolution prior to filing the complaint. Instead, Defendants have dug in their heels and, separately, seek to stymie Plaintiffs from their ability to depose crucial witnesses who were former employees. <u>See</u> ECF Docket Entry 54.

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court Eastern District of New York
June 7, 2021
P a g e | **3**

Indeed, the cover letter accompanying the produced documents specifically stated that enclosed is a "summary statement of your requests with specific responses."  See Docket Entry 52, Exhibit B.  Defendants therefore misrepresent the nature of this production; it was sent for settlement purposes only and not sent solely for purposes of discovery.  Indeed, Defendants' opposition letter to the instant motion **incorrectly and frivolously omits that the June 2, 2017 report was produced for settlement purposes only, as it was an attachment to a summary statement designated as such and enclosed with the July 19, 2018 cover letter)**.  See Docket Entry 53 at 2; Ex. B.  Further, as set forth in Plaintiffs' moving letter, the aforementioned summary statement provided that the June 2, 2017 report was submitted for settlement purposes only.  See Docket Entry 52-2 at Page ID #: 338 ("For Settlement Purposes Only Preliminary and Subject To Modification").  As such, Defendants are wrong on the law and the facts.

In arguing against the privilege Plaintiffs are entitled to protect, Defendants assert that the documents they seek do not fall within the ambit of privileged or work-product protected documents.  However, the billing documents, forensic accounting analysis (to the extent any exists), and communications between Rosenfield and law enforcement agencies *are* privileged.

Defendants argue that the law enforcement privilege does not apply because there is no formal claim of privilege by the head of the department having control over the requested information, and that it is not a privilege that can be maintained by Rosenfield in the first place.  Defendants' argument is meritless.  The fact is that law enforcement agencies have been apprised of some of Plaintiffs' former employees' illegal conduct and have the right to investigate same and press charges.  As such, at a minimum, the law enforcement agencies who received information from Rosenfield must be given an opportunity to claim a law-enforcement privilege.[3]

With respect to relevance, Defendants argue that Plaintiffs' tax returns must be produced because they would capture retained earnings and losses which were overstated.[4]  Plaintiffs have already produced their tax returns for 2016 and 2017, the periods Defendants refer to in their opposition to the instant motion, pursuant to the Discovery Stipulation.  Plaintiffs also reiterate that Plaintiffs will not be relying on Rosenfield as a witness nor on any reports prepared by Rosenfield.

Finally, Defendants argue that Plaintiffs have not produced all relevant documents.  However, this is mere conjecture with no basis to support that Plaintiffs have failed in their discovery obligations.

---

[3] The official information privilege also applies as it is closely related to the law enforcement privilege, which was developed by courts to govern disputes over the production of law enforcement records from fishing expeditions. See Morrissey v City of NY, 171 F.R.D. 85 (S.D.N.Y. 1997) ("Obviously, "this [official information] privilege is intended to be quite broad and general in its scope").

[4] Notably, the subpoena does not request tax returns.

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court Eastern District of New York
June 7, 2021
P a g e | **4**

Indeed, mere suspicion is not enough to warrant an Order compelling discovery. See Midwest Mfg. Co. v. Staynew Filter Corp., 12 F. Supp. 876, 880 (W.D.N.Y. 1935) ("To obtain such an order for discovery, defendant must show something more than suspicion or surmise."); see also Tottenham v. Trans World Gaming Corporation, 00 Civ. 7697 (WK) (S.D.N.Y. June 21, 2002) ("Discovery requests cannot be based on pure speculation or conjecture."); Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 436 (S.D.N.Y. 2011) ("Mere speculation as to the existence of additional documents is insufficient to warrant an order to compel."); Cass v. Chappius, 15 CV 3261 (WFK) (RML), at *2 (E.D.N.Y. Mar. 21, 2017) ("Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite good cause."). Based on this precedent, this Court should not permit Defendants' suspicions and unsupported beliefs to serve as a basis to permit a subpoena, especially one which would serve to violate the attorney-work product doctrine and the Discovery Stipulation.

For the foregoing reasons, the Rosenfield subpoena must be quashed. Alternatively, to the extent that this Court finds that it may be served upon Rosenfield, this Court should Order an *in camera* review in order to preserve privilege. See U.S. v. Shichman, CV 97-7432 (LDW) (WDW) (E.D.N.Y. Feb. 16, 2001).

Dated: Lake Success, New York
June 7, 2021

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

**VIA ECF**
Marshall Dennehy Warner Coleman & Goggin
Attn: John L. Slimm & Maureen P. Fitzgerald, Esqs.
15000 Midatlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054-1570
jlslimm@mdwcg.com
mpfitzgerald@mdwcg.com

4