UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),<br>　　　　　　　　　　　Plaintiffs,<br>　　-against-<br><br>VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN AND ROBERT SEIBEL,<br>　　　　　　　　　　　Defendants. | Civil Action No.:<br>1:18-cv-05775-ERK-CLP |

### DECLARATION OF MAUREEN P. FITZGERALD

Maureen P Fitzgerald, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Shareholder in the Law Firm Marshall Dennehey Warner Coleman & Goggin, and counsel of record for the Defendants in this action.

2. I respectfully submit this Declaration in support of Defendants' Response to Plaintiffs' June 4, 2021 Motion for a Protective Order seeking various relief, including disqualification of counsel.

3. In response to Plaintiffs' discovery requests, Voynow produced documents which included its work product, workpapers, billing records, invoices and internal communications dating back to 2010. These documents contained references to all of the accounting

professionals employed by Voynow who were assigned, at various points, to work on Plaintiffs' engagements at issue in the Complaint.

4. In approximately April of 2021, Voynow became aware that Plaintiffs' counsel, through its investigator, was interviewing Voynow's former employees as several of these former employees directly contacted Voynow immediately thereafter in April of 2021, after having been questioned by Plaintiffs' investigator.

5. Shawn McCormack, a former senior-level accountant employed by Voynow from approximately 1997 through 2015, informed Voynow in April of 2021, that he had been questioned by Plaintiffs' investigator. Mr. McCormack also directly contacted me in April of 2021 following questioning by Plaintiffs' investigator.

6. John Breslin was employed by Voynow from approximately 2009 through 2012 and worked on Plaintiffs' engagements at issue in the Complaint. As part of his work, he was onsite at Plaintiffs' premises. Mr. Breslin informed Voynow in approximately April of 2021 that he had been questioned by Plaintiffs' counsel's investigator.

7. In early June of 2021, Voynow advised its former employees, Shawn McCormack, John Ressling, Mike Corrigan and Dave Lombardo, that Plaintiffs were issuing subpoenas for their depositions in this accounting malpractice case. Voynow advised each that if they wanted to have legal representation from its counsel for their deposition, they could but were not required to do so.

8. Through its professional liability insurance coverage, Voynow's former employees are entitled to representation as to actions taken by them during the course and scope of their employment which are at issue in the pending case.

9. In response to Voynow's communication, Mr. McCormack and Mr. Ressling have indicated that they want legal representation at their deposition and have requested that Voynow's counsel of record represent them. Mr. Lombardo declined representation. Voynow has no knowledge about the preference of Mike Corrigan.

10. At no point did I nor any other attorney in defense counsel's firm contact or solicit either Messrs. McCormack, Breslin, Lombardo or Corrigan regarding legal representation for their deposition.

11. I declare under penalty of perjury that the foregoing is true and correct.

*Maureen Fitzgerald* (signature)

Date: June 9, 2021                                                    Maureen P. Fitzgerald

LEGAL/138893080.v1