# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 14, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Taryn A. Merkl, U.S.M.J.
225 Cadman Plaza East, Room 322N
Brooklyn, NY 11201-1804

*Re:* **Star Auto Sales of Bayside, Inc.,** *et al*. **v. Voynow, Bayard, Whyte and Co., LLP,** *et al*.
      **Case No.: 1:18-cv-5775 (ERK) (CLP)**
      **Defendants' File No.: 03127-1373**
      <u>**MLLG File No.: 76-2018**</u>

Dear Judge Merkl:

      This office represents the Plaintiffs in the above-referenced case against the Defendants Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte"), Randall a/k/a Randy Franzen ("Franzen"), and Robert Seibel ("Seibel") (collectively & interchangeably referred to as the "Defendants"). Plaintiffs submit the instant reply letter in further support of their letter motion for a protective Order.

      The most critical fact learned from Defendants' opposition to Plaintiffs' motion is that Defendants have engaged in gamesmanship by attempting to hide critical witnesses and failing to disclose them. Once Plaintiffs learned of their existence (and that their knowledge supports Plaintiffs' claims), Defendants' counsel improperly solicited them to preclude Plaintiffs' access to them. Moreover, Defendants' recitation of the facts admits that counsel improperly contacted the witnesses to solicit their representation; there is no insurance coverage carve-out to Rule 7.3 of the New York Rules of Professional Conduct ("RPC"). The fact is, once Defendants learned that the witnesses were going to be subpoenaed, they solicited representation of them for the tactical advantage of precluding further direct contact with the Plaintiffs. This Court cannot countenance this conduct.

      The arguments asserted in Defendants' opposition to Plaintiffs' motion must be rejected. <u>First</u>, Defendants concede that non-party witness and former employee of Voynow, Shawn McCormick (hereinafter "McCormick"), was a senior level accountant of Defendants from 1997 through 2015 (a period of nearly two (2) decades), and a manager assigned to Plaintiffs' engagements who was onsite at Plaintiffs' offices several times throughout the engagements and John Breslin (hereinafter "Breslin") was onsite at Plaintiffs' premises during the time period of alleged employee theft and fraud, and during the alleged malpractice by Voynow. Nevertheless, Defendants did not even disclose either of these crucial witnesses in their Rule 26 disclosures when discovery commenced in this case. Nor did Defendants ever amend their initial disclosures to identify these individuals. The same applies with the other two subpoenaed witnesses.

Defendants cannot now claim, despite this glaring omission on their part, that McCormick, Breslin, and the remaining two (2) witnesses are individuals who fall within the potentially "imputable" acts alleged to underlie Plaintiffs' claims under the theory of *respondeat superior* as an end-around to their improprieties with discovery. See Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case"). Indeed, a party who has made a disclosure under Rule 26(a) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. See Fed. R. Civ. P. 26(e)(1)(A). Under Rule 37(c)(1), a party that fails to disclose information or identify a witness as required by Rule 26(a) "is not allowed to use that information or witness to supply evidence on the motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." See Beverly Hills Teddy Bear Co. v Best Brands Consumer Products, Inc., No. 1:19-CV-3766 (GHW), 2020 WL 7342724, at *5 (S.D.N.Y. Dec. 11, 2020) (citing Fed. R. Civ. P. 37(c)(1)).

Here, Defendants failed to identify any <u>former</u> employees, including McCormick and Breslin, in their Rule 26 disclosures. It is respectfully submitted that Defendants intentionally failed to identify former employees as an attempt to thwart Plaintiffs in the discovery process.

Defendants doubled down on their failure to identify any former employees when they later produced documents evidencing the involvement of McCormick and Breslin, and conveniently did not supplement their disclosures. The first time Defendants provided timesheets revealing the names of former employees who performed work for Plaintiffs on Voynow's behalf was February 22, 2021. Moreover, Plaintiffs even requested Defendants to amend their Rule 26(a) disclosures on February 19, 2021 (prior to any informal interviews occurring), and Defendants still failed to amend them. See February 19, 2021 e-mail correspondence annexed hereto as **Exhibit "A."**

As such, Defendants should be precluded from asserting that McCormick, Breslin, and the other witnesses are individuals whom potentially "imputable" acts underlie their claims. Indeed, there is no substantial justification for their failure to do so, as their decision not to disclose these witnesses necessarily gives rise to the inference Defendants have no control over them, and there can be no credible argument that the failure to do so was harmless. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006) citing Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006)). Plaintiffs respectfully submit that Defendants' decision to avoid disclosing these witnesses despite numerous opportunities to do so over the last two-and-a-half years must carry consequences.

Further, Defendants' assertion that two of the witnesses requested Defendants' counsel to represent them at their depositions is supported solely by Defendants' self-serving declaration from their counsel.

Plaintiffs should be permitted to depose the witnesses to determine the manner in which the purported representation evolved, including whether the witnesses first reached out to

Voynow's counsel to seek representation or if Voynow's counsel solicited them in violation of the RPC.

Second, while Defendants go to great lengths to emphasize the difference between formal and informal discovery to buttress their improper conduct in soliciting the witnesses, their own submission supports Plaintiffs' position. As an initial matter, when Defendants allegedly learned in April 2021 that Plaintiffs' private investigator contacted certain former employees, Defendants squandered another opportunity to disclose these individuals as witnesses in their Rule 26 disclosures. Moreover, Defendants' reliance on Dixon-Gales cannot be afforded any weight, as that case is a trial court decision, while Rivera is a Second Department appellate decision. The law of the land remains Rivera. Accordingly, this Court must apply the law under Rivera in deciding the instant motion.

Third, Defendants argue that they should not be barred from further contact with former employees of Voynow that have been contacted by Plaintiffs and which Defendants have altogether failed to disclose in their Rule 26 disclosures because Plaintiffs have been able to interview the witnesses. Defendants miss the point; by their improperly contacting the witnesses, Defendants are obviously seeking to cloak the witnesses from further contact under the guise of attorney-client privilege. Defendants should not be permitted to do so due to their gamesmanship in failing to comply with their discovery obligations and identifying these witnesses either at the outset of this litigation, when Defendants learned of these witnesses in the course of discovery, or upon allegedly learning that Plaintiffs' investigator had contacted them.

Fourth, Defendants state that motions to disqualify are generally disfavored because they can have the immediate adverse effect on the client by separating it from its counsel of choice. If this Court properly holds that Defendants failed to disclose these witnesses under Rule 37(c)(1), they would not be able to represent these witnesses since they would be precluded from using their evidence in any manner.

Fifth, Defendants assert that their professional liability insurance coverage applies to former employees whose actions were within the scope of their employment and at issue in the Complaint without providing this Court any proof of such policy. Until any such evidence is provided, the Court cannot merely take Defendants' word, especially given their conduct thus far in this case.

Sixth, Plaintiffs will be formally requesting the telephone records of each Defendant to verify the order of communications took place in accordance with the contents of their Declaration. See Docket Entry 56, Ex. 1.

For the foregoing reasons, Plaintiffs' letter motion for a protective Order must be granted. Plaintiffs thank this honorable Court for its time and attention to this case.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

**VIA ECF**
Marshall Dennehy Warner Coleman & Goggin
**Attn**: John L. Slimm & Maureen P. Fitzgerald, Esqs.
15000 Midatlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054-1570
jlslimm@mdwcg.com
mpfitzgerald@mdwcg.com