UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI), | Case No.: 1:18-cv-05775 (ERK) (TAM) |
| Plaintiffs, | |
| v. | |
| VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, and RANDALL FRANZEN, | |
| Defendants. | |

------------------------------------------------------------x

## DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH THE ROSENFIELD & COMPANY, PLLC SUBPOENA

**RICHARD I. MILMAN, ESQ.**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and I am a member of Milman Labuda Law Group PLLC ("MLLG"), attorneys for Plaintiffs in this action.

2. I respectfully submit this Declaration in support of Plaintiffs' Motion to Quash a subpoena (hereinafter the "Motion") Defendants intend on serving on Rosenfield & Company, PLLC (hereinafter "Rosenfield").

3. Plaintiffs' motion respectfully should be granted because the subpoena seeks information privileged under the work product doctrine, pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

4. All documents and communications prepared by Rosenfield as a forensic accountant and/or consultant for Plaintiffs is privileged because they were prepared in anticipation of litigation.

5. MLLG has been providing legal services to Plaintiffs primarily in labor and employment law for more than twenty (20) years.

6. On November 30, 2016, I received a text message from Michael Koufakis ("Koufakis"), a principal of Plaintiffs, informing me that Vivian Karouzakis ("Karouzakis"), a controller of several of Plaintiffs' dealerships, was stealing money from Plaintiffs.

7. At the time that I received the text message, MLLG had been representing Plaintiffs in various other matters.

8. Plaintiffs continued to advise MLLG as to the status of the ongoing investigation concerning Karouzakis' theft through April 4, 2017, at which time Karouzakis was arrested.

9. After Karouzakis was arrested, Plaintiffs uncovered another fraudulent scheme created by Karouzakis and informed the District Attorney's office about this on April 7, 2017.

10. Plaintiffs also notified your undersigned about this new scheme, at which time I arranged a meeting with Koufakis to discuss same, and we met on April 10, 2017.

11. At this meeting with Koufakis, it was I who recommended in my capacity as counsel to Plaintiffs that Koufakis hire a forensic accountant for Plaintiffs to document in depth this newly discovered scheme in which Karouzakis stole money from Plaintiffs.

12. Additionally, in or around April 12, 2017, Koufakis notified me about thefts Plaintiffs uncovered that were committed by Despina Theocharis ("Theocharis"), another controller, at

which time I reiterated to Koufakis, in my capacity as counsel to Plaintiffs, that Plaintiffs must hire a forensic accountant to identify each scheme and uncover the extent of the theft for each scheme in anticipation of litigation and to assist in the criminal prosecution against the perpetrators of these schemes.

13. I advised Koufakis to hire a forensic accountant to provide my firm with information for each scheme so as to assist in determining whether civil proceedings could be brought against Karouzakis, Theocharis, and any other perpetrators involved in the schemes.

14. A few days later, on or about April 18, 2017, and pursuant to my counsel and advice, Plaintiffs hired Rosenfield.  MLLG did not retain Rosenfield directly because it was not clear at that time if Plaintiffs could successfully prosecute civil claims against Plaintiffs' former employees; that was the purpose of retaining Rosenfield, in anticipation of any such litigation against Plaintiffs' former employees.

15. Accordingly, all forensic accounting and consulting work that Rosenfield performed for Plaintiffs is protected by the attorney work product privilege.

16. When Rosenfield started performing work for Plaintiffs, it complied with my request to keep myself and Plaintiffs updated on what Rosenfield found and what Plaintiffs discovered.

17. Eventually, based on Rosenfield's initial findings, MLLG commenced legal proceedings against Karouzakis and Theocharis in reliance on Rosenfield's opinion work product.

18. In or around October 2017, Koufakis informed me that Rosenfield opined that Defendants Voynow, Bayard, Whyte and Company LLP and its principals, Randall Franzen, Hugh Whyte, and Robert Seibel should have noticed the theft Plaintiffs had uncovered.

19. Rosenfield's work and communications with Plaintiffs was therefore the precipice upon which the instant federal case was filed.

20. As a result, our firm directly assisted in Plaintiffs retaining their previous counsel in this matter, Trachtenberg Rodes & Friedberg LLP ("TRF").

21. During our initial meetings with TRF, Rosenfield was also present and continued to assist TRF up through the filing of the Complaint in this instant matter on October 16, 2018 and for a period thereafter.

22. On December 22, 2020, MLLG substituted in as counsel of record for Plaintiffs in this case.

23. Accordingly, Plaintiffs' motion to quash the Rosenfield subpoena must be granted because it seeks documents and communications prepared by Rosenfield as a forensic accountant and/or consultant for Plaintiffs, all of which is protected by the work product doctrine because documents and communications were prepared by Rosenfield for Plaintiffs in anticipation of litigation at my request.

24. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Lake Success, New York
       July 16, 2021

                                                   /s/
                                     **RICHARD I. MILMAN, ESQ.**