# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 14, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Taryn A. Merkl, U.S.M.J.
225 Cadman Plaza East, Room 322N
Brooklyn, NY 11201-1804

***Re:*** **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP,** *et al.*
**Case No.: 1:18-cv-5775 (ERK) (TAM)**
**Defendants' File No.: 03127-1373**
<u>**MLLG File No.: 76-2018**</u>

Dear Judge Merkl:

This office represents the Plaintiffs in the above-referenced case against the Defendants Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte"), Randall a/k/a Randy Franzen ("Franzen"), and Robert Seibel ("Seibel") (collectively & interchangeably referred to as the "Defendants"). Plaintiffs respectfully submit this letter in opposition to Defendants' September 8, 2021 letter concerning subpoenas they wish to serve on third parties Nissan Motor Acceptance Corporation ("NMAC"), JP Morgan Chase Auto Finance ("JP Morgan"), and Oxford Mifflin Insurance Company ("Oxford") and Plaintiffs request that the subpoenas be quashed, or in the alternative, modified.

Defendants previously subpoenaed NMAC for most of the information they now seek in response to which NMAC produced documents. Moreover, Defendants have no basis to conclude that NMAC or Oxford will produce anything more than what NMAC and Plaintiffs have already produced. Further, in this case, where Defendants are liable for their wholesale failure to look for and report red flags at Plaintiffs' dealerships during their visits there to ensure no fraud was taking place, the relevant temporal scope of any discovery ends at the end of 2017 when Defendants' services were terminated.

## A. Legal Standard

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." <u>See</u> Fed. R. Civ. P. 26(b)(1). "The party seeking discovery bears the initial burden of proving the discovery is relevant." <u>See</u> <u>In re Subpoena to Loeb & Loeb LLP</u>, No. 19-MC-00241 (PAE), 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (citation omitted) (hereinafter referred to as "<u>Loeb</u>").

Rule 45(a) permits a party to request and serve on a non-party a subpoena seeking production of documents, and Rule 45(d) permits a non-party served with a subpoena to move to

Hon. Taryn A. Merkl, U.S.M.J.
September 14, 2021
P a g e | **2**

have the subpoena quashed.  See Fed. R. Civ. P. 45(a), (d)(3).[1]  "Motions to quash under Rule 45 are entrusted to the sound discretion of the district court."  See Universitas Educ., LLC v. Nova Grp., Inc., No. 11-CIV.-1590 (LTS) (HBP), 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013) (citations and internal quotation marks omitted).  "The relevance standards set out in [Rule] 26(b)(1) apply to discovery sought from non-parties."  See Loeb, 2019 WL 2428704, at *4; see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 at n.12 (3d ed. 2020) (collecting cases).

"A subpoena that pursues material with little apparent or likely relevance ... is likely to be quashed as unreasonable even where the burden of compliance would not be onerous."  See Sheindlin v. Brady, No. 21-CIV.- 1124 (LJL) (SDA), 2021 WL 2075483, at *2 (S.D.N.Y. May 24, 2021) (citing Loeb).  In addition, discovery is not boundless, and a court may place limits on discovery demands that are "unreasonably cumulative or duplicative," or in cases "where the burden or expense of the proposed discovery outweighs its likely benefit ...."  See Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome.  See Sea Tow Int'l, Inc. v. Pontin, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) ("The burden of persuasion in a motion to quash a subpoena ... is borne by the movant.") (quoting Jones v. Hirschfeld, 219 F.R.D. 71, 74–75 (S.D.N.Y.2003)).

### B. The Subpoenas Are Overbroad, Seek Irrelevant Information and Seek Documents Already Produced and Must be Quashed, or – Alternatively – Modified.

The NMAC subpoena must be quashed because Defendants previously subpoenaed NMAC, and this second subpoena is virtually duplicative of the first.  See copy of previously issued subpoena to NMAC annexed hereto as **Exhibit "A."**  Defendants curiously omit this tidbit from their motion.  Indeed, items 1 through 5 in the subpoena at issue here were already sought in items 2 through 4 of the prior subpoena[2] to which Plaintiffs did not object and NMAC responded.

Defendants should not be permitted to harass and burden a third party with which Plaintiffs have a substantial business relationship which it is respectfully submitted that Defendants are doing in retaliation for the commencement of this action.

---

[1] Plaintiffs have standing to challenge the subpoenas because they have a privacy interest in their financial records.  See, e.g., Solow v. Conseco, Inc., 2008 U.S. Dist. LEXIS 4277, at *8-9 (S.D.N.Y. Jan. 18, 2008) (collecting cases holding that a party has standing to quash a subpoena seeking its private financial information).

[2] Defendants point to Plaintiffs' lack of an email server as a basis to argue that the subpoenas are necessary.  This argument is meritless.  Plaintiffs are capable of searching their emails for the requested information and have done so in producing the documents requested.  Defendants have not identified any individual who has corresponded with NMAC (or any other subpoenaed party, for that matter) over whom Plaintiffs have no control to warrant the issuance of this subpoena.

