

620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

November 8, 2021

**VIA ECF**
The Honorable Judge Taryn A. Merkl
United States Magistrate Judge
U.S. District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 322 N
Brooklyn, NY 11201

      RE:    *Star Auto Sales, et al. v. Voynow, et al.*
              Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-CLP
              Our File No.:  03127.01373

Dear Judge Merkl:

We are writing to you to request an informal conference regarding a dispute among the parties as to the Plaintiffs' responses to certain discovery relating to damages.  This letter is being jointly submitted by the parties after counsel conferred by telephone on November 5, 2021 in an attempt to resolve the issue.  As noted in the Court's recent Order of November 3, 2021, there is a telephone conference already scheduled for November 11th regarding another discovery dispute and counsel for both parties are prepared to discuss this added dispute at that time as well.

**Defendants' Position**

    A.  **Factual Background to Discovery Dispute**

This action was commenced on October 16, 2018.  Plaintiffs are seven distinct automobile dealerships who collectively allege that they were victimized by various employee fraud schemes committed over numerous years which purportedly resulted in total damages exceeding $10 million. (Complaint, Dkt. 1).  Plaintiffs allege that this alleged fraud took place over "an extended period of time" and while Defendants were engaged to provide professional accounting services.  Each of these seven Plaintiff dealerships maintained separate books and records.

Defendants are outside tax accountants based in Pennsylvania.  They were initially hired by Plaintiffs in 1996.  Plaintiffs terminated Defendants' engagement in approximately November of 2017.  In their Complaint, Plaintiffs allege that Defendants failed to detect various purported "red flags" that would have disclosed or prevented the alleged employee fraud.  Plaintiffs also allege that they have pursued civil and criminal claims against certain former employees but will not recoup their alleged losses in those proceedings.  Plaintiffs assert

Judge Merkl
November 8, 2021
Page 2
_____

claims for professional negligence and respondeat superior against Defendants and collectively claim at least $10 million in damages.  While the Complaint alleges damages of over $10 million, it does not breakdown nor aver what purported fraud occurred at which of the seven Plaintiff dealerships nor aver how the alleged $10 million loss is apportioned among the seven Plaintiffs.  (See Dkt. 1).

Defendants raised this issue in their Motion to Dismiss the Complaint and argued that the failure to allege the requisite elements of professional negligence, including damages, for each of the seven Plaintiffs, instead of generalized allegations applicable to all, was improper.  The Court denied the Motion to Dismiss but acknowledged that such "group pleading of this nature diminishes the specificity of Plaintiffs' allegations." (See Dkt. 27, March 25, 2019 Memorandum and Order).  The Court's Opinion deemed Defendants' argument that the Complaint's failure to specify precisely "which irregularities appeared in the books of which entity and how much loss each entity suffered to be premature" at that juncture of the case.  (Id. at p. 6).

On January 29, 2019, Plaintiffs provided their Rule 26 Initial Disclosures.  As to the computation and category of damages, Plaintiffs provided a collective response for all seven dealerships in the form of a table:

| Category | Number of Transactions | Amount of Transactions |
|---|---|---|
| Intercompany Checks Exchanged with Cash | 150 | $565,424.65 |
| Payments to Non-Company Credit Card and Loan Accounts | 41 | $486,776.61 |
| Employee Advances | To be determined | $206,180.00 |
| Suspect Vehicle Deals | To be determined | Amount Unknown |
| Irregular Control Numbers and Journal Entries | To be determined | Amount Unknown |
| Irregular Control Numbers and Journal Entries (Chrysler Only) | To be determined | $1,276,749.85 |
| Retained Earnings Journal Entries | To be determined | $3,517,814.47 |
| Cancelling of Checks that Never Cleared the Bank | 1,940 | $349,980.23 |
| Total | | $6,402,925.81 |

Plaintiffs have not amended these Disclosures.  On August 2, 2021, Defendants served a specific damage Interrogatory to each of the seven Plaintiffs requesting the following information:

> To the extent you contend You have sustained any damages as a result of any purported employee theft or fraud, describe each and every fraud or theft scheme

Judge Merkl
November 8, 2021
Page 3

_____

and identify the duration, the participants, and the amount of specific damages
You are claiming to have sustained from each fraud or theft scheme.

**Plaintiffs' Position**

By letter dated September 1, 2021, Plaintiffs objected that "the interrogatory was overly broad, vague, unduly burdensome, premature" and that Defendants had exceeded the number of permitted interrogatories under Rule 33.  Defendants thereafter sent a discovery deficiency letter to Plaintiffs' counsel on September 14, 2021 and Plaintiffs then responded with a letter dated October 1, 2021 in which they objected to the interrogatories on the grounds that Defendants have exceeded the number of permitted interrogatories but proposed that they will provide their current estimates of damages based on the discovery adduced and reviewed thus far (which may be amended in the future) so long as Defendants stipulate that: (i) no prior computation of damages shall be admissible as evidence at trial; and (ii) Defendants will be limited from propounding and/or requesting leave to propound any additional interrogatories. Plaintiffs explained that the lawsuits against the employees who embezzled money from Plaintiffs are ongoing and additional discovery will affect Plaintiffs' damages computations with regard to Defendants.

During a meet and confer on November 5, 2021, Plaintiffs reiterated their position stated in their October 1 letter to which Defendants had not responded prior to the meet and confer.

Defendants dispute the veracity of this contention.  The parties are now at an impasse and request an informal conference with the Court prior to submitting briefing on the issue.

Thank you for your consideration.

Respectfully,

Maureen P. Fitzgerald

MPF:ls
cc:     Jamie Felsen, Esquire – jfelsen@mllaborlaw.com
        Emanuel Kataev, Esquire - Emanuel@mllaborlaw.com
        Jeremy Koufakis, Esquire - jeremy@mmmlaborlaw.com
        John L. Slimm, Esquire
        Jonathan Weiss, Esquire

LEGAL/140971725.v1