| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),<br>　　　　　　　　　　Plaintiffs,<br>　-against-<br><br>VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN AND ROBERT SEIBEL,<br>　　　　　　　　　　Defendants. | Civil Action No.:<br>1:18-cv-05775-ERK-CLP |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH MCCLOSKEY SUBPOENA**

CYRULI SHANKS & ZIZMOR LLP

By: /s/ Russell Shanks
　Russell Shanks
420 Lexington Avenue
Suite 2320
New York, NY 10170
(212) 661-6800
rshanks@cszlaw.com
Attorneys for Non-Party Steven McCloskey

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI), <br>                              Plaintiffs, <br>    -against- <br><br> VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN AND ROBERT SEIBEL, <br>                              Defendants. | Civil Action No.: <br> 1:18-cv-05775-ERK-CLP |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH MCCLOSKEY SUBPOENA**

Non Party Steven McCloskey, by and through counsel, hereby moves for an order quashing the Subpoena, attached hereto as Exhibit "A" served upon him by Plaintiffs.[1] In support thereof, McCloskey states as follows:

**FACTUAL BACKGROUND**

McCloskey is currently employed as the Controller for Thompson Lexus ("Thompson"), a Pennsylvania based automobile dealership based in Doylestown, PA. McCloskey has been

---

[1] The Subpoena requires McCloskey to appear in person in Lake Success, NY for a deposition. Inasmuch as this location is more than 100 miles from McCloskey's place of business, the Subpoena violates FRCP 45(c) and in therefore unenforceable and should be quashed on those grounds as well.

employed at Thompson for over 25 years.  Prior to working at Thompson, McCloskey was previously employed at Defendant Voynow Bayard Whyte & Company from approximately January 1994 to 1997.   While employed ay Voynow back in approximately 1996, McCloskey did work on the tax engagement Voynow provided to Plaintiffs, but has no recollection whatsoever of the work he did nor of any of Plaintiffs' employees.  Inasmuch as the statute of limitations has long since passed with regard to the time period during which McCloskey worked on the tax engagement wherein Voynow provided tax services to Plaintiffs, that is not the intent of Plaintiffs' subpoena.

  Rather, upon information and belief, the primary purpose of Plaintiffs' subpoena of McCloskey is to question him about the professional services Voynow has provided and is currently providing to Thompson Lexus in connection with the preparation of its corporate tax returns.  Plaintiffs also intend to question McCloskey about his interactions with Voynow as part of Voynow's tax engagement with Thompson Lexus.   These topics have absolutely no relevance to this lawsuit and is an undue burden upon McCloskey and Thompson Lexus.  The financial records maintained by Thompson Lexus are different from Plaintiffs' books and records.  The tax laws and tax requirements applicable to a Pennsylvania dealership differ from Plaintiffs who are New York-based dealerships.  Thompson Lexus's corporate tax returns and its dealings with Voynow regarding the preparation of its corporate tax returns are confidential and privileged, and wholly unrelated to Plaintiffs.  Neither McCloskey nor Thompson Lexus have any connection whatsoever to Plaintiffs, their books and records, or to this litigation.  Neither McCloskey nor Thompson Lexus have any knowledge about any alleged fraud occurring at Plaintiffs or what was reflected in Plaintiffs' own books and records as to this alleged fraud.  McCloskey has had no contact with any of Plaintiffs' employees alleged to have been involved

in the fraud and have never discussed Plaintiffs or any of the allegations in this lawsuit with Voynow.  Thus, McCloskey has no relevant information regarding Plaintiffs' claims against Voynow.  Any tax services Thompson Lexus receives from Voynow is not a proper topic of discovery in this case as it implicate issues of the accountant-client privilege under Pennsylvania law, the longstanding recognition as to the confidentiality of tax returns and the information a taxpayer provides to its tax accountant when preparing a tax return, and encroaches upon the financial issues relating to Thompson Lexus, such as the costs of its tax services, or the details of its confidential relationship with its accountants.  As such, the subpoena imposes a severe and undue burden upon McCloskey and violates Rule 45 of the Federal Rules of Civil Procedure and should be quashed.

## ARGUMENT

I. **THE COURT SHOULD QUASH THE MCCLOSKEY SUBPOENA SINCE THE SUBPOENA IMPOSES AN UNDUE BURDEN AND FALLS OUTSIDE THE SCOPE OF PROPER DISCOVERY.**

Rule 45 permits an attorney for a party to to subpoena a nonparty to appear for a deposition. Fed. R. Civ. P. 45(a)(1)(C). Rule 45 states in pertinent part:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1) (emphasis added). The court for the district where compliance must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "An undue burden exists when the subpoena is unreasonable or oppressive."

In addition, a Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." OMS Investments, Inc. v. Lebanon Seaboard Corp., No. 08-2681 AET, 2008 WL 4952445 at *2 (D.N.J. Nov. 18, 2008). While the scope of discovery is broad, it is not boundless:

> Unless otherwise limited by court order, the scope of discovery is as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Accordingly, the court must limit the extent of discovery if:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Furthermore, a subpoena may not require a person to attend a deposition at a location more than 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed.R.Civ.P. 45(c). This Court has the power to quash any subpoena that is unduly burdensome or outside the scope of discovery.

      A.      **THE SUBPOENA VIOLATE FRCP 45 AS IT IS UNDULY BURDENSOME AND THE TESTIMONY BEING SOUGHT FALLS OUTSIDE THE SCOPE OF PROPER DISCOVERY.**

Here, the McCloskey subpoena falls outside the scope of discovery as any questions as to Thompson Lexus' engagement with Voynow as its tax accountants are (1) irrelevant to Plaintiffs' claims; (2) privileged under Pennsylvania law; (3) confidential and proprietary to the extent it involves information and financial records which Thompson Lexus' discussed with Voynow for preparation of its tax returns; and (4) not proportional to the needs of the Plaintiffs' malpractice case.   Information derived from or as the result of such professional services rendered by a Pennsylvania CPA to his or her client shall be deemed confidential and privileged. See 63 Pa. Stat. § 9.11a; see also *Allstate Ins. Co. v. All Cnty., LLC*, No. 19-CV-7121-WFK-SJB, 2020 WL 5668956, at *3 (E.D.N.Y. Sept. 22, 2020) (asking an accountant to turn over every document related to a client is nothing more than a fishing expedition into the financial affairs of the target) ; *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (subpoena found to be tantamount to a fishing expedition); *Young v. Kaye*, 443 Pa. 335, 279 A.2d 759 (Pa. 1971) (the relationship between a Pennsylvania accountant and his client has been held to be one of confidentiality).

Dated: March 5, 2023
      New York, New York

                           CYRULI SHANKS & ZIZMOR LLP

                            By:   /s/ Russell Shanks
                              Russell Shanks
                           420 Lexington Avenue
                           Suite 2320
                           New York, NY 10170
                           (212) 661-6800
                           rshanks@cszlaw.com
                           Attorneys for Non-Party Steven McClosky