

620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

March 6, 2023

**VIA ECF**

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

      RE:   Star Auto Sales, et al. v. Voynow, et al.
             Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-CLP
             Our File No.:  03127.01373

Dear Judge Merkl:

      This firm represents the Defendants Voynow, Bayard, Whyte and Co., LLP, ("Voynow") Randy Frazen, Hugh Whyte and Bob Seibel in the above captioned matter.  Plaintiffs served a Rule 30(b)(6) deposition notice seeking a corporate designee on behalf of Voynow to testify as to 86 topics.  The parties met and conferred on February 27, 2023 as Defendants objected to this notice.  On February 28, 2023, Plaintiffs served an Amended Rule 30(b)(6) Deposition Notice, a copy of which is attached hereto as Exhibit A.  This Amended Notice contains 78 topics.  On March 2, 2023, Defendants notified Plaintiffs of objections to this amended notice and offered to have a second meet and confer session.  On March 3, 2023, Plaintiffs' counsel stated that they disagreed with Defendants' objections and declined to participate in any further meet and confer session.  Accordingly, the parties now jointly request a conference on this issue.

      **DEFENDANTS' POSITION**

      Voynow are tax accountants based in Trevose, PA.  They prepared each of the five Plaintiffs' corporate state and federal tax returns.  Plaintiffs contend that various former employees allegedly stole from them and that Voynow should have detected this purported fraud.  Throughout the discovery phase of this case, Plaintiffs have taken the depositions of fourteen (14) current and former accountants employed by Voynow that worked on the engagement at issue, including Voynow's four current partners and managing partner.  Voynow objects to the Rule 30(b)(6) Notice on numerous grounds.

      First, the Notice sets forth a time period of 1996 to 2017 and thereby requires that a witness be presented to testify about 78 topics stemming over a 20 year period.  This time period is overbroad, unduly burdensome, disproportionate to the issues in the case, and not reasonably designed to lead to the discovery of admissible evidence, given the applicable statute of limitations.  Indeed, throughout the discovery phase in this case, the

parties have mutually agreed to confine all written and document discovery to the period of 2010 to 2017. Despite this agreement, Plaintiffs nonetheless objected to discovery requests from Defendants for documents dated prior to 2012.  To now require a 30(b)(6) witness to appear and testify for over a 20 year period is improper and incredibly burdensome.

Second, there are five Plaintiffs.  Each of these five Plaintiffs are separate corporate entities that had their own books, financial records, vendors, employees and most importantly, separate tax returns.  Different Voynow employees worked on different tax engagements for these five Plaintiffs.  Yet, the Notice fails to specify which of the five Plaintiff corporations are being questioned about in any of the topics.  Absent any such clarification, and when considering the scope of issues and the time period, this lack of specificity precludes Voynow from determining who would be the appropriate witness for many of the topics.

The Notice contains numerous topics which have been already addressed in prior depositions and are therefore duplicative.  All three individual defendants (Whyte, Frazen and Seibel) are partners of Voynow. They were deposed along with the remaining Voynow partner Rob Kirkhope.  These four witnesses were specifically questioned for a full seven hours each and on many of the topics listed in the Notice and would therefore be the persons designated to testify on behalf of Voynow on these topics.  Their testimony is binding on Voynow.  As such, many of the topics would require duplicative testimony.  Defense counsel proposed that Voynow be permitted to designate the prior testimony on these subjects upon receipt and review of the transcripts rather than have to present the same witnesses on these topics.  See *DDK Hotels v. Williams Sonoma, Inc.*, 2022 WL 2702378 (E.D. N.Y. February 11, 2022); *Presse v. Morel*, 2011 WL 5129716 (S.D. N.Y. Oct. 28, 2011); *Montauk USA, LLC v. 148 So. Emerson Assocs.*, 2019 WL 2393519 (E.D. N.Y. June 6, 2019). However, Plaintiffs have refused to allow such designations, insisting on duplicative testimony.

The Notice seeks testimony and information regarding other Voynow tax clients and professional services rendered to these clients by Voynow.  Requests as to these issues are overbroad, unduly burdensome, vague, disproportionate to the needs of the case, lacking in reasonable particularity, potentially subject to privilege under the accountant-client applicable privilege under Pennsylvania law and federal tax law, and not reasonably designed to lead to the discovery of admissible evidence.  Moreover, inasmuch as Voynow prepared corporate tax returns for these other automobile dealership clients, Voynow is precluded from disclosing certain information as to other clients' tax engagements by both state and federal law absent the written consent of their tax clients.  Plaintiffs have never obtained any such consent.

