# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen - Member
Direct E-Mail Address: jamiefelsen@mllaborlaw.com
Direct Dial: (516) 303-1391

**Via ECF**

March 7, 2023

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP ("Voynow"),** *et al.*
**Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Merkl:

Plaintiffs respectfully submit this letter motion in support of their motion for sanctions against Defendants and their counsel under Fed. R. Civ. Proc. 37(d)(1)(A)(i), Fed. R. Civ. Proc. 30(d), and under the Court's inherent power for failure to appear for the Fed. R. Civ. Proc. 30(b)(6) deposition of Defendant Voynow noticed for March 7, 2023 and their gamesmanship related to same. Plaintiffs also seek an order directing Voynow to appear at its 30(b)(6) deposition and warning Voynow that if it fails to do so, its answer will be struck.

On February 7, 2023, Plaintiffs served a 30(b)(6) deposition notice on Voynow. On February 17, 2023, Defendants objected to the scope of topics listed for Voynow's 30(b)(6) deposition. The parties met and conferred on February 27, 2023 with regard to Defendants' objections to the 30(b)(6) notice. See ECF Doc. No. 85-1. The following morning, Plaintiffs served an amended 30(b)(6) notice addressing several of Defendants' objections. On March 2, 2023, Defendants sent a letter to Plaintiffs objecting to the amended 30(b)(6) notice and offered to meet and confer if Plaintiffs felt it would be productive.

The following morning, March 3, 2023, at 10:05 am, Plaintiffs responded to Defendants' March 2, 2023 letter stating that they disagree with Defendants' remaining objections which were the same that the parties previously met and conferred about, so there was no need to meet and confer again. Plaintiffs also told Defendants on March 3, 2023 that they will be proceeding with the 30(b)(6) deposition commencing on March 7 unless the court orders otherwise. Plaintiffs received no further communication from Defendants that day and spent the rest of that day and the weekend preparing for the 30(b)(6) deposition with Plaintiffs' representative.

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
March 7, 2023
Page 2 of 3

Less than 24 hours prior to the deposition, on March 6, 2023, at 11:55 am, Defendants e-mailed Plaintiffs a draft letter to the Court explaining their objections to some of the topics in the amended 30(b)(6) notice. The letter did not state that Defendants would not be appearing for the deposition, nor did they inform Plaintiffs in any other manner that they would not be appearing for the deposition. Plaintiffs provided their portion of the letter a few hours after they received Defendants' portion and reiterated in the letter that they would be proceeding with the deposition. Later that day, Plaintiffs e-mailed Defendants stating, again, that they would be proceeding with the 30(b)(6) deposition the following morning unless the court orders otherwise prior to the deposition. Defendants did not respond stating they would not appear. However, Defendants failed to appear for the 30(b)(6) deposition on March 7.

Over Defendants' objection, the Court previously extended the discovery deadline to March 17, 2023 and stated it was unlikely that any further extensions would be granted. Thus, due to the looming discovery deadline and Defendants' failure to affirmatively state that they would not appear for the 30(b)(6) deposition, Plaintiffs proceeded with the deposition to ensure it would be taken before the discovery deadline.

Plaintiffs' counsel and their representative spent substantial hours over the past week preparing for this deposition. In fact, because Defendants' counsel never once said that she would not produce a 30(b)(6) witness, Plaintiffs' counsel inconvenienced their clients and spent the entire weekend preparing, including bringing in one of the law firm's associates to assist. Defendants' counsel's conduct was pure gamesmanship[1], meant to inconvenience, and waste the time of, Plaintiffs' counsel and their clients. As a direct result of Defendants' counsel's "sharp practice" (and lack of basic decency), we geared up and prepared unnecessarily (and now will have to re-do preparation) – even though Defendants' counsel knew full-well that she never had any intention to produce a witness on the noticed date. What makes Defendants' counsel's conduct even more egregious is that Plaintiffs' counsel was eminently clear in stating that we intended to go forward with the deposition on numerous occasions, and, in light of the Court's deadlines, it was necessary to do so. In addition, Plaintiffs have to pay the court reporter and videographer who were present for the deposition.

Fed. R. Civ. Proc. 37(d)(1)(A)(i) authorizes sanctions if a party fails, after being served with a 30(b)(6) notice, to appear for a deposition. Under Fed. R. Civ. Proc. 37(d)(3), the Court "<u>must</u> require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(3) (emphasis added).

---

[1] This was not the only occasion on which Defendants' counsel has engaged in sharp practices. During the 30(b)(6) deposition taken by Defendants from February 1-3, 2023, Plaintiffs requested, pursuant to Fed. R. Civ. Proc. 30, a copy of the deposition transcript for the witness to review. Plaintiffs made subsequent requests which have been ignored by Defendants' counsel who has,, to date, still not provided the transcript.

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
March 7, 2023
Page 3 of 3

Under Fed. R. Civ. Proc. 30(d), "the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

The Court also possesses inherent power to impose decorum and "to fashion an appropriate sanction for conduct which abuses the judicial process[]." Elsevier Inc. v. Grossmann, 2017 U.S. Dist. LEXIS 3393848 at *3 (S.D.N.Y. Aug. 7, 2017).  Imposition of sanctions under the Court's inherent powers requires a particularized finding of bad faith, shown by "clear evidence" that the actions in question were taken "for reasons of harassment or delay or for other improper purposes." United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991).

Monetary sanctions are among the "mildest" sanctions for discovery misconduct, Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979), and should be sufficient to both compensate the opposing party for costs associated with the misconduct and to deter similar conduct in the future. See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., 328 F.R.D. 100, 2018 U.S. Dist. LEXIS 160236 at * 68-69 (S.D.N.Y. Sept. 19, 2018).

Defendants and their counsel should be sanctioned and ordered to pay Plaintiffs' attorneys' fees related to Plaintiffs' counsel's preparation for the deposition and drafting this motion and costs for the court reporter and videographer.  These sanctions are warranted due to Voynow's failure to appear.  See Baez v. City of N.Y., 2019 U.S. Dist. LEXIS 88045 (E.D.N.Y. May 18, 2019) (ordering defendant to pay costs associated with failure to appear at deposition and attorneys' fees related to sanctions motion); PrecisionFlow Techs. v. CVD Equip. Corp., 198 F.R.D. 33 (N.D.N.Y. 2000) (awarding costs and attorneys' fees due to failure of deponents to appear for depositions) affirmed by 140 F. Supp. 2d 195 (N.D.N.Y. 2001).  Defendants' last minute submission of a letter to the Court seeking to limit the scope of topics is unavailing and insufficient grounds to not appear at a deposition noticed thirty (30) days earlier.

Accordingly, Plaintiffs respectfully request the Court issue sanctions as it deems appropriate.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen

cc: All counsel of record