UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------ X

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a
STAR TOYOTA OF BAYSIDE), STAR AUTO
SALES OF QUEENS, LLC (d/b/a STAR
SUBARU), STAR HYUNDAI LLC (d/b/a STAR
HYUNDAI), STAR NISSAN, INC. (d/b/a STAR
NISSAN), METRO CHRYSLER PLYMOUTH
INC. (d/b/a STAR CHRYSLER JEEP DODGE),  :
STAR AUTO SALES OF QUEENS COUNTY
LLC (d/b/a STAR FIAT), and STAR AUTO     :
SALES OF QUEENS VILLAGE LLC (d/b/a STAR:
MITSUBISHI),                             :    1:18-cv-05775 (ERK) (TAM)
                                         :
                    Plaintiffs,          :
                                         :
         v.                              :

VOYNOW, BAYARD, WHYTE AND
COMPANY, LLP, HUGH WHYTE, RANDALL
FRANZEN, and ROBERT SEIBEL,

                    Defendants.

------------------------------------ X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY STEVEN
MCCLOSKEY'S MOTION TO QUASH SUBPOENA**

**MILMAN LABUDA LAW GROUP PLLC**

Jamie S. Felsen, Esq.
Attorneys for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

**PRELIMINARY STATEMENT**

Plaintiffs (hereinafter "Star") submit this memorandum of law in opposition to non-party, Steven McCloskey's ("McCloskey"), motion to quash a subpoena for his deposition in this action. McCloskey's motion must be denied as information Star expects to obtain at his deposition is relevant to Star's claims.

At the core of this litigation is a dispute concerning the scope of accounting services that Star's accountant, Defendant Voynow, Bayard, Whyte and Company ("Voynow") provided for Star. Voynow claims that it solely prepared tax returns. Star has testified that, in addition to preparing Star's tax returns, Voynow reviewed Star's books and records to detect any irregularities and discrepancies and provided interim written reports to Star related to same which have no connection to preparing tax returns. There are no written engagement letters between Star and Voynow.

In this case, there is a major factual dispute between the parties about the scope of Voynow's services for Star. In order to determine Voynow's scope of work for Star, a jury may likely need to consider comparators. For example, if Voynow performed similar work at other dealerships and these dealerships also paid amounts similar to what Star paid Voynow, it may be strong evidence of the scope of work Voynow provided to Star.

Accordingly, this Court should exercise its discretion in favor of denying McCloskey's motion.

**STANDARD**

A motion to quash a subpoena is "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted); see also Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

1

A subpoena must be quashed only if it (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  Fed. R. Civ. Proc. 45(d)(3)(A)(i-iv).

"The relevance standards set out in Federal Rule of Civil Procedure 26(b)(1) apply to discovery sought from non-parties." Morelli v. Alters, 2020 U.S. Dist. LEXIS 207362 (S.D.N.Y. Nov. 5, 2020).

If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate the existence of one of the elements in Fed. R. Civ. Proc. 45(d)(3)(A)(i-iv).  See Vale v. Great Neck Water Pollution Control Dist., 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016); Malibu Media, LLC v. Doe, 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016); Vale v. Great Neck Water Pollution Control Dist., 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016).

In this case, as discussed below, the information Star will seek at McCloskey's deposition is relevant to Star's claims.  Moreover, the deposition is not unduly burdensome on McCloskey.

## ARGUMENT

### POINT I

### THE SUBPOENA SHOULD NOT BE QUASHED

**A. The subpoena seeks information relevant to Star's claims**

Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

2

> outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Proc. Rule 26(b)(1).

McCloskey is currently employed by Thompson Auto Group, an auto dealership group for whom Voynow provides accounting services. Central to the instant litigation is the scope of work that Star retained Voynow to perform for Star. Star has testified that, in addition to performing tax work for Star, Voynow was also retained to review Star's books and records to detect any irregularities and discrepancies. Voynow has testified that it was retained exclusively for Star to prepare Star's tax returns.

In this case, no written engagement agreement exists between Star and Voynow. Because of the absence of any written engagement letters, the services and fees that Voynow performed and charged to other dealerships, if similar to Star, may be relevant for a jury to consider in making its determination as to Voynow's scope of services to Star. If other dealerships paid similar fees to Star, the scope of services may be similar as well.

Notably, David Kumor, a Voynow employee, testified that Voynow performs more than tax work for Thompson Auto Group. See Felsen Decl. Ex. A; Kumor Dep. at 58:7-16.

Moreover, several Voynow witnesses testified at their depositions that an employee stole from Thompson Auto Group while Voynow was its accountant. Similarly, while Voynow was Star's accountant, several of Star's employees stole. Voynow's knowledge of red flags and failure to act on them with Thompson Auto Group is relevant as Star allege that Voynow was also aware of red flags at Star's dealerships and failed to take any action.

McCloskey also worked for Voynow during which time he performed accounting services for Star. Although he states in his declaration that he has no recollection of the work he performed for Star, Star should have the right to attempt to refresh his recollection at a deposition. Moreover,

3

according to McCloskey's declaration, he performed services on behalf of Voynow for Star in 1996, which is critical as that is when Star's engagement with Voynow commenced.

