

# MARSHALL DENNEHEY

620 Freedom Business Center, Suite 405, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

March 15, 2023

**VIA ECF**
Judge Taryn A. Merkl
United States Magistrate Judge
U.S. District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 322 N
Brooklyn, NY  11201

RE:   Star Auto Sales of Bayside, Inc., et al. v. Voynow, Bayard, Whyte and Company, LLP, et al.
Docket No.:   USDC of Eastern NY No.: 1:18-cv-05775
Our File No.:   03127.01373

Dear Judge Merkl:

Defendants Voynow, Bayard, Whyte and Company, LLP, Randall Frazen, Hugh Whyte and Robert Seibel, respectfully submit this letter in response to Plaintiffs' March 7, 2023 Motion for Sanctions.

By way of background, this matter is an accounting malpractice action arising from Defendants' tax accounting services provided to Plaintiffs for the preparation of their annual corporate tax returns and quarterly tax estimate payments.  Plaintiffs claim that over the course of several years, some former employees committed theft during their employment.  The vast majority of this alleged theft involved scenarios whereby Plaintiffs' owners actually signed checks to pay various "vendors" or third parties without requiring back up documentation.  The checks were payments benefitting these employees rather then legitimate expenses of Plaintiffs' business.  Through this lawsuit, Plaintiffs' claim that Defendants – as tax accountants based in Pennsylvania – should have detected or otherwise prevented this alleged fraud by Plaintiffs' employees.

Plaintiffs' Motion for Sanctions should be denied for many reasons.  First, it arises from a vastly improper 30(b)(6) Notice of Deposition that Plaintiffs served upon the Defendant Voynow Bayard, Whyte & Company LLP ("Voynow") requiring a representative to appear for a deposition on March 7, 2023.  This March 7th date was unilaterally selected by Plaintiffs, never confirmed by Voynow, and was the same date that the Plaintiffs had subpoenaed third party Steve McCloskey to appear for his deposition.  Second, Voynow made clear at the outset that the 30(b)(6) Notice was improper and that it had numerous objections to the scope and topics.  These objections were conveyed both verbally and in writing.  Voynow attempted to have a meet and confer as to the written objections it provided.  However, in violation of its obligation to engage in a good faith effort to resolve discovery disputes, Plaintiffs flatly refused to meet and confer to see if any agreement could be reached.  As such, Defendants informed Plaintiffs that court intervention would be needed on this issue.  Third,

Voynow submitted a letter to this Court – with Plaintiffs' input – on March 6, 2023, advising of the dispute as to the 30(b)(6) Notice. Thus, Plaintiffs knew that Defendants had escalated the issue as to the propriety of the Notice to this Court and had done so prior to the deposition. Fourth, Voynow advised Plaintiffs that once the Court ruled, the parties could discuss rescheduling the deposition. Given this background, Plaintiffs' argument that Voynow was nonetheless required to appear in response to an improper and disputed deposition notice is without merit and their request for sanctions should be denied.

### A. Sanctions Are Not Appropriate Where a Discovery Request is Improper And A Party Refuses to Meet and Confer as Required Thereby Necessitating Court Intervention on the Issue

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the court may order sanctions if "a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) . . . fails, after being served with **proper** notice, to appear for that person's deposition." Fed. R. Civ. Proc. 37(d)(1)(A)(i) (emphasis added). Further, the Rule provides that sanctions are not to be awarded when the failure to appear was "substantially justified." Fed. R. Civ. Proc. 37(d)(3). It follows that where a notice is not proper, where a party flatly refuses to meet and confer, and where court intervention is sought prior to the deposition, that a failure to appear is substantially justified and not sanctionable.

In considering the imposition of sanctions, courts consider a variety of factors, including "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of his noncompliance." *Szafrankowska v. AHRC Home Care Services, Inc.*, 2008 WL 186206, *2 (S.D.N.Y. January 22, 2008) (declining to award costs against defendant where plaintiff's counsel was at least partly to blame for unnecessary expenditure of resources). "To justify imposition of significant sanctions upon a party for violating a discovery obligation, the court must find that the party acted with a "culpable" state of mind." *Fitzpatrick v. American Intern. Group, Inc.*, 2013 WL 9948284, *9 (S.D.N.Y. May 29, 2013). "The district court has broad discretion to determine an appropriate sanction for discovery violations based on the facts of the particular case." Id. "An appropriate sanction is one that will: (1) deter parties from violating discovery obligations; (2) place the risk of an erroneous judgment on the party that wrongfully created the risk; and (3) restore the prejudiced party to the same position that it would have been in absent the discovery violation by an opposing party." Id.

