# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

           Plaintiffs,

v.

VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, and RANDALL FRANZEN,

           Defendants.

---------------------------------------X

1:18-cv-05775 (ERK) (TAM)

### NOTICE OF RULE 30(B)(6) DEPOSITION OF VOYNOW, BAYARD, WHYTE AND COMPANY, LLP

PLEASE TAKE NOTICE that pursuant to FRCP 30(b)(6), Plaintiffs, by and through their undersigned counsel, will take the deposition upon oral examination of the person(s) designated by VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, 1210 NORTHBROOK DRIVE, SUITE 140, TREVOSE, PA 19053, with respect to the topics set forth below. The deposition will take place at 11:00 a.m. on March 7, 8 (if necessary), and 9 (if necessary), 2023, before a Notary Public or other person authorized by law to administer oaths. The deposition will take place at MILMAN LABUDA LAW GROUP PLLC, 3000 MARCUS AVE, SUITE 3W8, LAKE SUCCESS, NY 11042. The deposition will be recorded by stenographic means and videotaped. You are invited to attend and cross-examine.

Plaintiffs reserve the right to seek relief from the court in the event that the designated deponent is not properly prepared to testify on behalf of VOYNOW, BAYARD, WHYTE AND COMPANY, LLP with respect to each of the identified topics. Unless otherwise noted, the time period covering the below topics is 1996-2017.

## RULE 30(b)(6) TOPICS

1. Voynow's engagement with Plaintiffs including:

    a. The details surrounding Plaintiffs' retention of Voynow and the terms of the initial engagement and any subsequent modifications to the engagement;

    b. Details regarding each engagement letter Voynow requested Plaintiffs sign, if any;

    c. Details regarding each visit Voynow scheduled to Plaintiffs' dealership;

    d. Tasks assigned to and performed by Voynow's employees for Plaintiffs;

    e. Invoices, timesheets, and billing worksheets concerning work performed by Voynow for Plaintiffs, and the identity of the individual Voynow employees associated with each billing entry;

    f. Voynow's employees socializing with Plaintiffs' employees;

    g. Voynow's billing codes, rates and charges (i.e. breakdown) for each service Voynow rendered for Plaintiffs;

    h. Details regarding interim letters/interim reports/interim notes that Voynow made/generated for Plaintiffs;

    i. Voynow's preservation of documents;

    j. Voynow's workpapers;

    k. Details concerning the "Cashier Audit" Voynow performed for Plaintiffs;

    l. Details concerning Nick Chester;

    m. Details concerning Voynow's creation and distribution of documents pertaining to internal controls at Plaintiffs' dealerships;

    n. Voynow's investigation of theft at Plaintiffs' dealerships, including Voynow's investigation of the schemes outlined in Exhibit A from Plaintiffs' response to Defendants' Second Set of Interrogatories dated December 3, 2021;

2

    o. Red flags in Voynow's workpapers or otherwise related to fraud at Plaintiffs' dealerships;

    p. Programs and checklists used for auto dealership clients, including but not limited to 1099 review;

    q. Voynow's review of Plaintiffs' parts' statement;

    r. Voynow's services concerning counting cars and inventory of repair orders or vehicles, including VOYNOW_024403;

    s. Voynow's services concerning Brett Bausinger's billing entries on VOYNOW_024245 and supporting documentation regarding work billed;

    t. Voynow's responses on behalf of any of the Plaintiffs (and supporting documentation) to emails from JPMorgan Chase;

    u. Information related to the advertising adjustment in VOYNOW_001674 and VOYNOW_002402-VOYNOW_002405 and all supporting documentation;

    v. The identity of the drafters/authors of the following documents and the circumstances the document(s) were made/generated for Plaintiffs:

        i. VOYNOW_006591;

        ii. STAR00013748-STAR00013757.

2. Voynow's information and knowledge of the schemes alleged to have occurred as set forth in Exhibit A to Plaintiffs' Responses to Defendants' Second Set of Interrogatories.

3. Voynow's employee training on the Reynolds and Reynolds Company's Dealership Management System used by Plaintiffs.

4. Voynow's accounting training of its employees.

5. Voynow's employee training of internal controls at Plaintiffs' dealerships.

6. Voynow's engagement letters with automobile clients.

7. Voynow's marketing of its services in the automobile industry.

8. Voynow's policies and procedures regarding written engagement letters.

9. Voynow's policies and procedures regarding interim visits.

10. Exhibit 16 from Plaintiffs' deposition containing a newsletter from Voynow and screenshots of its website, including substance of the materials, the identity of the drafters/authors of the newsletter and website materials along with the identity of the individual(s) who approved this material.

