# EXHIBIT E



**MARSHALL DENNEHEY**

620 Freedom Business Center, Suite 405, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial: (610) 354-8270
Email: mpfitzgerald@mdwcg.com

March 2, 2023

**VIA EMAIL [jamiefelsen@mllaborlaw.com]**
Jamie Felsen, Esquire
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

      RE:    Star Auto Sales, et al. v. Voynow, et al.
             Docket No.:  USDC of Eastern NY No. 1:18-cv-05775-ERK-CLP
             Our File No.:  03127.01373

Dear Mr. Felsen:

      Please accept this response to Plaintiffs' Amended Notice of Rule 30(b)(6) deposition of the Corporate Defendant Voynow, Bayard, White and Company, LLP. As you know, the Plaintiffs' initial 30(b)(6) deposition notice contained a total of 86 individual topics, and counsel for the parties met and conferred in attempt to address Voynow's concerns with the Notice. We received Plaintiffs' Amended 30(b)(6) notice on Tuesday, February 28th. Despite the prior meet and confer session, this Amended Notice contains 78 topics, a significant number of which are objectionable and fail to meet the reasonable particularity requirement for 30(b)(6) deposition notices. Set forth below are Defendants' objections to the specific items listed on the notice. We are willing to have another meet and confer session in an attempt to reach some type of resolution if you feel it would be productive. Otherwise, we will seek court intervention on the issue. Please advise as to your preference.

### General Objections

1. The Notice requires that a witness be presented to testify as to topics stemming over a 20 year period, and specifically for the period of 1996 through 2017. Voynow objects to this time period as overbroad, unduly burdensome, disproportionate to the issues in the case, not reasonably designed to lead to the discovery of admissible evidence, given the applicable statute of limitations. On that issue, up to this point, the parties have mutually agreed to confine all document discovery to the period of 2010 to 2017. Moreover, Voynow notes that Plaintiffs have also consistently objected to any discovery prior to 2012 in response to many of Defendants' discovery requests, stating in its discovery responses that it would only produce documents during the period of 2012 to 2017.

2. The Notice fails to specify which of the five Plaintiff corporations are being questioned about in any of the topics. Absent any such clarification, and when considering the scope of issues and the time

period, this lack of specificity precludes Voynow from determining who would be the appropriate witness for many of the topics.

3. The Notice contains numerous topics which have been addressed extensively in prior depositions of Voynow employees and are therefore duplicative. While Plaintiffs have deposed 10 current and former Voynow employees, in addition, Plaintiffs have also deposed all four partners of Voynow and specifically questioned them on many of these topics. These four witnesses would be persons who would be designated to testify on behalf of the corporation on many of these topics and their testimony is binding on Voynow. As such, many of the topics would require duplicative testimony. Upon receipt and review of the transcripts for these four witnesses, Voynow intends to make specific designations rather than present the same witnesses on these topics.

4. The Notice contains numerous topics which infringe upon the attorney client privilege and the 30(b)(6) witness would only be able to respond to questions on certain topics by revealing privileged communications.

5. The Notice seeks testimony and information regarding other Voynow clients and professional services rendered to these clients by Voynow. Requests as to these issues are overbroad, unduly burdensome, vague, disproportionate to the needs of the case, lacking in reasonable particularity, potentially subject to privilege under the accountant-client applicable privilege under Pennsylvania law and federal tax law, and not reasonably designed to lead to the discovery of admissible evidence. Moreover, inasmuch as Voynow prepared tax returns for these other automobile dealership clients, Voynow is precluded from disclosing certain information as to other clients' tax engagements by both state and federal law absent the written consent of their tax clients. Plaintiffs have never obtained any such consent.

6. The Notice contains numerous terms that are impermissibly vague. Topics are required to be proportional to the needs of the case and be described with reasonable particularity. Topics that are vaguely worded or are so overly broad as to make it impossible for party to prepare its witness are improper and should be stricken. The Notice is replete with these terms such as "details" ; "including but not limited to" ; "tasks"; or documents which are not identified by bates numbers such as unspecified emails, workpapers, or generic documents. When considering that the Notice also covers a 21 year period and is applicable to five different Plaintiffs, the topics are objecitonable.

In addition to the above general objections, Voynow sets forth the specific added objections as to individual items as follows:

### Specific Objections

**Topics 1a-d h, k-m:**

All of these topics require a 30(b)(6) witness to testify as to "details" and/or "tasks." Neither term is defined. As such, both terms are impermissibly vague and fail to comply with the reasonable particularity requirement that the noticing party describe the noticed topics with "painstaking specificity". The topics are vaguely worded and so overly broad that it is impossible for Voynow to prepare a witness to testify.

