# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Jamie S. Felsen - Member**
**Direct E-Mail Address: jamiefelsen@mllaborlaw.com**
**Direct Dial: (516) 303-1391**

<u>**Via ECF**</u>

March 22, 2023

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:*  **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP ("Voynow"),** *et al.*
**Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Merkl:

Plaintiffs respectfully submit this reply letter in further support of their motion for sanctions against Defendants and their counsel.

Voynow failed to appear for its deposition and did not obtain nor file a motion for a protective order under Fed. R. Civ. Proc. 26(c). Defendants filed a letter with the Court less than 24 hours before the deposition merely asserting objections to the scope of the 30(b)(6) notice. The letter made no reference to a motion under Rule 26(c) for a protective order. Voynow's failure to appear for the deposition and failure to obtain or seek a protective order under Rule 26(c) prior to the deposition warrants sanctions. See <u>Steele v. CVS Pharmacy, Inc.</u>, 2016 U.S. Dist. LEXIS 74935 (S.D.N.Y. May 18, 2016) (letter to court did not reference a protective order under Rule 26 and failure to appear for deposition absent motion for protective order resulted in sanctions).

Contrary to Defendants' argument, Plaintiffs did not refuse to meet and confer with Defendants in connection with the 30(b)(6) notice served on Voynow. In fact, Plaintiffs met and conferred with Defendants on February 27, 2023 and the following morning served an amended 30(b)(6) notice addressing several of the issues addressed in the meet and confer. Defendants maintained their objections from the meet and confer that Plaintiffs did not address in the amended 30(b)(6) notice. Defendants, therefore, knew that a further meet and confer was not necessary. Defendants had asked Plaintiffs to let them know if Plaintiffs "wish[ed] to confer further regarding these objections or whether we should alert the Court as to the issues in the Amended Notice." Plaintiffs explicitly advised Defendants on March 3, 2023 that there was no need for another meet and confer, and, in addition, explicitly advised that Plaintiffs would be proceeding with the deposition on March 7-9 unless the court orders otherwise. **(A copy of the March 3, 2023 e-mail is annexed hereto ads Exhibit "A").**

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
March 22, 2023
Page 2 of 3

Despite this, Defendants hid their true intention – which was not to show up. In this regard, Defendants were silent. Indeed, it was not until March 6, 2023, at 11:55 am, less than 24 hours prior to the long-noticed deposition, that they e-mailed Plaintiffs a draft letter to the Court explaining their objections to some of the topics in the amended 30(b)(6) notice. Again, the letter merely stated objections to certain topics and the breadth of the 30(b)(6) notice. The letter did not seek a protective order preventing the deposition from proceeding, nor did it state that Voynow would not appear for its 30(b)(6) deposition. Defendants clearly intended to waste Plaintiffs' time as they never notified Plaintiffs at any time that Voynow would not appear for its 30(b)(6) deposition despite Plaintiffs informing Defendants on February 27, 2023 and in the letter to the Court on March 6, 2023 that Plaintiffs would be proceeding with that deposition. Rather, they hid their true intentions, and they failed to move for a protective order.

If Voynow had no intention of appearing for its deposition, Defendants should have filed a motion for a protective order to prevent the deposition from proceeding or called the Court jointly with Plaintiffs. And, they should have done that, at the latest, on March 3, 2023. Instead, Defendants remained silent knowing that Plaintiffs would spend the weekend preparing for the deposition.

Notably, Defendants, themselves, adamantly opposed Plaintiffs' prior request to extend the discovery deadline. It was imperative that Plaintiffs proceed with the scheduled 30(b)(6) deposition since there was no protective order permitting Voynow to not appear and the discovery deadline of March 17, 2023 was looming – and Defendants certainly would not agree to extend it.

Defendants argue that the 30(b)(6) deposition was not confirmed because the McCloskey deposition was scheduled for the same day as the 30(b)(6) deposition. Defendants knew the McCloskey deposition was not proceeding because (i) they informed Plaintiffs that Defendants and/or McCloskey's attorney would be filing a motion to quash McCloskey's deposition, and in fact, a motion to quash was filed; (ii) Plaintiffs informed Defendants on several occasions that they were proceeding with the 30(b)(6) deposition on March 7-9; and (iii) the amended 30(b)(6) notice was served on February 28, 2023 – after the subpoena was served on McCloskey. Moreover, Defendants never inquired with Plaintiffs about who they would be deposing on March 7. This argument is, therefore, meritless.

Next, Defendants seek to rehash arguments related to the substance of the 30(b)(6) notice which are already before the Court. Plaintiffs previously explained why Defendants' objections to the 30(b)(6) deposition notice have no merit and respectfully refer the Court to the March 6, 2023 letter submitted to the Court for Plaintiffs' position. See ECF Doc. No. 85.

Contrary to Defendants' argument, a party's objections to certain topics in a 30(b)(6) notice does not make a 30(b)(6) notice an improper notice for purposes of determining if sanctions under Rule 37 should be issued. Under Defendants' erroneous interpretation of Rule 37, a witness could not show up to a deposition and avoid sanctions by the simple expedient of arguing that some topic

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
March 22, 2023
Page 3 of 3

in the 30(b)(6) deposition notice was overbroad.  This interpretation if Rule 37 would cause absurd results.

      None of this would have happened if Defendants would have simply obtained or sought a protective order or at a minimum told Plaintiffs, beforehand, that Voynow would not be appearing at the deposition.  To protect their interests since the discovery deadline was about to expire, Plaintiffs prepared for the deposition and paid a court reporter and a videographer at great expense.

      Under the circumstances, Defendants should be sanctioned and directed to pay Plaintiffs' attorneys' fees related to Plaintiffs' counsel's preparation for the deposition and drafting this motion and costs for the court reporter and videographer, or any other relief that the Court deems appropriate.

      Respectfully submitted,

      **MILMAN LABUDA LAW GROUP PLLC**

      /s/ Jamie S. Felsen

cc: All counsel of record