# EXHIBIT "1"

| Date Entered | # | Docket Text |
|---|---|---|
| 03/28/2023 | | Minute Entry and Order: An in-person Pre-Motion Conference was held on 3/28/2023 before Magistrate Judge Taryn A. Merkl. Appearances by Joseph Labuda, Jeremy Koufakis, and Jamie Felsen for Plaintiffs; Maureen Fitzgerald for Defendants; and telephonic appearance by Jeffrey Ruderman for non-party Steven McCloskey. Discussion held regarding Non-Party Steven McCloskey's Motion to Quash ( 84 R ), Defendants' Letter dated 3/6/2023 ( 85 ), Defendants' Letter dated 3/7/2023 ( 86 ), and Plaintiffs' Motion for Sanctions ( 87 R ). Notwithstanding the 3/17/2023 deadline to close fact discovery, several discovery items remain outstanding. The Court declines to reopen discovery *in toto* but directs the parties to continue to meet and confer regarding the myriad discovery disputes highlighted in their recent letters and at the conference. All counsel are respectfully reminded that they are expected to comply with both Local Rule 37.3 and Local Rule 26.4, which requires counsel to cooperate with one another in all phases of the discovery process, and to be courteous with one another.<br><br>Oral argument held regarding Non-Party Steven McCloskey's Motion to Quash ( 84 R ). For the reasons stated on the record, the Motion to Quash the Subpoena is granted as to the taking of Mr. McCloskey's deposition. As to the parties' dispute about taking Defendant Voynow's deposition under Rule 30(b)(6), Defendants' counsel is directed to identify which prior deposition excerpts are designated as responsive to Plaintiffs' noticed 30(b)(6) topics by **4/14/2023**. The parties are further directed to continue to meet and confer on the subject of temporal scope and topics for Voynow's deposition, considering the many complexities discussed at the conference and with an emphasis on finding a scope that is realistic and proportional to the needs of the case. Discussion also held regarding Defendants' request for the production of the "Reynolds emails." *Cf.* ECF 82, at 1-2, 8 (discussing Reynolds emails). The parties are directed to continue to meet and confer regarding the scope of the search of the internal Reynolds emails, and Plaintiffs are directed to produce the Reynolds emails by **4/28/2023**.<br><br>After receipt of Defendants' 30(b)(6) designations and the Reynolds emails, the parties are directed to continue to **meaningfully** meet and confer during the week of 5/15/2023 regarding narrowing (1) Plaintiffs' outstanding document requests and (2) the topics in Plaintiffs' 30(b)(6) notice as to Defendant Voynow. Defendants are respectfully directed to produce a narrowed subset of documents responsive to Plaintiffs' fourth request for documents, by **6/20/2023**. As discussed, the Court declines to set a temporal limitation on what documents may be appropriate - that is something the parties must meet and confer about - but notes that Plaintiffs' fourth set of document requests, which the Court reviewed at the conference, and which was sent to Defendants on December 23, 2022, over four years after the 2/7/2019 Initial Conference, is significantly overbroad and untimely given the procedural history of the case. Plaintiffs shall complete the 30(b)(6) deposition of Defendants by **7/20/2023**.<br><br>The parties represented that they have selected a mediator. The deadline to complete mediation remains **5/22/2023**, with a joint status report due one week after completion of mediation or by 5/30/2023, whichever is sooner.<br><br>Plaintiffs' Motion for Sanctions ( 87 R ) is denied, without prejudice, as premature. The remaining deadlines as to the close of all discovery ( **8/18/2023**) and the last date to take the first step in dispositive motion practice in accordance with the Individual Rules of the assigned District Judge ( **9/18/2023**), set on 12/5/2022, remain in effect. So Ordered by Magistrate Judge Taryn A. Merkl on 3/28/2023. (FTR Log #10:07-1:00) (JF) (Entered: 03/28/2023) |