# EXHIBIT "5"

| | |
|---|---|
| **From:** | Joseph Labuda |
| **Sent:** | Monday, April 24, 2023 11:02 AM |
| **To:** | Fitzgerald, Maureen P. |
| **Cc:** | Jamie Felsen; Michael Mule; Jeremy Koufakis |
| **Subject:** | FW: Star v. Voynow - Meet and Confer |

Maureen,

This email shall serve as a follow up to the meet and confer we had on April 20, 2023, where we discussed the following:

1. **Reynolds Emails:**
   a. Using the search terms you provided in your March 8, 2023 letter, it would include 11,157 pages of 11,165 pages of emails from January 1, 2010 to November 15, 2016.
   b. As discussed, we agreed that we do not need to use the following search terms because the emails encompass all of the emails these users sent or received: Ange, Carmen, Debbie, Doug, Filardo, Gladys, Mike, Vivian.
   c. In our March 21, 2023 email we stated that we did not object to the search terms from the March 8, 2023 that we did not mention in this email and will be producing the emails for the search terms not mentioned.
   d. In addition, we will be producing emails for the search terms related to "cash" that you provided in your March 30, 2023 email.
   e. The remaining search terms we have not agreed to are listed below (along with the number of pages that result from using that search term). Note, these page numbers do not include pages of emails that we have already produced. You stated you wanted this information to determine if its worth coming up with additional search terms to pair with these search terms to limit the scope of the search:
      i. Jackie: 34
      ii. John: 435
      iii. Karol: 33
      iv. Steve: 391
      v. Karen: 87
      vi. Chrysler: 305
      vii. Hyundai: 904
      viii. Mitsubishi: 141
      ix. Nissan: 1,734
      x. Bonus: 478
      xi. Claim: 219
      xii. Payroll: 528
      xiii. Statement: 296
      xiv. Warranty: 392
      xv. Parts: 842
      xvi. Service: 809
      xvii. Deal: 843
      xviii. Vehicle: 469
      xix. Reynolds: 358
   f. As discussed during the meet and confer, Plaintiffs do not believe that a search term is relevant based on the number of pages a search term produces. For example, just because "Jackie" only produces 34 pages, that includes every email during this time period that both Jackie and either Mike, Vivian, Gladys, Doug, Debbie, Carmen, or Ange are on and not all of those emails are

relevant. (Defendants' email dated April 5, 2023 argues that since Plaintiffs used the search term "Randy" that it is appropriate for Defendants to search the proper names of Plaintiffs' key employees such as Jackie. Plaintiffs used the search term "Randy" because it is not a username and any communication sent to Voynow/Randy is relevant. In contrast, every email that Jackie is included on is not relevant).

g. As discussed, Steve and John are overly broad search terms because they would include all Reynolds emails sent from other employees named Steve or John that are not relevant.

h. Please let us know which of these search terms you will and will not provide additional search terms for and we will take them into consideration.

i. It will take time to prepare the emails for production so please let us know as soon as you can so we can meet the April 28, 2023 deadline set by the Court.

j. For the emails from 11/16/2016-12/31/2017, we will be sending you a quote from our vendor to recover these emails.

    i. Based on the emails Plaintiffs have produced so far from 1/1/2010-11/15/2016 we also do not believe many of these emails will be relevant but are fine with producing emails from this period if Defendants cover the cost to recover them.

2. **Demand No. 9 from Plaintiffs' Second Request for Documents**

a. We are in agreement with Defendants producing responsive documents for this demand for the years 2014 and 2015. However, as discussed during our meet and confer, we think it's improper for Defendants to choose the three clients they are producing responsive documents. Plaintiffs originally proposed three clients to limit the scope of the demand but this was premised on Plaintiffs being able to select the three clients (with Thompson being one of them).

b. In response you stated that Defendants have not determined which clients they were planning to producing responsive documents for but that you will produce what you decide and Plaintiffs can seek relief from the Court if it deems Voynow's response is inadequate.

c. You also stated that you will talk to your client about producing responsive documents for this demand for Thompson.

3. **Documents Predating 2010**

a. Plaintiffs are in agreement with Defendants producing the following documents for the time period of 2005-2010:

    i. Communications with Vivian and Debbie unrelated to personal tax returns

    ii. Internal emails regarding Plaintiffs

    iii. Emails to and from Plaintiffs

b. Plaintiffs are in agreement with Defendants producing the following documents for the time period of 1996-2010:

    i. Voynow's work product

c. The one topic still at issue concerns invoices, timesheets, and "interim communications" (as referenced in Voynow's email dated April 5, 2023)

    i. Plaintiffs are still seeking to get all of Voynow's invoices and timesheets for Plaintiffs from 1996-2010. Voynow has previously produced invoices and timesheets together (separated by Dealership) and are easily found because they have the custodian name of "Voynow Timesheets". Based on the way they were produced, all of these documents must have been organized prior to being scanned so it is likely these kind of documents were already scanned and organized in the same fashion.

