# EXHIBIT "9"





Checklist

S corporation (short)

Tax Section

Worldwide leaders in public and management accounting

# 2021 S Corporation Income Tax Return Checklist
## Form 1120-S (Short)

Client name and number _____

Prepared by _____ Date _____ Reviewed by _____ Date _____

| | Yes/Done | No/N/A |
|---|---|---|
| **100) General** | | |

▸ 101) Determine if this is a first-year return or a final return. If so, take additional steps as necessary. Consider reviewing the AICPA Tax Section's Initial Business Return Filing Checklist and the IRS's Closing a Business Checklist.

▸ 102) Obtain a signed engagement letter.

▸ 103) Consider asking the appropriate corporate officer to execute a Form 2848, *Power of Attorney and Declaration of Representative,* and/or Form 8821, *Tax Information Authorization*.

▸ 104) Request/review correspondence, to or from the IRS or state tax authority, including any adjustments made to prior returns that could affect later returns.

▸ 105) If any adjustments were made to previous returns, verify that shareholders have been notified and determine whether any additional adjustments or filings are necessary.

▸ 106) Review the proforma or organizer for accuracy.

▸ 107) Review any business financial statements and footnotes for relevant information, if applicable.

▸ 108) Obtain and review a copy of the prior year's return, including all forms and supporting schedules.

    1. Reconcile income and expenses with book entries and review Schedule M-1 of last year's return.

▸ 109) Identify the authorized officer who will sign the return.

▸ 110) Confirm the corporation's name, employer identification number, address, tax year and business code.

▸ 111) Reconcile income and expenses with book entries and review Schedule M-1 of the prior year's return.

▸ 112) Obtain a copy of Schedule K-1 from each partnership or LLC in which the corporation is a partner or member.

|   | Yes/<br>Done | No/<br>N/A |
|---|---|---|

| | | | |
|---|---|---|---|
| ▶ | 113) Check for carryover items such as prior year deferred income and deductions, installment sales, Sec. 481 adjustments and Sec. 179 amounts. | | |
| ▶ | 114) Was S corporation status first elected for this taxable year? If so, confirm that Form 2553, *Election by a Small Business Corporation*, is valid, IRS approval was received, and the election is in effect during the year. | | |
| ▶ | 115) With respect to each person who was a shareholder at any time during the taxable year, obtain the following: full name, tax identification number, address, tax year and number or percentage of shares owned at any time during the year. | | |
| ▶ | 116) Verify that items of income, deductions, credits, etc., are allocated to the shareholders on a per-share, per-day basis. | | |
| ▶ | 117) Did the corporation receive, sell, exchange or otherwise dispose of any financial interest in virtual currency/cryptocurrency in 2021? If so, determine the reportable amount realized. | | |
| ▶ | 118) If the corporation deferred payment of the employer's share of Social Security tax for the period from March 27, 2020 through Dec. 31, 2020, confirm that at least 50% of the deferred amount was paid by Dec. 31, 2021 (remaining 50% is due by Dec. 31, 2022). | | |
| ▶ | 119) Did the corporation allow qualified employees to defer withholding and payment of the employee's portion of Social Security tax for wages paid between Sept. 1, 2020 and Dec. 31, 2020? If so, confirm that the deferred amounts were withheld from the employees' 2021 wages. | | |
| ▶ | 120) Do any qualified disaster relief provisions apply to the corporation for 2021 (related to due dates of federal and state/local returns)? | | |

Comments/explanations

_____

_____

| | | Yes/<br>Done | No/<br>N/A |
|---|---|---|---|
| | **200) Income** | | |

| | | | |
|---|---|---|---|
| ▶ | 201) Request all Forms 1099 received by the corporation. | | |
| ▶ | 202) For each item of income received by the corporation, determine whether it is trade or business, portfolio, rental or foreign-source income. | | |
| ▶ | 203) Does the corporation engage in any passive activities? If so, determine if the grouping of passive activities is adequate and consistent with prior years. | | |
| ▶ | 204) Did the corporation lease any vehicles for business use in the taxable year? If so, calculate the appropriate income inclusion for leased vehicles and property under IRS tables. | | |
| ▶ | 205) Did the taxpayer have employees who were eligible for paid sick or paid family leave and were the related tax credits claimed against employment taxes? Determine that the full amount of the credit for qualified leave wages (and any allocable qualified health plan expense and share of the Medicare tax on the qualified leave wages) is included in gross income. Also, note that qualified leave wages may not be considered to claim the paid sick or paid family leave tax credit and Sec. 45S credit for family and medical leave. Note the documentation requirements for qualifying employee leave. | | |

