# TRACHTENBERG RODES & FRIEDBERG LLP

ATTORNEYS AT LAW
545 FIFTH AVENUE
NEW YORK, NEW YORK 10017

BARRY J. FRIEDBERG
bfriedberg@trflaw.com

TELEPHONE (212) 972-2929
TELECOPIER (212) 972-7581
www.trflaw.com

*By E-Mail and Certified Mail*
*Return Receipt Requested*

December 5, 2017

Mr. Hugh Whyte
Voynow Bayard Whyte and Company, LLP
1210 Northbrook Drive, Suite 140
Trevose, PA 19053

Re: *Star Group*

Dear Mr. Whyte:

This firm is litigation counsel to the Star Auto Group and its affiliates and principals (collectively, the "Star Group").

As you know, the Star Group recently discovered a series of extraordinary employee thefts that occurred during your firm's tenure as accountants. Even our preliminary investigation reveals that there has been a systemic looting of funds in a variety of schemes over a period of years that amounted to as much as $5 to 10 million, and perhaps more. This firm, along with our forensic and expert accountants, are in the process of investigating all aspects of this matter.

No conclusions have been drawn yet, but we are evaluating legal claims for recovery against a variety of parties, including your firm. This is to put you on notice of these potential claims, to request that you put your carrier on notice as well and to request that you provide to me copies of your errors and omissions insurance policies for the past ten years.

This is also to instruct you, your firm and all persons associated with your firm to preserve all documents in your possession, custody or control relating to **all** of the firm's work for the Star Group. Specifically, you are hereby instructed to take immediate appropriate action to preserve all documents, evidence, and potential sources of information, whether in hard copy or electronic form, relating in any way to the Star Group, its affiliated realty companies, its affiliated trusts and its related principals.

Among other things, the preservation obligation extends to Star Group Client-provided records, Member-prepared records, Member's work product and Member's working papers, as defined by Interpretation ET Section 501-1 of the AICPA Code.

EXHIBIT
78
11/15/22 LR

*Mr. Hugh Whyte*
*December 5, 2017*
*Page 2*

The preservation instruction also extends to all hard paper and electronic copies of all communications, correspondence, notes, papers, files, journals, financial records, tax records or other materials related in any way to the Star Group, including without limitation documents created using any accounting software, Microsoft Word, Excel, PowerPoint, Access and the like); data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); data created with the use of Personal Data Assistants, Blackberries or similar devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files; and all electronic activity logs.

You are also instructed to preserve all such materials in the personal possession, custody or control of all persons currently or formerly associated with your firm that had any relationship with the Star Group, regardless of whether any such material resides on their personal computers, digital Assistants, Blackberries, cell phones, iPhones, iPads, etc.

Please note that the list of preservation materials described above is not exhaustive and is only meant to be illustrative. The litigation hold imposed by this letter should be given the broadest possible interpretation so as to avoid the destruction or loss of anything that may be relevant to any upcoming proceedings.

Kindly confirm receipt of this letter and your intention to comply with the preservation obligations, as broadly set forth in this letter. We reserve the right to seek appropriate sanctions and make any appropriate court applications if you fail to comply with your preservation obligations or to ensure that all persons currently or formerly associated with your firm comply with such obligations.

We also acknowledge receipt of your firm's "final bills." In general, on behalf of the Star Group, we object to the nature and amounts of all such statements, reserve the right to demand more detail and back up and to articulate more detailed and comprehensive objections, and Star Group reserves all rights to dispute all such statements in more detail accordingly.

In the meantime, I refer you to Michael Koufakis' November 3, 2017 letters requesting that certain materials be provided to the Star Group's new accountants (copies enclosed for ease of reference) and insist that all such requested Star books and records and work papers be provided to the Rosenfield firm post haste. You no doubt understand that you have an obligation under the AICPA Code, Circular 230 and other authorities to provide these materials to the Star Group's new accounts and that your delays to provide such materials to date and any further delays are causing and will cause

*Mr. Hugh Whyte*
*December 5, 2017*
*Page 3*

the Star Group losses, including fines and penalties for late filing of 2016 returns, not to mention the inability to initiate the 2017 books and records with proper and reconciled starting balances.

Lastly, you are instructed not to communicate directly with Michael Koufakis or anyone else at or associated with the Star Group. All communications regarding the matters referred to herein are henceforth to be directed to me.

Very truly yours,

Barry J. Friedberg