# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Joseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

July 25, 2023

**Via ECF**
Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:* **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP ("Voynow"),** *et al.*
> **Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Merkl:

This firm represents the Plaintiffs ("Star") in the above referenced matter. This letter is written as a follow up to a portion of the letter dated June 7, 2023, regarding, *inter alia*, Plaintiffs' request for an extension of time for the completion of all discovery currently set to expire on August 18, 2023. One prior request for an extension was made on December 2, 2022, and was granted. Since that time, extensive additional paper discovery has occurred and sixteen (16) depositions have occurred, including parties and non-parties. Defendants do not consent to this request for an extension.

There are several reasons for this request, which we outlined in the letter dated June 7, 2023. First, as outlined herein, Defendants' objections to the 30(b)(6) deposition of Voynow for several months delayed Plaintiffs' ability to proceed with expert discovery significantly. On February 7, 2023, Plaintiffs served a 30(b)(6) deposition notice on Voynow scheduling the deposition for March 7, 2023. On February 17, 2023, Defendants objected to the scope of topics listed for Voynow's 30(b)(6) deposition. The parties met and conferred on February 27, 2023 with regard to Defendants' objections to the 30(b)(6) notice. See ECF Doc. No. 85-1. The following morning, Plaintiffs served an amended 30(b)(6) notice addressing several of Defendants' objections. On March 2, 2023, Defendants sent a letter to Plaintiffs objecting to the amended 30(b)(6) notice and offered to meet and confer if Plaintiffs felt it would be productive.

The following morning, March 3, 2023, at 10:05 am, Plaintiffs responded to Defendants' March 2, 2023 letter stating that they disagreed with Defendants' remaining objections which were the same as the ones the parties previously met and conferred about, so there was no need to meet and confer again. Plaintiffs also told Defendants on March 3, 2023 that they will be proceeding with the 30(b)(6) deposition commencing on March 7, 2023 unless the court orders otherwise. Plaintiffs received no further communication from Defendants that day and spent the rest of that day and the weekend preparing for the 30(b)(6) deposition with Plaintiffs' representative.

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
July 25, 2023
Page 2 of 3

Less than 24 hours prior to the deposition, on March 6, 2023, at 11:55 am, Defendants e-mailed Plaintiffs a draft letter to the Court explaining their objections to some of the topics in the amended 30(b)(6) notice. The letter did not state that Defendants would not be appearing for the deposition, nor did they inform Plaintiffs in any other manner that they would not be appearing for the deposition. Plaintiffs provided their portion of the letter a few hours after they received Defendants' portion and reiterated in the letter that they would be proceeding with the deposition. Later that day, Plaintiffs e-mailed Defendants stating, again, that they would be proceeding with the 30(b)(6) deposition the following morning unless the court orders otherwise prior to the deposition. Defendants did not respond stating they would not appear. However, Defendants failed to appear for the 30(b)(6) deposition on March 7, 2023.

Over Defendants' objection, the Court previously extended the fact discovery deadline to March 17, 2023 and stated it was unlikely that any further extensions would be granted. Thus, due to the looming discovery deadline and Defendants' failure to affirmatively state that they would not appear for the 30(b)(6) deposition, Plaintiffs proceeded with the deposition to ensure it would be taken before the discovery deadline. This eventually led to the Court's March 28, 2023 Text Order recognizing there are "myriad discovery disputes" remaining. Therefore, in the March 28, 2023 Order, the Court set various deadlines for the production of documents, for the parties to meet and confer regarding various discovery disputes, and for Voynow's 30(b)(6) deposition to be taken. For example, the parties were directed to meet and confer the week of May 15, 2023 regarding 30(b)(6) deposition topics, Defendants were directed to produce a narrowed subset of documents responsive to Star's Fourth Request for Production of Documents by June 20, 2023, and Star was directed to complete the 30(b)(6) deposition of Voynow by July 20, 2023. The parties did finally complete the 30(b)(6) deposition of Voynow on June 22, 2023 and Plaintiffs' received a copy of the transcript on July 10, 2023. The 30(b)(6) deposition is integral to the expert report and cannot be drafted until all fact discovery is over.

Second, fact discovery has not yet closed. As is typical in litigation, this "Court contemplated that the expert discovery in this case take place after fact discovery." *Piepes v. Nai Entm't Holdings LLC*, 2019 U.S. Dist. LEXIS 246206 (E.D.N.Y. Jan. 29, 2019). In the Court's August 5, 2021 text Order, the Court provided the parties with five (5) additional months to conduct expert discovery following the close of fact discovery. That Order, and no subsequent Order, provided any specific deadlines within the five (5) month period for each party to serve their expert reports. The Court's December 5, 2022 Order extended the end date for fact discovery to March 17, 2023 and the end date for all discovery, including expert discovery, to August 18, 2023.

Unfortunately, as outlined in the letter dated June 7, 2023, there are still many fact discovery issues outstanding, which would be necessary for Star's expert to prepare his report (in addition to incorporating the 30(b)(6) deposition of Voynow). In addition, Defendants have produced an additional ~7,000 pages combined on June 21, 2023 and June 30, 2023 (in violation of the Court's Order which required production by June 20, 2023 or in violation of the fact discovery deadline of March 17, 2023) but still refuse to consent to this extension.

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
July 25, 2023
Page 3 of 3

      Accordingly, Star respectfully requests an extension of time to complete expert discovery in line with the five (5) month period following the close of fact discovery contemplated by the Court in its August 15, 2021 and December 5, 2022 Orders.  Star proposes the following schedule (which is the same one proposed in the letter dated June 7, 2023) for expert discovery: (i) the parties' expert reports shall be exchanged by September 15, 2023; (ii) expert rebuttals shall be exchanged by October 27, 2023; and (iii) expert depositions shall be complete by December 15, 2023.

      We thank the Court for its time and consideration in this matter.

      Respectfully submitted,

      **MILMAN LABUDA LAW GROUP PLLC**

      /s/ Joseph M. Labuda

Cc: All counsel of record