

620 Freedom Business Center, Suite 405, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

July 26, 2023

**VIA ECF**
Judge Taryn A. Merkl
United States Magistrate Judge
U.S. District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 322 N
Brooklyn, NY  11201

|  |  |  |
|---|---|---|
| RE: | Star Auto Sales of Bayside, Inc., et al. v. Voynow, Bayard, Whyte and Company, LLP, et al. | |
| | Docket No.: | USDC of Eastern NY No.: 1:18-cv-05775 |
| | Our File No.: | 03127.01373 |

Dear Judge Merkl:

Defendants Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Randall Franzen, Hugh Whyte and Robert Seibel, respectfully submit this response to Plaintiffs' July 25, 2023 Motion wherein Plaintiffs make their third request for an extension of the discovery deadlines.

This case is over five years old.  This Court has issued clear and repeated directives that no further extensions would be entertained.  (See December 5, 2022 Order: "As previously stated, this Court is concerned about the age of this case and the length of time for discovery.  Additional extensions of time are highly unlikely").  Pursuant to that December 5th Order, fact discovery closed on March 17, 2023.  Plaintiffs' expert report was due within 30 days thereafter – or by April 16, 2023  -- based upon the timeframe set forth in the Joint Case Management Plan submitted by the parties and adopted by this Court on August 9, 2021.  Any responsive expert reports from Defendants were due 30 days after Plaintiffs produced their expert reports.  All discovery closes on August 18, 2023.

While the Court's March 28, 2023 Order did thereafter allow certain limited and discrete fact discovery beyond March 17, 2023, this Court explicitly stated that it was not extending any of the existing deadlines whether it be for fact discovery, expert discovery or summary judgment, such that these deadlines "remain in effect."  (See March 28, 2023 Order).  Thus, the April 16, 2023 deadline for Plaintiffs' expert report remained in effect.

The limited fact discovery requested by Plaintiff which this Court allowed in its March 28, 2023 Order is complete.  Although the parties had confined their mutual document production to the period of 2010-2017, Defendants have now produced certain documents dating back to 1996.  The parties also completed the Rule

_____

30(b)(6) deposition of Voynow on June 22, 2023.[1]  Of the 7,000 documents Defendants recently produced, **approximately 98% were documents Plaintiffs already had** – i.e., corporate tax returns prepared by Voynow or Plaintiffs' prior tax accountant dating back to 1993 and invoices sent to Plaintiff by Voynow dating back to 1996.  All such documents have long been in Plaintiffs' possession and accessible to any proposed expert and provide absolutely no grounds for a discovery extension.

      Likewise, the Rule 30(b)(6) deposition completed on June 22, 2023 provides no basis for a discovery extension.  While Plaintiffs attempt to blame Defendants for the fact that this deposition did not proceed back in March, they neglect to mention that their initial Rule 30(b)(6) deposition notice contained 96 topics, covered a 21 year period, and applied to seven different Plaintiffs.  The scope was plainly unmanageable and Plaintiffs compounded this impropriety by refusing to allow Defendants to designate prior testimony in order to narrow the scope.  Only after this Court admonished Plaintiffs at the March 28, 2023 hearing and directed that the 30(b)(6) notice be substantially revised, was the deposition able to proceed, with a substantial portion of the questioning covering matters previously addressed in the 14 prior depositions of Voynow's employees.  Plaintiffs' actions in serving an improper deposition notice do not justify a discovery extension where this Court has repeatedly stated that no such extensions would be granted. (See December 5, 2022 and March 28, 2022 Orders).

      In short, this is an accounting malpractice case and Plaintiffs have long been in possession of the key documents needed for any expert report (Voynow's work papers, correspondence, bills, time records, corporate tax returns prepared, and deposition transcripts of 14 current and former Voynow employees).  They have possessed many of these documents for years.  Had Plaintiffs produced their expert report by April 16, 2023 as required, they would have had the five months for expert discovery they now seek, from April through August 18, 2023.  (See December 5, 2022 and March 28, 2023 Orders).  They have ignored the clear directives from this Court, wherein it stated that it would not extend these deadlines.  Pursuant to the Court's Orders of December 5, 2022 and March 28, 2023, all discovery closes on August 18, 2023 and "the last date to take the first step in dispositive motion practice" is September 18, 2023.

      For the above-stated reasons, Defendants respectfully request that these deadlines remain in effect and that Plaintiffs' request for another extension be denied.

      Respectfully,

      *Maureen Fitzgerald*

      Maureen P. Fitzgerald

MPF:ls
cc:    All counsel of record
LEGAL/155094591.v1

_____

[1] The Court's March 28, 2023 and May 24, 2023 Orders also directed Plaintiff to produce certain Reynolds emails from 2016-2017 but they have failed to do so.  Defendants will raise this issue in the form of a preclusion motion should any aspect of the case survive summary judgment.