

620 Freedom Business Center, Suite 405, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

August 4, 2023

**VIA EMAIL [jamiefelsen@mllaborlaw.com]**
Jamie Felsen, Esquire
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

    RE:    Star Auto Sales, et al. v. Voynow, et al.
           Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-CLP
           Our File No.: 03127.01373

Dear Mr. Felsen:

    Enclosed please find a subpoena duces tecum which is being served on behalf of the Defendants in the matter.

                              Very truly yours,

                              *Maureen Fitzgerald*

                              Maureen P. Fitzgerald

MPF:ls
cc:    Jeremy Koufakis, Esquire - jeremy@mmmlaborlaw.com
LEGAL/152118880.v1



620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

August 4, 2023

**BY HAND DELIVERY**
Withum
ATTN: MANAGING PARTNER
1835 Market Street
Suite 1710
Philadelphia, PA 19103

      RE:    Star Auto Sales, et al. v. Voynow, et al.
             Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-CLP
             Our File No.:  03127.01373

Dear Sir/Madam:

      This firm represents Voynow Bayard Whyte & Company in the above-captioned litigation.  Enclosed is a subpoena requiring you to produce certain documents relating to this matter as set forth in Attachment A to the Subpoena, **on or before August 21, 2023**.  Please feel free to contact me with any questions regarding this subpoena.

                                  Very truly yours,

                                  Maureen P. Fitzgerald

MPF:ls
Enclosure
LEGAL/150252409.v1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Star Auto Sales of Bayside, Inc., et al *Plaintiff* v. Voynow, Bayard, Whyte and Company, et al *Defendant* | Civil Action No. 1:18:cv-05775 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Withum
1835 Market Street, Suite 1710, Philadelphia, PA 19103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibit A.

| Place: Marshall Dennehey Warner Coleman & Goggin, 620 Freedom Business Center, Suite 405, King of Prussia, PA 19406 | Date and Time: 08/21/2023 11:55 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/04/2023

*CLERK OF COURT*

OR

_____          /s/ Maureen P. Fitzgerald
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Voynow, Baynard, Whyte and Company, et al , who issues or requests this subpoena, are:

Maureen P. Fitzgerald, Esq. c/o Marshall Dennehy; 610-354-8270; mpfitzgerald@mdwcg.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18:cv-05775

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-cv-05775-ERK-TAM   Document 108-1   Filed 08/21/23   Page 5 of 7 PageID #: 959

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

I. **DEFINITIONS:**

1. "Person" or "individual" means any natural person, sole proprietorship, corporation, corporate division, company, association, joint venture, firm, partnership, limited partnership, trust or other business or legal entity in whatever form.

2. "Representative" means any person acting or purporting to act on behalf of any other person.

3. "You" or Your" for the purpose of these document requests, means your employees, representatives, and agents.

4. "Document" or "tangible thing" means any written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media and includes, but is not limited to, originals, copies and drafts, including but not limited to: papers, books, letters, emails, text messages, statements of account, financial statements and any data, balance sheets, profit and loss statements or other financial analyses, bills, invoices, receipts, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone and other conversations or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, press releases, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer print-outs, data processing input and output, microfilms, and other records kept by electronic, photographic, or mechanical means, and things, similar to any of the foregoing, however denominated. "Document" shall also include electronic data that resides on a

computer, computer server, computer network, hand-held data device or any other electronic device within your control.

     5.     "Communication" shall mean discussions, conferences, or any form of oral or written contract, whatsoever, including, but not limited to, letters, emails, memoranda, notes, personal meetings and telephone calls.

     6.     "Relating to" shall mean, as to any acts, events, oral communications, or documents, referring or regarding, directly or indirectly, in any way to the described events, or evidencing directly or indirectly, such facts or events.

     7.     "Star Auto Group" shall mean Star Auto Sales of Bayside, Inc. (d/b/a Star Toyota of Bayside); Star Auto Sales of Queens, LLC (d/b/a Star Subaru); Star Hyundai LLC (d/b/a Star Hyundai); Star Nissan, Inc. (d/b/a Star Nissan); Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep Dodge); and Star Auto Sales of Queens Village LLC (d/b/a Star Mitsubishi), all of which are located in Bayside, New York.

     8.     The time period applicable to the requests is Jan. 1, 2020 through December 31, 2021.

## II.   DOCUMENTS TO PRODUCE

1. All engagement letters or documents issued by You to the Star Auto Group which describe the scope of annual services You provide, including any copies signed on behalf of the Star Auto Group.

2. Invoices or bills issued by You to the Star Auto Group for professional services rendered.