Mr. Michael Koufakis
January 30, 2015
Page 5

as an oversight function, in any respect of your accounting
system; therefore, there should be no reliance, stated or implied,
by management on the accuracy of the assistance we are to provide.
As a result of our assistance, we may propose
standard, adjusting, or correcting journal entries to your books
and records.  However, management has final responsibility for
reviewing the proposed entries and understanding the nature and
impact of the proposed entries on the returns.  Furthermore, it
is management's responsibility, once these entries have been
approved, to post the entries to its accounting system in a
timely manner.

Supportable Positions

We will use our judgement to resolve questions in your favor where
a tax law is unclear assuming there is reasonable
justification for doing so.  Whenever we are aware of conflicting
interpretations of the law by authorities, we will explain the
possible positions that may be taken on your return.  We will
follow the position you request, provided it is consistent with
our understanding of the current tax code, laws, regulations and
their interpretations.  Pursuant to standards prescribed in IRS
Circular 230 and IRC 6694, we are permitted to sign a tax return
only if we have a reasonable belief that there is substantial
authority for a tax position taken on the return or we have a
reasonable basis for a particular position and disclose it
separately on the return. If the IRS or state tax authorities
later contest a position taken, there may be an assessment of
additional tax, interest and penalties, which we assume no
liability.  Thus, you hereby release us from any obligation for
such assessments.  Beginning with the 2014 tax year, our
compliance with Circular 230, as stated above, also is conditioned
upon our knowledge that the taxpayer has adopted the accounting
methods, as prescribed under the Tangible Property Regulations, if
applicable.

Errors, Fraud or Theft

Our engagement does not include any procedures designed to
discover errors, fraud or theft.  Therefore, our engagement cannot
be relied upon to disclose such matters.

Brokerage or Investment Advisory Statements

If you provide our firm with copies of brokerage (or investment
advisory) statements, we will use the information from these

VOYNOW_035588

Mr. Michael Koufakis
January 30, 2015
Page 6

statements solely in connection with the preparation of your
income tax returns.  We will rely on the accuracy of the
information provided in the statements and will not undertake any
action to verify this information.  We will not monitor
investment activity, provide investment advice, or supervise the
actions of the entity or individuals performing investment
activities on your behalf.  We recommend you review all brokerage
(or investment advisory) statements promptly and carefully and
direct any questions regarding activities on your account to you
broker or investment advisor.

Governmental Inquiries

This engagement does not include responding to inquiries by any
governmental agency or tax authority.  If your tax return is
selected for examination or audit, you may request we assist you
in responding to such inquiry.  If you ask us to represent you, we
will confirm this in a separate engagement letter.

*Timing of the Engagement*

We expect to begin the preparation of your returns upon receipt of
the trial balance and other supporting data agreed to above.

If your return is electronically filed, our services will conclude
upon the filing and acceptance of your 2014 tax returns by the
appropriate taxing authorities. You will be required to verify and
sign a completed Form 8879, IRS e-file Signature Authorization,
and state equivalent authorization form before your returns can be
filed electronically.  You are responsible for reviewing the
accuracy of all tax returns and any accompanying schedules and
statements  prior to filing.

If your return is filed by mail, our services will be concluded
upon the delivery to you of your 2014 tax returns for your review
and filing with the appropriate taxing authorities.

Extensions of Time to File Tax Returns

It may become necessary to apply for an extension of the filing
deadline if we do not receive all of the supporting information on
a timely basis or if there are unresolved tax issues or delays in
processing.  The Form 3115 issues, in all likelihood, will be a
source of delay for the 2014 filing year based on the complexities
and degree of application of the tangible property regulations.
In addition, we have been advised that the IRS most Mr. Michael

VOYNOW_035589

Koufakis
January 30, 2015
Page 7

probably will be issuing a revised Form 3115 to be used.

To the extent you wish to engage our firm for extensions of time
to file tax returns on your behalf, you must notify us of this in
writing.  Our firm will not file these applications unless we
receive either a signed copy of this engagement letter or your
express written authorization to do so.  In some cases, your
signature may be needed on such applications prior to filing.

Penalties and Interest Charges

Federal, state and local taxing authorities impose various
penalties and interest charges for non-compliance with tax law,
including, for example, failure to file or late filing of tax
returns and underpayment of taxes.  You, as the taxpayer, remain
responsible for the payment of all taxes, penalties and interest
charges imposed by taxing authorities.

*Fees and Billing*

Our professional fees for this engagement are not contingent on
the results of our services but will be based upon the
complexity of the work to be performed and our professional time
to complete the work.  We will charge a separate fee for the
preparation of the Forms 3115 noted above due to their non-
recurring nature.  Additionally, the overall fees depend upon the
availability, quality and completeness of your records.  We will
contact you to discuss any matter that causes an unanticipated
delay completing our engagement.

Any inability on our part to sign a tax return, such as because of
a disagreement over a disclosure of a tax position, non-response
by your of information requested or non-payment of fees (among
other things) will constitute a basis for our election to
terminate our services.  If we elect to terminate our services,
our engagement will be deemed to have been completed upon written
notification of termination, even if we have not completed the
returns.  The company will be obligated, through the date of
termination, to compensate us for all outstanding invoices as well
as our final invoice for our time through the date of our
withdrawal.

*Miscellaneous*

The IRS permits you to authorize us to discuss with its
representatives, on a limited basis, aspects of your return for

Mr. Michael Koufakis
January 30, 2015
Page 8

one year after the return's due date.  Your consent to such a
discussion is evidenced by checking a box on the return.  Unless
you tell us otherwise, we will check that box authorizing the IRS
to discuss your return with us.

Certain communications involving tax advice are privileged and not
subject to disclosure to the IRS.  By disclosing the contents
of those communications to anyone, or by turning over information
about those communications to the government, you, your employees
or agents may be waiving this privilege.  To protect this right to
privileged communication, please consult with us or your attorney
prior to disclosing any information about our tax advice.  Should
you decide that it is appropriate for us to disclose any
potentially privileged communication, you
agree to provide us with written, advance authority to make that
disclosure.

Should you receive any request for the disclosure of privilege
information from any third party, including a subpoena
or IRS summons, you will notify us.  In the event that you direct
us not to make the disclosure, you agree to hold us harmless for
any expenses incurred in defending the privilege including, by way
of illustration only, our attorney's fees, court costs, outside
adviser's costs, or penalties or fines imposed as a result of your
asserting the privilege or your direction to us to assert the
privilege.

In the event we are required to respond to a subpoena, court order
or other legal process for the production of documents and/or
testimony relative to information we obtained and/or prepared
during the course of this engagement, you agree to
compensate us, as set forth above, for the time we expend in
connection with such response and to reimburse us for all of our
out-of-pocket costs incurred in this regard.

In the event that we become obligated to pay any judgement or
similar award, you agree to pay any amount in settlement, and any
cost incurred as a result of any inaccurate or incomplete
information that was provided to us during the course of this
engagement.  You agree to indemnify us, defend us and hold us
harmless against such obligations, agreements and/or costs.

At the completion of our engagement, the original source documents
will be returned to you.  Workpapers and other documents created
by us are our property.  Such original workpapers will remain in
our control and copies are not to be distributed without our prior
written consent.

VOYNOW_035591

Mr. Michael Koufakis
January 30, 2015
Page 9

This engagement letter encompasses the entire agreement of the parties and supersedes all previous understandings and agreements between the parties, whether oral or written.  Any modification to the terms of the engagement letter must be made in writing and signed by both parties.

If any portion of this engagement letter is deemed invalid or unenforceable, said finding shall not invalidate the remainder of the terms set forth in this engagement letter.

We appreciate the opportunity to be of service to you.  Please date and sign the enclosed copy of this engagement letter and return it to us to acknowledge your agreement with its terms.  We can complete our engagement once we have received the signed copy of this letter from you.

Very truly yours,

*Voynow, Bayard, Whyte and Co., LLP*

VOYNOW, BAYARD, WHYTE AND CO., LLP

Approved and accepted by:

_____
Client Name

_____
Authorized Officer

_____
Title

_____
Date

VOYNOW_035592



**VOYNOW BAYARD WHYTE**
AND COMPANY, LLP
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA
ROBERT P. SEIBEL, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
TIMOTHY KRAVETS, CPA
DAVID M. KUHOR

PAUL VOYNOW, CPA (Inactive)
ROBERT H. BAYARD, CPA (1937-2015)

January 18, 2016

Mr. Michael Koufakis
Star Nissan, Inc
206-26 Northern Blvd
Bayside, NY 11361

RE: 205-11 Northern Blvd, LLC       Georgia Koufakis Trust
    210-10 Jamaica Ave, LLC         Koufakis Childrens Trust
    211-48 Jamaica Ave, LLC         John M. Koufakis
                                    Grandchildrens Trust

    Koufakis Realty, LLC
    Koufakis Realty 211-52 Jamaica Avenue, LLC
    Star Auto Body of Queens Village, LLC
    Star Auto Sales of Bayside, Inc
    Star Auto Sales of Queens, LLC
    Star Auto Sales of Queens County, LLC
    Star Chrysler Jeep Dodge
    Star Hyundai, LLC
    Star Nissan, Inc

Dear Mr. Koufakis

We are pleased to provide you with the professional services
described below.  This letter confirms our understanding of the
terms and objectives of our engagement and the nature and
limitations of the services we will provide.  This engagement
between you and our firm will be governed by the terms of this
letter. We will perform our services in accordance with the
Statements on Standards for Tax Services issued by the American
Institute of Certified Public Accountants.

