UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI LLC
(d/b/a STAR HYUNDAI), STAR NISSAN, INC.
(d/b/a STAR NISSAN), METRO CHRYSLER
PLYMOUTH INC. (d/b/a STAR CHRYSLER
JEEP DODGE), STAR AUTO SALES OF
QUEENS COUNTY LLC (d/b/a STAR FIAT)
and STAR AUTO SALES OF QUEENS
VILLAGE LLC (d/b/a STAR MITSUBISHI),

      Plaintiffs,

  v.

VOYNOW, BAYARD, WHYTE
AND COMPANY, LLP, HUGH WHYTE,
RANDALL FRANZEN and ROBERT SEIBEL,

      Defendants.
-------------------------------------------------------------x

18 cv 5775-ERK-CLP

**PLAINTIFFS' FIRST DEMAND
FOR THE PRODUCTION
OF DOCUMENTS**

    ***PLEASE TAKE NOTICE*** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs respectfully request that defendants produce, subject to the following definitions and instructions, the following documents:

### DEFINITIONS

    1.  The term "Plaintiffs" shall mean Star Auto Sales of Bayside, Inc. (d/b/a Star Toyota of Bayside), Star Auto Sales of Queens, LLC (d/b/a Star Subaru), Star Hyundai LLC (d/b/a Star Hyundai), Star Nissan, Inc. (d/b/a Star Nissan), Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep Dodge), Star Auto Sales of Queens County LLC (d/b/a Star Fiat), Star Auto Sales of Queens Village LLC (d/b/a Star Mitsubishi) and Star Auto Body of Queens Village, LLC (d/b/a Star Auto Body of Queens Village).

2. The terms "You," "Your," or "Defendants" shall mean to Voynow, Bayard, Whyte and Company, LLP, Hugh Whyte, Randall Franzen and Robert Seibel, individually and collectively, as well as its and their successors, predecessors, attorneys, representatives, or agents, and all other persons acting or purporting to act on its or their behalf.

3. The term "Vivian Karouzakis" shall mean Vivian Karouzakis, as well as her husband, children, representatives, agents and/or any other persons acting or purporting to act on her behalf.

4. The term "service" shall mean in the broadest possible sense each and every accounting or other form of advice or service provided by any Defendant to any Plaintiff herein, including without limitation preparation of tax returns of any kind, any review or attention to year end account balances for tax purposes or otherwise, any services regarding year end closings, any services regarding account reconciliations, any advice or services concerning any financing arrangements of any kind, any advice or services concerning factory part reconciliations, any advice or services concerning management, any advice or service concerning planning, any advice or service concerning personnel, any advice or service concerning training of personal and any advice or service concerning operating or accounting systems.

5. The term "concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

6. The term "communication" means the transmittal or information (in the form of facts, ideas, inquiries or otherwise).

7. The term "document" is intended to have the broadest possible meaning. "Documents" includes any writings, recordings, or photographs, and includes without limitation any memoranda, correspondence, communication, e-mails, calendars, notebooks, files, folders,

2

notes, telephone logs, diary entries, appointment books, graphics, images, film, videos, photographs, plans, agreements, contracts, files, schedules, journals, text messages, facsimiles, minutes of meetings, stenographic and handwritten notes, news articles and press releases, printouts, punch cards, logs, desk calendars, diaries, appointment books, computer data, tapes and discs, video tapes, voice recordings, all drafts and/or non-identical copies of every such writing, any other items of a similar nature, and any other type of writing or record or media, including any "ESI" (as that term is defined below), regardless of the manner in which produced or recorded, whether handwritten, typed, printed or recorded. Any document bearing marks, including, but not limited to, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof is a separate document.

