

620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com


July 4, 2022


**VIA EMAIL [jamiefelsen@mllaborlaw.com]**
Jamie Felsen, Esquire
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

> RE:   Star Auto Sales, et al. v. Voynow, et al.
> Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-CLP
> Our File No.:  03127.01373

Dear Mr. Felsen:

Please accept this response to Plaintiffs' June 3, 2022 letter asserting certain discovery deficiencies.

With regard to Plaintiffs' claim that Defendants' did not produce documents dating from January 1, 2010 to December 31, 2018, Plaintiffs' claim is simply incorrect.  Defendants have produced documents which were responsive to Plaintiffs' requests during this time frame.

With regard to Defendants' December 17, 2021 privilege log, Defendants will provide an amended privilege log with regard to its most recent production.

**Request for Production No. 3**:  Defendants stand by their objections to this request.  Defendants' procedures performed with regard to Plaintiffs' engagement is described in the workpapers all of which have been produced.  Documents relating to Defendants' engagements with other clients are both irrelevant and privileged.

**Request for Production No. 11**:  Defendants interpreted this request as a request for documents relating to accounting services rendered "to Plaintiffs' former or current employees" which as you are aware, Defendants did provide certain services to some of these former or current employees.  Based upon the deficiency letter, it appears that Defendants misconstrued this request and that Plaintiffs are seeking documents relating to communications with Plaintiff's "current or former employees" but concerning the Star Auto Entities' engagement.  Assuming that is the intent of this Request, Defendants have produced all such documents and will amend their responses to Request No. 11.

Jamie Felsen, Esquire
July 4, 2022
Page 2

**Request for Production No. 17**:  The phrase "Plaintiffs' journal entry logs" is vague and undefined.  Notwithstanding, Defendants have produced all responsive documents regarding any journal entries that Defendants prepared for purposes of year-end tax work.  Defendants will amend their response to this Request.

**Request for Production No. 20**: Defendants stand by their objections.  To the extent Defendants marketed its services to Plaintiffs, Defendants have already produced those documents.  (See e.g., Plaintiffs' First RPD #13).  There is no allegation that Plaintiffs ever saw or relied upon any documents provided by Voynow to its other clients for purposes of Defendants' qualifications or capabilities or marketing.  Further, the request seeks Defendants' communications with other clients relating to the specific needs of those other clients, which are not only irrelevant to the services Defendants provided to Plaintiffs, but are privileged under Pennsylvania's CPA Law.

Plaintiffs' argument quoting a portion of Defendants' July 23, 2021 correspondence to the Court is misguided.  The case law cited in Defendants' July 23, 2021 letter involved New York law regarding the lack of an accountant-client privilege.  It was cited in connection with regard to Defendants' arguments pertaining to Rosenfield & Company,  a New-York based accounting firm who provided services in New York.  Voynow is a Pennsylvania-based accounting firm servicing clients in Pennsylvania where an accountant-client privilege is recognized under the law.  Hence, Defendants' objections based upon accountant-client privilege are proper.

**Requests for Production Nos. 21-24**:  Defendants have produced their malpractice insurance policy to Plaintiffs and it is this policy that applies to the professional liability claims at issue.  This policy sets forth the policy limits, policy period,  deductible, terms and exclusions, and it is the only policy that applies to the claims in Plaintiffs' lawsuit.  It is not an eroding limits policy, which thereby renders any other purported claims completely irrelevant.  Rule 26 governs the discovery of insurance policies and provides that Defendants "shall produce for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Defendants have fulfilled its obligations under Rule 26.

