UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC. :
(d/b/a STAR TOYOTA OF BAYSIDE), :
STAR AUTO SALES OF QUEENS, LLC :
(d/b/a STAR SUBARU), STAR HYUNDAI LLC :
(d/b/a STAR HYUNDAI), STAR NISSAN, INC. :
(d/b/a STAR NISSAN), METRO CHRYSLER :
PLYMOUTH INC. (d/b/a STAR CHRYSLER :
JEEP DODGE), STAR AUTO SALES OF :
QUEENS COUNTY LLC (d/b/a STAR FIAT) :
and STAR AUTO SALES OF QUEENS :
VILLAGE LLC (d/b/a STAR MITSUBISHI), :
                                                                        :
                             Plaintiffs,                        :
                                                                        :
               v.                                                  :
                                                                        :
VOYNOW, BAYARD, WHYTE                             :
AND COMPANY, LLP, HUGH WHYTE,      :
and RANDALL FRANZEN,                             :
                                                                        :
                             Defendants.                      :
------------------------------------------------------------x

Case No.: 18-cv-05775 (ERK) (TAM)

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO THE
HON. TARYN A. MERKL, U.S.M.J.'S DECEMBER 13, 2023 ORDER DENYING
PLAINTIFF'S MOTION TO PRECLUDE DISCOVERY PRODUCED AND OBTAINED
AFTER FACT DISCOVERY CLOSED, OR, IN THE ALTERNATIVE, AN OPPORTUNITY
FOR PLAINTIFFS TO OBTAIN DISCOVERY RELATED TO THE LATE-PRODUCED
DOCUMENTS

Dated:  Lake Success, New York
            December 26, 2023

**MILMAN LABUDA LAW GROUP PLLC**
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**..................................................................................................1

**STANDARD OF REVIEW**......................................................................................................1

**ARGUMENT** ............................................................................................................................2

    **POINT I**
    **JUDGE MERKL'S ORDER AS IT RELATES TO DOCUMENTS PRODUCED BY VOYNOW AFTER THE CLOSE OF FACT DISCOVERYAND THE ISSUANCE OF A SUBPOENA TO STAR'S CURRENT ACCOUNTANT WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW AS THERE WAS NO BASIS UNDER RULE 6 FOR THE COURT TO EXTEND THE FACT DISCOVERY DEADLINE**…………………………..2

**CONCLUSION**........................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**
Carling v. Peters, 760 F. Supp. 2d 400 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 72(a)) .................. 2
Kullman v. New York, 2009 U.S. Dist. LEXIS 143766, *6 (N.D.N.Y. June 16, 2009) ................ 5
Kumaran v. Vision Fin. Mkts., LLC, 2022 U.S. Dist. LEXIS 11499 (S.D.N.Y. Jan. 21, 2022) .... 5
Leidig v. BuzzFeed, Inc., 258 F. Supp. 3d 397 (S.D.N.Y. June 15, 2017) .................................... 4
Moss v. Bd. of Educ., 2020 U.S. Dist. LEXIS 183462 (E.D.N.Y. Sept. 30, 2020) ........................ 4
Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep., 924 F. Supp. 2d 508, 512
    (S.D.N.Y. 2013) .................................................................................................................... 2, 5
Wahad v. F.B.I., 132 F.R.D. 17, 20 (S.D.N.Y. 1990) .................................................................... 2

**Statutes**
28 U.S.C. § 636(b)(1)(A) ................................................................................................................ 1

**Rules**
Fed. R. Civ. Proc 6 .......................................................................................................................... 1
Fed. R. Civ. Proc. 6(b) .................................................................................................................... 4
**RULE 6** ........................................................................................................................................ 2
Rule 6(b)(1)(A) ............................................................................................................................... 4
Rule 6(b)(1)(B) ............................................................................................................................... 4
Rule 72(a) ........................................................................................................................................ 2

**PRELIMINARY STATEMENT**

Plaintiffs (collectively "Star") respectfully submit that the Hon. Taryn A. Merkl, U.S.M.J.'s (hereinafter "Judge Merkl") December 13, 2023 Order (the "Order")[1] denying that portion of Star's motion to preclude documents produced by Defendants (collectively "Voynow") after the close of fact discovery and the issuance of a late-served subpoena on Star's current accountants should be set aside as the Order is clearly erroneous and contrary to law.

