# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Joeseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

January 5, 2024

**VIA ECF**
Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP**
        **Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Merkl:

This firm represents the Plaintiffs ("Star") in the above referenced matter. Star respectfully requests a conference to address (i) Defendants' ("Voynow") failure to comply with the Court's Order dated December 13, 2023 with regards to Plaintiffs' demand number six (ECF No. 102, at 4-5) for a blank review checklist for a review engagement; (ii) moving to compel Voynow to produce Mr. Vincent Petruzziello's ("Petruzziello") expert report he referred to during his December 18, 2023 deposition; and (iii) identify documents by bate-stamp referenced in Mr. Petruzziello's rebuttal report that Mr. Petruzziello was unable to provide any clarification on during his deposition.

As discussed herein, it should be noted that Star requested Voynow's portion of this joint letter by January 5, 2023 at 3:00 PM but have yet to receive any such response. See **Ex. B**. Star has included Voynow's emails and letters stating Voynow's position. See **Exs. B, D, E**.

## I.   Defendants' Failure to Comply with the Court's December 13, 2023 Order

In the Court's December 13, 2023 Order, the Court stated that the parties are directed to meet and confer concerning the production of a checklist and either a limited verified interrogatory or a declaration, no later than January 5, 2024, the deadline for all discovery. Specifically, during the conference, the Court directed "*the parties to meet and confer to confirm whether or not – to confirm what Voynow's business practice was. If there was a checklist, Ms. Fitzgerald, please provide it.*" (See Status Conference Transcript dated December 13, 2023 at 36 – **A copy of the December 13, 2023 Order and the transcript from the December 13, 2023 hearing referred to in the Order are annexed as Exhibit "A"**).

The parties met and conferred by phone on December 29, 2023 and with follow up emails. (**A copy of emails dated December 29, 2023 and December 3, 2024 are attached hereto as Exhibit "B"**). Voynow verbally stated it used a review checklist prepared by PPC/Thomson Reuters. Star asked for the production of the checklist, but Voynow refused stating that it would only provide a declaration on January 5, 2024, but not the actual checklist. It is now close of business on January 5, 2024 and Voynow has yet to produce even the inadequate declaration. Accordingly, Star respectfully requests that the Court order Voynow to produce the checklist used by Voynow as well as the declaration by January 15, 2024.[1]

---

[1] Star reserves its right to raise objections to Voynov's declaration when produced since it has not

## II. Documents Star requested during Petruzziello's Deposition

During his deposition on December 18, 2023, Mr. Petruzziello reviewed his October 13, 2013 report in the Brandon Chrysler v. Reed Smith matter ("October 13, 2013 Report") – the only expert report he has ever written. Star requested production during the deposition and on December 21, 2023, formalized this request in writing. (**A copy of Star's letter dated December 21, 2023 requesting documents and information from Mr. Petruzziello's deposition is annexed hereto as Exhibit "C"**). On January 3, 2024, Voynow objected to producing this report because *inter alia*, the report is outside the four (4) year requirement of F.R.C.P. 26(a)(2)(B) and because "there is no requirement under Rule 26 to actually produce prior expert reports from unrelated litigation." (**A copy of Voynow's letter dated January 3, 2024 objecting to the demands in Ex. C is annexed hereto as Exhibit "D"**). The parties continued to meet and confer on January 4th and 5th but were unable to resolve this dispute prior to January 5, 2024, the end date for all discovery. (**A copy of the correspondence between Star and Voynow from January 4th and 5th, 2024 are annexed hereto as Exhibit "E"**).

The production of Mr. Petruzziello's October 13, 2013 Report is clearly required under the circumstances. As an initial matter, Mr. Petruzziello very clearly referred to that report to refresh his recollection in testifying. Mr. Petruzziello's deposition testimony stated in relevant part:

> Q. Mr. Petruzziello, you just got up from your desk, so just so you know, you're on video. So, what did you refer to, to get that name?
> A. I went to the bookshelf next to my desk, and I do have that report that I prepared in my bookshelf.
> ***
> Q. So, you've been qualified as an expert in one case; correct?
> A. You got to start somewhere.
> Q. And that was how many years ago?
> A. I believe it was 2013. It went on for a while, but -- if you want me to go to my credenza, I can look at the report.
> ***
> Q. Mr. Petruzziello, if you could please get the report (indicating). Okay. If you could -- you started to say that -- what
> that claim was. If you could refresh your recollection by looking at that report and tell me in a little more detail what the claims were in that case.
> A. Well, the claim is quite simple. The plaintiff, Brandow, tried to say that the people that were doing the floor plan reviews were not competent and made errors in counting the cars. And that resulted in their out-of-trust situation, not paying for sold cars, grew to the point where they couldn't pay them off.

