**From:**            Joseph Labuda
**Sent:**             Friday, December 29, 2023 3:03 PM
**To:**                Fitzgerald, Maureen P.; Jamie Felsen; Michael Mule; Jeremy Koufakis
**Subject:**        Fwd: Star v. Voynow
**Attachments:**    Page from Court Conference Transcript 12-13-23.pdf

Maureen,

In furtherance of our meet and confer today you stated that Voynow did not create/use their own review
checklist but instead used the review checklist prepared by PPC/Thomson Reuters. Additionally, you also stated
that Voynow will provide a declaration stating this but would not provide the actual checklist. As you can see in
the transcript attached, Judge Merkyl stated that if a check list was used by Voynow (regardless of its origin)
that it should be produced when it stated the following:

> *"I am directing the parties to meet and confer to confirm whether or not – to confirm what Voynow's
> business practice was. If there was a checklist, Ms. Fitzgerald, please provide it."*

Judge Merkyl did not distinguish between checklists to be produced but said if there was one to produce it. As
such, we kindly ask that you provide the checklist and attach it as an exhibit to Voynow's declaration. Again, it is
preferable to have the actual review checklist from the period Voynow provided services to Star but if Voynow
does not have possession, custody, or control over one from this period they can provide a current PPC one and
state that they used  a similar PPC checklist with their clients during the time Voynow was engaged with Star.

Furthermore, it does not seem like a "review checklist" from PPC is available separately on Thomson Reuters'
website. Instead, they seem to be a section within their guide books and the review checklist Voynow used
must be in one of the two books:

1. [PPC's Guide to Compilation & Review Engagements: The Trusted Guide (thomsonreuters.com)](#)
2. [PPC's Guide to Dealerships | Audit and Accounting | Thomson Reuters TRTA](#)

If you click on these links, you can view the table of contents for each book. We would like you to let us know
which of those books has the review checklist Voynow used by January 3 (or if Voynow used both checklists).

While the declaration does not need to be provided before January 5, please provide your response to this
email by January 3 as, if we are still in disagreement, we will need to file a joint letter with the Court by January
5 and need time to draft it prior.

Thanks

Joe

36

Proceedings

1    please do so.  But we need a definitive answer about

2    whether or not Voynow had their own internal blank

3    checklists that the accountants would use for review

4    engagements or whether or not they were simply using the

5    AICPA form.  Is that clear to you, Ms. Fitzgerald?  Do

6    you understand what I'm saying?

7              MS. FITZGERALD:  Yes.

8              THE COURT:  Okay.  So on this issue, the

9    plaintiff's request for the documents in the motion that

10   I ordered defendants to provide them is denied without

11   prejudice because I don't have sufficient evidence before

12   me to establish that the documents exist.  But I am

13   directing the parties to meet and confer to confirm

14   whether or not -- to confirm what Voynow's business

15   practice was.  If there was a checklist, Ms. Fitzgerald,

16   please provide it.  If there was no checklists, please

17   come up with some sort of a workaround to have that fact

18   documented in the discovery record whether it is one

19   quick interrogatory or declaration.  We have to close

20   this issue out.  Ms. Fitzgerald, does that work for you?

21             MS. FITZGERALD:  Yes.

22             THE COURT:  All right.  So the next two issues

23   that were raised pertain to the filing that was made in

24   August, document 108.

25             First was a motion to quash a subpoena to

Case 1:18-cv-05775-ERK-TAM   Document 115-2   Filed 01/05/24   Page 3 of 3 PageID #: 1353

| | |
|---|---|
| **From:** | Joseph Labuda |
| **Sent:** | 1/3/2024 5:47:30 PM |
| **To:** | Fitzgerald, Maureen P.; Jamie Felsen; Michael Mule; Jeremy Koufakis |
| **Subject:** | RE: Star v. Voynow |

Maureen –

I have not heard back from you as to my email below.

Unless we hear from you today, we will assume you are not in agreement with our request and will write to the Court about this dispute.

If you intend to submit any comments in our joint letter, please send us your comments by 3pm on Friday so we can insert your portion into letter.

Joe

Joseph M. Labuda
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
(516) 303-1380 - (direct)
(516) 328-8899 - (office)
(516) 328-0082 - (fax)

Please be advised this email was likely created by Microsoft DICTATION and may contain typos and/or transcription errors.