| | |
|---|---|
| **From:** | Michael Mule |
| **Sent:** | 1/4/2024 9:13:37 PM |
| **To:** | Joseph Labuda; Fitzgerald, Maureen P.; Jamie Felsen; Jeremy Koufakis |
| **CC:** | Michael Mule |
| **Subject:** | Re: Star v. Voynow |

Maureen,

Further to the above-email, the joint letter to the court will also address your objection to the production of Mr. Petruzziello's prior expert report, which he referred to at his deposition, and used to refresh his recollection.  This is clearly required, among other reasons, under FRE 612 and because relevant to his qualifications as an expert.  We will also address your description as the "various documents" that Mr. Petruzziello considered which, largely, lacks sufficient detail to identify.  Please provide your portion as to these issues by 3 pm tomorrow as well.

Very truly yours,
Mike Mulè

Get [Outlook for iOS](#)

| | |
|---|---|
| **From:** | Fitzgerald, Maureen P. |
| **Sent:** | 1/5/2024 9:52:34 AM |
| **To:** | Michael Mule; Joseph Labuda; Jamie Felsen; Jeremy Koufakis |
| **Subject:** | RE: Star v. Voynow |

Michael,

In my January 3rd letter on this issue, I cited to specific case law and the precise language in Rule 26 supporting my position that we are not required to produce an expert report from 2013 in an unrelated case. The rule and case law speaks only to disclosure – not production -- of reports within the preceding **four** years. You have not addressed that case law I cited nor sent me any case law to the contrary.

I disagree with your assertion that Mr. Petruzilli refreshed his recollection re his opinions in the Voynow case with his prior expert report – please point me to the pages that support that claim. I just received the transcript yesterday and have not had the time to review it. But my recollection is that you asked him about his prior case where he testified as an expert and he said if you wanted him to look at the report from the 2013 unrelated litigation case in order to answer your questions, the report was nearby the desk he was sitting at and he could do so to answer your question about this unrelated prior case. But he never relied upon his 2013 prior report in connection with his opinions in the Voynow case or in response to any questions about this case.

As to the identification of documents, his reports contain over 100 footnotes that reference specific citations to bates numbered documents he reviewed that support the facts he relied upon (unlike your expert who wholly failed in this regard). My letter of January 3rd described the category of discovery documents and these descriptions are pretty clear. If there is any question about these descriptions in my letter, please point that out to me and I will supplement or clarify. I fail to see your point in running to the court at this juncture.

As to your "joint" letter, you have never sent me any draft letter so I am not sure how it can be a joint letter or how I can even respond. You are imposing an arbitrary 3pm deadline but not even providing defendants with a draft letter or adequate time to even review any draft "joint" letter you plan to file with the court.

I am heading out now to a deposition in Philly so I cannot meet your 3pm deadline as to a so-called "joint" letter but I can certainly respond next week should you actually address the points I have made above and in my Jan. 3rd letter about Mr. Petruzilli.

Regards, Maureen



**Maureen P. Fitzgerald**
*Attorney at Law*
620 Freedom Business Center, Suite 405, King of Prussia, PA. 19406
Direct: (610) 354-8270 | Main: (610) 354-8250 | Fax: (610) 354-8299
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MPFitzgerald@mdwcg.com, or by telephone at (610) 354-8270 and then delete the message and its attachments from your computer