**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI), <br><br>                      Plaintiffs,<br><br>   -against-<br><br>VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN AND ROBERT SEIBEL,<br><br>                      Defendants. | Civil Action No.:<br><br>1:18-cv-05775 (ERK) (TAM) |

**DEFENDANTS VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN, AND ROBERT SEIBEL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS AND MOTION TO SET ASIDE PORTIONS OF THE HON. TARYN A. MERKL'S DECEMBER 13, 2023 ORDER**

 

**MARSHALL DENNEHEY, P.C.**

*/s/ Maureen Fitzgerald*
_____
MAUREEN P. FITZGERALD, ESQUIRE
ID#  PA67608
620 Freedom Business Center, Suite 405
King of Prussia, PA 19406
(610) 354-8270 Fax (610) 354-8299
Email:  mpfitzgerald@mdwcg.com
*Attorney for Defendants*

DATE:  January 9, 2024

**TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………………………………….1

**FACTUAL BACKGROUND**……………………………..………………………………………..2

**STANDARD OF REVIEW**……………………………………………………………………...3

**ARGUMENT**……………………………………………………………………………………..5

    1. Plaintiffs' Arguments Predicated Upon FRCP 6 Should Be Rejected As Plaintiffs Never Objected To Judge Merkl's August 2, 2023 Order When Issued Nor Raised FRCP 6 As A Legal Argument At Any Point Until Their Current Motion………….5

    2. Judge Merkl Had Good Cause To Issue The August 2, 2023 Order Extending Discovery Deadlines As Plaintiffs Requested A Discovery Extension In Their July 25, 2023 Submission And Cited To Ongoing Open Fact Discovery Issues…………...6

    3. Judge Merkl's December 13, 2023 Order Was Not Clearly Erroneous Nor Contrary To Law And Plaintiffs Have Not Met Their Burden Under Rule 72 To Set It Aside………………………………………………………………………………………8

    4. Plaintiffs' Request to Conduct New Discovery At This Juncture Should Be Denied…………………………………………………………………………………..9

**CONCLUSION**…………………………………………………………………………………10

## TABLE OF AUTHORITIES

**Cases**
Albin v. Cosmetics Plus, N.Y., Ltd., 1999 WL 111928, at *3–4 (S.D.N.Y. March 3, 1999) .........9
Anderson v. Phoenix Beverage Inc., 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015)...............5
Com Tech Assocs. v. Computer Assoc. Int'l, 753 F.Supp. 1078, 1079 (E.D.N.Y.1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991) ..................................................................................................4
E.E.O.C. v. First Wireless Grp., Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004)...............................9
E.E.O.C. v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) ......................................4
Pugh-Ozua v. Springhill Suite, 2020 WL 6562376, at *3 (S.D.N.Y. Nov. 9, 2020)......................4
Rosello v. Barnhart, 2004 WL 2366177, at *3 (S.D.N.Y. Oct.20, 2004).........................................5
Rouviere v. DePuy Orthopaedics, Inc., 560 F. Supp. 3d 774, 783–84 (S.D.N.Y. 2021) ...............4
St. Vidas Inc. v. United States Liab. Ins. Co., 2021 WL 4340950, at *4 (E.D.N.Y. Sept. 23, 2021)................................................................................................................................5
Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).................................4
Weiss v. La Suisse, 161 F.Supp.2d 305, 320–21 (S.D.N.Y.2001) ....................................................4

**Statutes**
28 U.S.C § 636(b)(1)(A).................................................................................................................4

**Rules**
Fed. R. Civ. P. 72(a) ........................................................................................................................4
Fed.R.Civ.P. 6..................................................................................................................................5
Fed.R.Civ.P. 72................................................................................................................................3

## INTRODUCTION

Defendants Voynow Bayard Whyte and Company LLP, Randall Franzen, Hugh Whyte and Robert Seibel ("Voynow"), hereby respond to the Motion of Plaintiffs Star Auto Group to set aside portions of the Honorable Taryn Merkl's December 13, 2023 Order, as follows:

