# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Joeseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

January 25, 2024

**VIA ECF**
Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP**
     **Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Merkl:

This firm represents the Plaintiffs ("Star") in the above referenced matter. In accordance with this Court's January 8 and 16, 2024 Orders, the parties, jointly, submit this letter after having met and conferred on January 11, 2024 to address the following, remaining issue: Star seeks to compel Defendants' ("Voynow") to produce Mr. Vincent Petruzziello's ("Petruzziello") expert report which he referred to during his December 18, 2023 deposition.

The parties met and conferred by phone on January 11, 2024 with respect to several issues. Most issues were resolved as a result of that meet and confer. Just the issue below remains and was not resolved.

**Star's Position as to Documents Referred to By Petruzziello During His Deposition**

During his deposition on December 18, 2023, Mr. Petruzziello reviewed his October 13, 2013 report in the Brandon Chrysler v. Reed Smith matter ("October 13, 2013 Report") – the only expert report he has ever written. Star requested production during the deposition and on December 21, 2023, formalized this request in writing. (**A copy of Star's letter dated December 21, 2023 requesting documents and information from Mr. Petruzziello's deposition is annexed hereto as Exhibit "A"**). On January 3, 2024, Voynow objected to producing this report because *inter alia*, the report is outside the four (4) year requirement of F.R.C.P. 26(a)(2)(B) and because "there is no requirement under Rule 26 to actually produce prior expert reports from unrelated litigation." (**A copy of Voynow's letter dated January 3, 2024 objecting to the demands in Ex. A is annexed hereto as Exhibit "B"**). The parties continued to meet and confer on January 4th and 5th but were unable to resolve this dispute prior to January 5, 2024, the end date for all discovery. (**A copy of the correspondence between Star and Voynow from January 4th and 5th, 2024 are annexed hereto as Exhibit "C"**).

The production of Mr. Petruzziello's October 13, 2013 Report is required under the circumstances. Mr. Petruzziello's deposition was taken remotely. He, very clearly, referred to that report to refresh his recollection in testifying. As an initial matter, when asked about his experience as an expert, Mr. Petruzziello: (i) walked to bookshelf, <u>without any solicitation or request to do so</u>, and (ii) he obtained his report to get the name of the case. When asked further questions about that engagement, Mr. Petruzziello: (iii) indicated uncertainty as to whether the engagement "involve[d]

the topic of fraud and management's role and responsibility in operating an automobile dealership" because he testified only "I believe it did." Then, Mr. Petruziello: (iv) stated "if you want me to go to my credenza, I can look at the report." At that point, after Mr. Petruzziello's uncertain answer as to the scope of that engagement, and his testimony that the <u>Brandon</u> case was the only case where he had been consulted "concerning management's role and responsibility in operating an automobile dealership," Voynow's counsel: (iv) accepted Mr. Petruzziello's offer to "look at the report" and started to ask questions of him, while Mr. Petruzziello was armed with the report in front of him.

Significantly, Mr. Petruzziello purports to provide an opinion in this action as to "management's responsibility in these frauds" and whether Star's failure "to follow certain basic business practices" to discourage or detect theft "were a substantial contributing factor in the alleged fraudulent issues" (Petruzziello Dep. at 109, 145 – A copy of excerpts from Mr. Petruzziello's deposition transcript is annexed hereto as **Exhibit "D"**). Mr. Petruzziello claimed, albeit in uncertain terms, that he "believed" his engagement in the <u>Brandon</u> case concerned almost the exact same issue – but Voynow is refusing to allow Start to look at that report, which Mr. Petruzziello very clearly has in his possession.[1]

Specificallly, Mr. Petruzziello's deposition testimony stated in relevant part:

Q. Mr. Petruzziello, you just got up from your desk, so just so you know, you're on video. So, what did you refer to, to get that name?
A. I went to the bookshelf next to my desk, and I do have that report that I prepared in my bookshelf.
Q. Okay,
    MR. MULE: We'll ask for a copy of that report, please.
    MS. FITZGERALD: Put your request in writing, and then we'll respond.
\*\*\*
Q. Did that particular engagement involve the topic of fraud and management's role and responsibility in operating an automobile dealership?
A. I believe it did.
\*\*\*
Q. So, you've been qualified as an expert in one case; correct?
A. You got to start somewhere.
Q. And that was how many years ago?
A. I believe it was 2013. It went on for a while, but -- <u>if you want me to go to my credenza, I can look at the report</u>.
\*\*\*
Q. … Have you been consulted by any dealership or anyone else other than this case, about claims concerning management's role and responsibility in operating an automobile dealership?
A. No. I've done consulting work for various dealer groups, but it wasn't specifically dealing with fraud.
Q. If you could get the -- I guess get that report from the credenza.
\*\*\*
Q. Mr. Petruzziello, if you could please get the report (indicating). Okay. If you could --

