

620 Freedom Business Center, Suite 405, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

January 3, 2024

VIA EMAIL (michaelmule@mllaborlaw.com)

Michael C. Mule, Esquire
Milman Labuda Law Group, PLLC.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042-1073

> RE:   Voynow, Bayard, Whyte and Company, LLP advs. Koufakis, et al.
> Docket No.:    USDC of Eastern NY No.: 1:18-cv-05775-ERK-CLP
> Our File No.:   03127.01373

Dear Mr. Mule:

Pursuant to your letter of December 21, 2023, please be advised of the following:

The expert report authored by Vincent Petruzziello in the matter of *Brandon Chrysler v. Reid Smith* was dated October 13, 2013 – over ten years ago.  Pursuant to Federal Rules of Civil Procedure 26(a)(2)(B), the scope of expert discovery requires disclosures as follows:

> A witness who his retained or specifically employed to provide expert testimony…[shall disclose] a written report…**listing** any other cases in which the witness has testified as an expert at trial or by deposition **within the proceeding four years**.

F.R.C.P. 26(a)(2)(B).

Mr. Petruzziello's report in the *Brandon v. Reid Smith* matter is well outside the four-year requirement such that there is no obligation under the federal rules to even disclose or list it.  Moreover, even if it was within the four-year time frame, courts are clear that there is no requirement under Rule 26 to actually produce prior expert reports from unrelated litigation.  See e.g., *Surles v. Air France*, 2001 WL 815522 (S.D.N.Y. July 19, 2001); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 2003 WL 22227959 (S.D.N.Y. September 26, 2003) (Rule 26 requires only production of a list of the expert's cases within the four year limit; denying request for production of additional reports expert may have prepared).

Your letter does not cite to any authority that differs from what is set forth above and required by Rule 26, nor do you cite to any case law that would require me to produce a 2013 report from a case involving

Michael C. Mule
January 3, 2024
Page 2

_____

unrelated parties.  If you are relying upon any authority as part of your request, please provide it so that we can consider it.

With regard to your request to identify what comprised the "various discovery documents provided by counsel," Mr. Petruzilli's reports cite to specific bates numbered documents within the categories of "discovery documents provided by counsel."  Those categories, as well a few not explicitly cited within the body of his reports, are as follows:

- Motorsports invoices with corresponding checks signed;

- Documents reflecting payments by Filardo to New Vision/Iskander and advertising flyers;

- Plaintiffs' Exhibit 28;

- Voynow tax planning memos;

- Rosenfield email communications with the District Attorney;

- Documents produced by NMAC pursuant to subpoena;

- Documents produced by Nick Chester pursuant to subpoena;

- Documents produced by Subaru of America pursuant to subpoena;

- Amended Complaint in Carmen Jones' civil action;

- Voynow engagement letters;

- Star 1096 Forms re 1099 vendors and August 2015 IRS letter to Michael Koufakis regarding Form 1096 filings produced by Plaintiffs;

- Michael Koufakis email regarding Subaru of America co-op reimbursement produced by Plaintiffs.

Many of the above-referenced documents are also contained within the exhibits attached to depositions he reviewed that are listed in the appendices to his reports.

Please let me know if you have any questions.

Michael C. Mule
January 3, 2024
Page 3

_____

                                            Very truly yours,

                                            Maureen P. Fitzgerald

MPF:ls
cc:    Jeremy Koufakis, Esquire - jeremy@mmmlaborlaw.com
LEGAL/158434039.v1