# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Michael C. Mulè – Partner
Direct E-Mail Address: michaelmule@mllaborlaw.com
Direct Dial: (516) 303-1442

<u>**VIA ECF**</u>                                                                                                      February 2, 2024

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:*   <u>**Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co.,**
**LLP Case No.: 1:18-cv-5775 (ERK) (TAM)**</u>

Dear Judge Merkl:

      This firm represents the Plaintiffs (collectively, "Star") in the above referenced matter. We write in accordance with the Court's January 29, 2024 Order authorizing us to respond to Defendants' caselaw and to clarify whether it is Star's position that Mr. Petruzziello opened the report and read portions of it during the deposition and what evidence supports their claims.

      Before getting to the caselaw, we clarify Star's position. It is clear from a review of the video and testimony that Mr. Petruzziello looked at the subject report and read from it while testifying.

      First, from the video, it is clear that less than eight minutes into the remote deposition, Mr. Petruzziello was asked about "the case where [he] appeared as an expert and it went to trial" as well as the name of the case and if he knew "any of the parties to that case." (*See* relevant video clips from first video).[1]  He testified, "Yes."  Then, he paused, stating: "Let me think for a second." He looked up to his left toward his bookshelf, then stated: "If I can look here (indicating)." <u>On his own volition, he stood up from his seat, walked over to his bookshelf</u>, seven minutes 52 seconds into the deposition. Then, with the report clearly in his hands, looking at it, he stated: "It was Brandow Chrysler versus Reed Smith." He continued looking at the report for a few seconds and then he put it back on the bookshelf. It was at that point the following was asked:

      Q.   Mr. Petruzziello, you just got up from your desk, so just so you know, you're on video.  So, what did you refer to, to get that name?
      A.   I went to the bookshelf next to my desk, and I do have that report that I prepared in my bookshelf.
      Q.   Okay,
          MR. MULE: We'll ask for a copy of that report, please.
          MS. FITZGERALD: Put your request in writing, and then we'll respond.

---

[1] We have been directed by the Court to email the Court and were advised that we will be provided with upload instructions for the video clips.

(Dkt. 119-4 at 10).

After already utilizing the Brandon Chrysler report once, without being asked to do so, it was Mr. Petruzziello, not the undersigned counsel, who later offered: "[I]f you want me to go to my credenza, I can look at the report." (Dkt. 119-4 at 114-15).

Next, from the video, it is clear that that Mr. Petruzziello looked at his report again shortly after 12:36:18 PM. (*See* second video clip). At p. 120 of the deposition transcript, Mr. Petruzziello was asked: "The report that you retrieved from your credenza, does it identify the case name?" (Dkt. 119-4 at 120). In the transcript, the Court only sees that he responds with the name of the case: "Brandow Chrysler Jeep Company, Et Al, versus Reed Smith." *Id.* However, a review of the video shows that Mr. Petruzziello reached down to his desk, toward his right, with his left hand and was reading from the Brandon Chrysler report while testifying. (*See* second video clip). He was then asked if the report identified the Court <u>where the matter was pending</u>, and <u>looking at the report</u>, he testified: "No." (Dkt. 119-4 at 120). Mr. Petruzziello was then asked: "Do you reference an appendix in that report that identifies the case name?" *Id.* He responded: "<u>I don't know</u>. It's been a long time." *Id.* (emphasis added). At that point, he was asked: "Could you take a look, please," and he responded: "Yeah." *Id.* Then, <u>he proceeded to look at his report, for a third time</u>. At one point at 12:37:07 PM, the report briefly comes into view. (*See* video clip). After <u>looking through the report for about 35 seconds</u>, Mr. Petruzziello testified (although it is not reflected in the deposition transcript): "No." (*See* second video clip).

The authorities to which Voynow cites do not help it, but instead support Star's position. As an initial matter, Fed. R. Civ. P. 26(a)(2)(B), which sets parameters as to what cases an expert must disclose, is entirely irrelevant. Star has not made any claim that Mr. Petruzziello's Brandon Chrysler report must be produced under that rule. Star relies on Rule 612 of the Federal Rules of Evidence ("FRE"). FRE 612(1) is mandatory.

