# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Joseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

February 15, 2024

**Via ECF**
Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  *Re:* **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP,** *et al.*
    **Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Korman:

  This firm represents the Plaintiffs in the above-referenced matter. This letter is written to advise the Court that the parties have not been able to agree on a briefing schedule concerning Defendants' motion for Summary Judgment. One of the main barriers relates to Defendants' improper Statement of Material Facts. Plaintiffs requested that Defendants withdraw paragraphs 76-137 of Defendants' Statement of Facts on the ground that none of these Facts relate in any way, shape or form to Defendants' partial motion for summary judgment and further prejudice Plaintiffs due to the substantial time and expense Plaintiffs and their counsel will need to expend reviewing and responding to these irrelevant Facts. However, Defendants have refused to withdraw same. Accordingly, Plaintiffs hereby also move to Strike paragraphs 76-137 of Defendants' Statement of Facts and respectfully request that the Court hold Defendants' Motion for Summary Judgment in abeyance until Plaintiffs' Motion to Strike is decided by this Court after which time a briefing schedule can be set.

  On February 12, 2024, Defendants filed a partial Motion for Summary Judgment limited to a sole discrete issue as to whether Plaintiffs' claims prior to 2015 should be barred by the three (3) year statute of limitations because Voynow's accounting engagement with Plaintiffs was purportedly not a continuous representation. Critically, Defendants have not moved for summary judgment as to the merits of the underlying professional malpractice claim.

  Despite moving for summary judgment on a discrete issue involving the statute of limitations, close to half of the paragraphs in Defendants' 56.1 Statement of Facts (paragraphs 76-137) contain purported facts that have no bearing on their Motion for Summary Judgment and which only relate to the merits of the underlying theft schemes for which Defendants have not moved for summary judgment. In fact, Defendants make absolutely no reference to any of these Facts in their Memorandum of Law in Support of their Summary Judgment Motion (**A copy of Defendants' 56.1. Statement of Facts and Memorandum of Law are annexed hereto as Exhibit A**). The headings and subheadings for paragraphs 76-137 of Defendants' 56.1 Statement

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
February 15, 2024
Page 2 of 3

of Facts, which are irrelevant to Defendants' Motion concerning the application of the Statute of Limitations are:

- THE ALLEGED ACTS OF THEFT AND PLAINTIFFS' DISCOVERY
- ALLEGED "THEFT" THROUGH CHECKS SIGNED BY PLAINTIFFS' AUTHORIZED CHECK SIGNERS
  - Alleged Theft From 2001-2007 In Connection With Staples Purchases
  - Alleged Theft Regarding An Advertising Vendor From 2008-2016
  - Alleged Theft Regarding Karouzakis' Personal Creditors From 2013-2016
  - Alleged Remaining Theft Schemes At Issue In Criminal Complaints
- PLAINTIFFS ENGAGE ROSENFIELD AND TERMINATE VOYNOW

Defendants' purported statements of facts within these headings and subheadings concern the schemes engaged in by Plaintiffs' former employees which Defendants negligently failed to uncover, criminal cases brought against Plaintiffs' former employees, the monetary amount of the thefts by Plaintiffs' former employees, the monetary amount sought by the government in the criminal proceedings against Plaintiffs' former employees, and Plaintiffs' retention of Rosenfield, another accounting firm. None of these issues have anything to do with the discrete statute of limitations issue that forms the sole basis for Defendants' partial motion for summary judgment. Indeed, Defendants concede in their memorandum of law in support of their motion for summary judgment that the theft schemes engaged in by Plaintiffs' former employees have no connection to Defendants' motion for summary judgment stating:

> The overwhelming majority of these theft related charges stem directly from checks signed by Authorized Check Signers of the Star Dealerships who approved the disbursement of funds without proper backup. **Putting aside the obvious failures of these Authorized Check Signers who signed every check now deemed to be theft without requiring proper back up**, Voynow submits that it is entitled to summary judgment as to all of Plaintiffs' claims predicated upon purported thefts and alleged negligence occurring from 2001 through 2014 **based upon the statute of limitations**.

See Exhibit B at 2 (emphasis added).

Local Rule 56.1 specifically states "There shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts **as to which the moving party contends there is no genuine issue to be tried**." Paragraphs 76-137 in Defendants' 56.1 Statement of Facts are not "material facts as to which [Voynow] contends there is no genuine issue to be tried". In fact, Defendants seek absolutely no opinion or order from the Court on any of these Facts. As discussed above, Defendants concede they are not moving for summary judgment on the underlying theft schemes. Accordingly, Paragraphs 76-137 in Voynow's 56.1 Statement of Facts should be struck. See Dikambi v. City Univ. of New York, 2023 U.S. Dist. LEXIS 156506 (S.D.N.Y. Sept. 5, 2023) (disregarding portions of plaintiff's 56.1 counterstatements that contain conclusory, argumentative, irrelevant, speculative, or unsupported assertions); Faulkner v. Arista Records LLC, 797 F. Supp.2d 299, 306-07 (S.D.N.Y.

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
February 15, 2024
Page 3 of 3

2011) (striking portions of defendant's Rule 56.1 Statement that "are not relevant to the analysis ... [to] [a] motion[] for summary judgment"); Pharm., Inc. v. Am. Pharm. Partners, Inc., 2007 U.S. Dist. LEXIS 74384 (E.D.N.Y. Sept. 14, 2007) (the subject of the these paragraphs is not relevant to the issues presented in the summary judgment motion.)

Notably, this motion is necessary because at least one court has concluded that merely objecting to statements of fact in a 56.1 statement of facts is insufficient and the appropriate recourse is to file a motion to strike. See U.S. Info. Sys. v. IBEW Local Union No. 3, 2006 U.S. Dist. LEXIS 52938 (S.D.N.Y. Aug. 1, 2006).

Plaintiffs should not be burdened with the herculean task of sifting through dozens of deposition transcripts and hundreds of thousands of pages of documents exchanged during discovery to respond to 61 purported statements of facts that do not form the basis for Defendants' Motion for Summary Judgment and address the merits of the underlying dispute that will be tried. If Plaintiffs were required to respond to Paragraphs 76-137 in Defendants' 56.1 Statement of Facts prior to the instant motion being decided it would defeat the purpose of Plaintiffs' Motion to Strike.

Accordingly, Plaintiffs respectfully request that their Motion to Strike Paragraphs 76-137 in Defendants' 56.1 Statement of Facts be granted and that Defendants' Motion for Summary Judgment should be held in abeyance until Plaintiffs' Motion to Strike is decided by this Court.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ Jamie S. Felsen

cc: All counsel of record