

620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

February 19, 2024

**VIA ECF**

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

    RE:    Star Auto Sales, et al. v. Voynow, et al.
           Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-TAM
           Our File No.: 03127.01373

Dear Judge Korman:

    This firm represents the Defendants Voynow, Bayard, Whyte and Co., LLP, Randall Franzen, Hugh Whyte and Robert Seibel in this matter, and submits this correspondence in response to Plaintiffs' February 15, 2024 letter regarding the briefing as to Defendants' Motion for Summary Judgment.

    On February 12, 2024, Defendants served their summary judgment papers on Plaintiffs and initially proposed a briefing schedule requiring Plaintiffs' Response to be submitted within 21 days or by March 4, 2024. Plaintiffs responded with a proposed briefing schedule allowing them 77 days or until April 29th to respond. Defendants viewed this length of time to be excessive, particularly given the age of the case and their well-documented desire to move it to a conclusion.  Defendants suggested a compromise proposal allowing Plaintiffs 35 days to submit their Response -  by March 18, 2024  - with Defendants' Reply due April 1st.  Plaintiffs never responded.

    Instead, on February 14, 2024, Plaintiffs demanded that Defendants either withdraw Paragraphs 76-137 of their Statement of Material Facts or agree to hold all summary judgment briefing in abeyance to allow Plaintiffs to file a Motion to Strike because, in their view, these facts were irrelevant.  Notably, Plaintiffs did not contend that these facts are disputed in any way.  Nor did they suggest that the facts in Paragraphs 76-137 are argumentative, unsupported by the record, hearsay or opinion.  Plaintiffs' sole grievance is that they view these facts to be irrelevant.

    Defendants respectfully disagree.  This is an accounting malpractice case for failing to detect alleged theft purportedly committed by Plaintiffs' employees over several years and at seven different automobile dealerships. Paragraphs 76-137 describe the alleged thefts.  One must question why Plaintiffs are trying to keep these facts from the Court as they provide critical background to the case. Specifically, Plaintiffs' Complaint alleged that

February 19, 2024
Page 2

_____

over $10 million of purported theft had occurred and that Defendants ignored purported red flags indicative of this alleged theft. The Complaint explicitly referenced a forensic accounting analysis that had been performed by an outside forensic accountant to support the assertion of these claims. However, since the filing of the Complaint and production of this forensic accounting report in discovery, Plaintiffs have abandoned this forensic accountant's analysis, sued him for malpractice and acknowledged that what he had deemed to be theft was not in fact theft. Plaintiffs never produced any other forensic accounting analysis or report from any another forensic accountant supporting their claims of alleged theft. Rather, Plaintiffs provided "evidence" of what they viewed to be theft in discovery and to the New York District Attorney's office. After reviewing this "evidence," charges were filed by the District Attorney's office for purported thefts totaling $1.3 million – not $10 million as alleged in the Complaint. The Statement of Facts at Paragraphs 76-137 summarize this critical background and set forth the nature of the criminal charges filed for theft. These paragraphs also describe the circumstances as to how and when Defendants' engagement with Plaintiffs ended, when the employees alleged to have stole were terminated, and who took over the preparation of Plaintiffs' annual tax returns once Defendants' engagement ended. In short, these facts provide the Court with critical background as to the termination of Defendants' engagement, the purported thefts which Defendants are being sued for failing to detect, and the termination of some of the employees involved. All such facts are supported by Plaintiffs' testimony, court filings or documents produced in discovery – and are not in dispute. Plaintiffs simply do not want this Court to be aware of what this case is truly about.

It is Defendants' position that this Court – not Plaintiffs – should decide what undisputed facts to consider when ruling on their summary judgment motion. To the extent Plaintiffs want to file a Motion to Strike in conjunction with their summary judgment response, they are free to do so. But there is no support whatsoever in any of the cases they cite for putting a summary judgment motion in abeyance while allowing for separate briefing and ruling on a Motion to Strike. In fact, the cases cited by Plaintiffs make clear that this is not the proper procedure and that courts consider such motions in tandem. Specifically, in _Faulkner v. Arista Records LLC_, 797 F.Supp.2d 299 (S.D.N.Y. 2011), both parties filed cross-motions for summary judgment and plaintiff also simultaneously filed a motion to strike. The court's ruling considered all motions in conjunction and did not put the summary judgment motions in abeyance. While the court did strike portions of the defendants' statement of facts when ruling on summary judgment, it did so because certain facts were predicated upon inadmissible hearsay, and it denied striking facts which plaintiffs claimed were based upon unauthenticated documents. _Id_. at 306-307. In _Dikambi v. City Univ. of New York_, 2023 WL 5713716 (S.D.N.Y. Sept. 5, 2023), a defendant moved to strike portions of a plaintiffs' counterstatement of facts submitted in response to their motion for summary judgment on the basis that certain facts were unsupported by record citations or were argumentative. In considering the motion to strike in conjunction with issuing it ruling on the motion for summary judgment, the court noted that some of plaintiffs' factual statements were argumentative or unsupported and would not be considered as part of its ruling on the summary judgment motion. _Id_. at *4-5. Lastly, in _In Pharm., Inc. v. Am. Pharm. Partners, Inc._, 511 F.Supp.2d 324, 332 (2007), the court granted in part and denied in part a motion for summary judgment. The aspect of the summary judgment motion that was denied was because the defendant had failed to include sufficient material facts. The case had nothing to do with a motion to strike.

Thus, none of the cases cited by Plaintiffs support their request to hold Defendants' Motion for Summary Judgment in abeyance to allow for a motion to strike to be filed, briefed and ruled upon before Plaintiffs must respond to the Motion for Summary Judgment. The cases make clear that this is not the proper procedure. To the extent Plaintiffs seek to strike anything, they should file such a motion in conjunction with their summary judgment response. Further, none of the cases cited by Plaintiffs support striking portions of a factual statement simply because one party views them to be irrelevant or does not want the Court to be aware of them. It is up to

_____

the Court to decide what facts submitted by either party are relevant and that it will consider when ruling on a dispositive motion.

      Accordingly, Defendants respectfully request that this Court deny Plaintiffs' request to hold Defendants' Motion for Summary Judgment in abeyance. Defendants further request that this Court enter an Order directing Plaintiffs to file their Response, including any motion to strike, by March 18, 2024, with Defendants' Reply being due on April 1, 2024.

      Thank you for your consideration of this matter.

                        Very truly yours,

                        *Maureen Fitzgerald*

                        Maureen P. Fitzgerald

MPF:ls
cc:    All counsel of record

LEGAL/139253376.v1