UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
STAR AUTO SALES OF BAYSIDE, INC.,
ET AL.,

                Plaintiffs,

        -against-

VOYNOW, BAYARD, WHYTE AND
COMPANY, LLP ET AL.,

                Defendants.
-----------------------------------------------------------X

**DISCOVERY ORDER**
18-CV-5775 (ERK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiffs are seven auto dealerships that collectively brought this action against Voynow, Bayard, Whyte and Company, LLP ("Voynow"); Hugh Whyte; Randall Franzen; and Robert Seibel for alleged professional malpractice and breach of contract. (Compl., ECF No. 1.) After nearly five years of discovery and numerous discovery-related conferences, the parties reported on January 26, 2024, that only one dispute remains outstanding. (Joint Mot. for Disc., ECF No. 119, at 1.)

## I. Plaintiffs' Discovery Request

      On December 18, 2023, Plaintiffs deposed Defendants' expert witness, Vincent Petruzziello. (*Id.* at 1.) Plaintiffs claim that in this deposition, Mr. Petruzziello "reviewed" a 2013 report he prepared for a different matter, *Brandon Chrysler v. Reed Smith*. (*Id.*) Based on this review, Plaintiffs requested that Defendants produce this report; Defendants objected. (*Id.*) Following several attempts to meet and confer to resolve this issue, the parties were unable to come to a resolution and made a motion to the Court. (*Id.*)

Plaintiffs contend that the following events during the deposition support their demand for Mr. Petruzziello's report: (1) Mr. Petruzziello walked to his bookshelf "to get the name of the case"; and (2) following counsel's statement that Mr. Petruzziello could "refresh [his] recollection by looking at the report," the witness explained the facts of the case that was the subject of his prior report. (*Id.* at 1–3.)

## II.  Procedural History

As noted above, the parties raised this discovery issue on January 26, 2024, in a joint letter. (*Id.*) On January 29, 2024, the Court issued an order providing Plaintiffs an opportunity to address the caselaw cited by Defendants in their portion of the joint motion, and directing Plaintiffs to file a supplemental letter clarifying whether their "position is that Mr. Petruzziello actually opened the report and read portions of it during the deposition, and what evidence supports their claim(s)." (Jan. 29, 2024 ECF Order.) Plaintiffs subsequently filed a letter, in which they state that "[i]t is clear from a review of the video and testimony that Mr. Petruzziello looked at the subject report and read from it while testifying." (Pls.' Suppl. Ltr., ECF No. 120, at 1.) Plaintiffs reiterate that Mr. Petruzziello had "the report clearly in his hands" and was "looking at it" when he gave the name of the case in which he appeared as an expert. (*Id.*) The supplemental submission clarifies that the next time Mr. Petruzziello looked at his report, he was prompted by counsel to "take a look" to determine whether the report references an appendix identifying the case name. (*Id.* at 2.) In connection with the supplemental filing, Plaintiffs submitted video clips of the deposition to the Court for review.

A review of the video clips by the Court revealed that Mr. Petruzziello did, in fact, retrieve the report to refresh his recollection as to the name of the case. (Video clip of Petruzziello Dep., time stamp 9:42:15 a.m.) Plaintiffs' counsel later inquired as to whether the witness referenced "an appendix in that report that identifies the case

2

name." (*Id.*, time stamp 12:36:55 p.m.) In response, Mr. Petruzziello stated: "Don't know. It's been a long time," to which Plaintiffs' counsel suggested that the witness "take a look please." (*Id.*, time stamp 12:36:55 p.m.) Following that exchange, Mr. Petruzziello flipped through the report and stated "no," indicating that the report did not reference such an appendix. (*Id.*, time stamp 12:37:39 p.m.) Notably, the transcript of the deposition details that Mr. Petruzziello was asked various questions about his prior engagement as an expert, including details regarding the facts of the case, and there is no indication in the transcript or video clips provided by Plaintiffs that Mr. Petruzziello looked at his report to refresh his recollection of these details. (*See* Petruzziello Dep. Tr., ECF No. 119-4, at ECF pp. 3–4, 7–15.) Moreover, at one point, Plaintiffs' counsel even suggested that Mr. Petruzziello use his prior report to refresh his recollection, and his response was: "Well, the claim is quite simple," and he proceeded to provide an overview of the claim and testified at length regarding his work on that case. (*Id.* at ECF pp. 10:6-20.) Plaintiffs have *not* provided a video clip of this portion of the deposition, leading the Court to credit Defendants' representation that Mr. Petruzziello did not use the report to refresh his recollection as to the substance of his prior expert testimony. (Joint Mot. for Disc., ECF No. 119, at 5.)

