UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
STAR AUTO SALES OF BAYSIDE, INC.,
ET AL.,

                    Plaintiffs,

      -against-

VOYNOW, BAYARD, WHYTE AND
COMPANY, LLP, ET AL.,

                    Defendants.
-----------------------------------------------------------X

**ORDER**
18-CV-5775 (ERK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiffs are seven auto dealerships that collectively brought this action against Voynow, Bayard, Whyte and Company, LLP ("Voynow"); Hugh Whyte; Randall Franzen; and Robert Seibel for alleged professional malpractice and breach of contract. (Compl., ECF No. 1.) On February 12, 2024, Defendants filed a letter indicating that they had sent Plaintiffs a motion for summary judgment, in accordance with the individual rules of the Honorable Edward R. Korman. (Ltr. to Pls.' Counsel, ECF No. 121.) Shortly thereafter, Plaintiffs filed a letter to Judge Korman indicating that the parties have a dispute over Defendants' statement of material facts. (Ltr. Regarding Inability to Agree, ECF No. 122 (hereinafter "Pls.' Ltr.").) For the reasons discussed herein, the Court declines to strike any portion of Defendants' statement of material facts.

## DISCUSSION

### I. Legal Standards

      In the Eastern District of New York, Local Rule 56.1 requires any party making a motion for summary judgment to include "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends

there is no genuine issue to be tried." Local Rule 56.1(a). "[C]ourts in this Circuit frequently deny motions to strike paragraphs in Rule 56.1 statements, and simply disregard any improper assertions." *Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.*, No. 09-CV-1410, at *6 (KAM) (RLM), 2012 WL 6091570 (E.D.N.Y. Dec. 7, 2012), *report and recommendation adopted in relevant part*, 2013 WL 1334271 (E.D.N.Y. Mar. 28, 2013); *see also In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CV-7488, 2017 WL 6606629, at *1 (S.D.N.Y. Dec. 20, 2017) (disregarding improper legal argument in 56.1 statement); *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, No. 13-CV-275 (KBF), 2014 WL 3407108, at *2 (S.D.N.Y. July 7, 2014) (declining to strike any part of a Rule 56.1 statement and stating that even inclusion of improper argument does not "come[] close to contravening the requirements or purposes of Rule 56.1 such that it should be struck"); *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-7060 (CM) (KHP), 2022 WL 19792, at *8 (S.D.N.Y. Jan. 3, 2022) (denying a motion to strike Rule 56.1 responses and objections and finding the motion to strike procedurally improper).

## II. Discussion

Plaintiffs request that the Court strike paragraphs 76 through 137 of Defendants' Rule 56.1 Statement. (Pls.' Ltr., ECF No 122, at 3.) The basis for this request is that Plaintiffs believe these paragraphs "have no bearing on [Defendants'] Motion for Summary Judgment"; Plaintiffs further contend that it is burdensome to respond to these statements. (*Id.* at 1, 3.) Plaintiffs do not cite a single case where a court has struck

portions of a Rule 56.1 statement for lack of relevance.[1] In fact, Plaintiffs cited cases tend to undermine their request. *See Dikambi v. City Univ. of N.Y.*, ___ F. Supp. 3d ___, 2023 WL 5713716, at *5 (S.D.N.Y. 2023) (noting that plaintiff's Rule 56.1 counterstatements "are indeed lengthy" and unsupported by adequate citations, but declining to strike the statements and citing a case for the proposition that striking a redundant Rule 56.1 statement is "too severe" a sanction); *Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 306 (S.D.N.Y. 2011) (only striking those portions of a Rule 56.1 statement that would be inadmissible under the Federal Rules of Evidence).

Defendants' Rule 56.1 Statement is 22 pages. (Defs.' Statement of Material Facts, ECF No. 122-1.) The disputed paragraphs represent nine pages. (*See id.* ¶¶ 76–137.) Responding to these asserted facts will not be a "herculean effort." (Pls.' Ltr., ECF No. 122, at 3); *cf. In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 6606629, at *1 (finding that a 134-page statement of material facts is not unjustifiably long and denying a motion to strike). While Plaintiffs do correctly identify authority cautioning them against indicating that they dispute any facts proffered by Defendants without appropriate citations to the record, *U.S. Info. Sys. v. IBEW Local Union No. 3*, No. 00-CV-4763 (RMB) (JCF), 2006 U.S. Dist. LEXIS 52938, at *13 (S.D.N.Y. Aug. 1, 2006), they have the option to not address paragraphs they believe are irrelevant and may allow those paragraphs to be admitted to the extent they are properly supported by the record, *see*

---

[1] Plaintiffs represent in a parenthetical that one court struck "portions of defendant's Rule 56.1 Statement that 'are not relevant to the analysis . . . [to] [a] motion[] for summary judgment.'" (Pls.' Ltr., ECF No. 122, at 3 (quoting *Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 306–07 (S.D.N.Y. 2011) (alterations in original).) The Court notes that Plaintiffs' reliance on *Faulkner* is misplaced. Although the *Faulkner* court did strike certain paragraphs of the Rule 56.1 statement on evidentiary grounds, the court denied the motion to strike as to statements that were argued to be "not relevant to the analysis of these cross-motions for summary judgment." *Faulkner*, 797 F. Supp. 2d at 306.

Fed. R. Civ. P. 56(e)(2); *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992) ("When a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."); *Lester v. M&M Knopf Auto Parts*, No. 04-CV-850S (WMS), 2006 WL 2806465, at *2 (W.D.N.Y. Sept. 28, 2006) ("In light of Plaintiff's express failure to properly controvert Defendants' statement of facts, this Court will deem those factual assertions admitted to the extent they are supported by the record evidence.").

## CONCLUSION

Plaintiffs' request to strike portions of Defendants' Rule 56.1 Statement is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
April 15, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE