# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI
LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC. (d/b/a
STAR CHRYSLER JEEP DODGE) STAR AUTO
SALES OF QUEENS COUNTY LLC (d/b/a
STAR FIAT) and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                    Plaintiffs,

         -against-                        Case No.
                                          18-cv-05775
VOYNOW, BAYARD, WHYTE and COMPANY         (ERK)(TAM)
LLP, HUGH WHYTE, and RANDALL
FRANZEN,

                    Defendants.
----------------------------------------x

                              February 13, 2023
                              10:24 a.m.

     Videotaped Deposition of ROBERT KIRKHOPE, taken by Plaintiffs, pursuant to Subpoena, held at the offices of Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York, before Lisa Hiesiger, a Shorthand Reporter and Notary Public within and for the State of New York.

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Robert Kirkhope   ---   February 13, 2023

2

A P P E A R A N C E S :


   MILMAN LABUDA LAW GROUP PLLC
   Attorneys for Plaintiffs
      3000 Marcus Avenue, Suite 3W8
      Lake Success, New York 11042

   By:   JOSEPH LABUDA, ESQ.
         JEREMY M. KOUFAKIS, ESQ.
         jeremy@mllaborlaw.com


   MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.
   Attorneys for Defendants
      620 Freedom Business Center, Suite 405
      King of Prussia, Pennsylvania 19406

   By:   MAUREEN P. FITZGERALD, ESQ.
         mpfitzgerald@mdwcg.com


Also Present:

   JACQUELINE CUTILLO

   ROBERT SEIBEL

   RANDY FRANZEN

   HUGH WHYTE

   STEVEN RAMBAM (Via teleconference)

   ANDREW GEDACHT, Videographer

            ~oOo~

Case 1:18-cv-05775-ERK-TAM Document 126-13 Filed 06/05/24 Page 4 of 8 PageID #: 1804

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Robert Kirkhope --- February 13, 2023

3

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the respective parties hereto, that the filing, sealing and certification of the within deposition shall be and the same are hereby waived;

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to form of the question, shall be reserved to the time of the trial;

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be signed before any Notary Public with the same force and effect as if signed and sworn to before the Court.

~oOo~

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Robert Kirkhope  ---  February 13, 2023

4

1                    Kirkhope
2          THE VIDEOGRAPHER:  The date is
3   February 13th, 2023, the time is 10:24
4   a.m.  We are located at the offices of
5   Milman Labuda Law Group PLLC, 3000 Marcus
6   Avenue, Lake Success, New York.  We are
7   taking the deposition of Robert Kirkhope
8   in the matter of Star Auto Sales of
9   Bayside Inc. et al. v Voynow, Bayard,
10  Whyte and Company, et al. pending in the
11  U.S. District Court in the Eastern
12  District of New York, case number
13  18-cv-05775(ERK)(TAM).
14         My name is Andrew Gedacht, I'm the
15  video specialist with the Little Reporting
16  Company, and the court reporter is Lisa
17  Hiesiger, also from Little Reporting
18  Company.
19         At this time I would ask the
20  attorneys to please introduce themselves
21  for the video record, please state your
22  name, the firm with which you are
23  affiliated and whom you represent, after
24  which the court reporter will swear in the
25  witness.

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Robert Kirkhope --- February 13, 2023

5

Kirkhope

MR. LABUDA: Good morning, for the plaintiff Joe Labuda, Milman Labuda Law Group. We also have Jeremy Koufakis, Milman Labuda, and Jackie Cutillo represented from Star.

MS. FITZGERALD: Good morning, Maureen Fitzgerald from Marshall Dennehey representing all the defendants.

R O B E R T   K I R K H O P E, having been first duly sworn by Lisa Hiesiger, a Notary Public, was called as a witness and testified as follows:

EXAMINATION BY MR. LABUDA:

Q. Good morning, Mr. Kirkhope. My name is Joe Labuda, I think we've met before.

A. Yep.

Q. I'm the attorney for the plaintiff or plaintiffs Star, various entities, Star Nissan, Toyota, et cetera. And I'm going to be referring to the various Star entities simply as Star unless I say, you know, specifically Star Toyota, Star Nissan, et cetera. Do you understand?

A. Yep.

Q. And I'll be referring to Voynow, Bayard, Whyte and Company LLP simply as Voynow.

Case 1:18-cv-05775-ERK-TAM   Document 126-13   Filed 06/05/24   Page 7 of 8 PageID #: 1807

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Robert Kirkhope   ---   February 13, 2023

171

Kirkhope

records?

        MS. FITZGERALD:  Object to form.

   A.   I'm not sure I follow, what do you mean?

   Q.   We talked generally about how sometimes you would print out schedules, sometimes you would ask the client to print out schedules and you'd see stuff on the screen sometimes. I'm curious, was that the same method that was used at Star or was it a different method?

   A.   At Star --

        MS. FITZGERALD:  Object to form.

   A.   Probably because we only had, we didn't have a dedicated computer to us, which is not uncommon. I was probably the low man that was told to go print out all the schedules for all the stores. So I'm assuming I had to do it a couple of times in my career where I was told to print out all the schedules and all the balance sheets for all the stores, and then I would pretty much give them to whoever was handling that store.

   Q.   So where would you actually do that,

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Robert Kirkhope  ---  February 13, 2023

172

1  Kirkhope
2  would you have to take over an employee's
3  Reynolds computer?
4      A.   I wouldn't take over their Reynolds
5  but there would have to be an open computer.  So
6  maybe somebody didn't come in until 10:30, they
7  would tell me that computer is good to use to
8  print out our stuff, but that person is coming in
9  at 10:30 so you'll have to move.
10     Q.   Would you log in under Voynow or a
11 Star employee or something else?
12     A.   No, we had our own log-in at Voynow,
13 so we went in through our log-in.
14     Q.   You had indicated before that it was
15 your understanding that you may not have full
16 access to Star's full Reynolds system, is that
17 right?
18     A.   That's right.
19     Q.   Do you know what restrictions were
20 placed on your Reynolds account like the Voynow
21 Reynolds account at Star?
22     A.   Again, me personally, I would only
23 use about three executables or four.  So I don't
24 even know if I had access to stuff or not, I
25 didn't try.