EXHIBIT 14

Page 1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
                           -  -  -
 3     STAR AUTO SALES OF      : Civil Action No.:
       BAYSIDE, INC. (d/b/a    : 1:18-cv-05775-ERK-CLP
 4     STAR TOYOTA OF          :
       BAYSIDE), STAR AUTO     :
 5     SALES OF QUEENS,        :
       LLC (d/b/a STAR         :
 6     SUBARU), STAR HYUNDAI   :
       LLC (d/b/a STAR         :
 7     HYUNDAI), STAR NISSAN,  :
       INC.(d/b/a STAR         :
 8     NISSAN), METRO          :
       CHRYSLER PLYMOUTH       :
 9     INC.(d/b/a STAR         :
       CHRYSLER JEEP DODGE),   :
10     STAR AUTO SALES OF      :
       QUEENS COUNTY LLC       :
11     (d/b/a STAR FIAT) and   :
       STAR AUTO SALES OF      :
12     QUEENS VILLAGE LLC      :
       (d/b/a STAR             :
13     MITSUBISHI),            :
                               :
14            Plaintiffs,      :
                               :
15            vs.              :
                               :
16     VOYNOW, BAYARD, WHYTE   :
       AND COMPANY, LLP, HUGH  :
17     WHYTE, RANDALL FRANZEN  :
       AND ROBERT SEIBEL,      :
18                             :
              Defendants.      :
19                        -  -  -
20            FRIDAY, FEBRUARY 3, 2023
21                        -  -  -
22
23     (Caption continued on page 2.)
24
25     Job No. CS5701935
```

Page 2

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2
3                       - - -
4
                  FRIDAY, FEBRUARY 3, 2023
5
6                       - - -
7
8          Oral Deposition of JACQUELINE CUTILLO, as
9    corporate designee for Star Hyundai, LLC, d/b/a Star
10   Hyundai, taken at Marshall Dennehey, 2000 Market Street,
11   Suite 2300, Philadelphia, Pennsylvania, commencing at
12   3:58 p.m., before Lauren Sweeney, a Court Reporter and
13   Notary Public.
14
                        - - -
15
16
17
18
19
20
21
22
23
24
25

Page 3

```
 1   A P P E A R A N C E S:
 2           MILMAN LABUDA LAW GROUP, PLLC
             BY:  JOSEPH M. LABUDA, ESQUIRE
 3           3000 Marcus Avenue
             Suite 3W8
 4           Lake Success, New York 11042
             516-328-8899
 5           joe@@mllaborlaw.com
             Representing the Plaintiffs
 6
 7           MARSHALL DENNEHEY
             BY:  MAUREEN FITZGERALD, ESQUIRE
 8           620 Freedom Business Center
             Suite 400
 9           King of Prussia, Pennsylvania 19406
             610-354-8270
10           mpfitzgerald@mdwcg.com
             Representing the Defendants
11
12
13
                         - - -
14
15   ALSO PRESENT:
16           RANDALL FRANZEN, VIA TELEPHONE
17           JEREMY KOUFAKIS
18           MICHAEL KOUFAKIS, VIA TELEPHONE
19           STEVE RAMBAM, VIA TELEPHONE
20
21                       - - -
22
23
24
25
```

Page 4

1                    I N D E X

2                      - - -

3    TESTIMONY OF:   JACQUELINE CUTILLO          PAGE

4    By MS. FITZGERALD. . . . . . . . . . . . . . 6

5

6                      - - -

7                   EXHIBITS

8                      - - -

9    NUMBER          DESCRIPTION                  PAGE

10    Hyundai-1    Notice                          6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 5

1                    DEPOSITION SUPPORT INDEX

2        DIRECTIONS TO WITNESS NOT TO ANSWER

3        Page     Line

4         (None)

5

6

7

8        REQUEST FOR PRODUCTION OF DOCUMENTS

9        Page     Line     Description

10       16       18       Checks

11

12       STIPULATIONS

13       Page     Line

14        (None)

15

16       QUESTIONS MARKED

17       Page     Line

18        (None)

19

20

21

22

23

24

25

JACQUELINE CUTILLO

Page 6

1                  - - -
2            (Exhibit Hyundai-1 was
3       premarked for identification
4       purposes.)
5                  - - -
6            JACQUELINE CUTILLO, after
7       having been first duly sworn, was
8       examined and testified as follows:
9                  - - -
10   BY MS. FITZGERALD:
11       Q.  All right.  Jackie, I'm not going to go through
12   the deposition instructions because I know you know them
13   well, but for purposes of this deposition you are here on
14   behalf of the corporation, Star Hyundai, LLC, d/b/a Star
15   Hyundai; is that correct?
16       A.  That is correct.
17       Q.  Okay.  And if i use the term company or
18   corporation or Hyundai, I'm referring to that entity.
19   Okay?
20       A.  Okay.
21       Q.  In the chart, the damage chart, Hyundai is
22   alleging damages of $34,500 in connection with THE paying
23   personal creditors scheme committed on behalf of Vivian
24   during the period of May 2013 to November 2016; is that
25   correct?

JACQUELINE CUTILLO

Page 20

```
 1    actually go and search and find the unsigned copy of the
 2    check with no backup to it?
 3         A.  We searched and couldn't find either copy.
 4         Q.  Would there be a reason why the company would be
 5    paying Vivian these amounts, 22,000 or 26,000, outside of
 6    the normal payroll process?
 7         A.  The 22,000 was payable to her personal credit
 8    card.
 9         Q.  Okay.  The 26,000.  Thank you.
10              Would there be a reason that the company
11    would be paying Vivian $26,000 outside of the normal
12    payroll process?
13         A.  Her description in the system is that that is a
14    refund for a deposit.
15         Q.  Okay.
16         A.  That could be a reason.
17         Q.  Okay.  And if that was the case, should the
18    check signer have been presented with the documentation
19    supporting the refund of the deposit?
20         A.  Yeah.
21         Q.  On what basis does the company contend that
22    Voynow is liable for the $34,500?
23         A.  Plus the 22,000.
24         Q.  Plus the 22,000.
25              MR. LABUDA:  Objection, but you can
```

JACQUELINE CUTILLO

Page 21

1          answer.

2                    THE WITNESS:  I'd like to defer that to

3          the expert, but I'll give you my opinion.  They

4          looked at the customer deposit schedules every

5          time that they came in.  They reviewed our books

6          and records, and they reviewed bank

7          reconciliations.  So that would be my -- off the

8          top of my head.

9     BY MS. FITZGERALD:

10         Q.  What about either of any of these three checks

11    would show up on a customer deposit schedule?

12         A.  The check was issued from her customer -- she

13    issued the check to herself from her customer number on

14    customer deposits of Star Hyundai.

15         Q.  And I can show you the indictment if you want to

16    see it again, but I'll represent to you that neither of

17    those checks are listed in the indictment.

18                    Is the company aware of that?

19         A.  They were discovered after the indictment.

20         Q.  Okay.  And when were they discovered?

21         A.  The $22,000 check was discovered when we

22    obtained the subpoena from Capital One, and the $26,000

23    check was discovered between 2020 and 2021 when she was

24    dead.

25         Q.  I'm showing you Nissan-18.