# EXHIBIT 15

```
                                                      Page 1

 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
                         - - -
 3   STAR AUTO SALES OF       : Civil Action No.:
     BAYSIDE, INC. (d/b/a     : 1:18-cv-05775-ERK-CLP
 4   STAR TOYOTA OF           :
     BAYSIDE), STAR AUTO      :
 5   SALES OF QUEENS,         :
     LLC (d/b/a STAR          :
 6   SUBARU), STAR HYUNDAI    :
     LLC (d/b/a STAR          :
 7   HYUNDAI), STAR NISSAN,   :
     INC.(d/b/a STAR          :
 8   NISSAN), METRO           :
     CHRYSLER PLYMOUTH        :
 9   INC.(d/b/a STAR          :
     CHRYSLER JEEP DODGE),    :
10   STAR AUTO SALES OF       :
     QUEENS COUNTY LLC        :
11   (d/b/a STAR FIAT) and    :
     STAR AUTO SALES OF       :
12   QUEENS VILLAGE LLC       :
     (d/b/a STAR              :
13   MITSUBISHI),             :
                              :
14         Plaintiffs,        :
                              :
15         vs.                :
                              :
16   VOYNOW, BAYARD, WHYTE    :
     AND COMPANY, LLP, HUGH   :
17   WHYTE, RANDALL FRANZEN   :
     AND ROBERT SEIBEL,       :
18                            :
           Defendants.        :
19                       - - -
20          THURSDAY, FEBRUARY 2, 2023
21                       - - -
22
23   (Caption continued on page 2.)
24
25   Job No. CS5681791
```

```
                                                    Page 2

 1              UNITED STATES DISTRICT COURT
                EASTER DISTRICT OF NEW YORK
 2
 3                          - - -
 4
                     THURSDAY, FEBRUARY 2, 2023
 5
                            - - -
 6
 7
 8          Oral Deposition of JACQUELINE CUTILLO, as
 9   corporate designee for Star Auto Sales of Bayside, Inc.,
10   d/b/a Star Toyota of Bayside taken at Marshall Dennehey,
11   2000 Market Street, Suite 2300, Philadelphia,
12   Pennsylvania, commencing at 10:39 a.m., before Lauren
13   Sweeney, a Court Reporter and Notary Public.
14
                            - - -
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                        Page 3
 1   A P P E A R A N C E S:
 2           MILMAN LABUDA LAW GROUP, PLLC
             BY:   JOSEPH M. LABUDA, ESQUIRE
 3           3000 Marcus Avenue
             Suite 3W8
 4           Lake Success, New York 11042
             516-328-8899
 5           joe@@mllaborlaw.com
             Representing the Plaintiffs
 6
 7           MARSHALL DENNEHEY
             BY:   MAUREEN FITZGERALD, ESQUIRE
 8           620 Freedom Business Center
             Suite 400
 9           King of Prussia, Pennsylvania 19406
             610-354-8270
10           mpfitzgerald@mdwcg.com
             Representing the Defendants
11
12
13
                           - - -
14
15   ALSO PRESENT:
16           RANDALL FRANZEN
17           JEREMY KOUFAKIS
18           MICHAEL KOUFAKIS, VIA TELEPHONE
19           STEVE RAMBAM, VIA TELEPHONE
20
21                         - - -
22
23
24
25
```

1           I N D E X
2             - - -
3  TESTIMONY OF:  JACQUELINE CUTILLO           PAGE
4  By MS. FITZGERALD. . . . . . . . . . . . . . . . 6
5
6             - - -
7           EXHIBITS
8             - - -
9  NUMBER        DESCRIPTION                   PAGE
10 Toyota-1      Notice                        6
11 Toyota-2      Checks                        29
12 Toyota-3      Journal entries               68
13 Toyota-4      Journal entries               68
14 Toyota-5      Report                        74
15 Toyota-6      Deal jacket                   81
16 Toyota-7      Schedule                      87
17 Toyota-8      Civil lawsuit                 102
18 Toyota-9      Deal packet                   106
19 Toyota-10     Journal entries               114
20 Toyota-11     Printout                      124
21
22
23
24
25

```
                                                    Page 5
 1              DEPOSITION SUPPORT INDEX
 2    DIRECTIONS TO WITNESS NOT TO ANSWER
 3    Page    Line
 4    9       22
 5    15      15
 6    20      9
 7    20      21
 8
 9    REQUEST FOR PRODUCTION OF DOCUMENTS
10    Page    Line    Description
11    (None)
12
13    STIPULATIONS
14    Page    Line
15    (None)
16
17    QUESTIONS MARKED
18    Page    Line
19    (None)
20
21
22
23
24
25
```

JACQUELINE CUTILLO

Page 6

1             - - -
2         (Exhibit Toyota-1 was premarked
3     for identification purposes.)
4             - - -
5         JACQUELINE CUTILLO, after
6     having been first duly sworn, was
7     examined and testified as follows:
8             - - -
9  BY MS. FITZGERALD:
10     Q.  Okay.  Good morning, Jackie. For the record,
11 we've just completed the deposition of the corporation
12 Star Nissan with you as the designee.  You are appearing
13 in that same capacity on behalf of the Plaintiff, Star
14 Auto Sales of Bayside, Inc., d/b/a Star Toyota of
15 Bayside, correct?
16     A.  Correct.
17     Q.  Okay.  Do you recall all the instructions that I
18 gave you at the start of the prior deposition for Nissan?
19     A.  Yes.
20     Q.  Okay.  And do you understand those same
21 instructions apply for this deposition?
22     A.  That makes sense.
23     Q.  Okay.  And when I refer to the company or the
24 corporation or Toyota, I am doing so with regard to the
25 Plaintiff Star Auto Sales of Bayside, Inc., d/b/a Star

1    A.    No. Vice versa.

2    Q.    Okay. So it's entered into the Reynolds system
3  first, and then the deposit ticket is prepared.

4    A.    Right, which is why your Reynolds information is
5  supposed to match your deposit slip.

6    Q.    Okay. Does it matter which is done first?

7    A.    Yes.

8    Q.    On what basis does the company contend that
9  Voynow is liable for the $463,000 alleged to be part of
10 this scheme?

11           MR. LABUDA:  Objection, but you can
12       answer.

13           THE WITNESS:  I'd like to defer that to
14       the expert.

15 BY MS. FITZGERALD:

16   Q.    Understood, but here you are the designee on
17 behalf of the corporation who has asserted claims against
18 Voynow with regard to this scheme, so in that capacity,
19 what is your understanding as to the basis that the
20 company contends Voynow is liable?

21           MR. LABUDA:  Same objection, but you can
22       answer.

23           THE WITNESS:  It's my opinion that Voynow
24       should have off the top of my head been able to
25       identify this based off of reviewing the

1       schedules for incentives, reviewing the schedules
2       for commissions.  In review of all those
3       schedules they would have been able to identify
4       that checks were being distributed off the recap
5       page.
6  BY MS. FITZGERALD:
7       Q.  So it's the company's contention that the
8  schedules that were reviewed included a recap page?
9       A.  Absolutely, along with the fact that I then told
10 Randy about the Toyota side, that I had given the
11 question in regards to the Toyota side that's these
12 entries made no sense to me previously.
13      Q.  And going back to that, when you questioned
14 Randy, where did this conversation take place?
15      A.  In the office.
16      Q.  Where in the office?
17      A.  At my desk.
18      Q.  Okay.  And was anybody else present?
19      A.  Randy.
20      Q.  Other than you and Randy?
21      A.  No.  I turned to him, and I said I have a
22 question in regards to this entry, I am not the one
23 putting this entry on here, and I don't understand why
24 it's here.  And he looked at it and he said, don't worry
25 about that, it's Vivian, it's okay, and walked away.