# EXHIBIT 16

# In the Matter of

Case No. 18-cv-05775 (ERK)(TAM)

STAR AUTO SALES OF BAYSIDE, INC., et al.

v.

VOYNOW, BAYARD, WHYTE AND COMPANY LLP, et al.

## Deposition of Robert Seibel, 30(b)(6)

*Thursday, June 22, 2023*

The Little Reporting Company
469 Seventh Avenue
12th Floor
New York, NY 10018
tel: 646-650-5055
www.littlereporting.com

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI
LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC. (d/b/a
STAR CHRYSLER JEEP DODGE) STAR AUTO
SALES OF QUEENS COUNTY LLC (d/b/a
STAR FIAT) and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                           Plaintiffs,
                                        Case No.:
         -against-                      18-cv-05775
                                        (ERK) (TAM)
VOYNOW, BAYARD, WHYTE AND
COMPANY LLP, HUGH WHYTE, and
RANDALL FRANZEN,

                           Defendants.
-------------------------------------X
         30(b)(6) VIDEOTAPED DEPOSITION OF
       VOYNOW, BAYARD, WHYTE and COMPANY, LLP

              BY: ROBERT SEIBEL

              (Taken by Plaintiff)

         3000 Marcus Avenue, Suite 3W8
              Lake Success, New York

                 June 22, 2023
                  10:40 a.m.
```

Reported by Ruthayn Shalom, a Shorthand Reporter and
Notary Public within and for the State of New York.

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

2

2     A P P E A R A N C E S :

3              MILMAN LABUDA LAW GROUP PLLC
               Attorneys for Plaintiffs
4              3000 Marcus Avenue, Suite 3W8
               Lake Success, New York 11042
5              BY: MICHAEL C. MULE, ESQ.
               Michaelmule@mllaborlaw.com
6
               BY: JEREMY M. KOUFAKIS, ESQ.
7              jeremy@mllaborlaw.com

8

9              MARSHALL DENNEHEY WARNER COLEMAN &
               GOGGIN P.C.
10             Attorneys for Defendants
               620 Freedom Business Center
11             Suite 405
               King of Prussia, Pennsylvania 19406
12             BY: MAUREEN P. FITZGERALD, ESQ.
               mpfitzgerald@mdwcg.com
13

14
       ALSO PRESENT:
15     Jacqueline Cutillo

16     Randy Franzen

17     Rich Morales, Videographer

18

19

20

21

22

23

24

25

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

3

2       IT IS HEREBY STIPULATED AND AGREED, by
3  and between the attorneys for the respective
4  parties hereto, that this examination may be
5  sworn to before any Notary Public.
6
7       IT IS FURTHER STIPULATED AND AGREED that
8  the sealing and filing of the said examination
9  shall be waived.
10
11      IT IS FURTHER STIPULATED AND AGREED that
12  all objections to questions except as to form
13  shall be reserved for trial.

Case 1:18-cv-05775-ERK-TAM Document 126-19 Filed 06/05/24 Page 6 of 14 PageID #: 1907

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6) --- June 22, 2023

4

1    R. Seibel
2    ROBERT SEIBEL, called as a
3    witness, having been first duly sworn by Ruthayn
4    Shalom, a Notary Public of the State of New York,
5    and stating his address as 1210 North Brook Drive,
6    Trevose, New Jersey, 19053, was examined and
7    testified as follows:
8         THE VIDEOGRAPHER: We are now on the
9    record. The time is approximately 10:40 a.m.
10   Today's date is June 22, 2023. This is the
11   video deposition of Robert Seibel in the Matter
12   of Star Auto Bayside, et al., versus Voynow,
13   Bayard, et al. My name is Richard Morales, the
14   legal videographer on behalf of Little
15   Reporting. Today we are at the office of
16   Milman Labuda located at 3000 Marcus Avenue,
17   Suite 3W8, Lake Success, New York 11042.
18        Will counsel please identify yourselves
19   and state whom you're representing.
20        MR. MULE: Good morning. Michael Mule
21   from the firm Milman Labuda Law Group, and we
22   represent the Plaintiffs in this action.
23        MS. FITZGERALD: Maureen Fitzgerald from
24   Marshall Dennehey representing the Defendants.
25        MR. MULE: Just one correction. You said

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

5

1              R. Seibel
2  it was the deposition of Mr. Seibel.  It's the
3  30(b)(6) deposition of Voynow and Mr. Seibel is
4  the designated representative.
5         THE VIDEOGRAPHER:  The court reporter is
6  Ruthayn Shalom in associate with Little
7  Reporting.  Will you please swear in the
8  witness.
9  (Whereupon, the witness was sworn in by the
10                   reporter.)
11         MR. MULE:  Before we go on the record with
12  the video, just wanted to address the 30(b)(6)
13  topics and what is going to be discussed today.
14  So our position after the multiple
15  meets-and-confers on this matter, and we had --
16  we had one on May 16, we had another one on
17  June 2nd.
18         We sent multiple communications confirming
19  topics.  We have Topics 1A, subs one through
20  four, 1B, 1C, which we anticipated eliminating,
21  1D, 1E, and these have -- this has a
22  modification provided on June 13.
23         1F, also with modification, 1G with
24  modification, 1H with modification, 1I with
25  modification, 1J with modification, 1K, 1L with

Case 1:18-cv-05775-ERK-TAM   Document 126-19   Filed 06/05/24   Page 8 of 14 PageID #: 1909

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   --- June 22, 2023

66

1        R. Seibel
2  that up until roughly 2008, engagement letters were
3  not required, and around that time period the AICPA
4  issued guidance recommending that you have written
5  engagement letters for all your business
6  engagements; do you recall that?
7          MS. FITZGERALD:  Okay, again, clearly this
8     is designated testimony.  You're questioning
9     him in his individual capacity.  That's
10    improper.  We are not going to answer that.
11         MR. MULE:  Are you directing him not to
12    answer?
13         MS. FITZGERALD:  I am.  That's a question
14    given to him personally.
15         MR. MULE:  I have a followup question.
16  BY MR. MULE:
17    Q    As to this testimony, did -- where did
18  Voynow get this approximate 2008 date from?
19         MS. FITZGERALD:  You can answer.
20    A    You're asking where we got the date from?
21    Q    Yes, that they were not required until
22  roughly 2008.
23         MS. FITZGERALD:  That mischaracterizes his
24    testimony.  They have never been required.  The
25    testimony was at some point they were

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)  ---  June 22, 2023

67

1      R. Seibel
2  recommended.
3      MR. MULE: I'm using his language.
4      A    Perhaps I misspoke there that the AICPA at
5  that point recommended using engagement letters and
6  having a written engagement letter. It's not
7  required, but since 2008 when the AICPA made that
8  recommendation, we have been issuing engagement
9  letters each year to each of our clients.
10     Q    In what manner did the AICPA make that
11 recommendation?
12     A    It was in some type of guidance that the
13 AICPA puts out.
14     Q    Was that something that you read a
15 recommendation from the AICPA?
16     A    It's some type of recommendation or
17 guidance that the AICPA put out that Ken Mann and --
18 Ken Mann had read and reviewed with the other
19 partners and they decided to start based on that
20 guidance that the AICPA put out to send every client
21 that we were doing a tax engagement for, they would
22 do an engagement letter.
23     Q    You're not aware of what that guidance
24 was?
25     A    It was guidance that said that -- that

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

68

1  R. Seibel
2  recommended having engagement letters for all of
3  your tax clients.
4              MR. MULE:  I want to take a quick break
5      for a second.
6              MS. FITZGERALD:  It's one o'clock.
7              THE WITNESS:  Let's break for lunch.
8              THE VIDEOGRAPHER:  The time is 12:54 p.m.
9      We are going off the record.
10
11              (Luncheon recess:  12:54 p.m.)
12                          ***
13              (Afternoon session: 1:53 p.m.)
14
15      R O B E R T  S E I B E L, resumed, having
16  been previously duly sworn, was examined and
17  testified further as follows:
18  EXAMINATION BY
19  MR. MULE: (Continued)
20              THE VIDEOGRAPHER:  The time is 1:53 p.m.
21      We are back on the record.
22              MS. FITZGERALD:  Before we start, I want
23      to put on the record we broke at 12:55 with an
24      agreement to take a 30-minute lunch break
25      Defendants were back in the room at 1:25 ready

Case 1:18-cv-05775-ERK-TAM   Document 126-19   Filed 06/05/24   Page 11 of 14 PageID #: 1912

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

70

1   R. Seibel
2   THE WITNESS: I wanted to clarify
3   something with regard to when we started doing
4   engagement letters and the recommendation from
5   that.
6       Actually, the initial recommendation came
7   from the -- our insurance carrier and around
8   the same time there were recommendations from
9   various AICPA-sponsored publications also
10  recommending the same thing and that's when we
11  started doing engagement letters.
12      The initial impetus or recommendation
13  actually came from the insurance carrier rather
14  than the AICPA, but the AICPA was making the
15  same recommendation in their publications at
16  the same time or around the same time.
17  Q    Okay. Moving to Topic 1B. Did Voynow
18  ever receive a signed engagement letter from Star?
19  A    We received signed engagement letters from
20  Mike Koufakis and I think Steve and John for their
21  personal tax returns.
22  Q    But not from any of the Star entities; is
23  that correct?
24  A    You're referring to the dealerships?
25  Q    Correct.

Case 1:18-cv-05775-ERK-TAM Document 126-19 Filed 06/05/24 Page 12 of 14 PageID #: 1913

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6) --- June 22, 2023

146

1 R. Seibel
2 Q That corresponds with the number that
3 appears on Exhibit 154, 13th month, correct?
4 A Yes.
5 Q It's rounded down?
6 A It's rounded to the nearest dollar.
7 Q If you go to the last page of Exhibit 156,
8 line 32, do you see the line for parts accessories
9 wholesale, Account 4670?
10 A Yes.
11 Q The gross profit for the current month is
12 negative $244,110?
13 A Yes.
14 Q If you took the difference between
15 negative 244,100 and the original amount that was on
16 Exhibit 155 of 39,876 for the current month profit,
17 you would get to 283,000 and change; is that
18 correct?
19 A Appears to be.
20 Q Can you tell me what is a yearend journal
21 entry that were talking about before?
22 A What is a yearend journal entity?
23 Q Yes.
24 A That's your question?
25 Q Yes.

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

147

1          R. Seibel
2          MS. FITZGERALD:  Are you asking for
3     purposes of a tax engagement?
4          MR. MULE:  Yes.  I'm talking for purposes
5     of what we are talking about here.
6     A     So a yearend journal entry of the type;
7     that we would propose in a tax engagement would be a
8     way of communicating those adjustments that we're
9     proposing for yearend, to communicate those in a way
10    that they can be recorded to the general ledger with
11    account numbers and whatever the appropriate
12    information is.
13    Q     Would some of the typical accounts for
14    which yearend journal entries were made, include
15    depreciation schedule?
16         MS. FITZGERALD:  Objection to form.
17    A     Repeat that.
18    Q     Would a typical account to which a yearend
19    journal entry would be made be a depreciation
20    schedule?
21         MS. FITZGERALD:  Objection to form.
22    A     Since a depreciation schedule is a
23    schedule showing you the particular assets that are
24    in your fixed asset accounts, that's a schedule
25    showing those assets.  It's not a general ledger

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, WHYTE AND CO., et al.
Robert Seibel, 30(b)(6)   ---   June 22, 2023

203

1           R. Seibel
2    correct?
3       A    January 31st, 2013, yes.
4       Q    This journal -- I'm sorry, this job number
5    0324 allows you to see details of a journal entry
6    source 11, correct?
7       A    Yes.
8       Q    That's general Journal 11?
9       A    This is a printout of the posting detail
10   in Journal 11 of the entries that we had proposed
11   for Star Subaru.  So we had -- we had proposed some
12   entries for Star Subaru.  We gave those to
13   management to review and to approve.  Management
14   approved them and posted the entries to the books.
15             We went in and printed the posting
16   detail of those entries to assist in tying in
17   between the 12th profit to the 13th profit to make
18   sure we were getting to the right profit number and
19   that nothing was posted incorrectly.
20      Q    Voynow had the ability to verify entries
21   by running a detail of journal entries; is that
22   correct?
23           MS. FITZGERALD:  Objection to form.
24      A    No, I don't think that this.  We went in
25   and printed out the detail of this entry in tying in