# EXHIBIT 17

# In the Matter of

Case No. 18-cv-05775 (ERK)(TAM)

STAR AUTO SALES OF BAYSIDE, INC., et al.

v.

VOYNOW, BAYARD, WHYTE AND COMPANY LLP, et al.

## Deposition of Vincent Bucolo

*Wednesday, November 2, 2022*



The Little Reporting Company
469 Seventh Avenue
12th Floor
New York, NY 10018
tel: 646-650-5055
www.littlereporting.com

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  .
---------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI
LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC. (d/b/a
STAR CHRYSLER JEEP DODGE) STAR AUTO
SALES OF QUEENS COUNTY LLC (d/b/a
STAR FIAT) and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                        Plaintiffs,

          -against-                       Case No.
                                          18-cv-05775
VOYNOW, BAYARD, WHYTE and COMPANY         (ERK)(TAM)
LLP, HUGH WHYTE, and RANDALL
FRANZEN,

                        Defendants.
---------------------------------------x

                              November 2, 2022
                              10:43 a.m.
```

Deposition of VINCENT BUCOLO, taken by Plaintiffs, pursuant to Subpoena, held at the offices of Milman Labuda PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York, before Lisa Hiesiger, a Shorthand Reporter and Notary Public within and for the State of New York.

```
               STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
                    Vincent Bucolo  ---  November 2, 2022
                                                                    2
 1
 2       A P P E A R A N C E S :
 3
 4       MILMAN LABUDA PLLC
         Attorneys for Plaintiffs
 5          3000 Marcus Avenue, Suite 3W8
            Lake Success, New York 11042
 6
         By:    JAMIE S. FELSEN, ESQ.
 7              jamie@mllaborlaw.com
                JEREMY M. KOUFAKIS, ESQ.
 8              jeremy@mllaborlaw.com
 9
10       MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.
         Attorneys for Defendants
11          620 Freedom Business Center, Suite 405
            King of Prussia, Pennsylvania 19406
12
         By:    MAUREEN P. FITZGERALD, ESQ.
13              mpfitzgerald@mdwcg.com
14
15    Also Present:
16       JACQUELINE CUTILLO
17       ROBERT SEIBEL
18       STEVE RAMBAM (Via Telephone)
19                        ~oOo~
20
21
22
23
24
25
```

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Vincent Bucolo --- November 2, 2022

3

1              Bucolo
2    VINCENT BUCOLO, having been first
3    duly sworn by Lisa Hiesiger, a Notary Public, was
4    called as a witness and testified as follows:
5    EXAMINATION BY MR. FELSEN:
6         Q.    Good morning, Mr. Bucolo.
7         A.    Good morning.
8         Q.    My name is Jamie Felsen.  I'm an
9    attorney.  I represent various Star auto
10   dealership entities.  For the sake of simplicity,
11   for the rest of the day I'm going to refer to the
12   various Star entities simply as Star, do you
13   understand that?
14        A.    Okay.
15        Q.    Star commenced a lawsuit against
16   Voynow Bayard Whyte and Company, LLP, Hugh Whyte
17   and Randall Franzen, and you're here today to
18   answer questions and provide answers to those
19   questions related to your employment at Voynow
20   and the litigation.
21              I will refer to Voynow Bayard Whyte
22   and Company, LLP simply as Voynow, do you
23   understand that?
24        A.    Yes.
25        Q.    You understand that you're not a

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Vincent Bucolo  ---  November 2, 2022

71

Bucolo

Q. And did most of the automotive client at Voynow utilize Reynolds and Reynolds?

A. The two most popular systems I can recall are Reynolds and Reynolds and ADP. I believe the clients I worked on used Reynolds and Reynolds more often.

Q. And Star used Reynolds and Reynolds, correct?

A. I believe so, yes.

Q. When you worked at Voynow did you ever enter any transactions into the Reynolds system for clients?

A. I did not, no.

Q. Did any of your co-workers that you're aware of ever enter any transactions into Reynolds for clients?

A. No. Our standard practice was to have read only access.

Q. How do you know that Voynow's access was read only?

A. I forget why, but they told me don't worry, you can't screw anything up, you can only print, when I was pretty new.

Q. Who told you that?