Hon. Taryn A. Merkl, U.S.M.J.
September 14, 2021
P a g e | **3**

Further, Defendants have also obtained the same information from Douglas Lieberman, Esq. ("Lieberman"), counsel to Plaintiffs' former employee, Carmen Jones ("Jones"), in Plaintiffs' state court action against her. (Star Nissan, Inc. et al. v. Carmen Jones et al.; Index No.: 610541/2018). Defendants similarly omitted the fact they previously subpoenaed Lieberman (without objection from Plaintiffs).  See Docket Entry 67-1 at 24 ¶ 1(b) (Page ID 541).  As such, not only did Defendants receive responsive documents from NMAC, but Defendants also received responsive documents from Lieberman that Plaintiffs produced to Lieberman.  Compare Docket Entry 67-1 at 6 ¶¶ 1-6 (Page ID 523) with Lieberman subpoena (with Plaintiffs' responses to the discovery demands in Jones, a subset of Lieberman's response thereto), annexed hereto as **Exhibit "B."**

Because all of the relevant documents sought in the NMAC subpoena have been produced, there is no basis to harass and annoy NMAC to produce the same documents Defendants have already obtained from NMAC, Jones' attorney, and Plaintiffs.  See Keogh v. Pearson, 35 F.R.D. 20, Case 1 (D. D.C. 1964) (holding that subpoenaed documents obtainable from other sources need not be produced); In re Penn Central Commercial Paper Litigation, 61 F.R.D. 453 (S.D.N.Y. 1973) (quashing subpoena where documents requested are available from the opposing party in the litigation to prevent unnecessary annoyance and expense to nonparty witnesses).

The only remaining item sought for the first time – numbered 6 in the subpoena here – is not likely to lead to discoverable information.  By way of background, Jones is a former employee of the Plaintiffs who engaged in a variety of fraudulent schemes to steal money from Plaintiffs. Particularly, Jones utilized financial credits that were issued by NMAC to Plaintiffs pursuant to the NMAC Dealer Bonus to *offset* monies she stole.  Discovery concerning site visits (item no. 6) is not relevant because the same would not establish that Plaintiffs should have known about the fraud Defendants were charged with detecting.  This is because the only way to uncover the scheme at issue is by reviewing and analyzing the accounting entries, which Defendants were charged with doing when they visited.   As such, it is irrelevant as to *when*, if ever, Plaintiffs were aware about the availability of any bonus or incentive program offered by NMAC.  Accordingly, the NMAC subpoena must be quashed.

Turning to the JP Morgan and Oxford subpoenas, Plaintiffs' primary objection relates to temporal scope.  The Complaint in this case relates to the period during which Defendants provided services for Plaintiffs, which terminated at the end of 2017.  Defendants mischaracterize deposition testimony of Michael Koufakis and omit pertinent allegations contained in pleadings against Plaintiffs' former employees to argue that Plaintiffs are claiming their employees engaged in fraud Defendants should have uncovered *after* Defendants' services were terminated.  This is inaccurate. Indeed, the September 29, 2020 amended verified complaint in Jones[3] makes it abundantly evident that the temporal period of one fraudulent scheme perpetrated by Jones took place from October

---

[3]  See Index No.: 610541/2018 (Nassau County Supreme Court), NYSCEF Docket Entry 148. Federal courts may take judicial notice of the existence of state court documents. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); see also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

Hon. Taryn A. Merkl, U.S.M.J.
September 14, 2021
P a g e | **4**

16, 2010 through June 18, 2014 while another took place from December 2014 through April 2016 and that none occurred thereafter

See Docket Entry 67-1 at 37 ¶¶ 42-43 and 41 ¶¶ 51-52 (Page IDs 554 and 558).  Moreover, contrary to their argument, Michael Koufakis did not testify that Plaintiffs are claiming that fraudulent conduct was engaged in by Plaintiffs' employees after December 2017; he merely testified that Plaintiffs have recently discovered other fraudulent conduct that was engaged in while Defendants were providing services for Plaintiffs.  Crucially, these employees who committed fraud which Defendants should have discovered[4] separated from employment in or before December 2017.  There is therefore no credence to Defendants' argument that the temporal scope of the subpoenas should extend beyond December 2017.  Subsequent to December 2017, there was no scheme that was ongoing that Defendants should have discovered.

Accordingly, to the extent the Court does not quash the JP Morgan subpoena, its temporal scope should be limited to events that occurred prior to December 31, 2017, including conversations after December 31, 2017 if the conversations relate to employee theft, dishonesty or fraud that occurred through December 31, 2017.

As for the Oxford subpoena, Plaintiffs address each of the documents requested *in seriatim*. With respect to the first request, the subpoena should be modified to limit the temporal scope to policies that cover claims which accrued on or before December 31, 2017 for the same reasons set forth above.  Concerning the second request, Plaintiffs have already produced all responsive documents.   As for the third request, it should be limited to documents and communications regarding alleged employee theft, dishonesty or fraud that occurred through December 31, 2017, including conversations after December 31, 2017 only if the conversations relate to employee theft, dishonesty or fraud that occurred through December 31, 2017.

As such, the temporal scope of the JP Morgan and Oxford subpoenas must be limited such that the period for which the documents are sought ends in December 2017.  The Oxford subpoena should therefore be quashed on that ground, as well.

Accordingly, the subpoenas should be quashed, or – alternatively – modified as set forth herein.  Plaintiffs thank this honorable Court for its time and attention to this case.

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.

---

[4] The employees whose fraud Defendants should have uncovered are identified as follows: (i) Vivian Karouzakis; (ii) Michael Karouzakis; (iii) Despina Theocharis; (iv) Douglas Filardo; and (v) Carmen Jones.  As set forth above, all five (5) employees separated from employment before December 2017.

4

Hon. Taryn A. Merkl, U.S.M.J.
September 14, 2021
P a g e | **5**

3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com


**VIA ECF**
Marshall Dennehy Warner Coleman & Goggin
<u>Attn</u>: Maureen P. Fitzgerald, Esq.
15000 Midatlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054-1570
mpfitzgerald@mdwcg.com