The Notice contains numerous terms that are impermissibly vague.  In reviewing a Rule 30(b)(6) notice, courts consider whether the topics are "proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.' " *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671 (S.D.N.Y. Apr. 27, 2017). "Reasonable particularity" means that the noticing party must describe the noticed topics with "painstaking specificity" as to subject areas that are relevant to the dispute at issue. Id.; *Winfield v. City of N.Y.*, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018).  Where the topics are vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics. See, e.g., *Fung-Schwartz v. Cerner Corp.*, 2020 WL 5253224 (S.D. N.Y. Sept. 2, 2000) (finding topics overbroad, disproportional to the needs of the case and lacking the necessary particularity required to prepare the 30(b)(6) witness); *Government Emps. Ins. Co. v. Lenex Servs*., Inc., 2018 WL 1368024 (E.D.N.Y. Mar. 16, 2018) (striking topic as vaguely worded where requests sought information related to "all matters" or "all facts");

<u>DDK Hotels, LLC v. Williams-Sonoma, Inc.</u>, 2022 WL 2702378 (E.D.N.Y. Feb. 11, 2022) (same).  Plaintiffs' Notice is replete with such impermissibly vague terms or references such as "details" ; "including but not limited to" ; "or otherwise"; "tasks";  or documents not identified by bates numbers such as unspecified "emails" or generic documents.

Plaintiffs now argue that they are entitled to a 30(b)(6) deposition simply because Defendants took depositions of a representative of the five Plaintiff corporations.  Yet, Plaintiffs ignore the reason why Defendants had to take these depositions.  Specifically, in response to an interrogatory asking each Plaintiff to specify the alleged damages and purported thefts, Plaintiffs provided a chart in its interrogatory answers setting forth the alleged thefts at each of the five corporations and the amounts of damages being claimed:

| | EMPLOYEE(S) WHO STOLE | DATES | STAR TOYOTA | STAR NISSAN | STAR SUBARU | STAR CHRYSLER | STAR HYUNDAI | TOTAL |
|---|---|---|---|---|---|---|---|---|
| CUSTOMER CLAIM SCHEME | DOUGLAS FILARDO | 11/25/2008-11/1/2016 | $ - | $ - | $ 378,157.08 | $ - | $ - | $ 378,157.08 |
| MOTORSPORTS ADVERTISING SCHEME | DOUGLAS FILARDO | 6/15/2014-7/10/2017 | $ - | $ - | $ 1,419,874.83 | $ - | $ - | $ 1,419,874.83 |
| STAPLES SCHEME | CARMEN JONES | 8/2001-5/2017 | $ - | $ 68,852.67 | $ - | $ - | $ - | $ 68,852.67 |
| AMEX SCHEME | CARMEN JONES | 10/16/2010-9/25/2014 | $ - | $ 365,034.04 | $ - | $ - | $ - | $ 365,034.04 |
| REVERSE DEPOSITS SCHEME | CARMEN JONES | 2/20/2013-4/19/2016 | $ - | $ 319,150.98 | $ - | $ - | $ - | $ 319,150.98 |
| CARMEN JONES HIGHLANDER SCHEME | VIVIAN KAROUZAKIS, CARMEN JONES | 9/2016 | $ - | $ 3,000.00 | $ - | $ - | $ - | $ 3,000.00 |
| LOAN PAYMENTS NOT REPAID SCHEME | DESPINA THEOCHARIS | 2010-2016 | $ - | $ - | $ - | $ 98,897.98 | $ - | $ 98,897.98 |
| VEHICLES SCHEME | DESPINA THEOCHARIS | 12/27/2011-3/24/2015 | $ - | $ - | $ - | $ 9,500.00 | $ - | $ 9,500.00 |
| TUNDRA AND AVALON SCHEME | VIVIAN KAROUZAKIS, MICHAEL KAROUZAKIS | 5/2013-3/2016 | $ 40,000.00 | $ - | $ - | $ - | $ - | $ 40,000.00 |
| ANGIE RAPTIS HIGHLANDER SCHEME | VIVIAN KAROUZAKIS, ANGE RAPTIS | 9/2016 | $ 3,000.00 | $ - | $ - | $ - | $ - | $ 3,000.00 |
| PAYING PERSONAL CREDITORS SCHEME | VIVIAN KAROUZAKIS | 5/14/2013-11/18/2016 | $ 9,147.70 | $ 510,076.86 | $ - | $ - | $ 34,500.00 | $ 553,724.56 |
| DRAWING FALSIFIED CHECKS (PTSN) SCHEME | VIVIAN KAROUZAKIS | 9/9/2003-11/18/2016 | $ 463,000.00 | $ 786,400.00 | $ - | $ - | $ - | $ 1,249,400.00 |
| VITALIANO/VIVIAN STOLEN AVALON SCHEME | VIVIAN KAROUZAKIS | 2/2016 | $ 20,000.00 | $ - | $ - | $ - | $ - | $ 20,000.00 |
| TOTAL STOLEN FROM SCHEMES | | | $ 535,147.70 | $ 2,052,514.55 | $ 1,798,031.91 | $ 108,397.98 | $ 34,500.00 | $ 4,528,592.14 |

However, when Defendants deposed the three owners of the five Plaintiff  corporations and showed them this chart, two testified that they knew nothing about the schemes listed or the amounts of damages claims of their respective corporations.  A third knew a small amount but repeatedly deferred to the current controller when asked specific questions about the content of the chart.  Thus, Defendants noticed 30(b)(6) depositions of the five Plaintiffs requesting that they produce someone who could testify as to the alleged schemes and damages in the chart.  See Defendants' Rule 30(b)(6) Notice, attached as Exhibit B.  Here, Voynow's four partners already testified about many of the topics in the Notice and answered questions.  Plaintiffs' argument based upon Defendants' prior Rule 30(b)(6) depositions is misguided and not applicable.

**PLAINTIFFS' POSITION**

Defendants' eleventh hour objections to Plaintiffs' 30(b)(6) notice are unwarranted and Plaintiffs will be proceeding with the deposition tomorrow as they previously notified Defendants.

 On February 7, 2023, Plaintiffs served a 30(b)(6) deposition notice on Voynow.  Thereafter, Plaintiffs deposed three (3) principles of Voynow, Randy Franzen, Bob Seibel and Robert Kirkhope and asked questions taking into account the upcoming 30(b)(6) deposition of Voynow. After the depositions of the three (3) principles, Defendants, for the first time, on February 17, 2023, asserted an objection to Plaintiffs taking a 30(b)(6) deposition in their portion of the joint status report to the Court.

After Defendants previously spent three (3) full days deposing Plaintiffs' three (3) principles in their individual capacities, Defendants served a 30(b)(6) deposition notice on the plaintiffs which contained merely one sentence broadly describing the 30(b)(6) topic as the damages and schemes related to a chart contained in Plaintiff's interrogatory response.  After Defendants sought to conduct Plaintiffs' 30(b)(6) deposition over five (5) days, the parties agreed for Defendants to have three (3) full days of deposition time for the 30(b)(6) deposition of Plaintiffs.  On February 1, 2023, Defendants deposed Plaintiffs' 30(b)(6) designee, Jacqueline Cutillo, from 10:30 am until 8:00 pm; on February 2, 2023, Defendants deposed Ms. Cutillo from 9:00 am until 4:00 pm; and

on February 2, 2023, Defendants deposed Ms. Cutillo from 9:00 am until 4:30 pm.  Thereafter, Defendants took Ms. Cutillo's deposition in her individual capacity.  Nevertheless, Defendants now object to Plaintiffs' 30(b)(6) deposition of Voynow, and it is unclear if they will be producing a 30(b)(6) witness tomorrow.

The parties met and conferred on February 27, 2023 with regard to Defendants' objections to the 30(b)(6) notice, and the following morning, Plaintiffs served an amended 30(b)(6) notice addressing several of Defendants' objections.  On March 2, 2023, Defendants sent a letter to Plaintiffs objecting to the amended 30(b)(6) notice and offered to meet and confer if Plaintiffs felt it would be productive.

Plaintiffs responded to Defendants March 2, 2023 letter stating that they disagree with Defendants' remaining objections which are the same that the parties previously met and conferred about, so there was no need to meet and confer again.  In Plaintiffs' March 2, 2023 response, Plaintiffs also reiterated their position related to some of Defendants' objections.  Plaintiffs also told Defendants on March 2, 2023 that they will be proceeding with the 30(b)(6) deposition commencing on March 7 unless the court orders otherwise.  Plaintiffs received no further communication from Defendants and spent all weekend preparing for the deposition.  Less than 24 hours prior to the deposition, on March 6, 2023, at 11:55 am, Defendants e-mailed Plaintiffs their portion of this letter.

As they explained to Defendants on March 2, 2023, Plaintiffs will be taking the 30(b)(6) deposition tomorrow.

Defendants' objections to the 30(b)(6) deposition have no merit.  Plaintiffs will address Defendants' objections in *seriatim*.

First, with regard to the time period covered by the 30(b)(6) notice, a key dispute in this litigation is the scope of work Voynow performed for Plaintiffs.  Plaintiffs allege that, in addition to performing tax work, Voynow was retained to review its books and records to detect any irregularities and discrepancies.  No written engagement agreements describing the scope of work Plaintiffs retained Voynow to perform exist.  Voynow performed work for Plaintiffs from 1996 through the present, and the work Voynow performed throughout this period is relevant given the absence of a written engagement letter.  Moreover, notably Defendants' 30(b)(6) notice covered the period of August 2001 to the present.  Plaintiffs' notice primarily covers the period 1996-2017 which is the same number of years.[1]

Second, with regard to the purported lack of specificity as to which of the plaintiff corporate entities the topics in the 30(b)(6) relate, throughout this litigation, the evidence has established that there was no distinction in the services provided by Voynow for each of the corporate entities.  The 30(b)(6) notice relates to all plaintiff corporate entities, and Defendants are well aware of same.

Third, with regard to purported duplicative testimony, which Defendants do not identify[2], FRCP 30(b)(6) does not expressly permit Defendants to designate prior deposition testimony of an individual that was deposed

---

[1] Contrary to Defendants' statement, there has never been any agreement to limit discovery to the period of 2010 to 2017.

[2] Defendants seem to suggest that they have not received the deposition transcripts for Franzen, Kirkhope, and Seibel, but they have.

in his individual capacity as testimony for the 30(b)(6) notice.  And courts, including the EDNY, have prohibited parties from doing this.  See Rubie's Costume Co. v. Kangaroo Mfg., 2018 U.S. Dist. LEXIS 161966 (E.D.N.Y. Sep. 21, 2018) ("Apparently, Defendants offered to stipulate that Justin Ligeri's prior testimony would be deemed Yagoozon's 30(b)(6) testimony, but that offer was rejected by the Plaintiffs. Defendants' counsel does not address the fact, however, that Mr. Ligeri provided testimony as a *fact* witness. Plaintiffs' are entitled to examine him (or any other proper designee) as a Rule 30(b0(6) witness whose testimony is binding on the corporations."); Alloc, Inc. v. Unilin Decor N.V., No. 02-C-1266, 2006 U.S. Dist. LEXIS 65889 (E.D. Wis. Aug. 29, 2006)( Unilin may not, as it suggests, review prior deposition testimony and designate it as Rule 30(b)(6) testimony."); Foster-Miller, Inc. v. Babcock & Wilcox Canada, 210 F.3d 1, 17 (1st Cir. 2000) (sanctioning a party for refusal to produce a 30(b)(6) witness, refusing on the basis that the opposing party "had in early stages of the case already deposed the employees"); Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc., No. 2:15-CV3023, 2018 U.S. Dist. LEXIS 114267, at *35 (S.D. Ohio July 10, 2018).  Plaintiffs deposed Whyte, Franzen, Seibel, Kirkhope as fact witnesses, not as 30(b)(6) witnesses.   As noted above, Plaintiffs deposed Franzen, Seibel, Kirkhope after Plaintiffs served a 30(b)(6) notice on Defendants but before Defendants asserted any objections to the 30(b)(6) notice.  Plaintiffs took the depositions of Franzen, Seibel, Kirkhope depositions and asked questions taking into consideration that the 30(b)(6) deposition of Voynow will be taken.  Plaintiffs will be substantially prejudiced if they are now not permitted to take a 30(b)(6) deposition.

Fourth, with regard to Defendants' objections to the 30(b)(6) notice as it relates to services rendered by Voynow to other automotive clients, this information is entirely relevant.  Central to this case is the scope of work that Plaintiffs retained Voynow to perform.  Plaintiffs allege that, in addition to performing tax work, Voynow was retained to review its books and records to detect any irregularities and discrepancies.  No written engagement agreements describing the scope of work Plaintiffs retained Voynow to perform exist.  Due to the absence of a written engagement letter and the dispute concerning the scope of work, to the extent that other dealerships paid Voynow similar amounts as Plaintiffs, the reasonable inference would be that Voynow provided the same level of services to Plaintiff as it provided to such other dealerships.  Discovery concerning Voynow's scope of work for other dealerships is, therefore, relevant.

Fifth, Defendants argue that the 30(b)(6) notice contains vague terms and lacks particularity, but they do not identify which topics contain vague terms and insufficient particularity.  Notably, Defendants previously objected to the use of the phrase "including but not limited to" and Plaintiffs subsequently removed same.[3]

Accordingly, Defendants' last minute objections to the 30(b)(6) deposition have no merit.

Very truly yours,

Maureen P. Fitzgerald

MPF:ls
Enclosure
cc:     All counsel of record

---

[3] After the meet and confer, Plaintiffs deleted the numerous definitions contained within the 30(b)(6) notice due to Defendants' objections. Defendants now complain that unspecified terms in the amended 30(b)(6) notice are vague.