Accordingly, there are several reasons why McCloskey's testimony is relevant to the claims and defenses in this case, and Star has met its burden to establish relevance. Therefore, the burden shifts to McCloskey to establish a basis under Fed. R. Civ. P. 45(d)(3)(A)(i-iv) that the Court is required to quash the subpoena. McCloskey has not met his burden, as discussed below.

### B. The subpoena does not place an undue burden on McCloskey

Rule 45 requires a court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The party seeking to quash the subpoena carries the burden of proving that a subpoena imposes an undue burden on a witness. See Concord, 169 F.R.D. at 48–49. The moving party cannot meet its burden by merely asserting that compliance would be burdensome but must also set forth the "manner and extent of the burden and the probable negative consequences of insisting on compliance." See Kirschner v. Klemons, 2005 WL 1214330, *3 (S.D.N.Y. May 19, 2005) (citation omitted).

The court applies a balancing test to determine whether a subpoena imposes an undue burden on the party from whom information is requested. See Concord, 169 F.R.D. at 49. Specifically, the court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. Inconvenience alone does not justify quashing a subpoena that seeks potentially relevant testimony. See Id.

McCloskey argues in a footnote that the location of the deposition in Lake Success, New York is more than 100 miles from his place of business warranting having the subpoena quashed. He is wrong.

4

The Court may only compel attendance at a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or ... within the state where the person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(l)(A)-(B)(ii); Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York, 2020 WL 4194729, at *12 (S.D.N.Y. July 21, 2020). The 100-mile radius rule is measured in a straight line (i.e. "as the crow flies"), not by driving route. Universitas Educ., LLC v. Nova Group, Inc., 2013 U.S. Dist. LEXIS 1720 (S.D.N.Y. Jan. 4, 2013); Jackson v. Avis Rent a Car Sys., LLC, 2015 U.S. Dist. LEXIS 29166 (S.D.N.Y. Mar. 6, 2015); MasterObjects, Inc. v. Amazon.com, Inc., 2020 U.S. Dist. LEXIS 191249 (S.D.N.Y. Oct. 15, 2020); Berger v. Cushman & Wakefield of Pennsylvania, Inc., 2013 U.S. Dist. LEXIS 122547 (S.D.N.Y. Aug. 28, 2013).

The distance from McCloskey's office at 50 W. Swamp Rd., Doylestown, Pennsylvania to 3000 Marcus Avenue, Lake Success, New York (the deposition location) is 81.05 miles. See https://www.distance.to/50-W-Swamp-Rd,Doylestown,PA,18901,USA/3000-Marcus-Ave,New-Hyde-Park,NY,11042,USA

Accordingly, this is not a basis for the subpoena to be quashed. In any event, Star would consider conducting the deposition remotely to avoid any potential burden on McCloskey.

McCloskey appears to argue that the subpoena is also unduly burdensome because tax returns and the documents upon which the tax returns are based are covered under the accountant-client privilege. However, Star has no intention of asking questions about specific tax returns that Voynow has prepared for Thompson Auto Group or about documents upon which the tax returns are based. Star is merely concerned with the broad concept of the scope of Voynow's services for Thompson Auto Group and the amount Voynow charges Thompson Auto Group for said work.

5

For example, Star is interested in knowing what services Voynow provided for Thompson Auto Group and what Thompson Auto Group paid for those services. McCloskey will not be asked about any particular tax documents. General information about the scope of services and the amount paid for such services is not privileged.[1]

Accordingly, McCloskey has not met his burden to establish the subpoena is unduly burdensome, warranting denial of his motion to quash.

## CONCLUSION

For all of the reasons discussed herein, Star respectfully request that the Court deny McCloskey's motion to quash the subpoena.

Dated: Lake Success, New York
      March 15, 2023

                                          MILMAN LABUDA LAW GROUP, PLLC

                                          <u>Jamie S. Felsen, Esq.</u>
                                          Jamie S. Felsen, Esq.
                                          Attorneys for Plaintiffs
                                          3000 Marcus Ave., Suite 3W8
                                          Lake Success, NY  11042

---

[1] McCloskey's reliance on 63 P.S. § 9.11a is misplaced. 63 P.S. § 9.11a states, in relevant part:

> Except by permission of the client engaging him or the heirs, successors or personal representatives of a client, a licensee or a person employed by a licensee shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed unless the sharing of confidential information is within the peer review process. This provision on confidentiality shall prevent the board from receiving reports relative to and in connection with any professional services as a certified public accountant, public accountant or firm. The information derived from or as the result of such professional services shall be deemed confidential and privileged. **Nothing in this section shall be taken or construed as prohibiting the disclosure of information … in making disclosures in a court of law or in disciplinary investigations or proceedings when the professional services of the certified public accountant, public accountant or firm are at issue in an action, investigation or proceeding in which the certified public accountant, public accountant or firm is a party.**

63 P.S. § 9.11a (emphasis added).

      Because the professional services of Thompson Auto Group's accountant, Voynow, are at issue, the privilege does not apply.

(516) 328-8899