The conduct raised by Plaintiffs is, simply put, not sanctionable. Plaintiffs first served a 30(b)(6) Notice of deposition of Voynow on February 7, 2023. See Exhibit "A". This initial notice contained 86 topics and repeatedly violated the requirements for a 30(b)(6) notice. For example, there was no time period specified in this initial notice, the definitions were highly improper, and there was no specification as to which of the five Plaintiffs' any of the 86 requests related to. There was repeated references to topics that were unlimited in scope and defined to "include but not be limited to" certain matters. Many other topics were similarly vague and lacked the reasonable particularity and specificity required for a 30(b)(6) notice. See *DDK Hotels v. Williams Sonoma, Inc.*, 2022 WL 2702378 *2 (E.D. N.Y. February 11, 2022) ("'Reasonable particularity' means that the noticing party must describe the notices topics with 'painstaking specificity" as to subject areas relevant to the dispute at issue"). Upon receipt of this notice, defense counsel advised that she would review it and respond. During the subsequent week, the parties were engaged in lengthy full day depositions of three Voynow partners wherein many of the topics in the 30(b)(6) Notice were addressed. Thereafter, and following vacation of Plaintiffs' counsel, the parties held an initial meet and confer session on February 27th via telephone.

During that meet and confer session, Voynow reiterated that the 30(b)(6) notice was objectionable on so many different grounds and listed some of the concerns, primarily as to the definitions in the notice. Plaintiffs' counsel stated that they would consider Defendants' position and then respond.

Meanwhile, on February 24, 2023, Plaintiffs served Defendants with a subpoena for Non-Party Stephen McCloskey's deposition to take place on March 7, 2023 – the same date as the 30(b)(6) Notice. See Ex "B". The fact that both the 30(b)(6) Notice and the McCloskey Subpoena scheduled depositions for the same date and time makes clear that this date was never been confirmed nor agreed to for the Voynow 30(b)(6) deposition.

On February 28, 2023, Plaintiffs served an Amended 30(b)(6) Notice. See Exhibit "C". This Amended 30(b)(6) Notice was still objectionable on numerous grounds. For example, while Plaintiffs now specified a time period for the topics, it encompassed 21 years: 1996 through 2017. This time period is clearly improper. Indeed, throughout the five year history of this case, Plaintiffs repeatedly objected to any discovery predating 2010 on the basis of the applicable three year statute of limitations.[1] Defendants have likewise confined its document production to 2010-2017. To now expand this period, at the close of discovery, and require testimony for a 21 year period is plainly improper.

The Amended Notice is also improper as it contained 76 different topics. There are five Plaintiffs and the Notice did not specify which of the 76 topics were applicable to which of five Plaintiff corporations. Each of these five Plaintiffs have different books and records, different tax returns, different employees, and Voynow had different tax accountants that worked over the years on each of these discrete tax engagements. Further, many of the topics in the Amended Notice were duplicative of prior testimony that had already been provided by Voynow's partners. Specifically, Voynow's four partners were all deposed in depositions lasting approximately 10 hours each. Plaintiffs summarily rejected Defendants' position that it could designate testimony of these partners as testimony on behalf of Voynow despite case law allowing it. See e.g., *DDK Hotels v. Williams Sonoma, Inc.*, supra. Instead, Plaintiffs insistence that Voynow must produce these witnesses and reappear and answer the same questions was improper as this was duplicative testimony and unduly burdensome to Voynow. In addition, the Amended Notice contained impermissibly vague topics that violated the specificity requirements for 30(b)(6) deposition notices. As such, it was impossible to identify – let alone – prepare any witness for many of the topics. Lastly, the Amended Notice also sought questioning on privileged or inappropriate matters such as Voynow's other clients and its peer review clients.

Hence, Voynow's counsel provided written objections to this Amended Notice on March 2, 2023 and suggested that the parties meet and confer to attempt to work through the various issues. See Exhibit "E". Counsel stated in that letter, that she was prepared to seek court intervention if there was no willingness to meet and confer by the Plaintiffs. On Friday, March 3, 2023, Plaintiffs advised that they were refusing to meet and confer, claiming they purportedly intended to proceed with the improperly noticed 30(b)(6) deposition on March 7th (a date that was never confirmed and the same date subpoenaed third party McCloskey was to appear). Plaintiffs' position was incredulous as Voynow's counsel had already indicated that she would raise

---

[1] In Plaintiffs' answers to an interrogatory #6 inquiring about any policies or procedures implemented by Plaintiffs since 2000 to prevent fraud, Plaintiffs objected and responded that the interrogatory "was overly broad in temporal scope and therefore not relevant to the claims and defenses. Plaintiffs are therefore limiting their response to this interrogatory to **the relevant time period of 2010 to 2017, based upon the statute of limitations in this case**." Likewise, in response to initial document requests, Plaintiffs stated a general objection as to time periods, stating that "plaintiffs will produce non-privileged and responsive documents **from January 1, 2012 forward**." See Plaintiffs' Discovery responses, attached as Exhibit "D" (emphasis added).

the matter with the Court if there was no willingness to meet and confer. Hence, going into the weekend of March 4th, Plaintiffs knew that the Court was going to have to rule as to the propriety of the 30(b)(6) Notice.

On Monday, March 6th, Voynow's counsel provided a draft of a joint submission to the Court, reiterating, as stated in its Match 2nd correspondence, that Voynow was seeking court intervention on this issue because the parties were not in agreement as to the scope and topics of the notice. See Exhibit "F". Plaintiffs' counsel inserted input to this document and a joint letter was submitted to this Court as to the propriety of the Amended 30(b)(6) Notice on March 6, 2023. See ECF #85.

In short, Plaintiffs served an improper deposition notice. Plaintiffs plainly knew that Voynow objected to it. Plaintiffs flatly refused to participate in any meet and confer to attempt to find compromise. Given this refusal, Plaintiffs knew Voynow had no choice but to raise the issue to this Court. Voynow advised Plaintiffs that it was going to do so on March 2nd. Voynow did so on March 6th which was prior to the deposition. In short, Plaintiffs knew Voynow was not producing anyone for a deposition until clarification from the Court was obtained. Indeed, as to the March 7th date, Defendants were prepared to attend the deposition of McCloskey that Plaintiffs had also noticed for that date - up until a Motion to Quash was filed just prior to the deposition. There is no gamesmanship on the part of Defendants as alleged.[2] In fact, if there is any "gamesmanship," its is on the part of the Plaintiffs by serving an improper deposition notice, claiming they were going forward on a date never confirmed, refusing to meet and confer, and knowing all along that Court intervention was being sought by Voynow. Specifically, Voynow's counsel advised that:

> …the parties do not have agreement on the scope and topics of the notice. Your office declined to participate in any further meet and confer session so yesterday we filed the joint letter required prior to filing a Motion for Protective Order. Once we have clarity from the Court on the notice, we can discuss rescheduling the deposition.

See March 7, 2023 email attached as Exhibit G.

Plaintiffs' counsel claim that they appeared for the 30(b)(6) deposition on March 7, 2023, after contributing to the joint submission to the Court the previous day – and having scheduled the McCloskey deposition for the exact same date and time – is not credible. They knew – as clearly stated on March 2nd – that Voynow would be seeking court intervention if they refused to meet and confer further. If Plaintiffs' counsel spent an exorbitant amount of time preparing for a deposition after being advised that the notice was improper and refusing to meet and confer, that is not the fault of Defendants. As in *Szafrankowska*, any expenditure of unnecessary resources was caused by Plaintiffs' counsel's own conduct, and should not be paid by Defendants or Defendants' counsel.

The cases cited by Plaintiffs to support an award of sanctions are clearly distinguishable. For example, in *Baez v. City of New York*, plaintiff failed to appear for her noticed deposition and then disobeyed a court order to appear for a rescheduled deposition. Here, there has never been a court order directing Voynow to present a witness for a 30(b)(6) deposition. The parties have been in ongoing discussions regarding objections

---

[2] Plaintiffs' contention that defense counsel is not providing them with deposition transcripts is simply incorrect. At the start of depositions – in August of 2022 – counsel for each side agreed in writing that they would each purchase their own deposition transcripts rather than one side providing to the other. See Exhibit H.

to the deposition notice and have sought court intervention on these issues. In *PrecisionFlow Technologies, Inc. v. CVD Equipment Corp.*, the corporate plaintiff not only failed to produce its witnesses but had previously confirmed the depositions on numerous occasions, misled opposing counsel to believe that the witnesses would appear, and even misrepresented that the witnesses were merely delayed when the witnesses did not appear. Only at that time did counsel raise objections to the deposition notices. Here, the March 7th deposition date was never confirmed. Indeed, the McCloskey deposition was scheduled by Plaintiffs for the same date. Voynow made clear that the 30(b)(6) deposition could not go forward due to the improper notice and that court intervention was needed. Once Plaintiffs indicated their refusal to meet and confer as required, Voynow timely sought court intervention regarding Defendants' objections to the notice. There was no reasonable basis for Plaintiffs to believe the deposition was going forward. Plaintiffs mischaracterize Defendants' submission to the Court as "last minute" when it was submitted the next business day after Plaintiff conveyed their refusal to engage in a second meet and confer.

The factors considered regarding a request for sanctions dictate that sanctions are not appropriate in this case. Voynow was "substantially justified" in not producing a 30(b)(6) witness given that the notice was clearly improper, the date was never confirmed, Plaintiffs refused to meet and confer, and Voynow has requested that the disputes regarding the notice be resolved via court intervention first. Plaintiffs have not identified any prejudice suffered due to Voynow's failure to comply as Plaintiffs' knew all along that they had served an improper notice and then refused to meet and confer as required. They knew by March 2nd that Voynow was seeking court intervention as to Defendants' objections to the 30(b)(6) notice. There is no justification for sanctions while disputes regarding the scope and topics of the notice remain unresolved.

For these reasons, Defendants respectfully request that this Honorable Court deny Plaintiffs' request for sanctions.

Respectfully,

*Maureen Fitzgerald*

Maureen P. Fitzgerald

MPF:ls
cc: All counsel of record
LEGAL/152138748.v1