11. Services performed by Voynow for Vivian Karouzakis and Michael Karouzakis.

12. Description of types of services/engagements Voynow provided to automotive dealerships including engagement letters and changes thereto, corresponding billing rates, frequency of invoices, amount for each type of service provided by Voynow, amount of invoices, description of work related to invoices for services, frequency of visits to clients and purpose for each visit, number and identity of Voynow employees sent for client visits and details regarding their qualifications and work experience and assignments at client visits, drafting and issuance of interim reports.

13. Employee theft at Thompson Toyota in or around January 2016, Middletown Honda and Springfield Hyundai, and other employee thefts or accounting irregularities at Voynow's automotive dealership clients from 1996 through 2017.

14. Voynow's policies and procedures concerning client accounting irregularities.

15. Voynow's preservation of documents and records (and searches thereof) in this instant matter, including but not limited to backups of Voynow employees' phones, individual computers at Voynow's office, and Voynow's server.

16. Voynow's use of timekeeping software including the identification of billing codes.

17. Prior allegations of malpractice, breach of contract, and similar claims against Voynow.

18. Voynow's factual basis for believing that Plaintiffs were aware of prior thefts by Vivian Karouzakis.

19. Voynow's factual basis for believing that Plaintiffs tolerated the misappropriation of company funds, or that the Koufakis brothers regularly took money from the dealerships' daily cash receipts.

20. Information concerning the Koufakis' brothers' concern of being blackmailed by Plaintiffs' employees.

21. Voynow's participation in peer review program, including results of peer reviews, any deficiencies noted, how often performed, and firm(s) that perform(s) peer reviews.

22. Voynow's knowledge of Plaintiffs' employees from Plaintiffs who were arrested or engaged in criminal acts.

23. Voynow obtaining documents concerning the criminal actions commenced against Plaintiffs' employees.

24. Attest and/or compilation services provided by Voynow to any individual owner of Plaintiffs.

25. Defendants' Answer, affirmative defenses, and counterclaims.

26. Defendants' responses to interrogatories.

4

27. Voynow's communications with Plaintiffs regarding Plaintiffs' tax returns, including but not limited to the timing of Voynow's requests for tax-related information and documentation.

28. Identity of person's handwriting, pertaining to the following documents:

   a. VOYNOW_024798;
   b. VOYNOW_024607;
   c. VOYNOW_024669-VOYNOW_024670;
   d. VOYNOW_024690;
   e. VOYNOW_022986;
   f. VOYNOW_008401;
   g. VOYNOW_006670;
   h. VOYNOW_008828;
   i. VOYNOW_008830;
   j. VOYNOW_007864;
   k. VOYNOW_006540;
   l. VOYNOW_012912;
   m. VOYNOW_010014;
   n. VOYNOW_012388;
   o. VOYNOW_021153;
   p. VOYNOW_008783;
   q. VOYNOW_008338;
   r. VOYNOW_021089;
   s. VOYNOW_020151;
   t. VOYNOW_009410;
   u. VOYNOW_009888-VOYNOW_009889;
   v. VOYNOW_007874-VOYNOW_007875;

    w. VOYNOW_024769;

    x. VOYNOW_024825;

    y. VOYNOW_024827;

    z. VOYNOW_024437;

    aa. VOYNOW_024752;

    bb. VOYNOW_024439;

    cc. VOYNOW_024859; and

    dd. VOYNOW_024753-VOYNOW_024754.

Dated: Lake Success, New York
February 28, 2023

                              MILMAN LABUDA LAW GROUP PLLC

                              By: /s/ Jamie S. Felsen, Esq.
                              Joseph M. Labuda, Esq.
                              Jamie S. Felsen, Esq.
                              Michael C. Mulè, Esq.
                              3000 Marcus Avenue, Suite 3W8
                              Lake Success, NY 11042-1073
                              (516) 328-8899 (office)
                              (516) 328-0082 (facsimile)
                              joe@mllaborlaw.com
                              jamiefelsen@mllaborlaw.com
                              *Attorneys for Plaintiffs*