Topics 1j, o:

Voynow objects to this topic to the extent it is unduly burdensome, overbroad, lacks reasonable particularity, is disproportionate to the needs of the case, and as drafted, encompasses over 20 years of "workpapers or otherwise". This request fails to identify any specific workpapers by bates numbers and fails to specify which of the five Plaintiff corporate entities are being questioned about. It fails to limit the topic to any particular year nor even to the alleged underlying fraud that Plaintiffs contend occurred at its dealerships. Therefore, these requests lack the reasonable particularity requirement that the noticing party describe topics with "painstaking specificity". Without further specificity and given the volume of workpapers produced for each of the five Plaintiff corporations, this request is so overly broad that it is impossible for Voynow to prepare a witness to testify.

Topics 1p, 6, 9, 12, 13, 14:

These topics address Voynow's services and/or relationships with other clients who are non-parties to this case. These clients have nothing to do with Plaintiffs or Plaintiffs' employees or any of the alleged fraud occurring at Plaintiffs. As repeatedly stated throughout the depositions, the books and records of various clients differ from each other. No one client is the same and most are also subject to different tax requirements from Plaintiffs. Voynow objects to the topics in the Notice regarding professional services it rendered to its other tax clients or its relationship with its other clients on the basis that any such discovery is overbroad, unduly burdensome, vague, disproportionate to the needs of the case, lacking in reasonable particularity, potentially subject to privilege under the accountant-client applicable privilege under Pennsylvania law, is not reasonably designed to lead to the discovery of admissible evidence, and potentially infringes upon unauthorized disclosures of confidential information by accountants prohibited under federal law.

Topic 1q:

Voynow objects to this topic to the extent it is unduly burdensome, overbroad, lacks reasonable particularity, is disproportionate to the needs of the case, and as drafted, encompasses over 20 years of "parts statements". This request fails to identify any specific parts statement by bates numbers and fails to specify which of the five Plaintiff corporate entities a potential 30(b)(6) witness is being questioned about. It fails to limit the topic to any particular year nor even to the alleged underlying fraud that Plaintiffs contend occurred at its dealerships. Therefore, these requests lack the reasonable particularity requirement requirement that the noticing party describe noticed topics with "painstaking specificity". Without further specificity, this request is so overly broad that it is impossible for Voynow to prepare a witness to testify.

Topic 1r:

Voynow objects to the "including" reference in this request. If Plaintiffs seek a witness to testify as to VOYNOW 024403, there is no objection. Should Plaintiffs request testimony above and beyond that document, more specificity is required.

Topic 1t:

Voynow objects to this topic to the extent it is vague and lacking specificity given that there is no bates number reference regarding any specific email communications and there is a vague reference to "supporting documentation." As worded, the request lacks the reasonable particularity required, is overbroad, unduly burdensome, vague, disproportionate to the needs of the case, and the scope of this request covers an approximate 20-year period for five different Plaintiffs. Plaintiffs need to provide more specificity in this request.

**Topics 2, 15, 22-23, 25-26:**

These topics potentially implicate the attorney-client privilege. While Voynow will present a witness to testify on these topics (unless deemed duplicative based upon prior testimony of a Voynow partner – see General Objections), it will not permit responses to questions that would implicate the attorney client privilege and/or attorney work product doctrine.

**Topics 1a; 1f; 1i; 1u; 1v(ii), 3-4, 10, 15, 17-20:**

All of these topics were covered in prior depositions of Voynow partners and are therefore duplicative and unduly burdensome. Upon receipt and review of the transcript, Voynow will designate the specific pages of the transcript as to these topics.

**Topic 21:**

Voynow objects to this topic to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information as to Voynow's clients, infringes upon the accountant-client relationship, and not reasonably designed to lead to the discovery of admissible evidence. As stated in the deposition of Hugh Whyte, the engagement with Plaintiffs has never been part of any peer review process. Further, Voynow's tax engagements with any of its clients are also not part of any peer review process. Moreover, discovery as to the peer review process is generally precluded in professional liability matters.

**Topic 27:**

Voynow objects to this topic to the extent it is overbroad, unduly burdensome, vague, disproportionate to the needs of the case, infringing upon the accountant-client relationship, and not reasonably designed to lead to the discovery of admissible evidence. As worded, the topic encompasses over 20 years of communications with any of the five Plaintiffs. The request is also impermissibly vague to the extent it contains topics that are "including but not limited to" unspecified information.

As noted above, please let me know if you wish to confer further regarding these objections or whether we should alert the Court as to the issues in the Amended Notice.

Very truly yours,

Jamie Felsen, Esquire
March 2, 2023
Page 5

                                    *Maureen Fitzgerald* (signature)
                                    Maureen P. Fitzgerald

MPF:ls
cc:   Joseph Labuda, Esquire - joe@mllaborlaw.com
       Jeremy Koufakis, Esquire - jeremy@mmmlaborlaw.com
LEGAL/151997768.v1