        1. During our meet and confer, Defendants indicated they will look into this to see if they exist

    ii. The same applies to interim communications (i.e. interim reports, letters, memos)

        1. Interim communications previously produced by Voynow were separated from the timesheets and invoices and would like be stored in the same manner as Voynow's work product that they already agreed to produce.

        a.  During our meet and confer, Defendants indicated they will look into this to see if they exist

3. **Kumor's Checklist re Review Engagement**
   a. Plaintiffs are requesting Voynow to produce the specific checklist Kumor referred to during his deposition that he used for review engagement clients and both parties disagree about this. Plaintiffs understand that Defendants think its not relevant because Voynow only had a tax engagement with Plaintiffs. However, Plaintiffs' position is that it engaged Voynow for review/audit work. So the scope of work Voynow performs for a review engagement is relevant.
   b. We discussed Defendants possibly making a representation concerning the AICPA standard review checklist but after further consideration, Plaintiffs would like Voynow's actual checklist.

4. **Metadata**
   a. Plaintiffs previously informed Defendants about requesting the metadata for the .doc document bate-stamped VOYNOW_028343-028346 on March 30, 2023 (and prior times) but Voynow still needs to produce it. During the meet and confer, Defendants stated they still needed to check with their ediscovery vendor about this.

5. **Vesci Subpoena**
   a. Plaintiffs have adjourned this deposition but will provide Defendants with plenty of notice once its rescheduled so they have ample time to quash the subpoena if they still want to

6. **Voynow's Billing Code Descriptions**
   a. Plaintiffs pointed out that the descriptions Voynow provided were current ones Voynow used and were not from June 2016. Plaintiffs informed Voynow they do not have any documents reflecting the billing code descriptions in June 2016.

7. **Initial Disclosures and SDC Production:**
   a. Plaintiffs understand Defendants' position that Plaintiffs can file a motion in limine at trial and is evaluating how they want to proceed.

8. **Expert Discovery:**
   a. During the meet and confer Voynow reiterated that they are not changing their position on requesting the Court to extend the deadline for expert discovery because the Judge has stated that she would not consent to further extensions and because Plaintiffs put themselves in this position by providing a detailed 30(b)(6) notice that contained alleged issues.
   b. Considering the Court extended the deadline for Plaintiffs to finish Voynow's 30(b)(6) deposition by July 20, 2023 but kept the expert discovery deadline as August 18, 2023, Plaintiffs do not believe it is possible to finish expert discovery in less than a month considering Plaintiffs' expert needs to digest Voynow's 30(b)(6) transcript before completing its expert report, rebut Defendant's expert report and finish expert depositions without any scheduling in place outlining the deadline for these expert disclosures.
   c. As discussed during the meet and confer, Plaintiffs will be requesting the Court to extend the expert discovery deadline and will inform the Court that Defendants do not agree with this because of the reasons stated herein.

Joseph M. Labuda
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
(516) 303-1380 - (direct)
(516) 328-8899 - (office)
(516) 328-0082 - (fax)

Please be advised this email was likely created by Microsoft DICTATION and may contain typos and/or transcription errors.

**From:**          Joseph Labuda
**Sent:**          Friday, April 28, 2023 7:38 PM
**To:**            Fitzgerald, Maureen P.
**Cc:**            Jeremy Koufakis; Jamie Felsen; Michael Mule
**Subject:**       Star v. Voynow
**Attachments:**   2023-04-28 Letter re Plaintiffs' Supplemental Production.pdf; 2023-04-25 Reynolds Quote.pdf

Maureen,

Please see the attached letter and below.

1. **Reynolds Emails**
   a. Attached is the estimate from our vendor to recover the Reynolds emails from November 16, 2016 to December 31, 2017. If you agree to this quote we will have our vendor start recovering the drives and will produce the recovered emails in the same manner that we are producing the Reynolds emails from November 16, 2016 to December 31, 2017.
   b. The documents we are producing today include the Reynolds emails responsive to the search terms Defendants provided on March 8, 2023 that we are in agreement on, which following:
      i. Advance
      ii. Advertise
      iii. advertise!
      iv. Amex
      v. Audit
      vi. Bank
      vii. COD
      viii. Deposit
      ix. Entry
      x. Expense
      xi. Financial
      xii. Income
      xiii. Insurance
      xiv. Inventory
      xv. Loan
      xvi. Motorsports
      xvii. payable
      xviii. PTSN
      xix. Receipt
      xx. Receivable
      xxi. Reverse
      xxii. SAS
      xxiii. Senior
      xxiv. SR
      xxv. Supplies
   c. In Plaintiffs' March 21, 2023 email we also agreed to do the following searches which we also included in this production:
      i. "Nissan" and "bonus"
      ii. "claim" and "gladys"
      iii. "claim" and "doug"
      iv. "claim" and "Subaru"
      v. "accr payroll"
      vi. "accrued payroll"
      vii. "Parts & Service Receivable*"
      viii. "parts account*"
      ix. "parts and service receivable*"
      x. "Service & Parts Receivable*"
      xi. "Service and Parts Receivable*"

    d. We also included in this production all of the "cash" search terms you provided in your March 30, 2023 email

    e. We are still in disagreement with the following search terms:
- Chrysler
- Hyundai
- Jackie
- John
- Karol
- Karen
- Mitsubishi
- Nissan
- Steve
- Bonus
- Claim
- Payroll
- Warranty
- Deal
- Parts
- Service
- Statement
- Vehicle
- Reynolds
- As a last resort to resolve this issue, Plaintiffs are willing to review the remaining Reynolds emails not produced that are responsive to the search terms we still are in disagreement for and produce responsive emails.

2. **Plaintiffs' Second RPD No. 9:**

    a. We are not in agreement and we will be making a motion with the Court.

3. **Pre 2010 Documents:**

    a. We are in agreement. Pursuant to the Court's March 28, 2023 Order, these documents must be produced by June 20, 2023.

4. **Kumor Testimony re Checklist:**

    a. We are still not in agreement and besides making it clear that Plaintiffs are fine with limiting the demand to the specific checklist Kumor referred to during his deposition, Defendants position has remained the same since the Court Conference on March 27, 2023.

    b. To be clear, we never asked for a "review/audit" checklist. That is just a term we used in our prior email because Star's testimony was that Voynow agreed to do more than a review but less than an audit for Star.

    c. Thus, Defendants' email saying they do not have any "review/audit" checklists is not a proper response as Demand No. 6 from Plaintiffs' fourth request for documents specifically states:

> 6.    All Documents Concerning checklists Voynow used regarding review engagements
>
>     i.    for automobile dealership clients as referenced in David Kumor's deposition (See Generally p.140-
>
>     141).

    d. If Defendants are still unwilling to produce the specific checklist Kumor referenced during his deposition, Plaintiffs will be making a motion with the Court.

5. **Metadata:**

    a. Plaintiffs have been requesting this metadata for the .doc file VOYNOW_028343-VOYNOW-028346 prior to the Court Conference on March 27, 2023. Please produce by May 5, 2023.

6. **Billing Code Descriptions:**

    a. Defendants' email indicates that "we never discussed June 2016" billing code descriptions. In Plaintiffs' March 30, 2023 email we stated the following:

> 4.  **Voynow's Billing Code Descriptions**
>
>     i.    1. Voynow recently produced a document providing more detailed information on Voynow's billing descriptions (VOYNOW_028390). However, this document shows the billing descriptions as of February 28, 2023. Voynow's timesheets indicate that Voynow's billing descriptions do not match the current ones so they are not relevant and are requesting the billing descriptions for June 2016.

    b. In response to this email, Defendants indicated on April 5, 2023 that "Defendants provided you with the

        documents in possession on this issue".

    c.  Please confirm if Voynow can produce their billing code descriptions in effect for June 2016 or if they are not in Voynow's possession, custody, or control.

7. **Expert Discovery:**

    a.  We are not in agreement and we will be making a motion with the Court.

8. **Voynow's 30(b)(6) Deposition:**

    a.  Plaintiffs are still in the process of reviewing Voynow's testimony designations. Pursuant to the Court's March 28, 2023 Order, we are supposed to meet and confer on this issue the week of May 15, 2023. Please provide your availability this week so we can schedule a time now.

Joseph M. Labuda
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
(516) 303-1380 - (direct)
(516) 328-8899 - (office)
(516) 328-0082 - (fax)

Please be advised this email was likely created by Microsoft DICTATION and may contain typos and/or transcription errors.