|  | Yes/<br>Done | No/<br>N/A |
|---|---|---|

▶ 206) Did the corporation receive funds from the Paycheck Protection Program (PPP) related to COVID-19? If so, was any of the loan considered forgiven in 2021? Note that for federal income tax purposes, the forgiveness of a PPP loan is not considered taxable income and otherwise deductible expenses paid with the loan are tax deductible.

▶ 207) Was any income deferred for book purposes? If so, determine whether such income must be included in the current year.

▶ 208) Was any income deferred for book purposes in the previous year, but included for tax purposes in that year? If so, make sure to exclude such income this year.

▶ 209) Was the corporation relieved of any debt obligation in the taxable year, other than by means of payment? For example, were payments related to a subsidy for certain types of loans (Sec. 1112 of the CARES Act)?

    1. Does the corporation qualify for any exclusion of cancellation of debt income in the taxable year? If so, prepare Form 982, *Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment)*.

*Financial transactions*

▶ 210) Were any shares of stock or other securities sold during the year? If so, determine:

    1. Dates purchased and sold, number of shares (stock) or maturity date (bonds), cost basis and gain/loss

    2. Dealer status for Sec. 475 treatment (adjust assets to fair market value (FMV) and apply loss limitations to items not timely identified in the corporate books and records)

    3. Wash sale rules applicability (Sec. 1091)

    4. Straddle rules applicability (Sec. 1092)

▶ 211) Did any securities become worthless during the taxable year? If so, obtain the following: name of the issuer, number of shares (stock) or maturity date (bonds), date acquired, basis, the date on which such securities became worthless and facts demonstrating worthlessness.

▶ 212) Were there any short sales of securities in the taxable year? If so, obtain the following: date of the sale, date the short sale was closed and whether the corporation also held a long position in the security that was the subject of the short sale.

▶ 213) Were any assets disposed of that were on hand at the time of the S election that trigger a built-in gain tax (Sec. 1374(b)(1))?

*Interest/dividends*

▶ 214) Did the corporation receive any interest from U.S. Treasury bills, notes or other bonds? If so, address state tax reporting rules.

▶ 215) Was there any accrued interest on bonds sold before maturity in the taxable year? Was there any accrued interest on bonds purchased during the taxable year? If so, adjust gain/loss/cost basis as necessary for the accrued interest.

▶ 216) Did the corporation receive any interest on tax-exempt state or local obligations? If so, report on Schedule K, Line 16a.

▶ 217) Compare the sources and amounts of interest/dividend income with prior year returns.

|              | Yes/Done | No/N/A |
|---|---|---|

### Gain or loss on property

▶ 218) Did the corporation have any sales of tangible property or other assets other than inventory in the taxable year? To complete Schedule D (Form 1120) and Form 4797, *Sales of Business Property*, obtain all the following:

  1. Forms 1099-B and/or 1099-S

  2. Closing Disclosures for any purchases or sales of real property

  3. The selling price, original cost basis, accumulated depreciation (if applicable), date purchased and date sold, nature (i.e., method) of accumulated depreciation taken in prior years and the holding period for other tangible property

▶ 219) Did the corporation dispose of any property, including through a distribution to shareholders? If so, determine the following: the total amount of the gain or loss on each transaction, character and the amount of depreciation recapture, if any.

▶ 220) Do the installment method rules apply to any sales made by the corporation during the taxable year? If so, determine the proper calculation of capital gain, interest and ordinary income on installments.

### Rental income

▶ 221) For each rental property, obtain a description of the type and location of the property and the total rent income and itemized expenses.

▶ 222) Report real estate rental activities on Form 8825, *Rental Real Estate Income and Expenses of a Partnership or an S Corporation*, including whether the passive activity self-rental rules apply.

Comments/explanations

---

|                              | Yes/Done | No/N/A |
|---|---|---|
| **300) Deductions and losses** | | |

### Depreciation

▶ 301) Consider whether the corporation should make a Sec. 179 election (on Form 4562) to immediately expense part or all the cost of qualifying property. Note that the 2021 Sec. 179 deduction limit is $1.05 million with the phase out beginning at $2.62 million of property placed in service. New or used tangible property, including lodging property, roofs, HVAC, fire systems and security systems, purchased and placed in service during the tax year, are potentially eligible.

▶ 302) Did the corporation acquire any property in the taxable year that qualifies for bonus depreciation? If so, determine if electing out of bonus depreciation is appropriate.

▶ 303) Determine the following for each asset placed in service during the taxable year: the modified accelerated cost recovery system (MACRS) life, the appropriate depreciation method and the applicable convention.

|  | Yes/ Done | No/ N/A |
|---|---|---|

▶ 304) Did the corporation make any improvements that are classified as qualified improvement property (QIP) during the taxable year? Note that such property is considered 15-year property and is eligible for bonus depreciation under MACRS and is considered 20-year property under ADS.

▶ 305) Did the corporation acquire any software in the taxable year? If so, determine whether the 36-month depreciation rules can be applied.

▶ 306) Determine if real property and equipment leases are operating leases or capital leases.

*Shareholder transactions*

▶ 307) Were any shares of stock issued in the taxable year? If so, confirm that the 100-shareholder limit has not been exceeded.

▶ 308) Do all shares of stock have identical economic rights?

▶ 309) Obtain current year contributions to retirement plans. Verify that contributions were made using the eligible contribution limit according to the plan.

▶ 310) Did the corporation pay insurance premiums for a group health insurance plan for any more-than-2% shareholder/employee? If so, verify that the premiums paid are reported as taxable wages on the shareholder's Form W-2 (but not subject to Social Security and Medicare) and deducted by the corporation.

▶ 311) Did the corporation pay other fringe benefits for more-than-2% shareholders? If so, verify that the fringe benefits that are claimed as deductions by the corporation have been reported on the shareholders' Forms W-2 as wages.

*Interest expense*

▶ 312) Was any interest paid in the taxable year? If so, confirm that interest is properly allocated among passive activities, business activities and investment income activities.

▶ 313) Does the corporation have average annual gross receipts in excess of $26 million? If so, the interest deduction may be limited (generally to 30% of adjusted taxable income (ATI) plus business interest income for 2021 excluding investment interest income). ATI is taxable income before business interest expense, depreciation, net operating losses (NOLs) and non-business income. Interest expense subject to the limitation does not include floor plan financing interest. Determine if there is any unused amount of the business interest limitation. If so, the excess should be allocated to the shareholders.

▶ 314) Determine any disallowed interest expense related to tax-exempt income (Sec. 265(a)(2)).

*Business gifts, travel, meals and entertainment*

▶ 315) Advise the taxpayer that business gift deductions are limited to $25 per recipient.

▶ 316) For any separate travel expense exceeding $75, advise the taxpayer to maintain a receipt and a documentary item of evidence of the time and place, business purpose and business relationship with the person being entertained.

|  | Yes/<br>Done | No/<br>N/A |
|---|---|---|

▶ 317) Determine the disallowed portion of meals expenses, as well as club dues, and verify the correct reporting on Schedule K-1. Note that the 50% limit applies to on-premises meals provided for the convenience of the employer.

    1. Note that a temporary 100% deduction for 2021 and 2022 may be taken for qualifying business meals provided by a restaurant. A restaurant does not include businesses that primarily sell pre-packaged foods for immediate consumption (such as grocery and convenience stores). Business meals not qualifying for the 100% deduction are still eligible for the 50% deduction.

▶ 318) Confirm that expenses determined to be entertainment related are not deducted.

*Charitable contributions*

▶ 319) Did the taxpayer make qualified contributions? If so, report contributions with the appropriate contribution code and allocate them pro rata to shareholders.

    1. Verify that contributions to a college for athletic tickets or seating rights are not deducted.

▶ 320) Did the corporation make any property contributions to charitable organizations in the taxable year? If so, obtain the necessary information for disclosure. Prepare Form 8283, *Noncash Charitable Contributions*, and provide a copy to each shareholder. Obtain the signature of a qualified appraiser, if applicable.

▶ 321) Did the corporation make any contributions of food inventories to a charity? Consider an enhanced contribution deduction for any contributions of food inventories to a charity.

*Uniform capitalization rules*

▶ 322) Did the corporation produce or acquire property for inventory in the taxable year? If so, verify the correct application of the uniform capitalization rules under Sec. 263A, considering that most producers or re-sellers meeting the $26 million gross receipts test (an aggregate test, combined with relevant related parties) are exempt from the uniform capitalization rules.

*Long-term contracts*

▶ 323) Did the corporation enter any contracts for the manufacture, building, installation or construction of property in the taxable year that were not completed at the end of the year? If so, consider electing the simplified method of allocating costs or the modified percentage-of-completion method. Determine the percentage of completion based on costs incurred and verify that all required costs have been allocated to the contracts. Note that beginning in 2018, the completed-contract method may be used for contracts for the construction of real property that is expected to be completed within two years or less if the corporation meets the $26 million gross receipts test (an aggregate test).

▶ 324) Did the corporation complete any long-term contracts in the taxable year? If so, consider whether an election not to apply the look-back method is available, or apply the look-back rule to compare the actual contract price and costs to previously used estimates.

*Other deductions*

▶ 325) Did the corporation incur any lobbying expenses in the taxable year? If so, confirm that such expenses are not deducted.

▶ 326) Did the corporation pay any trade association dues in the taxable year? If so, determine if such dues include nondeductible lobbying expenses.

|  | Yes/ Done | No/ N/A |
|---|---|---|

▶ 327) If the corporation has previously deducted expenses for employee parking and/or mass transit, note that these expenses are no longer deductible.

▶ 328) Confirm that no amount was deducted for fines paid to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law (except for amounts paid or incurred under any binding order or agreement where the approval was obtained before Dec. 22, 2017). See Sec. 162(f).

▶ 329) Did the corporation have employees who were eligible for the employee retention credit and were the credits claimed against employment taxes? If so, determine that the full amount of the credit reduces salary expense. Consider amending payroll returns to claim the credit retroactively.

▶ 330) Verify that the specific write-off method is used for bad debts.

▶ 331) Was there any inventory write-down for book purposes? If so, determine if there should be an adjustment for tax purposes.

▶ 332) Review increases or decreases in reserve accounts for potential M-1 items.

Comments/explanations

---

**400) Credits**

|  | Yes/ Done | No/ N/A |
|---|---|---|

▶ 401) Determine the amount of income taxes paid to a foreign country or U.S. possession and consider whether the holding period is met for taxes paid on dividends. Consider credits for foreign taxes (including an election of the simplified computation of the credit limitation). Note that this is now reported on Schedules K-2/K-3.

▶ 402) Did the corporation pay any employees who took leave under the Family Medical Leave Act (FMLA) in 2021? If so, consider whether the corporation is eligible for a credit under Sec. 45S.

▶ 403) Determine whether the corporation is eligible for the employee retention credit (ERC), which is available for qualified wages paid by Sept. 30, 2021. Note that the ERC is taken against employment taxes, not income taxes.

▶ 404) Determine whether the corporation qualifies for any other tax credits.

Comments/explanations

|  | Yes/ Done | No/ N/A |
|---|---|---|

**500) Elections**

▶ 501) Determine if the corporation should make the safe harbor election to expense the acquisition costs of materials and supplies and other tangible property.

▶ 502) Consider making an election to expense repairs and maintenance under the safe harbor rules.

▶ 503) Consider an election to deduct up to $5,000 of organizational expenses and up to $5,000 of business start-up costs.

▶ 504) Consider whether any other elections are necessary.

Comments/explanations

|  | Yes/ Done | No/ N/A |
|---|---|---|

**600) Foreign transactions and reporting**

Note that new Schedules K-2 and K-3 may be required. Corporations reporting as an S corporation must complete the schedules beginning in tax year 2021 if they both: (1) must file a U.S. S corporation tax return and (2) have items of U.S. international tax relevance (in general, non-U.S. activities or non-U.S. person partners). The schedules would not affect domestic corporations with no foreign activities or foreign shareholders.

▶ 601) At any time during the tax year, did the corporation have an interest in, or a signature or other authority over, a financial account in a foreign country with an aggregate balance of at least $10,000? If so, prepare FinCEN Forms 114 and 114a (due by April 15 with an automatic extension to October 15 for the preceding calendar year). Note that FinCEN has announced its intention to amend the regulations to include virtual currency accounts, but no such regulations have yet been adopted.

▶ 602) If the corporation has foreign business activity, consider reviewing other international filing obligations shown in the Form 1120-S long checklist.

Comments/explanations

|  | Yes/ Done | No/ N/A |
|---|---|---|

**700) Other federal issues**

▶ 701) Verify that all items required to be separately stated are property disclosed to the shareholder. Determine that proper reporting and detail have been provided for all items that affect the shareholder's tax liability.

|  | Yes/<br>Done | No/<br>N/A |
|---|---|---|

▸ 702) Confirm that Schedules K-1 report results on an activity-by-activity basis. Note the requirement to indicate on Schedules K-1 whether more than one activity exists for at-risk and/or passive activity purposes and provide additional information as necessary.

▸ 703) Apply the at-risk rules to the corporation's activities. Note the requirement to indicate if activities have been aggregated for the purpose of the Sec. 465 at-risk rules; see page one of Form 1120-S, item J(1).

▸ 704) Have activities been grouped for the purpose of the Sec. 469 passive-activity rules? If so, note the requirement to indicate whether the activities have been grouped; see page one of Form 1120-S, item J(2).

▸ 705) Determine that proper reporting and detail have been provided for all items that affect a shareholder's potential Sec. 199A deduction.

▸ 706) Did the corporation have undistributed C corporation earnings and profits at the beginning of the taxable year? If so, determine the following: whether any distributions should be treated as taxable dividends (issue Forms 1099-DIV) and whether the passive investment income is greater than 25% of gross receipts.

▸ 707) Determine that equity increases and decreases (Schedule M-2) are properly segregated among the accumulated adjustment account, the other adjustments account and the shareholder's undistributed previously taxed income.

▸ 708) Determine if health plan(s) and/or reimbursement arrangements are compliant with the Affordable Care Act (ACA). If applicable, file Form 1094/1095-C.

▸ 709) Determine if the corporation has filed all required Forms 1095, 1098, 1099 and 1042.

▸ 710) Consider checking the box to allow the IRS to contact the preparer.

▸ 711) Determine if all tax positions meet the "substantial authority" standard or if any positions disclosed on Form 8275, *Disclosure Statement*, meet the "reasonable basis" standard.

▸ 712) Is the corporation required to electronically file its federal return (required for entities that file 250 or more information returns for any calendar year)?

Comments/explanations

---

| **800) State considerations** | Yes/<br>Done | No/<br>N/A |
|---|---|---|

▸ 801) Determine state and local filing requirements. Consider items such as nexus, apportionment and state adjustments/credits.

Comments/explanations

---

|  | Yes/ Done | No/ N/A |
|---|---|---|

**900) Professional responsibilities and reminders**

▶ 901) Confirm that you/your firm have met all professional responsibilities as outlined in the AICPA Code of Professional Conduct, AICPA Statements on Standards for Tax Services and federal and state authorities, such as Circular 230. Consider potential conflicts of interest, preparer penalties and reminders to clients about their responsibility for the contents of the tax return.

Note the AICPA hosting services interpretation (ET Sec. 1.295.143) that became effective July 1, 2019 and consider its applicability to your clients.

▶ 902) Determine if requirements for avoiding penalties for improper disclosure or use of taxpayer information by tax return preparers imposed under Sec. 6713 and Sec. 7216 have been met.

▶ 903) Internal processing procedures:

- Reconcile source documents to completed return results.
- Prepare filing instructions and a transmittal letter.
- Confirm delivery instructions (portal, mail, pickup or delivery).

▶ 904) Provide your client with complete federal and state returns, including copies of any disclosure consent form(s) and advise your client to retain copies for at least six years. Return original documents to your client and provide other documents/support, as applicable.

Comments/explanations

_____

_____

This copyrighted resource is provided exclusively to AICPA Tax Section members and should not be shared, reproduced or used by anyone who is not a member of the AICPA Tax Section without explicit consent from the AICPA Tax Section. See our terms and conditions. For information about content licensing, please email copyright-permissions@aicpa-cima.com.

2021 S Corporation Income Tax Return Checklist – Form 1120-S (Short) | 10



© 2021 Association of International Certified Professional Accountants. All rights reserved. AICPA and American Institute of CPAs are trademarks of the American Institute of Certified Public Accountants and are registered in the US, the EU and other countries. The Globe Design is a trademark of the Association of International Certified Professional Accountants and licensed to the AICPA.