*Scope of Engagement*

We will prepare the 2015 federal income tax returns for the above
entity(ies) and income/franchise tax returns for the state and

NORTHBROOK CORPORATE CENTER • 1210 NORTHBROOK DRIVE • SUITE 140 • TREVOSE, PA 19053 • 215.355.8000 • 215.396.2000 F
MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035593

localities representing the places of organization and/or where doing business (collectively, the "returns" in 2015).  You are responsible for providing us all information necessary to identify all state and localities in which business is conducted or income is derived.

We will not prepare any tax returns except those identified without your written authorization to do so.  We will prepare your tax returns based upon information and representations provided to us.  We will not audit or otherwise verify the data you submit to us, although we may ask you to clarify some of the information.  We will prepare the tax returns solely for filing with the Internal Revenue Service ("IRS") and state and local authorities.  They are not intended to benefit or influence any third party, either to obtain debt or equity financing or for any other purpose.  As such, we will not respond to any request from banks, mortgage brokers or other lenders for verification of any information reported on these tax returns.

As a result, you agree to indemnify and hold our firm and any of its partners, principals, members, employees, agents or assigns harmless with respect to any and all claims arising from the use of the tax returns for any purpose other than filing with the IRS and state and local tax authorities regardless of the nature of the claim, including the negligence of any party.

*Client Responsibilities*

You will provide us with a trial balance and other supporting data needed to prepare your tax returns.  It is your obligation to provide us with accurate and complete information, including worldwide income.

<u>Documentation</u>

You are responsible for maintaining an adequate and efficient accounting system for safeguarding assets and authorizing transactions and maintaining adequate documentation to substantiate the accuracy and completeness of your tax returns. You should retain all documents that provide evidence and support for reported income, credits, and deductions on your returns as required under tax law.  You are responsible for the adequacy of all such documents.  You represent that you have such documentation and can produce it if needed to respond to any audit or inquiry by taxing authorities.  You agree to hold us

2

VOYNOW_035594

harmless with respect to any additional taxes, penalties, or
interest imposed on you by taxing authorities resulting from the
disallowance of tax deductions due to inadequate documentation.

Personal Expenses

Unless we are otherwise advised, you are responsible for
confirming that personal expenses, if any, are segregated from
business expenses and expenses such as meals, travel,
entertainment, vehicle use, gifts, and related expenses that are
supported by necessary records required by the IRS and other
taxing authorities.  At your request, we are available to answer
your questions and advise you on the types of supporting records
required.

Employment Records

You are responsible for obtaining Forms I-9, Employment
Eligibility Verification Form, from each new employee at the time
of employment.  In addition, Federal Form W-4, Employee's
Withholding Allowance Certificate, and the applicable state
equivalent should be retained for all employees.  Failure to
obtain these forms may subject an employer to penalties.
Additional state requirements related to employment records may
exist.

Worker Classification

You are responsible for determining the correctness of any
employment relationship which you have deemed to be that of an
independent contractor.  Payroll tax withholding and related
employer payroll tax implications result from this determination.
We recommend obtaining a Form W-9, Request for Taxpayer
Identification Number and Certification, signed by the
independent contractor, as well as a signed contract with the
independent contractor.  A Form 1099-MISC, Miscellaneous Income,
should be issued to all unincorporated independent contractors to
whom you pay $600 or more for services.  In the preparation of
your tax returns, we will presume, when it appears to be self-
evident from the trial balance and other supporting data that
payments were made that met this threshold (or some other 1099
form filing requirements), that management has filed these forms
unless we are expressly told otherwise.

3

<u>Listed Transactions and Transactions of Interest</u>

You acknowledge your responsibility to inform us of any listed transactions or transactions of interest as designated by the IRS. You agree to hold us harmless with respect to any additional taxes, penalties, or interest imposed on you by taxing authorities resulting from your failure to timely notify us, in writing, of all such transactions in order to facilitate the timely preparation and filing of your tax returns.

<u>State and Local Filing Obligations</u>

You are responsible for determining your state or local tax filing obligations with any state or local tax authorities, including, but not limited to, income, franchise, sales, use, property or unclaimed property taxes. You agree that we have no responsibility to research these obligations or to inform you of them other than those addressed in the engagement scope section. If upon review of the information you have provided us and other information that comes to our attention, we believe you may have an obligation to file additional tax returns, we will notify you of this responsibility. If you ask us to prepare these returns, we will confirm accordingly in a separate engagement letter.

<u>U.S. Filing Obligations Related to Foreign Financial Assets</u>

As part of your filing obligations you are required to report the maximum value of specified foreign financial assets, which include financial accounts with foreign institutions and certain other foreign non-account investment assets that exceed certain thresholds.

It is your responsibility to inform us if you directly or indirectly hold any interests in businesses located in a foreign country or have signatory authority in any assets or financial accounts located in a foreign country. Based upon the information you provide, this information will be used to calculate any applicable foreign tax credits. We will also use this data to inform you of any additional filing requirements which may include FinCen Form 114 Report of Foreign Bank and Financial Accounts (FBAR). Failure to file required forms can result in the imposition of both civil and criminal penalties, which can be significant. These are not tax returns in the

4

VOYNOW_035596

normal sense and their preparation is not within the scope of this engagement.  If you ask us to prepare these forms, we will confirm this matter in a separate engagement letter.

Foreign Filing Obligations

You are responsible for complying with any other country's income reporting and tax filing requirements. If you have reason to believe there exists the possibility of any foreign tax filing obligations, please contact us to discuss your concerns.

Affordable Care Act

The Affordable Care Act ("ACA") added various new health insurance related mandates, penalties and credits to the Internal Revenue Code beginning in 2014.  You acknowledge and agree that we are relying solely on the information provided to us by you in connection with the preparation of the tax forms. Unless notified otherwise, we are presuming that you are in compliance with the ACA, with the knowledge that all employees in 2015 had minimum essential coverage or qualified for exemptions, as well as your shared responsibility payment requirements.  We have not been engaged to provide any advice regarding the eligibility for any credits or estimates of any payments or penalties.  We recommend that you consult with your insurance broker or advisor with respect to these matters.

Capitalization Policy

For entities owning tangible property, you were responsible for establishing a capitalization policy for recording fixed assets as of January 1, 2015 in order to apply the DeMinimus Safe Harbor for deductible expenditures under the Treasury's final "Tangible Property Regulations".  We are relying solely on the information provided to us by management regarding your accounting system's criteria for the categorization of capitalizable and non-capitalizable expenditures related to tangible property.  Please let us know if you have any questions on the aforementioned regulations.

*CPA Firm Responsibilities*

Our services will be limited to only those tasks we deem necessary for the preparation of the returns. We may deem it necessary to provide you with accounting and bookkeeping

5

assistance in that regard.  We will request your approval before rendering these services, if they look to be significant, since additional charges would apply.  Please note that we will not validate the completeness or accuracy of the information supplied, and the assistance we do provide is not to be construed as an oversight function, in any respect of your accounting system; therefore, there should be no reliance, stated or implied, by management on the accuracy of the assistance we are to provide.  As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  However, management has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns.  Furthermore, it is management's responsibility, once these entries have been approved, to post the entries to its accounting system in a timely manner.

Supportable Positions

We will use our judgement to resolve questions in your favor where a tax law is unclear assuming there is reasonable justification for doing so.  Whenever we are aware of conflicting interpretations of the law by authorities, we will explain the possible positions that may be taken on your return.  We will follow the position you request, provided it is consistent with our understanding of the current tax code, laws, regulations and their interpretations.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a particular position and disclose it separately on the return. If the IRS or state tax authorities later contest a position taken, there may be an assessment of additional tax, interest and penalties, which we assume no liability.  Thus, you hereby release us from any obligation for such assessments.

Errors, Fraud or Theft

Our engagement does not include any procedures designed to discover errors, fraud or theft.  Therefore, our engagement cannot be relied upon to disclose such matters.

Brokerage or Investment Advisory Statements

6

VOYNOW_035598

If you provide our firm with copies of brokerage (or investment advisory) statements, we will use the information from these statements solely in connection with the preparation of your income tax returns. We will rely on the accuracy of the information provided in the statements and will not undertake any action to verify this information. We will not monitor investment activity, provide investment advice, or supervise the actions of the entity or individuals performing investment activities on your behalf. We recommend you review all brokerage (or investment advisory) statements promptly and carefully and direct any questions regarding activities on your account to your banker, broker or investment advisor.

<u>Governmental Inquiries</u>

This engagement does not include responding to inquiries by any governmental agency or tax authority. If your tax return is selected for examination or audit, you may request we assist you in responding to such inquiry. If you ask us to represent you, we will confirm this in a separate engagement letter.

*Timing of the Engagement*

We expect to begin the preparation of your returns upon receipt of the trial balance and other supporting data agreed to above.

If your return is electronically filed, our services will conclude upon the filing and acceptance of your 2015 tax returns by the appropriate taxing authorities. You will be required to verify and sign a completed Form 8879, IRS e-file Signature Authorization, and state equivalent authorization form before your returns can be filed electronically. You are responsible for reviewing the accuracy of all tax returns and any accompanying schedules and statements prior to filing.

If your return is filed by mail, our services will be concluded upon the delivery to you of your 2015 tax returns for your review and filing with the appropriate taxing authorities.

<u>Extensions of Time to File Tax Returns</u>

It may become necessary to apply for an extension of the filing deadline if we do not receive all of the supporting information on a timely basis or if there are unresolved tax issues or delays in processing.

VOYNOW_035599

To the extent you wish to engage our firm for extensions of time to file tax returns on your behalf, you must notify us of this in writing.  Our firm will not file these applications unless we receive either a signed copy of this engagement letter or your separate expressed written authorization to do so.  In some cases, your signature may be needed on such applications prior to filing.

Penalties and Interest Charges

Federal, state and local taxing authorities impose various penalties and interest charges for non-compliance with tax law, including, for example, failure to file or late filing of tax returns and underpayment of taxes.  You, as the taxpayer, remain responsible for the payment of all taxes, penalties and interest charges imposed by taxing authorities.

We rely on the accuracy and completeness of the information you provide to us in connection with the preparation of your tax returns.  Failure to disclose, or inadequate disclosure of income or tax positions, can result in the imposition of penalties and interest charges.

*Fees and Billing*

Our professional fees for this engagement are not contingent on the results of our services but will be based upon the complexity of the work to be performed and our professional time to complete the work.  Additionally, the overall fees depend upon the availability, quality and completeness of your records.  We will contact you to discuss any matter that causes an unanticipated delay completing our engagement.

Any inability on our part to sign a tax return, such as because of a disagreement over a disclosure of a tax position, non-response by you for information requested or non-payment of fees (among other things) will constitute a basis for our election to terminate our services.  If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice for our time through the date of our withdrawal.

8

VOYNOW_035600

*Miscellaneous*

The IRS permits you to authorize us to discuss with its representatives, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us.

Certain communications involving tax advice are privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employee or agents may be waiving this privilege. To protect this right to privileged communication, please consult with us or your attorney prior to disclosing any information about our tax advice. Should you decide that it is appropriate for us to disclose any potentially privileged communication, you agree to provide us with written, advance authority to make that disclosure.

Should you receive any request for the disclosure of privilege information from any third party, including a subpoena or IRS summons, you will notify us. In the event that you direct us not to make the disclosure, you agree to hold us harmless for any expenses incurred in defending the privilege including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege or your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, you agree to compensate us, as set forth above, for the time we expend in connection with such response and to reimburse us for all of our out-of-pocket costs incurred in this regard.

In the event that we become obligated to pay any judgement or similar award, you agree to pay any amount in settlement, and any cost incurred as a result of any inaccurate or incomplete information that was provided to us during the course of this

9

engagement.  You agree to indemnify us, defend us and hold us harmless against such obligations, agreements and/or costs.

At the completion of our engagement, the original source documents will be returned to you.  Workpapers and other documents created by us are our property.  Such original workpapers will remain in our control and copies are not to be distributed without our prior written consent.

You may request that we perform additional services not contemplated by this engagement letter.  If this occurs, we will communicate with you regarding the scope and estimated cost of these additional services.  Engagements for additional services may necessitate that we amend this letter or issue a separate engagement letter to reflect the obligations of both parties.  In the absence of any other written communications from us documenting additional services, our services will be limited to and governed by the terms of this engagement letter.

At the completion of our engagement, the original source documents will be returned to you.  Workpapers and other documents created by us are our property.  Such original workpapers will remain in our control and copies are not to be distributed without our prior written consent.

This engagement letter encompasses the entire agreement of the parties and supersedes all previous understandings and agreements between the parties, whether oral or written.  Any modification to the terms of the engagement letter must be made in writing and signed by both parties.

If any portion of this engagement letter is deemed invalid or unenforceable, said finding shall not invalidate the remainder of the terms set forth in this engagement letter.

VOYNOW_035602

We appreciate the opportunity to be of service to you.  Please date and sign below and return to us to acknowledge your agreement with these terms.  We will not be in a position to complete our engagement unless we have received the signed copy of this letter from you.

Very truly yours,

*Voynow, Bayard, Whyte and Co., LLP*

VOYNOW, BAYARD, WHYTE AND CO., LLP

Approved and accepted by:

_____
Client Name

_____
Authorized Officer

_____
Title

_____

11

VOYNOW_035603



**VOYNOW BAYARD WHYTE**
AND COMPANY, LLP
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL H. FRANZEN, CPA
ROBERT P. SHUHL, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
TIMOTHY KRAVETS, CPA
DAVID M. KUHOR

PAUL VOYNOW, CPA (deceased)
ROBERT H. BAYARD, CPA (1937-2015)

January 3, 2017

Mr. Michael Koufakis
Star Nissan, Inc
206-26 Northern Blvd
Bayside, NY 11361

RE: 205-11 Northern Blvd, LLC      Georgia Koufakis Trust
    210-10 Jamaica Ave, LLC        Koufakis Childrens Trust
    211-48 Jamaica Ave, LLC        John M. Koufakis
                                   Grandchildrens Trust

    Koufakis Realty, LLC
    Koufakis Realty 211-52 Jamaica Avenue, LLC
    Star Auto Body of Queens Village, LLC
    Star Auto Sales of Bayside, Inc
    Star Auto Sales of Queens, LLC
    Star Auto Sales of Queens County, LLC
    Star Chrysler Jeep Dodge
    Star Hyundai, LLC
    Star Nissan, Inc

Dear Mr. Koufakis

We are pleased to provide you with the professional services
described below.  This letter confirms our understanding of the
terms and objectives of our engagement and the nature and
limitations of the services we will provide.  This engagement
between you and our firm will be governed by the terms of this
letter.  We will perform our services in accordance with the
Statements on Standards for Tax Services issued by the American
Institute of Certified Public Accountants.

*Scope of Engagement*

We will prepare the 2016 federal income tax returns for the above
entity(ies) and income/franchise tax returns for the state and
localities representing the places of organization and/or where
doing business (collectively, the "returns" in 2016).  You are
responsible for providing us all information necessary to

NORTHBROOK CORPORATE CENTER • 1210 NORTHBROOK DRIVE • SUITE 140 • TREVOSE, PA 19053 • 215.355.8000 • 215.396.2000 F
MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035604

identify all state and localities in which business is conducted or income is derived.

We will not prepare any tax returns except those identified without your written authorization to do so. We will prepare your tax returns based upon information and representations provided to us. We will not audit or otherwise verify the data you submit to us, although we may ask you to clarify some of the information. We will prepare the tax returns solely for filing with the Internal Revenue Service ("IRS") and state and local authorities. They are not intended to benefit or influence any third party, either to obtain debt or equity financing or for any other purpose. As such, we will not respond to any request from banks, mortgage brokers or other lenders for verification of any information reported on these tax returns.

As a result, you agree to indemnify and hold our firm and any of its partners, principals, members, employees, agents or assigns harmless with respect to any and all claims arising from the use of the tax returns for any purpose other than filing with the IRS and state and local tax authorities regardless of the nature of the claim, including the negligence of any party.

*Client Responsibilities*

You will provide us with a trial balance and other supporting data needed to prepare your tax returns. It is your obligation to provide us with accurate and complete information, including worldwide income.

Documentation

You are responsible for maintaining an adequate and efficient accounting system for safeguarding assets and authorizing transactions and maintaining adequate documentation to substantiate the accuracy and completeness of your tax returns. You should retain all documents that provide evidence and support for reported income, credits, and deductions on your returns as required under tax law. You are responsible for the adequacy of all such documents. You represent that you have such documentation and can produce it if needed to respond to any audit or inquiry by taxing authorities. You agree to hold us harmless with respect to any additional taxes, penalties, or interest imposed on you by taxing authorities resulting from the disallowance of tax deductions due to inadequate documentation.

2

VOYNOW_035605

Personal Expenses

You are responsible for confirming that personal expenses, if any, are segregated from business expenses and expenses such as meals, travel, entertainment, vehicle use, gifts, and related expenses that are supported by necessary records required by the IRS and other taxing authorities.  At your request, we are available to answer your questions and advise you on the types of supporting records required.

Employment Records

You are responsible for obtaining Forms I-9, Employment Eligibility Verification Form, from each new employee at the time of employment.  In addition, Federal Form W-4, Employee's Withholding Allowance Certificate, and the applicable state equivalent should be retained for all employees.  Failure to obtain these forms may subject an employer to penalties. Additional state requirements related to employment records may exist.

Worker Classification

You are responsible for determining the correctness of any employment relationship which you have deemed to be that of an independent contractor.  Payroll tax withholding and related employer payroll tax implications result from this determination. We recommend obtaining a Form W-9, Request for Taxpayer Identification Number and Certification, signed by the independent contractor, as well as a signed contract with the independent contractor.  A Form 1099-MISC, Miscellaneous Income, should be issued to all unincorporated independent contractors to whom you pay $600 or more for services.  In the preparation of your tax returns, we will presume, when it appears to be self-evident from the trial balance and other supporting data that payments were made that met this threshold (or some other 1099 form filing requirements), that management has filed these forms unless we are expressly told otherwise.

Listed Transactions and Transactions of Interest

You acknowledge your responsibility to inform us of any listed transactions or transactions of interest as designated by the

3

VOYNOW_035606

IRS.  You agree to hold us harmless with respect to any additional taxes, penalties, or interest imposed on you by taxing authorities resulting from your failure to timely notify us, in writing, of all such transactions in order to facilitate the timely preparation and filing of your tax returns.

<u>State and Local Filing Obligations</u>

You are responsible for determining your state or local tax filing obligations with any state or local tax authorities, including, but not limited to, income, franchise, sales, use, property or unclaimed property taxes.  You agree that we have no responsibility to research these obligations or to inform you of them other than those addressed in the engagement scope section. If upon review of the information you have provided us and other information that comes to our attention, we believe you may have an obligation to file additional tax returns, we will notify you of this responsibility.  If you ask us to prepare these returns, we will confirm accordingly in a separate engagement letter.

<u>U.S. Filing Obligations Related to Foreign Financial Assets</u>

As part of your filing obligations you are required to report the maximum value of specified foreign financial assets, which include financial accounts with foreign institutions and certain other foreign non-account investment assets that exceed certain thresholds.

It is your responsibility to inform us if you directly or indirectly hold any interests in businesses located in a foreign country or have signatory authority in any assets or financial accounts located in a foreign country.  Based upon the information you provide, this information will be used to calculate any applicable foreign tax credits. We will also use this data to inform you of any additional filing requirements which may include FinCen Form 114 Report of Foreign Bank and Financial Accounts (FBAR).  Failure to file required forms can result in the imposition of both civil and criminal penalties, which can be significant.  These are not tax returns in the normal sense and their preparation is not within the scope of this engagement.  If you ask us to prepare these forms, we will confirm this matter in a separate engagement letter.

<u>Foreign Filing Obligations</u>

4

VOYNOW_035607

You are responsible for complying with any other country's income reporting and tax filing requirements. If you have reason to believe there exists the possibility of any foreign tax filing obligations, please contact us to discuss your concerns.

<u>Affordable Care Act</u>

The Affordable Care Act ("ACA") added various new health insurance related mandates, penalties and credits to the Internal Revenue Code beginning in 2014.  You acknowledge and agree that we are relying solely on the information provided to us by you in connection with the preparation of the tax forms. Unless notified otherwise, we are presuming that you are in compliance with the ACA, with the knowledge that all employees in 2016 had minimum essential coverage or qualified for exemptions, as well as your shared responsibility payment requirements and filing of Forms 1094 B and C (self-insured) or Forms 1095 B and C (third party insurer).  We have also not been engaged to provide any advice regarding the eligibility for any credits or estimates of any payments or penalties.  We recommend that you consult with your insurance broker or advisor with respect to these matters.

<u>Capitalization Policy</u>

For entities owning tangible property, you were responsible for re-establishing a capitalization policy for recording these fixed assets as of January 1, 2017 in order to apply the DeMinimus Safe Harbor for determining deductible expenditures under the Treasury's final "Tangible Property Regulations".  We are relying solely on the information provided to us by management within the accounting system, as to the criteria used for the categorization in the books and records of capitalizable and non-capitalizable expenditures related to tangible property.  Please let us know if you have any questions on the aforementioned regulations.

<u>Partnership or Limited Liability Company (LLC) Agreements</u>

For your partnerships and LLC's, you should review your agreements _ With your attorney to ensure it address the significant changes to partnership audit regime that will generally apply to partnership returns file after 2018.  These changes include, but are not limited to the following:

- Replacement of a "tax matters partner" with a "partnership representative,"

5

- Current partners being held responsible for tax liabilities of prior partners,
- The partnership being held responsible for remittance of additional tax rather than individual partners being taxed, and
- Numerous elections or opt-outs that the "partnership representative" may make.

*CPA Firm Responsibilities*

Our services will be limited to only those tasks we deem necessary for the preparation of the returns. We may deem it necessary to provide you with accounting and bookkeeping assistance in that regard.  We will request your approval before rendering these services, if they look to be significant, since additional charges would apply.  Please note that we will not validate the completeness or accuracy of the information supplied, and the assistance we do provide is not to be construed as an oversight function, of your accounting system, in any respect; therefore, there should be no reliance, stated or implied, by management on the accuracy of the assistance we are to provide.  As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  However, management has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns.  Furthermore, it is management's responsibility, once these entries have been approved, to post the entries to its accounting system in a timely manner.

<u>Supportable Positions</u>

We will use our judgement to resolve questions in your favor where a tax law is unclear assuming there is reasonable justification for doing so.  Whenever we are aware of conflicting interpretations of the law by authorities, we will explain the possible positions that may be taken on your return.  We will follow the position you request, provided it is consistent with our understanding of the current tax code, laws, regulations and their interpretations.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a particular position and disclose it separately on the return. If the IRS or state tax authorities

6

VOYNOW_035609

later contest a position taken, there may be an assessment of additional tax, interest and penalties, which we assume no liability.  Thus, you hereby release us from any obligation for such assessments.

Errors, Fraud or Theft

Our engagement does not include any procedures designed to discover errors, fraud or theft.  Therefore, our engagement cannot be relied upon to disclose such matters.

Brokerage or Investment Advisory Statements

If you provide our firm with copies of brokerage (or investment advisory) statements, we will use the information from these statements solely in connection with the preparation of your income tax returns.  We will rely on the accuracy of the information provided in the statements and will not undertake any action to verify this information.  We will not monitor investment activity, provide investment advice, or supervise the actions of the entity or individuals performing investment activities on your behalf.  We recommend you review all brokerage (or investment advisory) statements promptly and carefully and direct any questions regarding activities on your account to your banker, broker or investment advisor.

Governmental Inquiries

This engagement does not include responding to inquiries by any governmental agency or tax authority.  If your tax return is selected for examination or audit, you may request we assist you in responding to such inquiry.  If you ask us to represent you, we will confirm this in a separate engagement letter.

*Timing of the Engagement*

We expect to begin the preparation of your returns upon receipt of the trial balance and other supporting data agreed to above.

If your return is electronically filed, our services will conclude upon the filing and acceptance of your 2017 tax returns

VOYNOW_035610

by the appropriate taxing authorities. You will be required to verify and sign a completed Form 8879, IRS e-file Signature Authorization, and state equivalent authorization form(s) before your returns can be filed electronically. You are responsible for reviewing the accuracy of all tax returns and any accompanying schedules and statements prior to filing.

If your return is filed by mail, our services will be concluded upon the delivery to you of your 2017 tax returns for your review and filing with the appropriate taxing authorities.

<u>Extensions of Time to File Tax Returns</u>

It may become necessary to apply for an extension of the filing deadline if we do not receive all of the supporting information on a timely basis or if there are unresolved tax issues or delays in processing.

To the extent you wish to engage our firm for extensions of time to file tax returns on your behalf, you must notify us of this in writing. Our firm will not file these applications unless we receive either a signed copy of this engagement letter or your separate expressed written authorization to do so. In some cases, your signature may be needed on such applications prior to filing.

<u>Penalties and Interest Charges</u>

Federal, state and local taxing authorities impose various penalties and interest charges for non-compliance with tax law, including, for example, failure to file or late filing of tax returns and underpayment of taxes. You, as the taxpayer, remain responsible for the payment of all taxes, penalties and interest charges imposed by taxing authorities.

We rely on the accuracy and completeness of the information you provide to us in connection with the preparation of your tax returns. Failure to disclose, or inadequate disclosure of income or tax positions, can result in the imposition of penalties and interest charges.

*Fees and Billing*

Our professional fees for this engagement are not contingent on the results of our services but will be based upon the

8

VOYNOW_035611

complexity of the work to be performed and our professional time to complete the work. Additionally, the overall fees depend upon the availability, quality and completeness of your records. We will contact you to discuss any matter that causes an unanticipated delay completing our engagement.

Any inability on our part to sign a tax return, such as because of a disagreement over a disclosure of a tax position, non-response by you for information requested or non-payment of fees (among other things) will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice for our time through the date of our withdrawal.

*Miscellaneous*

The IRS permits you to authorize us to discuss with its representatives, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us.

Certain communications involving tax advice are privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employee or agents may be waiving this privilege. To protect this right to privileged communication, please consult with us or your attorney prior to disclosing any information about our tax advice. Should you decide that it is appropriate for us to disclose any potentially privileged communication, you agree to provide us with written, advance authority to make that disclosure.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event that you direct us not to make the disclosure, you agree to hold us harmless for any expenses incurred in defending the privilege including, by way of illustration only, our attorney's fees, court costs,

9

VOYNOW_035612

outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege or your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, you agree to compensate us, as set forth above, for the time we expend in connection with such response and to reimburse us for all of our out-of-pocket costs incurred in that regard.

In the event that we become obligated to pay any judgement or similar award, you agree to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that was provided to us during the course of this engagement.  You agree to indemnify us, defend us and hold us harmless against such obligations, agreements and/or costs.

At the completion of our engagement, the original source documents will be returned to you.  Workpapers and other documents created by us are our property.  Such original proprietary workpapers will remain in our control and copies are not to be distributed without our prior written consent.

You may request that we perform additional services not contemplated by this engagement letter.  If this occurs, we will communicate with you regarding the scope and estimated cost of these additional services.  Engagements for additional services may necessitate that we amend this letter or issue a separate engagement letter to reflect the obligations of both parties.  In the absence of any other written communications from us documenting additional services, our services will be limited to and governed by the terms of this engagement letter.

This engagement letter encompasses the entire agreement of the parties and supersedes all previous understandings and agreements between the parties, whether oral or written.  Any modification to the terms of the engagement letter must be made in writing and signed by both parties.

If any portion of this engagement letter is deemed invalid or unenforceable, said finding shall not invalidate the remainder of the terms set forth in this engagement letter.

VOYNOW_035613

We appreciate the opportunity to be of service to you.  Please date and sign below and return to us to acknowledge your agreement with these terms.  We will not be in a position to complete our engagement unless we have received the signed copy of this letter from you.

Very truly yours,

*Voynow, Bayard, Whyte and Co., LLP*

VOYNOW, BAYARD, WHYTE AND CO., LLP

Approved and accepted by:

_____
Authorized Owner/Officer

_____
Title

_____
Date

11

VOYNOW_035614

12

VOYNOW_035615

# VOYNOW, BAYARD AND COMPANY

### CERTIFIED PUBLIC ACCOUNTANTS
NORTHBROOK CORPORATE CENTER
1210 NORTHBROOK DRIVE, SUITE 140
TREVOSE, PENNSYLVANIA 19053
(215) 355-8000
FAX: (215)396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
CHARLES L. KLOSS, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2008

Mr. John Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

        Re:  Star Toyota

Dear John:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

   • Reconciling of Retained Earnings
   • Recognition of Depreciation and Amortization Expenses
   •

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance,

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035693

Star Nissan, Inc.
December 30, 2008
Page 2

stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035694

Star Nissan, Inc.
December 30, 2008
Page 3

Our fees for this engagement are not contingent on the results of our
service.  Rather, our fees for this engagement will be based on a number of
factors, including but not limited to, the time spent as well as the
complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this
engagement in the event that any of our invoices are deemed delinquent.  In
the event that any collection action is required to collect unpaid balances
due us, the company agrees to reimburse us for the costs of collection
including attorneys' fees.

Any inability to sign a tax return, or non-response of information
requested will constitute a basis for our election to terminate our
services. If we elect to terminate our services, our engagement will be
deemed to have been completed upon written notification of termination,
even if we have not completed the returns.  The company will be obligated,
through the date of termination, to compensate us for all outstanding
invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the
copy of this letter in the space provided and return it to us.


                              Very truly yours,

                              *Voynow, Bayard and Company*

                              VOYNOW, BAYARD AND COMPANY
                              Certified Public Accountants

ACKNOWLEDGED:


_____
John Koufakis


_____
              Date

VOYNOW_035695

# VOYNOW, BAYARD AND COMPANY

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1219 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215)396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
CHARLES L. ELOSS, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2008

Mr. Mike Koufakis
Star Toyota
205-11 Northern Boulevard
Bayside, NY 11361

Re: Star Toyota
    Star Hyundai
    Star Mitsubishi
    Koufakis Reality, LLC
    Koufakis Realty 211-52 Jamaica Ave, LLC
    211-48 Jamaica Ave, LLC
    210-10 Jamaica Ave, LLC

Dear Mike:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

VOYNOW_035696

Star Toyota
December 30, 2008
Page 2

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the

Star Toyota
December 30, 2008
Page 3

information provided by us.  Pursuant to standards prescribed in IRS
Circular 230 and IRC 6694, we are forbidden from signing a tax return
unless we have a reasonable belief that there is substantial authority for
a tax position taken on the return or we have a reasonable basis for a tax
position taken on the return and we disclose this tax position on a
separate attachment to the tax return.  However, under no circumstances may
we sign a tax return with a tax position that has no reasonable basis.


Our fees for this engagement are not contingent on the results of our
service.  Rather, our fees for this engagement will be based on a number of
factors, including but not limited to, the time spent as well as the
complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this
engagement in the event that any of our invoices are deemed delinquent.  In
the event that any collection action is required to collect unpaid balances
due us, the company agrees to reimburse us for the costs of collection
including attorneys' fees.

Any inability to sign a tax return, or non-response of information
requested will constitute a basis for our election to terminate our
services. If we elect to terminate our services, our engagement will be
deemed to have been completed upon written notification of termination,
even if we have not completed the returns.  The company will be obligated,
through the date of termination, to compensate us for all outstanding
invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the
copy of this letter in the space provided and return it to us.

VOYNOW_035698

Star Toyota
December 30, 2008
Page 4


Very truly yours,

Voynow, Bayard and Company

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants


ACKNOWLEDGED:

_____
Mike Koufakis

_____
                    Date

VOYNOW_035699

## VOYNOW, BAYARD AND COMPANY

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215)396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
CHARLES L. KLOSS, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2008

Mr. Steve Koufakis
Metro Chrysler
c/o Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re: Metro Chrysler
Star Auto Body of Queen Village LLC

Dear Steve:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us. It is the your responsibility to provide all the information required for the preparation of complete and accurate returns. We will not audit or otherwise verify the information submitted. To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only. Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us. This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
- 

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter. Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

VOYNOW_035700

Metro Chrysler
December 30, 2008
Page 2

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records. The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability. You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility. A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter. Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035701

Metro Chrysler
December 30, 2008
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent.  In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Steve Koufakis

_____
           Date

VOYNOW_035702

# VOYNOW, BAYARD AND COMPANY

### CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215)396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. John Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

        Re:  Star Nissan, Inc.


Dear John:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to

VOYNOW_035703

Star Nissan, Inc.
December 30, 2009
Page 2

provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035704

Star Nissan, Inc.
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
John Koufakis

_____
Date

VOYNOW_035705

# VOYNOW, BAYARD AND COMPANY
### CERTIFIED PUBLIC ACCOUNTANTS
NORTHBROOK CORPORATE CENTER
1210 NORTHBROOK DRIVE, SUITE 140
TREVOSE, PENNSYLVANIA 19053
(215) 355-8000
FAX: (215)396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. Stephen  Koufakis
Star Chrysler, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

        Re:  Star Chrysler, Inc.


Dear Stephen:

We are pleased to confirm and specify the terms of our engagement with the
above mentioned companies and to clarify the nature and extent of the
services we will provide regarding the preparation of its (their) tax
return(s).

We will prepare the 2009 federal tax return, and tax returns for the state
and localities of organization and/or where doing business (collectively,
the "returns) in 2009. You are responsible for providing us all information
necessary to identify all state and localities in which it conducts
business or derives income.

Our engagement will be satisfied upon delivery of the completed returns.
Therefore, you will be solely responsible for filing the returns with the
appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your
responsibility to provide all the information required for the preparation
of complete and accurate returns.  We will not audit or otherwise verify
the information submitted.  To the extent we render any services, it will
be limited to those tasks we deem necessary for the preparation of the
returns only.  Historically, we have provided assistance in preparing
certain reconciliations of balance sheet and income statement accounts
based on the information supplied to us.  This list is not necessarily all
inclusive:

   • Reconciling of Retained Earnings
   • Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during
the current year engagement and is subject to the same terms and conditions
set forth in this letter.  Please note that we will not determine the
completeness or accuracy of the information supplied and the assistance we
do provide is not to be construed as an oversight function, in any respect,
of a company's accounting system; therefore, there should be no reliance,
stated or implied, by a company on the accuracy of the assistance we are to

VOYNOW_035706

Star Chrysler
December 30, 2009
Page 2

provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035707

Star Chrysler, Inc.
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Stephen Koufakis

_____
                    Date

VOYNOW_035708

# VOYNOW, BAYARD AND COMPANY

### CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER
1210 NORTHBROOK DRIVE, SUITE 140
TREVOSE, PENNSYLVANIA 19053
(215) 355-8000
FAX: (215) 396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. Steve Koufakis
Metro Chrysler
c/o Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re:  Metro Chrysler
     Star Auto Body of Queen Village LLC

Dear Steve:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us. It is the your responsibility to provide all the information required for the preparation of complete and accurate returns. We will not audit or otherwise verify the information submitted. To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only. Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us. This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter. Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035709

Metro Chrysler
December 30, 2009
Page 2

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records. The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability. You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility. A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter. Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035710

Metro Chrysler
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our
service.  Rather, our fees for this engagement will be based on a number of
factors, including but not limited to, the time spent as well as the
complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information
requested will constitute a basis for our election to terminate our
services. If we elect to terminate our services, our engagement will be
deemed to have been completed upon written notification of termination,
even if we have not completed the returns.  The company will be obligated,
through the date of termination, to compensate us for all outstanding
invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data
that form the basis of income, deductions, and credits.  These may be
necessary to prove the accuracy and completeness of the returns to a taxing
authority.  The company has the final responsibility for the tax returns
and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the
copy of this letter in the space provided and return it to us.

                                    Very truly yours,

                                    *Voynow, Bayard and Company*

                                    VOYNOW, BAYARD AND COMPANY
                                    Certified Public Accountants

ACKNOWLEDGED:


_____
Steve Koufakis


_____
          Date

VOYNOW_035711

# VOYNOW, BAYARD AND COMPANY

### CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215) 396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 15, 2010

Mr. Michael Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

>       Re:  Star Nissan, Inc.
>            Metro Chrysler
>            Star Toyota
>            Star Auto Body of Queen Village LLC
>            Star Auto Sales of Queens, LLC (Star Subaru)
>            Star Mitsubishi
>            Koufakis Reality LLC
>            Koufakis Realty 211-52 Jamaica Ave
>            210-10 Jamaica Ave, LLC
>            211-48 Jamaica Ave, LLC
>            Star Hyundai, LLC
>            205-11 Northern Blvd, LLC
>            The Koufakis Childrens Trust

Dear Mr. Koufakis:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2010 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2010. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon our electronic filing (e-filing) (federally mandated for 2010) and/or delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities and/or for providing to us the appropriate authorization for e-filing.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive, however, it is usually limited to, as follows:

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035716

Mr. John Koufakis
December 15, 2010
Page 2

- Reconciliation of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
- Reconciliation of Shareholder or Partner Loans

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

VOYNOW_035717

Mr. John Koufakis
December 15, 2010
Page 3

You should retain all books and records, documents, cancelled checks, and other data that form the basis of income, deductions, and credits. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. The taxpayer has the final responsibility for the tax returns and, therefore, they should be reviewed carefully before being signed.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our services. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform, subject to any existing overall fee arrangement with us.

Any inability on our part to sign a tax return, such as a disagreement over a disclosure of a tax position, non-response by you of information requested or non-payment of fees (among other things) will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice for our time through the date of our withdrawal.

The IRS permits you to authorize us to discuss with its representatives, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us. According to IRC Sec. 7216, we cannot authorize the use of or disclose any tax information (including just simply your name and address) to third parties at your request, without your expressed written consent. Please find enclosed consent forms for your convenience of reply with the return of this engagement letter.

Certain communications involving tax advice are privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employees or agents may be waiving this privilege. To protect this right to privileged communication, please consult with us or your attorney prior to disclosing any information about our tax advice. Should you decide that it is appropriate for us to disclose any potentially privileged communication, you agree to provide us with written, advance authority to make that disclosure.

VOYNOW_035718

Mr. John Koufakis
December 15, 2010
Page 4

Should you receive any request for the disclosure of privilege information
from any third party, including a subpoena or IRS summons, we will notify
you.   In the event that you direct us not to make the disclosure, you agree
to hold us harmless for any expenses incurred in defending the privilege,
including, by way of illustration only, our attorney's fees, court costs,
outside adviser's costs, or penalties or fines imposed as a result of your
asserting the privilege or your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response, and to reimburse us
for all f our out-of-pocket costs incurred in the regard.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.   The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

If, after full consideration and consultation with counsel if so desired,
the company agrees to authorize us to prepare the tax returns pursuant to
the terms set forth above, please execute this letter on the line below
designated for signature by an officer, and return this executed letter to
this office.   The company should keep a copy of this fully executed letter
for its records.   Once we receive from you this executed letter, and only
then, can we commence with the process involved in the preparation of your
tax returns.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.   If
you have any questions, please let us know.   We will be pleased to discuss
this letter with you at any time.


                                        Very truly yours,

                                        *Voynow, Bayard and Company*

                                        VOYNOW, BAYARD AND COMPANY
                                        Certified Public Accountants


ACCEPTED AND AGREED:


_____
        Mr. John Koufakis


_____
            Date


VOYNOW_035719

**VOYNOW, BAYARD, WHYTE AND COMPANY, LLP**

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215) 396-2600

PARTNERS:
HUGH WHITE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
SHAWN P. MCCORMACK
ROBERT P. SEIBEL, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA\*
ROBERT H. BAYARD, CPA\*

\*INACTIVE STATUS

December 15, 2011

Mr. Michael Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re:  Star Nissan, Inc.
     Star Chrysler Jeep Dodge
     Star Auto Sales of Bayside, Inc (Star Toyota)
     Star Auto Body of Queen Village LLC
     Star Auto Sales of Queens, LLC (Star Subaru)
     Star Star Auto Sales of Queens Village, LLC (Star Mitsubishi)
     Star Auto Sales of Queens County, LLC (Star Fiat)
     Star Hyundai, LLC
     Koufakis Reality LLC
     Koufakis Realty 211-52 Jamaica Ave
     210-10 Jamaica Ave, LLC
     211-48 Jamaica Ave, LLC
     205-11 Northern Blvd, LLC
     The Koufakis Childrens Trust

Dear Mr. Koufakis:

We are pleased to confirm and specify the terms of our engagement with the
above mentioned companies and to clarify the nature and extent of the
services we will provide regarding the preparation of its (their) tax
return(s).

We will prepare the 2011 federal tax return, and tax returns for the state
and localities of organization and/or where doing business (collectively,
the "returns) in 2011. You are responsible for providing us all information
necessary to identify all state and localities in which it conducts
business or derives income.

Our engagement will be satisfied upon our electronic filing (e-filing)
(federally mandated for 2011) and/or delivery of the completed returns.
Therefore, you will be solely responsible for filing the returns with the
appropriate taxing authorities and/or for providing to us the appropriate
authorization for e-filing.

We will prepare the returns from information provided us.  It is the your
responsibility to provide all the information required for the preparation
of complete and accurate returns.  We will not audit or otherwise verify
the information submitted.  To the extent we render any services, it will
be limited to those tasks we deem necessary for the preparation of the
returns only.  Historically, we have provided assistance in preparing
certain reconciliations of balance sheet and income statement accounts

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035720

Mr. John Koufakis
December 15, 2011
Page 2

based on the information supplied to us.  This list is not necessarily all
inclusive, however, it is usually limited to, as follows:

- Reconciliation of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
- Reconciliation of Shareholder or Partner Loans

Unless otherwise noted by you, this same assistance will be provided during
the current year engagement and is subject to the same terms and conditions
set forth in this letter.  Please note that we will not determine the
completeness or accuracy of the information supplied and the assistance we
do provide is not to be construed as an oversight function, in any respect,
of a company's accounting system; therefore, there should be no reliance,
stated or implied, by a company on the accuracy of the assistance we are to
provide. As a result of our assistance, we may propose standard, adjusting,
or correcting journal entries to your books and records.  The company,
however, has final responsibility for reviewing the proposed entries and
understanding the nature and impact of the proposed entries on the returns.
Furthermore, it is the company's responsibility, once these entries have
been agreed to, to post the entries to its accounting system in a timely
manner.

The law provides various penalties that may be imposed when taxpayers
understate their liability.  You acknowledge that such understated tax, and
any imposed interest and penalty thereon, are your responsibility.  A
company's returns may be selected for review by the taxing authorities or a
company may receive a notice requesting a response to certain issues on a
tax return.  Any proposed adjustments by the examining agent are subject to
certain rights of appeal.  In the event of such government tax examination
or inquiry, we will clarify the nature and extent of services we will
provide regarding the tax examination or inquiry response and will render
additional invoices for these services.

Any additional services not referenced above will be considered "out of
scope" of this engagement letter.  Prior to the commencement of "out of
scope" services, we will discuss the nature and extent of the work that
clarifies these services.

The timeliness of a company's cooperation is essential to our ability to
complete this engagement.  Specifically, we must receive sufficient
information from which to prepare the return within a reasonable period of
time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our
engagement cannot be relied upon to disclose errors, fraud, or other
illegal acts that may exist.  However, it may be necessary to ask the
company for clarification of some of the information provided, and we will
inform the company of any material errors, fraud, or other illegal acts
that come to our attention.

You are responsible for maintaining an adequate and efficient accounting
system, for safeguarding assets, for authorizing transactions, and for
retaining supporting documentation for those transactions, all of which
will among other things, help assure the preparation of proper returns.

VOYNOW_035721

Mr. John Koufakis
December 15, 2011
Page 3

Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

You should retain all books and records, documents, cancelled checks, and other data that form the basis of income, deductions, and credits. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. The taxpayer has the final responsibility for the tax returns and, therefore, they should be reviewed carefully before being signed.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our services. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform, subject to any existing overall fee arrangement with us.

Any inability on our part to sign a tax return, such as a disagreement over a disclosure of a tax position, non-response by you of information requested or non-payment of fees (among other things) will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice for our time through the date of our withdrawal.

The IRS permits you to authorize us to discuss with its representatives, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us. According to IRC Sec. 7216, we cannot authorize the use of or disclose any tax information (including just simply your name and address) to third parties at your request, without your expressed written consent. Please find enclosed consent forms for your convenience of reply with the return of this engagement letter.

Certain communications involving tax advice are privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employees or agents may be waiving this privilege. To protect this right to privileged communication, please consult with your attorney prior to disclosing any information

VOYNOW_035722

Mr. John Koufakis
December 15, 2011
Page 4

about our tax advice.  Should you decide that it is appropriate for us to
disclose any potentially privileged communication, you agree to provide us
with written, advance authority to make that disclosure.

Should we receive any request for the disclosure of privileged information
from any third party, including a subpoena or IRS summons, we will notify
you.  In the event that you direct us not to make the disclosure, you agree
to hold us harmless for any expenses incurred in defending the privilege,
including, by way of illustration only, our attorney's fees, court costs,
outside adviser's costs, or penalties or fines imposed as a result of your
asserting the privilege or your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response, and to reimburse us
for all f our out-of-pocket costs incurred in the regard.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

If, after full consideration and consultation with counsel if so desired,
the company agrees to authorize us to prepare the tax returns pursuant to
the terms set forth above, please execute this letter on the line below
designated for signature by an officer, and return this executed letter to
this office.  The company should keep a copy of this fully executed letter
for its records.  Once we receive from you this executed letter, and only
then, can we commence with the process involved in the preparation of your
tax returns.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACCEPTED AND AGREED:

_____
            Mr. Michael Koufakis

_____
            Date

VOYNOW_035723



**VOYNOW BAYARD WHYTE**
AND COMPANY, LLP
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
SHAWN P. MCCORMACK
ROBERT P. SEIBEL, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA*
ROBERT H. BAYARD, CPA*
*INACTIVE

December 28, 2012

Mr. Michael Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re:   Star Auto Sales of Bayside, Inc. (Star Toyota)
      Star Nissan, Inc.
      Star Chrysler Jeep Dodge
      Star Auto Sales of Queens, LLC (Star Subaru)
      Star Auto Sales of Queens Village, LLC (Star Mitsubishi)
      Star Auto Sales of Queens County, LLC (Star Fiat)
      Star Hyundai, LLC
      Star Auto Body of Queens Village LLC
      Star Prep of Queens, LLC
      Koufakis Realty LLC
      Koufakis Realty 211-52 Jamaica Ave
      210-10 Jamaica Ave, LLC
      211-48 Jamaica Ave, LLC
      205-11 Northern Blvd, LLC
      The Koufakis Childrens Trust
      Georgia Koufakis Trust
      John M. Koufakis Grandchildren's Trust

Dear Mr. Koufakis:

We are pleased to confirm and specify the terms of our engagements with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of their tax returns.

We will prepare the 2012 federal tax returns, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns") in 2012. You are responsible for providing us all information necessary to identify all state and localities in which they conduct business or derive income.

Our engagement will be satisfied upon our electronic filing (e-filing) and/or delivery of the completed returns.  Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities and/or for providing to us the appropriate authorization for e-filing.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will

VOYNOW_035724

Mr. Michael Koufakis
December 28, 2012
Page 2

be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive, however, it is usually limited to, as follows:

- Reconciliation of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
- Reconciliation of Shareholder or Partner Loans

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

VOYNOW_035725

Mr. Michael Koufakis
December 28, 2012
Page 3

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

You should retain all books and records, documents, cancelled checks, and other data that form the basis of income, deductions, and credits. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. The taxpayer has the final responsibility for the tax returns and, therefore, they should be reviewed carefully before being signed.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our services. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform, subject to any existing overall fee arrangement with us.

Any inability on our part to sign a tax return, such as a disagreement over a disclosure of a tax position, non-response by you of information requested or non-payment of fees (among other things) will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice for our time through the date of our withdrawal.

The IRS permits you to authorize us to discuss with its representatives, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us. According to IRC Sec. 7216, we cannot authorize the use of or disclose any tax information (including just simply your name and address) to third parties at your request, without your expressed written consent. Please find enclosed consent forms for your convenience of reply with the return of this engagement letter.

VOYNOW_035726

Mr. Michael Koufakis
December 28, 2012
Page 4

Certain communications involving tax advice are privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employees or agents may be waiving this privilege. To protect this right to privileged communication, please consult with your attorney prior to disclosing any information about our tax advice. Should you decide that it is appropriate for us to disclose any potentially privileged communication, you agree to provide us with written, advance authority to make that disclosure.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event that you direct us not to make the disclosure, you agree to hold us harmless for any expenses incurred in defending the privilege, including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege or your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response, and to reimburse us for all f our out-of-pocket costs incurred in the regard.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement. The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

If, after full consideration and consultation with counsel if so desired, the company agrees to authorize us to prepare the tax returns pursuant to the terms set forth above, please execute this letter on the line below designated for signature by an officer, and return this executed letter to this office. The company should keep a copy of this fully executed letter for its records. Once we receive from you this executed letter, and only then, can we commence with the process involved in the preparation of your tax returns.

VOYNOW_035727

Mr. Michael Koufakis
December 28, 2012
Page 5


We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

Very truly yours,

*Voynow, Bayard, Whyte & Company, LLP*

VOYNOW, BAYARD, WHYTE & COMPANY, LLP
Certified Public Accountants

ACCEPTED AND AGREED:

_____
          Mr. Michael Koufakis


_____
          Date

VOYNOW_035728



**VOYNOW BAYARD WHYTE**
**AND COMPANY, LLP**
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
SHAWN P. MCCORMACK
ROBERT P. SEIDEL, CPA

PAUL VOYNOW, CPA*
ROBERT H. BAYARD, CPA*
*INACTIVE

January 2, 2014

Mr. Michael Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re:  Star Auto Sales of Bayside, Inc. (Star Toyota)
     Star Nissan, Inc.
     Star Chrysler Jeep Dodge
     Star Auto Sales of Queens, LLC (Star Subaru)
     Star Auto Sales of Queens Village, LLC (Star Mitsubishi)
     Star Auto Sales of Queens County, LLC (Star Fiat)
     Star Hyundai, LLC
     Star Auto Body of Queens Village LLC
     Koufakis Realty LLC
     Koufakis Realty 211-52 Jamaica Ave
     210-10 Jamaica Ave, LLC
     211-48 Jamaica Ave, LLC
     205-11 Northern Blvd, LLC
     The Koufakis Childrens Trust
     Georgia Koufakis Trust
     John M. Koufakis Grandchildren's Trust

Dear Michael:

We are pleased to confirm and specify the terms of our engagement with the
above mentioned companies and to clarify the nature and extent of the
services we will provide regarding the preparation of its (their) tax
return(s).

We will prepare the 2013 federal tax returns, and tax returns for the state
and localities of organization and/or where doing business (collectively,
the "returns) in 2013. You are responsible for providing us all information
necessary to identify all state and localities in which it conducts
business or derives income.

Our engagement will be satisfied upon our electronic filing (e-filing)
and/or delivery of the completed returns.  Therefore, you will be solely
responsible for filing the returns with the appropriate taxing authorities
and/or for providing to us the appropriate authorization for e-filing.

VOYNOW_035729

Mr. Michael Koufakis
January 2, 2014
Page 2

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive, however, it is usually limited to, as follows:

- Reconciliation of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
- Reconciliation of Shareholder or Partner Loans

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns.  Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

Unless we are otherwise advised, you are responsible for confirming that personal expenses, if any, are segregated from business expenses and expenses such as meals, travel, entertainment, vehicle use, gifts, and related expenses, are supported by necessary records required by the IRS and other taxing authorities.  At your request, we are available to answer your questions and advise you on the types of supporting records required.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient

VOYNOW_035730

Mr. Michael Koufakis
January 2, 2014
Page 3

information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

It may become necessary to apply for an extension of the filing deadline if there are unresolved tax issues or delays in processing, or if we do not receive all of the necessary information from you on a timely basis.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

You acknowledge your responsibility to inform us of any listed transactions or transactions of interest as designated by the IRS. You agree to hold us harmless with respect to any additional taxes, penalties or interest imposed on you by taxing authorities resulting from your failure to time notify us, in writing, of all such transactions in order to facilitate the timely preparation and filing of your tax returns.

You should retain all books and records, documents, cancelled checks, and other data that form the basis of income, deductions, and credits. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. The taxpayer has the final responsibility for the tax returns and, therefore, they should be reviewed carefully before being signed.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our services. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform, subject to any existing overall fee arrangement with us.

Any inability on our part to sign a tax return, such as because of a disagreement over a disclosure of a tax position, non-response by you of

VOYNOW_035731

Mr. Michael Koufakis
January 2, 2014
Page 4

information requested or non-payment of fees (among other things) will
constitute a basis for our election to terminate our services. If we elect
to terminate our services, our engagement will be deemed to have been
completed upon written notification of termination, even if we have not
completed the returns.  The company will be obligated, through the date of
termination, to compensate us for all outstanding invoices as well as our
final invoice for our time through the date of our withdrawal.

The IRS permits you to authorize us to discuss with its representatives, on
a limited basis, aspects of your return for one year after the return's due
date.  Your consent to such a discussion is evidenced by checking a box on
the return.  Unless you tell us otherwise, we will check that box
authorizing the IRS to discuss your return with us.  According to IRC Sec.
7216, we cannot authorize the use of or disclose any tax information
(including just simply your name and address) to third parties at your
request, without your expressed written consent under a prescribed IRS
format.

Certain communications involving tax advice are privileged and not subject
to disclosure to the IRS.  By disclosing the contents of those
communications to anyone, or by turning over information about those
communications to the government, you, your employees or agents may be
waiving this privilege.  To protect this right to privileged communication,
please consult with us or your attorney prior to disclosing any information
about our tax advice.  Should you decide that it is appropriate for us to
disclose any potentially privileged communication, you agree to provide us
with written, advance authority to make that disclosure.

Should you receive any request for the disclosure of privilege information
from any third party, including a subpoena or IRS summons, we will notify
you.  In the event that you direct us not to make the disclosure, you agree
to hold us harmless for any expenses incurred in defending the privilege,
including, by way of illustration only, our attorney's fees, court costs,
outside adviser's costs, or penalties or fines imposed as a result of your
asserting the privilege or your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response, and to reimburse us
for all of our out-of-pocket costs incurred in this regard.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

If, after full consideration and consultation with counsel if so desired,
the company agrees to authorize us to prepare the tax returns pursuant to
the terms set forth above, please execute this letter on the line below
designated for signature by an officer, and return this executed letter to
this office.  The company should keep a copy of this fully executed letter

VOYNOW_035732

Mr. Michael Koufakis
January 2, 2014
Page 5

for its records.  Once we receive from you this executed letter, and only
then, can we commence with the process involved in the preparation of your
tax returns.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

                                    Very truly yours,

                                    *Voynow, Bayard, Whyte & Company, LLP*

                                    VOYNOW, BAYARD, WHYTE & COMPANY, LLP
                                    Certified Public Accountants

ACCEPTED AND AGREED:


_____
          Michael Koufakis


_____
          Date

VOYNOW_035733



**VOYNOW BAYARD WHYTE**
AND COMPANY, LLP
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
SHAWN P. MCCORMACK
ROBERT P. SEIDEL, CPA

PAUL VOYNOW, CPA*
ROBERT H. BAYARD, CPA*
*INACTIVE

January 30, 2015

Mr. Michael Koufakis
Star Nissan, Inc
206-26 Northern Blvd
Bayside, NY 11361

RE: 205-11 Northern Blvd, LLC        Georgia Koufakis Trust
    210-10 Jamaica Ave, LLC          Koufakis Childrens Trust
    211-48 Jamaica Ave, LLC          John M. Koufakis Grandchildrens
    Koufakis Realty, LLC                 Trust
    Koufakis Realty 211-52 Jamaica Avenue, LLC
    Star Auto Body of Queens Village, LLC
    Star Auto Sales of Bayside, Inc
    Star Auto Sales of Queens, LLC
    Star Auto Sales of Queens County, LLC
    Star Auto Sales of Queens Village, LLC
    Star Chrysler Jeep Dodge
    Star Hyundai, LLC
    Star Nissan, Inc

Dear Mr. Koufakis:

We are pleased to provide you with the professional services
described below.  This letter confirms our understanding of the
terms and objectives of our engagement and the nature and
limitations of the services we will provide.  This engagement
between you and our firm will be governed by the terms of this
letter. We will perform our services in accordance with the
Statements on Standards for Tax Services issued by the American
Institute of Certified Public Accountants.

*Scope of Engagement*

We will prepare the 2014 federal tax return for the above
entity(ies) (including, if applicable, special Forms 3115 and
related elections and disclosures for taxpayer compliance with the
2014 mandated reporting under Treasury's final "Tangible Property
Regulations") and tax returns for the state and

NORTHBROOK CORPORATE CENTER · 1210 NORTHBROOK DRIVE · SUITE 140 · TREVOSE, PA 19053 · 215.355.8000 · 215.396.2000 F
MEMBER · AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER · PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035734

Mr. Michael Koufakis
January 30, 2015
Page 2

localities of organization and/or where doing business
(collectively, the "returns" in 2014).  You are responsible for
providing us all information necessary to identify all state and
localities in which business is conducted or income is derived.

We will not prepare any tax returns except those identified
without your written authorization to do so.  We will prepare your
tax returns based upon information and representations
provided to us.  We will not audit or otherwise verify the data
you submit to us, although we may ask you to clarify some of the
information.  We will prepare the tax returns solely for filing
with the Internal Revenue Service ("IRS") and state and local tax
authorities.  They are not intended to benefit or influence any
third party, either to obtain debt or equity financing or for any
other purpose.  As such, we will not respond to any request from
banks, mortgage brokers or other lenders for verification of any
any information reported on these tax returns.

As a result, you agree to indemnify and hold our firm and any of
its partners, principals, members, employees, agents or assigns
harmless with respect to any and all claims arising from the use
of the tax returns for any purpose other than filing with the IRS
and state and local tax authorities regardless of the nature of
the claim, including the negligence of any party.

*Client Responsibilities*

You will provide us with a trial balance and other supporting data
needed to prepare your tax returns.  It is your obligation to
provide us with accurate and complete information, including
worldwide income.

Documentation

You are responsible for maintaining an adequate and efficient
accounting system for safeguarding assets and authorizing
transactions and maintaining adequate documentation to
substantiate the accuracy and completeness of your tax returns.
You should retain all documents that provide evidence and support
for reported income, credits, and deductions on your returns as
required under tax law.  You are responsible for the adequacy of
all such documents.  You represent that you have such
documentation and can produce it if needed to respond to any audit
or inquiry by taxing authorities.  You agree to hold us

VOYNOW_035735

Mr. Michael Koufakis
January 30, 2015
Page 3

harmless with respect to any additional taxes, penalties, or
interest imposed on you by taxing authorities resulting from the
disallowance of tax deductions due to inadequate documentation.

Personal Expenses

Unless we are otherwise advised, you are responsible for
confirming that personal expenses, if any, are segregated from
business expenses and expenses such as meals, travel,
entertainment, vehicle use, gifts, and related expenses that are
supported by necessary records required by the IRS and other
taxing authorities.  At your request, we are available to answer
your questions and advise you on the types of supporting records
required.

Worker Classification

You are responsible for determining the correctness of any
employment relationship which you have deemed to be that of an
independent contractor.  Payroll tax withholding and related
employer payroll tax implications result from this determination.
We recommend obtaining a Form W-9, Request for Taxpayer
Identification Number and Certification, signed by the independent
contractor, as well as a signed contract with the independent
contractor.  A Form 1099-MISC, Miscellaneous Income, should be
issued to all unincorporated independent contractors to whom you
pay $600 or more for services.  In the preparation of your tax
returns, we will presume, when it appears to be self-evident from
the trial balance and other supporting data that payments were
made that met this threshold (or some other 1099 form filing
requirements), that management has filed these forms unless we are
expressly told otherwise.

Listed Transactions and Transactions of Interest

You acknowledge your responsibility to inform us of any listed
transactions or transactions of interest as designated by the IRS.
You agree to hold us harmless with respect to any additional
taxes, penalties, or interest imposed on you by taxing authorities
resulting from your failure to timely notify us, in writing, of
all such transactions in order to facilitate the timely
preparation and filing of your tax returns.

Foreign Filing Obligations

You are responsible for complying with any other country's income

VOYNOW_035736

Mr. Michael Koufakis
January 30, 2015
Page 4

reporting and tax filing requirements. If you have reason to
believe there exists the possibility of any foreign tax filing
obligations, please contact us to discuss your concerns.

<u>Affordable Care Act</u>

The Affordable Care Act ("ACA") added various new health insurance
related mandates, penalties and credits to the Internal
Revenue Code beginning in 2014.  You acknowledge and agree that we
are relying solely on the information provided to us by you
in connection with the preparation of the tax forms. Unless
notified otherwise, we are presuming that you are in compliance
with the ACA, with the knowledge that all employees in 2014 had
minimum essential coverage or qualified for exemptions.  We have
not been engaged to provide any advice regarding the eligibility
for any credits or estimates of any payments or penalties.  We
recommend that you consult with your insurance broker or advisor
with respect to these matters.

<u>Capitalization Policy</u>

For entities owning tangible property, you were responsible for
establishing a capitalization policy for recording fixed assets as
of January 1, 2014 in order to apply the DeMinimus Safe Harbor for
deductible expenditures under the "Tangible Property Regulations",
previously noted above. You acknowledge that, in connection with
our preparation of the required Forms 3115, if applicable, we are
relying solely on the information provided to us by management
regarding your accounting system's criteria for recording
capitalizable and non-capitalizable expenditures related to
tangible property and its categorization of tangible property, as
delineated by their depreciable lives/recovery periods prescribed
by the IRS.  At your request, we are available to answer your
questions on how to further comply with the regulations.

*CPA Firm Responsibilities*

Our services will be limited to only those tasks we deem necessary
for the preparation of the returns. We may deem it necessary to
provide you with accounting and bookkeeping assistance in that
regard.  We will request your approval before rendering these
services, if they look to be significant, since additional charges
would apply.  Please note that we will not validate the
completeness or accuracy of the information supplied, and the
assistance we do provide is not to be construed