8. The term "ESI" means all electronic information stored on any kind of electronic media or in an electronic format including, but not limited to:

a. e-mails (including their attachments, if any, and e-mails currently located in any folder outside an inbox (i.e. e-mails in sent items or outbox, deleted items, or personal folders, wherever located, including on any personal web-based or other e-mail accounts (e.g. Yahoo Mail or Gmail));

b. instant messages (i.e. G-chat, AOL IM, Facetime Messenger, iMessages, WhatsApp, GroupMe);

c. text messages (including SMS or MMS);

d. video calls, chats or transcripts (i.e. via Facetime, Skype);

e. social media communications, which means any communication sent or received through a social networking or media website; software or program and includes, but is not limited to tweets; profiles; postings (including postings that include photographs or videos); status updates; tagged photographs; comments (including wall comments); messages; videos; causes or groups joined; or weblog entries on any social networking or other social media website (i.e. Facebook, Instagram, Twitter, LinkedIn, Blogger, YouTube));

3

  f.  office suite documents, which includes, but is not limited to, word processing documents; presentations; spreadsheets; and databases;

  g.  calendars; notes, tasks and reminders;

  h.  telephone logs and voicemails; and

  i.  all other types of information created, stored, or transferred electronically, wherever located, including but not limited to on a desktop, laptop or tablet computer; iPhone, Android or other mobile device; USB/thumb drive or other flash memory drive or removable storage device; web or cloud-based storage server (including those stored as part of a social networking account); or a CD, DVD, audio or video tape or any other storage device. This term also includes a draft of any of the above types of ESI (i.e. draft of an e-mail or word processing document).

## INSTRUCTIONS

1.  Whenever necessary to bring within the score of the Request documents that might otherwise be construed to be outside their scope:

  a.  The use of a verb in any tense shall be construed as that of the verb in all other tenses;

  b.  The use of a word in its singular form shall be deemed to include within its use the plural form as well;

  c.  The use of a word in its plural form shall be deemed to include within its use the singular form as well;

  d.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

  e.  The terms, "all," "any," and "each" shall be construed as encompassing any and all.

2.  Each paragraph of the Requests should be construed independently and no other paragraph shall be referred to or relied on for the purpose of limiting the scope of any Request.

3.  Documents and things should be produced in full, without abbreviation or expurgation, regardless of whether You consider the entire document to be relevant or responsive.

4.  A request for a document shall be deemed to include a request for all actual, proposed or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

5.  Documents and things not otherwise responsive to any of the Requests herein should be produced if such documents and things mention, discuss, refer to, or explain one or more documents and things called for by the Requests or are attached to a document or thing called for by the Requests.

6.  You shall respond to each of these requests for production of documents pursuant to the Definitions and Instructions set forth herein.

7.  The documents called for by the Requests include all documents in Your possession, custody, or control, unless privileged and such privilege has not been waived, regardless of whether those documents are possessed by You, Your employees, representatives, agents or attorneys. A document is deemed to be in Your possession, custody, or control if You have a right to obtain the document or a copy thereof from another person or public or private entity having actual possession thereof. You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail or messaging records, voice-mail records, and World Wide Web or hypertext markup language pages) and of other papers and materials in Your possession or available to You or Your employees, agents, representatives, and attorneys.

8. All documents called for by the Requests are to be produced in their full and unredacted form (except as necessary to protect privilege) and as kept in the ordinary course of business. Documents or pages that are physically attached to one another in Your files should be considered a single document for purposes of this notice and should be produced in that form. Documents that are categorized or identified by file labels, dividers, tabs or any other method should be produced along with the labels, dividers or tabs. Documents should be produced in the order in which they are maintained or categorized by request.

9. With respect to any document or thing responsive to the Requests that is withheld from production based on a claim of privilege, or for any other reason, describe such document by date, type (e.g., letter, memorandum, email, note), author, addressee, persons copied, general subject matter, claimed ground for the withholding, and, if not apparent, the relationship of the author, addressee, and recipients to each other. Respondents are prepared to meet and confer with Claimant concerning a narrowing of documents that needed to be placed on a privilege log as well as the use of categorical designations in lieu of a document-by-document log.

10. In the event that any requested document or thing is known to have existed and cannot now be located or has been destroyed or discarded, that documents shall be identified by: the last known custodian, date of destruction or discard, the manner of destruction or discard, the reasons for destruction or discard, any efforts made to locate such documents, and a statement describing the document by contents, author, and recipients.

11. If You are unable fully to respond to any of the Requests, supply the information that is available and explain why Your response is incomplete, the efforts made by

You to obtain responsive documents and things, and the source from which all responsive documents and things may be obtained, to the best of Your knowledge or belief.

12. The fact that a document has been or will be produced by another party (or nonparty) does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical in all respects.

13. Please provide documents as single-page TIFFs, with document level OCR, delimited (.DAT) document load file, LFP or OPT image load files, and metadata for the following fields: BegDoc, EndDoc, BegAttach, EndAttach, Subject, FileName, Sent Date, Created Date, Last Modified Date, Author, From, To, CC, BCC, Recipients, Custodian, FilePath, Parent, MD5, ConfidentialStamp, Text_Path, and File_Path.

14. Please provide separate copies of spreadsheets (Excel), presentations (PowerPoint) and database files in their native format. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC0000001.xls").

15. The Requests are continuing in nature. If after responding to the Requests, You obtain or become aware of any additional documents responsive to any of the Requests, You are required to furnish a supplemental response to Respondents when such information becomes available.

16. Unless otherwise specified below, each Request should be interpreted to include all documents created, generated, dated, executed, sent, issued, received or in effect during the period from **January 1, 2010** to the date hereof.

## SPECIFIC REQUESTS

1. All documents concerning any communications between defendant Whyte and any Plaintiff.

2. All documents concerning any communications between defendant Franzen and any Plaintiff.

3. All documents concerning any communications between defendant Seibel and any Plaintiff.

4. All documents concerning any communications between any other Defendant and any Plaintiff.

5. All documents concerning any communication between any Defendant and any employee and/or former employee of any Plaintiff.

6. All engagement letters or other documents concerning any agreement for a scope of services between Plaintiffs and Defendants.

7. All documents concerning any billing and/or payment for services rendered by any Defendant to any Plaintiff.

8. A complete set of all work papers for any and all services provided to any Plaintiff.

9. All documents concerning any reporting to any Plaintiff for any service provided to any Plaintiff.

10. All documents concerning any operating manuals, checklists or other written form of guidance regarding any service Defendants offer to clients.

11. All documents concerning any peer review reporting respecting any Defendant.

12. All documents concerning any Voynow promotional literature beyond materials set forth on its web page addressed to or regarding automobile dealerships or the automobile industry.

13. All documents concerning any Voynow client newsletters.

14. All documents concerning any claims of malpractice or breach of contract against any Defendant.

15. All documents concerning any reporting to or correspondence with CNA or any other malpractice insurance regarding any claims of malpractice or breach of contract against any Defendant.

16. A complete copy of any employment or personnel jacket for defendants Whyte, Franzen and Siebel.

17. All documents concerning any document retention policies or practices.

18. All documents concerning Vivian Karouzakis.

19. All documents concerning any communications between any other Defendant and Vivian Karouzakis.

20. All engagement letters or other documents concerning any agreement for a scope of services between Defendants and Vivian Karouzakis.

21. All documents concerning any billing and/or payment for services rendered by any Defendant to Vivian Karouzakis.

22. A complete set of all work papers for any and all services provided to Vivian Karouzakis.

23. All documents concerning any reporting to any Plaintiff for any service provided to Vivian Karouzakis.

9

24. All documents concerning Despina Theocharis (a/k/a Debbie Theocharis).

25. All documents concerning any communications between any other Defendant and Despina Theocharis (a/k/a Debbie Theocharis).

26. All engagement letters or other documents concerning any agreement for a scope of services between Defendants and Despina Theocharis (a/k/a Debbie Theocharis).

27. All documents concerning any billing and/or payment for services rendered by any Defendant to Despina Theocharis (a/k/a Debbie Theocharis).

28. A complete set of all work papers for any and all services provided to Despina Theocharis (a/k/a Debbie Theocharis).

29. All documents concerning any reporting to any Plaintiff for any service provided to Despina Theocharis (a/k/a Debbie Theocharis).

30. All documents concerning Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson).

31. All documents concerning any communications between any other Defendant and Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson).

32. All engagement letters or other documents concerning any agreement for a scope of services between Defendants and Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson).

33. All documents concerning any billing and/or payment for services rendered by any Defendant to Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson).

34. A complete set of all work papers for any and all services provided to Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson).

35. All documents concerning any reporting to any Plaintiff for any service provided to Jacqueline Cutillo (a/k/a Jacqueline Gibson or Jackie Gibson).

36. All documents concerning Ange Raptis.

37. All documents concerning any communications between any other Defendant and Ange Raptis.

38. A complete set of all work papers for any and all services provided to Ange Raptis.

39. All documents concerning Sam Raptis.

40. All documents concerning any communications between any other Defendant and Sam Raptis.

41. A complete set of all work papers for any and all services provided to Sam Raptis.

42. All documents concerning Michael Karouzakis.

43. All documents concerning any communications between any other Defendant and Michael Karouzakis.

44. A complete set of all work papers for any and all services provided to Michael Karouzakis.

45. All documents concerning George Theocharis.

46. All documents concerning any communications between any other Defendant and George Theocharis.

47. A complete set of all work papers for any and all services provided to George Theocharis.

48. All documents concerning Douglas Filardo.

49. All documents concerning any communications between any other Defendant and Douglas Filardo.

50. A complete set of all work papers for any and all services provided to Douglas Filardo.

51. All documents concerning Richard Provenzano.

52. All documents concerning any communications between any other Defendant and Richard Provenzano.

53. A complete set of all work papers for any and all services provided to Richard Provenzano.

54. All documents concerning Alkarim Pardhan.

55. All documents concerning any communications between any other Defendant and Alkarim Pardhan.

56. A complete set of all work papers for any and all services provided to Alkarim Pardhan.

57. All documents concerning Carmen Jones.

58. All documents concerning any communications between any other Defendant and Carmen Jones.

59. A complete set of all work papers for any and all services provided to Carmen Jones.

60. All documents concerning Gladys Galarza.

61. All documents concerning any communications between any other Defendant and Gladys Galarza.

62. A complete set of all work papers for any and all services provided to Gladys Galarza.

63. All documents concerning Ahra Han.

64. All documents concerning any communications between any other Defendant and Ahra Han.

65. A complete set of all work papers for any and all services provided to Ahra Han.

66. All documents concerning Aphrodite Gellis.

67. All documents concerning any communications between any other Defendant and Aphrodite Gellis.

68. A complete set of all work papers for any and all services provided to Aphrodite Gellis.

69. All documents concerning Hora Ezraseneh.

70. All documents concerning any communications between any other Defendant and Hora Ezraseneh.

71. A complete set of all work papers for any and all services provided to Hora Ezraseneh.

72. All documents concerning Omar Alvarez.

73. All documents concerning any communications between any other Defendant and Omar Alvarez.

74. A complete set of all work papers for any and all services provided to Omar Alvarez.

75. All documents concerning Christina Haynes.

76. All documents concerning any communications between any other Defendant and Christina Haynes.

77. A complete set of all work papers for any and all services provided to Christina Haynes.

78. All documents regarding any affirmative defense asserted by any Defendant.

79. All documents Defendants intend to use as exhibits at trial.

Dated: New York, New York
       March 1, 2019

                              **TRACHTENBERG RODES & FRIEDBERG LLP**

By: _____
      Barry J. Friedberg (BF 7337)

545 Fifth Avenue
New York, New York 10017
(212) 972-2929

*Attorneys for Plaintiffs*