With regard to Request No. 21 and 22, any malpractice policies in effect during the years prior to this lawsuit, and any claims made thereunder, are simply irrelevant.  They cannot be used to satisfy any part of a possible judgment nor can they lead to the discovery of admissible evidence as such information and documents are excluded from evidence under FRE 411.  FRCP 26 does not require a defendant to produce nine years' worth of prior insurance policies or related documents that do not afford coverage to the claims asserted.  Likewise, Requests No. 23 and 24 relating to purported D & O coverage and policies thereunder for the last nine years are also not discoverable.  Plaintiffs' claims for professional negligence and respondeat superior are covered by the Accounting Practice Professional Liability policy and a D&O policy does not even apply to these claims.  Neither FRCP 26 nor any other authority entitle Plaintiffs to nine years' worth of discovery regarding insurance coverage that does not even apply and cannot be used or relied upon to satisfy any part of a possible judgment.

It should also be noted that Plaintiffs' requests related to malpractice claims other than this case have already been answered.  As stated in Defendants' December 17, 2021 correspondence, Plaintiffs' First Request No. 14, Plaintiffs sought "all documents concerning any claims of malpractice or breach of contract against any Defendant."  Request No. 8 in Plaintiffs' Second Document Request sought "all documents and communications relating to accusations of malpractice committed by Voynow except for the instant litigation."  Defendants objected to both of these requests on the basis of lack of relevance, harassment, and privilege.

Jamie Felsen, Esquire
July 4, 2022
Page 3

_____

Defendants stand by these objections.  Nonetheless, Defendants responded that there are no responsive documents to either of these requests other than the privileged documents associated with Plaintiffs' claims against Defendants.  As such, Plaintiffs' continued pursuit of this topic is harassing.

To the extent Plaintiffs argue that Defendants sought discovery regarding insurance coverage for employee theft or claims made by Plaintiff under this coverage, the reasoning behind the requests are totally different.  If Plaintiffs were aware that certain employees had engaged in theft, and made claims for recovery, that documentation is relevant because it could potentially reduce Plaintiffs' damages and it could also establish Plaintiffs' own negligence to the extent it failed to take remedial steps in light of the apparent theft by employees prior to the discovery of Vivian Karazoukis' theft.  In contrast, the Defendants' insurance policy is relevant only insofar as it can be used to satisfy any possible judgment.

**Request for Production No. 31**: Respectfully, this Request does not make sense as worded.  Defendants have already produced their workpapers which document the work they performed.  They have produced the tax returns which they prepared,  Defendants have produced all of their communications with Plaintiffs and their employees regarding Defendants' engagement.  Defendants have also produced all of their internal communications regarding their work performed as part of their engagement for Plaintiffs.  Likewise, Defendants have produced their third party communications regarding their engagement with Plaintiffs.  Lastly, Defendants have produced their engagement letters and their invoices.

The above referenced documents describe "what [Defendants] did do for any Plaintiff."  Defendants will therefore amend their Response to this Request to reflect that responsive documents have been produced.  To the extent this request seeks documents "related to Plaintiffs regarding the job tasks and/or duties they should perform," this request makes no sense.  Should Plaintiffs wish to amend or clarify this aspect of their Request, Defendants will respond accordingly.  Otherwise, Defendants stand by their objections.

**Request for Production No. 35**: This Request also seeks documents relating to other clients' engagements.  Defendants have no idea what Plaintiffs are referring to regarding "how to" or "how did" memos and the request is therefore vague and ambiguous.  Workpapers and communications between Defendants **and their other clients** are completely irrelevant to the tax engagement for Plaintiffs which is at issue.  Further, such documents are privileged and precluded from discovery. Defendants stand by their objections to this Request.

**Request for Production No. 36**: Defendants have no idea what Plaintiffs are referring to regarding "how to" or "how did" memos and the request is therefore vague and ambiguous.  Defendants have produced their engagement letters, their workpapers and their invoices.  They have produced the tax returns which they prepared.  Defendants have produced all of their communications with Plaintiffs and their employees regarding Defendants' engagement.  Defendants have also produced all of their internal communications regarding their work performed as part of their engagement for Plaintiffs.  Likewise, Defendants have produced their third party communications regarding their engagement with Plaintiffs.  Defendants will amend their Response to this Request given the above-referenced documents which have been produced.

**Request for Production No. 38 and 39**: The attachment is a pdf document with the initial set of pages pertaining to non-parties, i.e. the family trust, the real estate holding company, etc.  For that reason, it appears that it was erroneously coded as non-responsive.  Defendants will produce the full pdf and redact the pages which are unrelated to the named Plaintiffs.

Jamie Felsen, Esquire
July 4, 2022
Page 4

_____

**Request for Production No. 40**:   Defendants have retained an expert and this expert review is ongoing. Defendants will provide information responsive to this request in conjunction with the production of its expert report.

**Request for Production No. 44**: Defendants have previously produced all documents responsive to this request.  Defendant will amend their responses to Request No. 44 accordingly.

**Request for Production No. 46**: Based upon Defendants' understanding of this request,  Plaintiffs are seeking documents relating to a purported "Whistleblower" policy maintained by Voynow regarding discovery of fraud which seemingly would apply during the course of providing services to a client.  The request is vague and ambiguous.  "Whistleblower" policies most often apply in the context of an employer-employee relationship – not an accountant-client engagement that is defined by an engagement agreement or by professional standards.  Defendants' engagement letters have been produced.  Further, the request is not limited to Defendants' engagement solely with Plaintiffs.  As such, Defendants' objected to this request.

To the extent Plaintiffs cite _Rawlins v. St. Joseph Hosp. Health Ctr._, 108 A.D.3d 1191, 969 N.Y.S.2d 687 (4th Dept. 2013), Defendants question the relevance of that ruling to this issue.  _Rawlins_ involved a medical malpractice action arising from alleged negligence surrounding the birth of an infant in cardiac distress.  The court ruled that the hospital defendant should produce documents relating to its policies and practices concerning fetal heart monitoring and protocols for identifying infants at risk for developmental delay as the production of these documents were material and necessary to the plaintiffs' ability to prosecute its claims.  Here, a "whistleblower" policy maintained by Voynow has no bearing upon its tax engagement services provided to Plaintiffs.

**Request for Production No. 54-55**: Defendants have previously produced documents as to any communications with Shawn McCormack and John Breslin regarding the tax engagement services provided to Plaintiffs, which are at issue in this lawsuit.  To the extent these requests seek communications with counsel regarding this lawsuit, those documents are protected by the attorney client privilege.  Defendants will amend their responses to these Requests to reflect the prior production of documents responsive to this request.

**Request for Production Nos. 56-57**: Defendants have previously produced any communications with or documents relating David Lombardo and/or Mike Corrigan regarding the tax engagement services provided to Plaintiffs, which are at issue in this lawsuit.  Defendants will amend their responses to these Requests to reflect the prior production of documents responsive to this request and Defendants will withdraw their privilege objection.

With regard to the individual document requests listed on the bottom of page 7 and top of page 8 of Plaintiffs' June 3, 2022 correspondence, other than the documents referenced herein, Defendants have produced all documents responsive to these requests.  Further, Plaintiffs' request that Defendants certify in writing that they do not have documents responsive to Requests No. 10, 28, 29, 32, 33, 34, 51, 52, 52 and 59 reveals that Plaintiffs have not read Defendants' actual responses to these Requests.  Defendants never stated that they lacked documents responsive to these requests and referred specifically to documents produced.  As such, Defendants will not agree to provide the requested certification.

Defendants will follow up with its ediscovery vendor regarding the metadata issues you have raised and provide you with clarification.  With regard to the redactions referenced at the bottom of page 8 of your

Jamie Felsen, Esquire
July 4, 2022
Page 5

_____

correspondence, these redactions pertain to the documents produced by NMAC in response to a subpoena and all such redactions were made by it.

Please see attached documents the discovery stipulation and agreement with the Friedberg firm regarding document production.  Also enclosed are Defendants' Amended Responses to Plaintiffs' Third Production of Documents with amendments as described herein.

Very truly yours,

*Maureen Fitzgerald*

Maureen P. Fitzgerald

MPF:ls
Enclosure
LEGAL/144444022.v1