Judge Merkl concluded that documents served by Voynow on June 30, 2023 and a subpoena served on Star's accountant on August 4, 2023, all done after the close of fact discovery on March 17, 2023, which Star sought to preclude or void, were actually produced by Voynow prior to the close of fact discovery because she issued an Order on August 2, 2023 stating that fact discovery closes on August 31, 2023. It is respectfully submitted that the Order is clearly erroneous and contrary to law because there was no basis under Fed. R. Civ. Proc 6 for Judge Merkl, on August 2, 2023, more than four and one-half months after the March 17, 2023 fact discovery deadline set by Judge Merkl expired, to extend the fact discovery deadline.

As more fully explained below, Plaintiffs respectfully submit that Judge Merkl's Order must be set aside.

**STANDARD OF REVIEW**

"A district court may designate a magistrate judge to 'hear and determine any pretrial matter pending before the court....'" 28 U.S.C. § 636(b)(1)(A). A party may serve and file objections within fourteen (14) days to a Magistrate Judge's Order after being served with a copy

---

[1] The December 13, 2023 Order and the transcript of the record referred to in the Order are annexed as **Exhibit "A"** to the Declaration of Jamie S. Felsen, Esq. ("Felsen Decl.").

of the Order to which it objects to.  See Carling v. Peters, 760 F. Supp. 2d 400 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 72(a)).

Rule 72(a) governs "pretrial matter[s] not dispositive of a claim or defense of a party." Wahad v. F.B.I., 132 F.R.D. 17, 20 (S.D.N.Y. 1990).  Rule 72(a) directs the Court to consider objections to a Magistrate Judge's ruling on a non-dispositive matter and "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.

"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep., 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted).

For the reasons set forth below, the Order must be set aside.

## ARGUMENT

### POINT I

**JUDGE MERKL'S ORDER AS IT RELATES TO DOCUMENTS PRODUCED BY VOYNOW AFTER THE CLOSE OF FACT DISCOVERY AND THE ISSUANCE OF A SUBPOENA TO STAR'S CURRENT ACCOUNTANT WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW AS THERE WAS NO BASIS UNDER RULE 6 FOR THE COURT TO EXTEND THE FACT DISCOVERY DEADLINE**

On August 5, 2021, Judge Merkl set the fact discovery deadline for August 15, 2022.  See ECF August 5, 2021 text Order.  On May 17, 2022, Judge Merkl extended the fact discovery deadline until January 30, 2023.  See ECF May 17, 2022 text Order.  On December 5, 2022, Judge Merkl entered an Order setting a deadline of March 17, 2023 for fact discovery and warning the parties "[a]s previously stated, the Court is concerned about the age of this case and the length of

2

time for discovery. <u>Additional extensions of time are highly unlikely</u>." See ECF December 5, 2022 text Order (emphasis added).

Pursuant to Judge Merkl's December 5, 2023 Order, on February 17, 2023, the parties submitted a joint status report to Judge Merkl, which, *inter alia*, identified various discovery disputes. See ECF Doc. No. 82.  On March 17, 2023, Star filed a letter with Judge Merkl identifying several additional discovery disputes that Star wished to address at the scheduled March 28, 2023 conference.  See ECF Doc. No. 93.  On March 27, 2023, the parties submitted a joint letter to Judge Merkl, pursuant to her March 20, 2023 Order, identifying all of the remaining discovery disputes they were unable to resolve.  See ECF Doc. No. 98.  On March 28, 2023, Judge Merkl issued an Order confirming that the March 17, 2023 deadline for the close of discovery stands except to address discovery disputes that were addressed at the March 28, 2023 court conference:

> several discovery items remain outstanding. <u>The Court declines to reopen discovery in toto but directs the parties to continue to meet and confer regarding the myriad discovery disputes highlighted in their recent letters and at the conference</u>.

See ECF March 28, 2023 Text Order (emphasis added).

After the issuance of the March 28, 2023 Order, the parties continued to meet and confer regarding the discovery disputes addressed at the March 28, 2023 conference and none of the parties sought to extend the fact discovery deadline.[2]

On August 2, 2023, Judge Merkl issued an Order stating:

> Plaintiffs' Letter Motion for Extension of Time to Complete Discovery (104) is granted, in part, in light of the lengthy history of discovery disputes in this case. Fact discovery shall be completed by 8/31/2023.

---

[2] Star merely filed a motion on July 25, 2023 to extend the expert discovery deadline.  See ECF Doc. No. 104.

3

See ECF August 2, 2023 Text Order.

However, there was no motion by either party before the Court to extend the March 17, 2023 fact discovery deadline. Neither party presented any evidence (nor was there any) for extending discovery for good cause and excusable neglect. Fed. R. Civ. Proc. 6(b), entitled "Extending Time", states:

> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

On August 2, 2023, despite the absence of any motion to extend the fact discovery deadline, Judge Merkl improperly, *sua sponte*, extended the fact discovery deadline until August 31, 2023. However, Judge Merkl did not have the authority under Rule 6(b)(1)(A) to extend the discovery deadline for any reason since the discovery deadline had already expired on March 17, 2023.[3] Further, Judge Merkl did not have any authority to extend discovery under Fed. R. Civ. Proc. 6(b)(1)(B) since no motion for such relief was before Judge Merkl.

Nor was any good cause and excusable neglect presented as required under Rule 6(b)(1)(B) to grant an extension of the March 17, 2023 fact discovery deadline after it expired. See Moss v. Bd. of Educ., 2020 U.S. Dist. LEXIS 183462 (E.D.N.Y. Sept. 30, 2020) (granting motion to dismiss where plaintiff failed to establish good cause and excusable neglect for failing to serve the amended complaint); Leidig v. BuzzFeed, Inc., 258 F. Supp. 3d 397 (S.D.N.Y. June 15, 2017)

---

[3] Even had the fact discovery deadline not expired when Judge Merkl extended fact discovery on August 2, 2023, there was no good cause presented that would have permitted her to extend the deadline.

4

(denying motion to extend time to move for reconsideration because of absence of excusable neglect); Kumaran v. Vision Fin. Mkts., LLC, 2022 U.S. Dist. LEXIS 11499 (S.D.N.Y. Jan. 21, 2022) (same); Kullman v. New York, 2009 U.S. Dist. LEXIS 143766, *6 (N.D.N.Y. June 16, 2009) (denying motion for extension of time to serve discovery responses because of absence of good cause and excusable neglect).  Indeed, Voynow never sought to extend the fact discovery deadline past March 17, 2023, so there can be no finding that there was good cause and excusable neglect necessitating an extension of the fact discovery past March 17, 2023 to allow Voynow to produce documents on June 30, 2023 – two and one-half months after fact discovery closed and to serve a subpoena on Star's current accountants on August 4, 2023 – more than four and one-half months after the close of fact discovery.

Accordingly, Judge Merkl's December 13, 2023 Order which is based upon her lack of authority in extending the March 17, 2023 fact discovery deadline on August 2, 2023 under Rule 6 misapplies the law and is clearly erroneous.  See Thai Lao Lignite (Thai.) Co., 924 F. Supp. 2d 508 at 512.[4]

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court: (i) set aside Judge Merkl's December 13, 2023 Order, and (ii) for such other and further relief as this honorable Court deems just and proper.

Dated: Lake Success, New York  
       December 26, 2023

Respectfully submitted,

---

[4] In the event that this Court denies Star's instant motion, Star respectfully requests leave to conduct limited discovery (service of five interrogatories and two depositions of one hour each) regarding the late-produced documents to avoid prejudice to Plaintiffs who were denied the opportunity to conduct any discovery related to same.  In addition, if the Court denies this motion, Star reserves their right and intend to file a motion *in limine* to preclude all of the discovery Voynow produced after the close of fact discovery and the response to the Withum subpoena that was served after the close of fact discovery.

5

**MILMAN LABUDA LAW GROUP, PLLC**
By:  <u>/s  *Jamie S. Felsen, Esq.*</u>
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
*Attorneys for Plaintiffs*