(Petruzziello Dep. at 10, 114-16 – A copy of this excerpt from Mr. Petruzziello's deposition transcript is annexed hereto as **Exhibit "F"**).

Under Rule 612 when "a witness uses a writing to refresh memory," the adverse party "is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(a)-(b); see also, Walsh v. Versa Cret Contr. Co., No. 21-CV-5697 (JMA) (JMW), 2023 US Dist. LEXIS 60080, at *17 (E.D.N.Y. Apr. 5, 2023); In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 293 F.R.D. 568, 577 (S.D.N.Y. 2013) (holding that a spreadsheet created by a

---

received any such declaration and does not know its contents.

testifying expert while previously retained as a consultant — and relied on by that expert at deposition to refresh his recollection — "directly relate[d]" to his planned trial testimony and was thus discoverable, work product protection having been "forfeited by virtue of [the expert's] consideration of it in forming his opinions in his capacity as a testifying expert"). Therefore, Voynow's reliance on Fed. R. Civ. P. 26(a)(2)(B) is misplaced.

Beyond this, Mr. Petruzziello was only qualified as an expert this one time in the Brandon Chrysler matter. The report and what Mr. Petruzziello was retained to opine about is relevant to his qualifications and competency to testify as an expert. Accordingly, the Court must compel Voynow to produce the October 13, 2023 Report,

### III. The Identification of Documents Star requested Voynow to Provide During Petruzziello's Deposition

During Mr. Petruzziello's deposition, Star also questioned Mr. Petruzziello about the specific documents Mr. Petruzziello was referencing in the appendix of his rebuttal report dated November 10, 2023 as one item in the appendix simply states "Various Discovery documents provided by Counsel". (**A copy of this appendix is annexed hereto as Exhibit "G"**). When Star asked about these documents, Mr. Petruzziello could not recall or specify even a single document. (**A copy of the relevant portion of Mr. Petruzziello's deposition is annexed hereto as Exhibit "H"**). Star formalized this request in writing on December 21, 2023 and Voynow responded to this demand on January 3, 2024. See **Exs. C, D**.

Voynow's January 3, 2024 response (**Ex. D**) identifying the documents that were referred to as "various discovery documents provided by counsel" is woefully inadequate because it fails to precisely identify what documents were relied upon. For example, the following documents are not produced or identified by bate-stamps: (i) "Motorsports invoices with corresponding checks signed;" (ii) "Documents reflecting payments by Filardo to New Vision/Iskander and advertising flyers;" (iii) "Voynow tax planning memos;" (iv) "Rosenfield email communications with the District Attorney;" (v) "Voynow engagement letters;" (vi) "Star 1096 Forms re 1099 vendors and August 2015 IRS letter to Michael Koufakis regarding Form 1096 filings produced by Plaintiffs;" and (vii) "Michael Koufakis email regarding Subaru of America co-op reimbursement produced by Plaintiffs." Very clearly, Fed. R. Civ. P. 26(a)(2)(B) refers an expert's report to "contain … the facts or data considered by the witness in forming them." The descriptions that Voynow's counsel provided fail, adequately, to identify what Mr. Petruzziello considered when he referenced "various discovery documents provided by counsel." The description by Voynow's counsel is only marginally better than the vague description contained in Mr. Petruzziello's report. Accordingly, the Court should order Voynow to specify the documents it provided to Mr. Petruzziello by bate-stamps.

### Conclusion

Based on the above, Star respectfully requests that the Court order a conference and/or order Voynow to (i) produce the checklist and declaration; (ii) produce the October 13, 2013 Report; and (iii) identify documents by bate-stamp that are referenced in Mr. Petruzziello's rebuttal report, by January 15, 2024.

Respectfully submitted,

*Joseph M. Labuda*

Joseph M. Labuda

cc: All counsel of record