Plaintiffs are a group of family owned New York automobile dealerships. Voynow is an accounting firm based in Pennsylvania. This is an accounting malpractice case arising from the Plaintiffs' contention that there were various acts of purported theft or fraud committed by some of Plaintiffs' employees over a number of years. Plaintiffs allege that this purported theft amounts to over $4 million and thereafter pursued criminal charges against these employees. Following investigation of suspected theft by law enforcement, criminal charges were brought for only certain alleged theft schemes and against four former employees for only $1.3 million in total theft-related charges. No employee has been convicted. Of this $1.3 million for which criminal charges were filed, approximately $1.15 million stems from checks actually signed by Plaintiffs' owners who were the dealerships' authorized check signers. The signed checks were made payable to personal creditors of the former employees or to pay for personal items purchased. There is no contention that any owners' signatures on any checks were forged. Rather, the Plaintiffs' authorized check signers either did not review the underlying documents supporting the checks presented to them for signature, or signed them without any back-up. Plaintiffs now allege in this malpractice case that Voynow is responsible for not detecting this purported theft. Voynow disputes this notion on the basis that its annual tax engagement letters issued explicitly state that its engagement could not be relied upon to detect or prevent fraud.

## FACTUAL BACKGROUND

Throughout this case, the Court has issued numerous scheduling orders and repeatedly extended the discovery deadlines. On July 25, 2023, Plaintiffs submitted a request "for the extension of time for the completion of all discovery currently set to expire on August 18, 2023." (ECF 104). Plaintiffs' July 25, 2023 letter highlighted some of the various fact and expert open discovery issues pending, including various deposition and document production issues. Their July 25, 2023 submission explicitly stated that "fact discovery has not closed." (ECF 104 at p. 2). In response to Plaintiffs' request to extend discovery deadlines, this Court granted an extension and issued an August 2, 2023 Order stating as follows:

> Plaintiffs' Letter Motion for Extension of Time to Complete Discovery ([104]) is granted, in part, in light of the lengthy history of discovery disputes in this case. **Fact discovery shall be completed by 8/31/2023.** The parties shall file a joint status report certifying the close of fact discovery by 9/7/2023. Expert reports shall be exchanged by 9/15/2023. Expert rebuttals shall be exchanged by 10/27/2023. Expert depositions shall be completed by 12/15/2023. All discovery shall be completed by 1/5/2024, and the parties shall submit a joint status report certifying the close of all discovery by 1/12/2024. The last date to take the first step in dispositive motion practice, in accordance with the Individual Rules of the assigned District Judge, shall be 2/12/2024…

See August 2, 2023 Order.

Plaintiffs never filed any motion to challenge or reconsider this August 2, 2023 Order nor any objections to it. On August 21, 2023, Plaintiff filed a Motion to Preclude Certain Documents that Voynow had produced as part of a June 30, 2023 supplemental production, and also filed a Motion to Quash a Third Party Subpoena Voynow had issued on August 4, 2023 ("the Withum Subpoena"). (ECF 108). By Order dated December 13, 2023, this Court denied both motions, in pertinent part, as follows:

2

> ……Plaintiffs' motion to quash subpoena (ECF No. 108, at 1-4) is denied. As discussed on the record, on August 2, 2023, the Court granted Plaintiffs' motion for an extension of all discovery, and unequivocally extended the fact discovery deadline specifically to August 31, 2023, in light of myriad discovery disputes in the case and in the absence of a certification of the close of fact discovery from the parties. Defendants' subpoena was issued before that date and Defendants have demonstrated that the requested documents could bear on their defenses as further explicated on the record.
>
> Plaintiffs' motion to preclude (ECF No. 108, at 4-6) is denied, without prejudice to raise argument regarding the challenged documents in a motion in limine. As noted, fact discovery was open through 8/31/2023 (see 8/2/2023 ECF Order), and the parties did not certify the close of fact discovery until 9/7/2023 (see ECF No. 109 at 1). Accordingly, Defendants' document production of June 30, 2023, was timely and Plaintiffs had more than enough time to make additional discovery requests related to this production prior to the close of fact discovery….

December 13, 2023 Order.

Through this current Motion, Plaintiffs now seek to set aside the above referenced portions of Magistrate Judge Merkl's December 13, 2023 Order. They argue that fact discovery did not close on August 31, 2023 – despite being clearly stated in the August 2nd Order – and that it instead closed back on March 17, 2023 – despite their July 25, 2023 letter stating that fact discovery remained open as of that date. Plaintiffs now also contend that Magistrate Judge Merkl did not have authority to extend the discovery deadlines when issuing the August 2, 2023 Order. To the extent Judge Merkl relied upon August 31, 2023 as the fact discovery deadline as part of her decision to deny their Motion to Quash the Withum Subpoena and deny their Motion to Preclude Certain Documents Produced by Defendants on June 30, 2023, Plaintiffs request that Judge Merkl's December 13, 2023 Order now be set aside by this Court pursuant to Fed.R.Civ.P. 72.

## STANDARD OF REVIEW

The Federal Magistrates Act provides that "a judge may designate a magistrate judge to hear and determine" certain pretrial matters, and that a "judge of the court [i.e., a district judge]

3

may reconsider any pretrial matter under [this provision] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C § 636(b)(1)(A).

Federal Rule of Civil Procedure 72 provides that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Matters involving pretrial discovery generally are considered nondispositive of the litigation and subject to this standard. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). This standard of review under Rule 72 is highly deferential and magistrate judges are afforded broad discretion in resolving nondispositive disputes; reversal is appropriate only if their discretion is abused. Pugh-Ozua v. Springhill Suite, 2020 WL 6562376, at *3 (S.D.N.Y. Nov. 9, 2020); Rouviere v. DePuy Orthopaedics, Inc., 560 F. Supp. 3d 774, 783–84 (S.D.N.Y. 2021).

Under Rule 72(a), an order is "clearly erroneous only when the reviewing court, based on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." Weiss v. La Suisse, 161 F.Supp.2d 305, 320–21 (S.D.N.Y.2001. An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

A party seeking to overturn a discovery order under Rule 72 therefore bears a heavy burden. Com Tech Assocs. v. Computer Assoc. Int'l, 753 F.Supp. 1078, 1079 (E.D.N.Y.1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991). A magistrate judge's resolution of discovery disputes deserves "substantial deference" by the district court, and reversal of an order is only appropriate if there is an abuse of discretion. E.E.O.C. v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004).

4

**ARGUMENT**

1. **Plaintiffs' Arguments Predicated Upon FRCP 6 Should Be Rejected As Plaintiffs Never Objected To Judge Merkl's August 2, 2023 Order When Issued Nor Raised FRCP 6 As A Legal Argument At Any Point Until Their Current Motion.**

Plaintiffs argue that Judge Merkl "did not have the authority under Rule 6(b)(1)(A) to extend the discovery deadline for any reason" when issuing the August 2, 2023 Order. (ECF 112 at p. 7). This argument has never been raised at any point before now. Specifically, Plaintiffs never challenged or objected to Judge Merkl's August 2, 2023 Order on the basis of Rule 6(b) when it was issued or in their Motion to Quash or Motion to Preclude. Pursuant to FRCP 72, Plaintiffs had 14 days to file objections to the August 2nd Order. To the extent Plaintiffs believed that the Order violated Rule 6, it was incumbent upon Plaintiffs to make that argument back in August – not now for the first time to this District Court Judge.

In reviewing objections to a magistrate judge's ruling, "courts generally do not entertain new legal arguments not presented to the magistrate judge." St. Vidas Inc. v. United States Liab. Ins. Co., 2021 WL 4340950, at *4 (E.D.N.Y. Sept. 23, 2021); Anderson v. Phoenix Beverage Inc., 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015). Courts are similarly confined to the factual record presented to the magistrate judge to determine whether they was clear error or violation of the law and generally do not entertain new legal arguments not presented to the magistrate judge. Id. ("The district court's Rule 72(a) review is further limited in that issues not raised before the magistrate should not be considered."); Rosello v. Barnhart, 2004 WL 2366177, at *3 (S.D.N.Y. Oct.20, 2004) (finding plaintiff's objection "untimely as plaintiff did not raise the claim before [the] Magistrate Judge").

Here, Plaintiffs argue that Judge Merkl's August 2, 2023 Order violated Fed.R.Civ.P. 6, and cite to this purported violation as a means to set aside the December 13, 2023 Order. However,

5

at no point did Plaintiffs ever challenge or object to the August 2, 2023 Order based upon Rule 6 when it was issued, and notably never filed objections to it within the requisite 14 day period set forth in Rule 72. Nor did Plaintiffs raise Rule 6 in either their Motion to Quash or Motion to Preclude which were at issue in the December 13, 2023 Order. Plaintiffs' current argument that the August 2, 2023 Order violates Rule 6 was never raised or argued before Judge Merkl and is being raised now for the first time through their December 26, 2023 Motion. This Court should reject Plaintiffs' legal argument at the outset as it is improperly raised now at this juncture.

2. **Judge Merkl Had Good Cause To Issue The August 2, 2023 Order Extending Discovery Deadlines As Plaintiffs Requested A Discovery Extension In Their July 25, 2023 Submission And Cited To Ongoing Open Fact Discovery Issues.**

Plaintiffs' Rule 72 Motion makes two misrepresentations to this Court. First, Plaintiffs state that "the discovery deadline had already expired on March 17, 2023." (ECF 112 at p. 7). The discovery deadline did not expire on March 17, 2023. Judge Merkl's March 28, 2023 Order referenced a "myriad" of open discovery issues that remained and set forth deadlines for completing some of these issues. Her order required all discovery to be completed by August 18, 2023. See March 28, 2023 Order. Thereafter, both parties engaged in substantial discovery after March 28, 2023. Depositions were taken and supplemental documents were produced by both parties. Plaintiffs produced over 4,500 documents on May 30, 2023 and another 4,834 documents on August 24, 2023. Plaintiffs disclosed a new witness through second amended initial disclosures issued on June 29, 2023 and deposed a Voynow witness on June 22, 2023. The extent of this discovery undertaken by Plaintiffs make clear that fact discovery did not "expire on March 17, 2023" as stated in their Motion. Discovery was ongoing throughout the Spring and Summer. Indeed, Plaintiffs' July 25, 2023 submission to this Court explicitly stated that, as of that July 25th date, "fact discovery has not closed." (ECF 104 at p.2). Thus, Plaintiffs cannot credibly argue to

this Court that fact discovery closed on March 17, 2023 when the March 28, 2023 Order indicated August 18, 2023 as the closure of discovery, Plaintiffs were engaged in discovery into August, and Plaintiffs' July 25, 2023 representation to the Court stated fact discovery was still open.

Secondly, Plaintiffs erroneously claim that Judge Merkl violated Rule 6 when she "improperly, *sua sponte*, extended the fact discovery deadline until August 31, 2023." (ECF 112 at p. 7). Plaintiffs neglect to acknowledge that they made a request to Judge Merkl through a July 25, 2023 letter seeking "an extension of the time to complete all discovery." (ECF 104 at p.1). By virtue of the August 2, 2023 Order, Judge Merkl granted Plaintiffs' request, referencing their July 25, 2023 letter. Contrary to the argument Plaintiffs now make, she did not *sua sponte* extend the deadlines. Judge Merkl granted Plaintiffs' request to do so. Notably, while Plaintiffs now argue that they were only seeking an extension of the expert discovery deadlines, their request highlighted some of the ongoing open fact and expert discovery issues pending in the summer. (ECF 104 at p. 2: "there are still many fact discovery issues outstanding"). Based upon this representation and the fact that the Court was already aware that there were "so many messy issues…percolating over the summer," it issued the August 2, 2023 Order. (ECF 113-1 Transcript of Dec. 13, 2023 Proceedings at p. 50). Following issuance of this Order, Plaintiffs never sought any limitation, clarification or reconsideration and failed to timely object pursuant to Rule 72.

Given this factual background, Judge Merkl's August 2, 2023 Order did not violate Rule 6. Rule 6(b)(1)(A) states that the Court can extend the time "with or without motion… or if a request is made." Plaintiffs made a request for a discovery extension on July 25th and Judge Merkl acted with discretion to grant it in the manner reflected in the August 2, 2023 Order.[1]

---

[1] None of the cases cited in Plaintiffs' Motion involve use of Rule 6 as part of a Motion to Set Aside under Rule 72. Rather, the cases cited are largely related to motions for reconsideration – and not Rule 72.

7

### 3. Judge Merkl's December 13, 2023 Order Was Not Clearly Erroneous Nor Contrary To Law And Plaintiffs Have Not Met Their Burden Under Rule 72 To Set It Aside.

Pursuant to Rule 72, Plaintiffs now challenge Judge Merkl's December 13, 2023 Order which denied their Motion to Quash the Withum Subpoena and denied their Motion to Preclude Certain Documents Produced by Voynow on June 30, 2023. Judge Merkl's order is entitled to "substantial deference" under Rule 72 and Plaintiffs have a "heavy burden" to show it was clearly erroneous or contrary to law. They have failed to meet this burden.

As noted above, both parties continued to engage in discovery throughout the Summer. Plaintiffs supplemented their document production with over 4.500 documents on May 30, 2023, identified a new witness on June 29, 2023, deposed a Voynow witness on June 22, 2023 and produced an additional 4,834 documents on August 24, 2023. Plaintiffs also represented to this Court that, as of July 25, 2023, "fact discovery had not been completed." ECF 104. Judge Merkl's August 2, 2023 Order was clear and explicit that fact discovery was extended to August 31, 2023. There were no qualifications or restrictions to that Order. In that regard, the Withum subpoena - which was issued on August 4, 2023 with a return date of August 21, 2023 - was timely. Judge Merkl's decision to reject the timeliness arguments raised in Plaintiffs' Motion to Quash the subpoena was not clear error nor a violation of the law. Similarly, there was no "clear error" when Judge Merkl denied Plaintiffs' Motion to Preclude 75 of the 296 documents Voynow produced on June 30, 2023 based upon timeliness objections. This production was within the August 18, 2023 deadline set by the March 28, 2023 Order and also within the August 31, 2023 deadline set in the August 2, 2023 Order.

When rejecting Plaintiffs' arguments based upon purported untimeliness, Judge Merkl stated as follows during the December 13, 2023 conference:

8

> As a timing matter, I would first note that plaintiff is incorrect that the Court erred in some fashion in extending the close of fact discovery. The Court's extension of the schedule was specific and based on an expressed request for an extension made by the plaintiff in document 104. And I quote from ECF 104, "This letter is written as a follow up to a portion of the June 7th letter regarding inter alia plaintiff's request for an extension of time for the completion of all discovery…."
>
> But given all of the events that transpired over the summer and given plaintiff's request, express request that I extend the deadline for the close of all discovery, we entered a responsive scheduling order over defendant's objection. After that time, the parties had ample opportunity all throughout the summer to certify the close of fact discovery notwithstanding discreet open issues and continuously declined to do so. Whether or not the plaintiffs intended to request an extension of the close of fact discovery in their letter, the Court nonetheless ordered it on the basis of the fact that there were so many messy issues that I was aware of that were percolating over the summer. My order clearly and unequivocally extended the close of fact discovery to August 31, 2023. No party objected to it. Had anybody wanted a clarification, it could have been requested. Nothing was made in that regard.

Transcript of Proceedings, ECF 113-1 at pp. 49-50.

Given Judge Merkl's unambiguous August 2, 2023 Order extending the fact discovery deadline to August 31, 2023, there was no clear error when Judge Merkl rejected Plaintiffs' argument to quash the Withum subpoena or preclude Voynow's supplemental June 30, 2023 production based upon timeliness. These are the precise type of discovery rulings to which Rule 72 requires substantial deference. See Albin v. Cosmetics Plus, N.Y., Ltd., 1999 WL 111928, *3–4 (S.D.N.Y. March 3, 1999) (finding no "clear error" as to magistrate scheduling order setting discovery deadline; denying motion to set aside absent abuse of discretion); E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (denying motion to set aside magistrate order under Rule 72 where order regarding records was neither clearly erroneous nor contrary to law).

**4. Plaintiffs' Request to Conduct New Discovery At This Juncture Should Be Denied.**

Plaintiffs' Motion seeks the opportunity to conduct additional discovery in the alternative should their Motion to Set Aside the December 13, 2023 Order be denied. This Court should not

9

entertain any further discovery requests from Plaintiffs. Expert discovery including depositions has been completed and discovery closed on January 5, 2023 pursuant to the August 2, 2023 Order. This Order also made clear that no further discovery would be permitted given the age of the case and the numerous prior extensions:

> In light of the age of this case and the number of extensions, and considering Defendants' opposition to the extension (see ECF No. [105]), the Court will not look favorably upon further requests for extensions absent truly extraordinary and unforeseen circumstances.

See August 2, 2023 Order.

There are no "truly extraordinary" nor "unforeseen circumstances" that would warrant any further extension, even one for limited discovery. Plaintiffs have been in possession of Voynow's supplemental 296 documents since June 30th – two months before the August 31, 2023 fact discovery deadline. If they wanted to take depositions or serve written discovery regarding any of these documents, they had ample time to do so and should have done so within the intervening two months. They did not. While they now claim to have misunderstood the August 2nd order, that argument is suspect and most certainly not an "extraordinary or unforeseen circumstance." As this Court noted, the order was clear and it is not the Court's obligation to ensure Plaintiffs understood the language. (ECF 113-1 Transcript at pp. 52-53). Accordingly, Plaintiffs' request for additional discovery as alternative relief should be denied as discovery is now closed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiffs' Objections and Motion to Set Aside Judge Terkl's December 13, 2023 Order.

                                              **MARSHALL DENNEHEY, P.C.**

BY: *Maureen Fitzgerald*
        MAUREEN P. FITZGERALD, ESQUIRE
        620 Freedom Business Center, Suite 405
        King of Prussia, PA 19406
        (610) 354-8270 Fax (610) 354-8299
        Email: mpfitzgerald@mdwcg.com
        Attorney for Defendants,
        Voynow, Bayard, Whyte and Company, LLC, Hugh Whyte, Randall Franzen, and Robert Siebel

Dated: January 9, 2024
LEGAL/158539330.v1