---

[1] We note that Voynow only provided their section to this letter at 5:45 pm today – despite being provided with our authorities over three weeks ago and our draft letter at 10:53 am yesterday. In patently unfair fashion, as pure gamesmanship, Voynow, for the first time, has made reference to at least 8 brand new cases. Therefore, Star respectfully requests the opportunity to address the case law that Voynow has belatedly provided as Star has had no opportunity to review or respond to those cases under the circumstances.

> you started to say that – what that claim was.  If you could refresh your recollection by looking at that report and tell me in a little more detail what the claims were in that case.
> A.   Well, the claim is quite simple.  The plaintiff, Brandow, tried to say that the people that were doing the floor plan reviews were not competent and made errors in counting the cars.  And that resulted in their out-of-trust situation, not paying for sold cars, grew to the point where they couldn't pay them off.

(**Exhibit "D"** at 10-13, 113-16).

Very clearly, Mr. Petruzziello, on his own, sought to go to his bookshelf, twice, to review the <u>Brandon Chrysler v. Reed Smith</u> expert report that he had prepared.[2] Contextually, this was in response to questions about the one and only time that Mr. Petruzziello was qualified as an expert.  After Mr. Petruzziello offered to look at his report for the second time, we accepted.  Mr. Petruzziello then answered several questions about the case with report in hand.  *Id.* at 116-21. Mr. Petruzziello opened the door to questions about that case, and he clearly needed the report to refresh his memory concerning that case, where he purportedly opined on "management's role and responsibility" in operating a dealership. He seeks to provide a similar opinion here. Under the circumstances, based on clear law, Star should be permitted to review what Mr. Petruzziello had in his hands – and utilized – while he was testifying.

Under Rule 612 when "witness uses a writing to refresh memory," the adverse party "is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(a)-(b); <u>see also</u>, <u>Walsh v. Versa Cret Contr. Co.</u>, No. 21-CV-5697 (JMA) (JMW), 2023 US Dist. LEXIS 60080, at *17 (E.D.N.Y. Apr. 5, 2023); <u>In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.</u>, 293 F.R.D. 568, 577 (S.D.N.Y. 2013) (holding that a spreadsheet created by a testifying expert while previously retained as a consultant — and relied on by that expert at deposition to refresh his recollection — "directly relate[d]" to his planned trial testimony and was thus discoverable, work product protection having been "forfeited by virtue of [the expert's] consideration of it in forming his opinions in his capacity as a testifying expert"). Therefore, Voynow's reliance on Fed. R. Civ. P. 26(a)(2)(B) is misplaced.

Beyond this, Mr. Petruzziello was only qualified as an expert this one time in the *Brandon Chrysler* matter. The report and what Mr. Petruzziello was retained to opine about is relevant to his qualifications and competency to testify as an expert. Accordingly, the Court must compel Voynow to produce the October 13, 2013 Report. Indeed, under the circumstances, it is almost beyond comprehension why Voynow is fighting this request – unless it is afraid that the report is either contrary to Mr. Petruzziello's opinion here or reflects poorly on his qualifications.

**<u>Voynow's Opposition to Plaintiffs' Request for Discovery of a 2013 Expert Report From Unrelated Litigation That Was Never Reviewed or Relied Upon In This Case</u>**

1. **<u>Factual Background Underlying Mr. Petruzziello's Deposition Testimony</u>**

Vincent Petruzziello is one of two defense experts who have offered opinions in this case.  Mr. Petruzziello has extensive experience in management of various automobile dealership groups.  He has

---

[2] Mr. Petruzziello's need to refer to the report is apparent from his repeated reference to "Brandow" when the name of the plaintiff according to Voynow's counsel is "Brandon" Chrysler.

offered an opinion in this case as to the numerous failures by Plaintiff's owners with regard to the alleged fraud committed by various employees (i.e., owners signing checks without backup, failing to have vendor contracts in place, extending loans to employees without documentation, etc.) and the role these actions played in causing the purported thefts.

On December 18, 2023, Plaintiffs' counsel took Mr. Petruzziello's deposition by video. Mr. Petruzziello testified from his home office in Brick, NJ. At the outset of the deposition, he was asked what documents he had in front of him for purposes of the deposition and he identified his initial report and his rebuttal report. (See Ex. E, Supplemental Excerpts Petruzziello Dep. Transcript, at 6:10-25). He was asked what information he had reviewed and relied upon to support the statements and opinions in his two reports. He responded and referenced the specific documents listed in the appendices to his two reports. Ex. E at 15:4-16:13. He was also asked what documents he had reviewed in preparation for his deposition:

> Q.: Did you review any documents in preparation for your deposition today?
> A.: I've reread my reports.
> Q.: Anything else?
> A. No.

Ex. E, at 138:19-23.

Over 11 years ago, in 2013, Mr. Petruzziello served as an expert witness in an unrelated case filed in the U.S. District Court for the Eastern District of Pennsylvania where he testified at a trial. At his deposition in this case, Plaintiff's counsel asked him for the name of the 2013 case. Mr. Petruzziello initially did not recall the name of the parties from 11 years ago, and walked over to the bookshelf in his office where the report was located before promptly returning to his desk. After having glanced at the 2013 report, he disclosed the name of the parties to the case: *Brandon Chrysler v. Reed Smith*. He did not bring his 2013 report back to his desk. Plaintiff's counsel then proceeded to question Mr. Petruzziello about this 2013 case and Mr. Petruzziello answered these questions and explained what the issues were and what opinions he had offered – **and did so without having the report in front of him and without needing to refresh his recollection about the 2013 case**. Ex. E at pp. 10-12. He explained that he had offered an opinion in defense of a defendant law firm and whether it had performed its job correctly as a floor plan checker for purposes of automobile dealership inventory financing. He explained that he had offered an opinion as to management's fraudulent activity wherein it overstated its inventory which impacted its ability to pay off the cars at issue in the financing. Plaintiffs' counsel asked no further questions and moved on to a new topic.

Later in the deposition, Plaintiffs' counsel returned to the topic and asked Mr. Petruzziello how many years ago he had been qualified as an expert in the *Brandon Chrysler v. Reed Smith* case.

> Q.: And that was how many years ago?
> A. : I believe it was 2013. It went on for awhile, but – if you want me to go to my credenza, I can look at the report.
> Q.: That's unnecessary for the moment. Have you been consulted by any other dealership or anyone else other than this case, about claims concerning management's role and responsibility in operating automobile dealership?
> A: No. I've done consulting work for various dealer groups, but it wasn't specifically dealing with fraud.
> Q.: **If you could go get the – I guess get that report from the credenza**.

*(OBJECTION BY VOYNOW COUNSEL WITH A CONTINUING OBJECTION)*

> Q;: Mr. Petruzziello, **if you could please get the report** (indicating). Okay. If you could -- you started to say that – what that claim was. If you could refresh your recollection by looking at that report and tell me in a little more detail what the claims were in that case.
> A. Well, the claim is quite simple. The plaintiff, Brandow, tried to say that the people that were doing the floor plan reviews were not competent and made errors in counting the cars. And that resulted in their out-of-trust situation, not paying for sold cars, grew to the point where they couldn't pay them off.

Ex. E, pp. 114-116.

As is clear from this transcript, Mr. Petruzziello did not need the transcript to answer questions about the 2013 case or to refresh his recollection – because he had already described the case earlier in the deposition and did so without the report in front of him. He never stated that he needed to review his report to recall the general facts of the case. He never stated he could not remember the case. Rather, Plaintiffs' counsel simply directed him (over Voynow's objection) to go and get the 2013 report and then simultaneously posited his question to assert that Mr. Petruzziello purportedly needed the report to "refresh his recollection." That is a blatant misrepresentation of what transpired. Indeed, it is flatly refuted by Mr. Petruzziello's earlier responses wherein he explained the 2013 case and his opinions therein – without needing to have the report in front of him or needing to refresh his recollection. Notably, even after he was directed by Plaintiffs' counsel to get the prior report from his credenza, Mr. Petruzziello did not review it when answering additional questions about the case from over 11 years ago. He simply put it on the desk. The deposition was videotaped and the video makes clear that he did not review it or rely upon it to testify in response to questions. Hence, Plaintiff's latest motion is nothing more than an attempt to circumvent the discovery rules regarding the extent of permissible expert discovery regarding prior testimony.

2. **Plaintiffs Are Not Entitled to Discovery of the 2013 Report Under Either FRCP 26 or FRE 612**

Pursuant to Federal Rules of Civil Procedure 26(a)(2)(B), the scope of expert discovery requires disclosures as follows:

> A witness who his retained or specifically employed to provide expert testimony…[shall disclose] a written report…**listing** any other cases in which the witness has testified as an expert at trial or by deposition **within the proceeding four years**.

F.R.C.P. 26(a)(2)(B).

Mr. Petruzziello's 2013 report is outside the four-year limit under the federal rules for required disclosure. Moreover, even where a prior expert report falls within the four year period, courts are clear that there is no added requirement under Rule 26 to actually produce this prior expert report from unrelated litigation. See e.g., *Surles v. Air France*, 2001 WL 815522 (S.D.N.Y. July 19, 2001); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 2003 WL 22227959 (S.D.N.Y. September 26, 2003) (Rule 26 requires only production of a list of the expert's cases within the four year limit; denying request for production of additional reports expert may have prepared). Plaintiffs argue that because it is the only

prior expert report authored by Mr. Petruzziello, that someone that warrants a disregard of Rule 26. It does not. The rule is clear and it does not matter if an expert authors 50 reports or 1 report, there is no entitlement to production of these reports – only to disclosure of testimony within the preceding four years.

Seeking to circumvent the limits on expert discovery set forth in Rule 26(a)(2)(B), Plaintiffs now rely upon Rule 612 of the Federal Rules of Evidence. Rule 612 provides in pertinent part that:

> If a witness uses a writing to refresh his memory for the purpose of testifying, either—
>
> > (1) while testifying, or
> > (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
> > an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

See FRE 612; *Leucadia, Inc. v. Reliance Ins. Co.*, 101 F.R.D. 674, 678 (S.D.N.Y. 1983).

Under Rule 612, if a witness *relied upon* a writing to refresh his memory *for the purpose of testifying* then the adverse party may be entitled to production of it in certain scenarios. However, as a threshold matter, there must be actual reliance by the witness before Rule 612 even comes into play. Significantly, "relied upon" for the purpose of testifying under Rule 612 means more than simply reviewing or glancing at a document – which occurred here. As explained in *Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159, 165 (S.D.N.Y. 2002):

> The purpose of the phrase 'for the purpose of testifying' is to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness.

*Id*., citing Advisory Committee Notes, Fed. R. Evid. 612 (1974). Thus, unless there is some demonstrated impact on the witness' testimony, the witness cannot be deemed to have relied on the document. *Id.* [3]

In addition, for there be actual "impact" upon a witness' testimony, Rule 612 also requires that, in order for an adversary to obtain production of a writing, the witness must have actually relied on the writing to refresh his memory. Significantly, even if the witness consults a writing while testifying, the adverse party is not entitled to see it unless the writing influenced the witness's testimony. *Suss v. MSX, supra*.; see also Weinstein's Federal Evidence, § 612.04(2)(b((i) (2d ed.1997); *United States v. Sheffield*, 55 F.3d 341, 343 (8th Cir.1995) ("even where a witness reviewed a writing before or while testifying, if the witness did not rely on the writing to refresh memory, Rule 612 confers no rights on the adverse party."); *Leucadia, Inc. v. Reliance Ins. Co.*, 101 F.R.D. 674, 679 (S.D.N.Y.1983) (fact that witness

---

[3] In that regard, the cases cited by Plaintiffs are not on point. In <u>In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.</u>, 293 F.R.D. 568, 577 (S.D.N.Y. 2013), the expert actually relied upon a spreadsheet prepared with the assistance of counsel as a basis for his opinions being offered in the case at issue, and the expert actually referenced and read from the spreadsheet into the record at his deposition. Hence, disclosure was deemed appropriate in that scenario. Similarly, in <u>Walsh v. Versa Cret Contr. Co.</u>, 2023 US Dist. LEXIS 60080, at *17 (E.D.N.Y. Apr. 5, 2023), the expert had specifically reviewed certain documents in preparation for his deposition testimony and to that extent, disclosure of document used to refresh recollection during preparation for the deposition was deemed appropriate under FRE 612. Neither of these scenarios occurred in this case.

looked at document in preparation for deposition did not destroy attorney-client privilege because "testimony revealed nothing about the document ... and there was nothing in the testimony that appeared actual reliance on it.).

As stated above, Mr. Petruzziello only walked to his credenza to identify the names of the parties from a case from 11 years ago. That is well short of the threshold requirement that a witness actually rely upon a document for purposes of influencing or impacting his testimony. All he did was glance at the document to identify the names of the parties. **He did not bring the report back to his desk** and was nonetheless able to describe the 2013 case and his opinions proffered in that case without referencing the 2013 written report. Merely because Plaintiffs' counsel then directed him later in the deposition to get up and get the report does not indicate actual reliance upon it for this case, nor did it impact his testimony in this case in any way. Notably, Mr. Petruzziello clearly stated that he did not review the 2013 report in preparation for his deposition. He did not review it or rely upon it for purposes of writing his reports in this case against Plaintiffs. His deposition testimony about the failures of Plaintiffs' management was not impacted in any way by his report written 11 years ago in a case involving a law firm defendant. Thus, as a threshold matter pursuant to the authority set forth above, Rule 612 does not even apply. Plaintiffs are not entitled to the 2013 expert report because Mr. Petruzziello did not "rely upon" it for purposes of his testimony in this case.

Furthermore, under Rule 612, this Court should exercise its discretion and not even entertain Plaintiffs' request to circumvent the clear limitations in Rule 26 governing expert discovery. Rule 612 only permits disclosure of documents where necessary in the interests of justice after balancing various factors. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Litig.*, 2012 WL 2044432, at *3-4 (S.D.N.Y. June 6, 2012). These factors courts consider and balance include: (1) whether production is necessary for a fair cross-examination; (2) the extent to which reviewing the document impacted the witness's testimony; (3) whether the witness was himself the author of the document (and therefore whether the document represents a mere memorialization of the witness's knowledge); and (4) whether the party seeking production is engaging in a fishing expedition. *Walsh v. Versa Cret Contracting Co., Inc.*, 2023 WL 2787453, at *3–4 (E.D.N.Y. Apr. 5, 2023).

Here, consideration of all of these factors lead to the conclusion that allowing discovery of the 2013 prior expert report – in contravention of Rule 26 -- is not in the interests of justice. Plaintiffs do not need the 2013 report to cross-examine Mr. Petruzziello about his opinions in his 2023 reports against Plaintiffs. Indeed, it would be impermissible to even do so as he never reviewed, relied upon, or considered the report in connection with any of his opinions or testimony in this case. The 2013 report had no impact upon his testimony in this case as he never reviewed it, read from it, or referred to any portion of it when describing the 2013 case, other than glancing at it to provide the names of the parties. As he authored the 2013 report, it is just a memorialization of his knowledge and not an independent writing or extraneous information impacting his knowledge. Lastly, and most importantly, this is clearly a fishing expedition. The 2013 report in a legal malpractice case in Pennsylvania has no bearing on the alleged fraud occurring at Plaintiffs' New York dealerships and management's failure as to these specific alleged frauds. The fact that it is the only occasion where Mr. Petruzziello testified as an expert is irrelevant and does not change the outcome of balancing these four factors. Just as Rule 26 limits expert discovery to a four year period to prevent fishing expeditions as to stale matters, this Court should likewise utilize its discretion to balance the impact of this report from 11 years ago. Respectfully, Defendants submit that this Court should conclude that it is not in the interests of justice to allow discovery of a report from 11 years ago where Mr. Petruzziello did not rely upon it, did not review it either before or during the deposition, did not read from it while testifying, and did not use it to refresh his recollection as required by Rule 612. Given these facts, allowing production of the report would violate Rule 26 as to permissible expert discovery.

Page 8 of 8

In accordance with this Court's Order of January 16, 2024 requiring a joint certification as to the close of all discovery, Defendants certify that it is their position that all discovery is now complete.

## Conclusion

Based on the above, Star respectfully requests that the Court order a conference and/or order Voynow to produce the October 13, 2013 Report by February 5, 2024.

Respectfully submitted,

*Joseph M. Labuda*

Joseph M. Labuda

cc: All counsel of record