Rule 612 states, in relevant part, that (a) "when a witness uses a writing to refresh his memory: (1) <u>while testifying</u> … (b) … an adverse party <u>is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness</u>." *Id.* (emphasis added).

The video clips make crystal clear that Mr. Petruzziello used the Brandon Chrysler report to refresh his memory while testifying. This is clear from both video clips. As set forth above, in the first video clip, Mr. Petruzziello stood up and walked over to his bookshelf <u>on his own, unprompted by any request by the undersigned</u>. He then gave the name of the case. There is no other interpretation of Mr. Petruzziello's action – other than that he used the Brandon Chrysler writing that he obtained on his own "to refresh his memory."

Later, again unsolicited, and contrary to the suggestion by Voynow's counsel, Mr. Petruzziello by his own volition offered "to go to my credenza" so he "can look at the report." Mr. Petruzziello would have had no reason to make that offer unless the report would refresh his recollection. Thereafter, it is clear that the report was utilized because Mr. Petruzziello reached down to the report, on his own and read from it, while testifying. Then, when asked questions as

Page 3 of 3

to where the case was pending and if that was identified in the report's appendix, he testified, "I don't know" while the report was in front of him. He then looked at the report (for at least the third time) for about 35 seconds, before answering, "No." As a matter of law, Star is entitled to cross-examine Mr. Petruzziello with respect to that report under these circumstances under Rule 612(a)(1) and (b).

*Suss v. MSX Int'l Eng'g Servs.*, 212 F.R.D. 159 (S.D.N.Y. 2002), relied upon by Voynow, is factually distinguishable. In *Suss*, plaintiff sought production of documents from defendant's privilege log which plaintiff claimed were "shown to witnesses prior to their depositions." *Id.* at 160. Defendant's position was that attorney-client privilege was only waived if the witness both "reviewed the document" and "relied on it in testifying". *Id.* at 161. Voynow suggests that this standard applies even when a document is used "while testifying" or where no privilege is at issue. Voynow is incorrect.

*Suss* supports Star, not Voynow, in this regard. *Suss* makes absolutely clear that production is mandatory under the circumstances before the Court, holding: "[T]he standard for production varies between Rule 612(1) and 612(2). Thus, <u>if the witness uses the document while testifying, it must be produced</u>." *Id.* at163 (emphasis added). That is what occurred here, requiring production. There is no exercise of discretion.

The Court's exercise of discretion only comes into play "[i]f the document was reviewed at some earlier time" (*Suss* at 163) or the document reviewed was privileged (*id.* at 165; *see also*, *Leucadia, Inc. v. Reliance Ins. Co.*, 101 F.R.D. 674, 678-79 (S.D.N.Y. 1983) (involving attorney-client, attorney work product privileged communications). Here, the Court does not need to review the standard under Rule 612(2) because, under the facts, Mr. Petruzziello used the Brandon Chrysler report, to which no privilege applies, "while testifying."[2] Thus, the authorities on which Voynow relies are inapplicable or support Star's position.

## Conclusion

Based on the above, Star respectfully requests that the Court order a conference and/or order Voynow to produce the October 13, 2013 Report by February 5, 2024.

Respectfully submitted,

*Michael C. Mulè*
Michael C. Mulè

cc: All counsel of record

---

[2] It is, nevertheless, apparent that Mr. Petruzziello also reviewed his Brandon Chrysler report in preparation for his deposition before a single question was asked. Mr. Petruzziello has prepared expert reports for only two cases: his reports in this action and his report in the Brandon Chrysler case. As Voynow concedes, Mr. Petruzziello testified that in preparation for his deposition: "I've reread my reports" (Dkt. 119-5 at 138). He did <u>not</u> limit his statement to reports in this action. Therefore, his testimony indicates that he reviewed his Brandon Chrysler report. So, contrary to Voynow's counsel's suggestion, it should not be surprising that Mr. Petruzziello was able to answer some questions about the Brandon Chrysler matter without the report in front of him. The Court, however, need not consider this because Mr. Petruzziello clearly reviewed the report while testifying, at least three times, during the deposition.