**III. Legal Standards**

Federal Rule of Civil Procedure 26(a)(2) provides, in pertinent part, that parties must produce the reports of expert witnesses employed to provide expert testimony, including "a list of all other cases in which, during the previous 4 years, the witness testified as an expert." Fed. R. Civ. P. 26(a)(2). Rule 26(e) provides that information in expert reports or given during an expert deposition must be supplemented should "the party learn[] that in some material respect the [report or information] is incomplete or incorrect." Fed. R. Civ. P. 26(e). Rule 612 of the Federal Rules of Evidence provides that

3

"an adverse party is entitled to" a writing used by a witness to refresh their memory while testifying. Fed. R. Evid. 612(a)(1), (b).[1] The advisory committee notes to Rule 612 specifically clarify that

> the phrase 'for the purpose of testifying' is to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness.

Fed. R. Evid. 612 advisory committee note.

**IV. Analysis**

Although Plaintiffs specifically requested the opportunity to provide a supplemental letter responding to Defendants' cited authority, Plaintiffs did not address the advisory committee notes to Rule 612 of the Federal Rules of Evidence. (*See* Joint Mot. for Disc. (Resp.), ECF No. 120.) Both sides claim that the case *Suss v. MSX Intern. Engineering Servs., Inc.*, 212 F.R.D. 159 (S.D.N.Y. 2002), supports their positions. (*See* Joint Mot. for Disc., ECF No. 119, at 6; Joint Mot. for Disc. (Resp.), ECF No. 120, at 3.) From a plain reading of the advisory committee note to Rule 612 and the caselaw, Defendants have advanced the proper application of these authorities.

The advisory committee note to the rule predicts exactly the scenario at issue here: that parties may use minor references to documents to try to gain access to them. Here, Plaintiffs can do no more than establish that the expert witness referenced the report in an effort to recall the name of the prior case in which he served as an expert.

---

[1] The rule "gives an adverse party certain options when a witness uses a writing to refresh memory . . . while testifying," including "to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(a)(1), (b).

4

(*See* Joint Mot. for Disc., ECF No. 119, at 6; Joint Mot. for Disc. (Resp.), ECF No. 120, at 3.) Such usage of the report in question cannot fairly be said to have had "an impact upon the testimony of the witness." Fed. R. Evid. 612 advisory committee note.

The *Suss* court's proposition that "if the witness uses the document while testifying, it must be produced," is no help to Plaintiffs where the advisory committee specifically clarified what it means to use a document while testifying. *Suss*, 212 F.R.D. at 163. In any case, *Suss* is exclusively concerned with the duty to produce documents used by a witness *before* testifying, and the statement referenced by Plaintiffs regarding production of documents used while testifying is dicta. *Id.* at 161–63.

As detailed above, a close review of the factual record here makes clear that Mr. Petruzziello did not use the report to refresh his recollection as to the substance of his testimony. Moreover, the Court finds that Plaintiffs' counsel's foray into questions concerning Mr. Petruzziello's prior expert report, and blatant suggestion that the witness use the report to refresh recollection when the witness did not in any way indicate that he needed his recollection to be refreshed, are little more than pretext for Plaintiffs' fishing expedition into this report from 2013. Accordingly, the Court finds that Plaintiffs have failed to establish that the prior expert report had "an impact upon the testimony of the witness." Fed. R. Evid. 612 advisory committee note.

## CONCLUSION

For the reasons discussed above, the motions for discovery related to production of Mr. Petruzziello's expert report are denied.

**SO ORDERED.**

Dated: Brooklyn, New York
April 5, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE