EXHIBIT 20

# VOYNOW, BAYARD AND COMPANY

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215) 355-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA
_____
RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
CHARLES L. KLOSS, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2008

Mr. John Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re: Star Toyota

Dear John:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us. It is the your responsibility to provide all the information required for the preparation of complete and accurate returns. We will not audit or otherwise verify the information submitted. To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only. Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us. This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
- 

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter. Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance,

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035693
VOYNOW_035693

Star Nissan, Inc.
December 30, 2008
Page 2

stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records. The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability. You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility. A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter. Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035694
VOYNOW_035694

Star Nissan, Inc.
December 30, 2008
Page 3

Our fees for this engagement are not contingent on the results of our service. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent. In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement. The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement. If you have any questions, please let us know. We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____

John Koufakis

_____
Date

VOYNOW_035695
VOYNOW_035695

**VOYNOW, BAYARD AND COMPANY**

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8300

FAX: (215) 396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
CHARLES L. ELOSS, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2008

Mr. Mike Koufakis
Star Toyota
205-11 Northern Boulevard
Bayside, NY 11361

Re: Star Toyota
Star Hyundai
Star Mitsubishi
Koufakis Reality, LLC
Koufakis Realty 211-52 Jamaica Ave, LLC
211-48 Jamaica Ave, LLC
210-10 Jamaica Ave, LLC

Dear Mike:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns") in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us. It is the your responsibility to provide all the information required for the preparation of complete and accurate returns. We will not audit or otherwise verify the information submitted. To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only. Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us. This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035696
VOYNOW_035696

Star Toyota
December 30, 2008
Page 2

Unless otherwise noted by you, this same assistance will be provided during
the current year engagement and is subject to the same terms and conditions
set forth in this letter.  Please note that we will not determine the
completeness or accuracy of the information supplied and the assistance we
do provide is not to be construed as an oversight function, in any respect,

of a company's accounting system; therefore, there should be no reliance,
stated or implied, by a company on the accuracy of the assistance we are to
provide. As a result of our assistance, we may propose standard, adjusting,
or correcting journal entries to your books and records.  The company,
however, has final responsibility for reviewing the proposed entries and
understanding the nature and impact of the proposed entries on the returns.
Furthermore, it is the company's responsibility, once these entries have
been agreed to, to post the entries to its accounting system in a timely
manner.

The law provides various penalties that may be imposed when taxpayers
understate their liability.  You acknowledge that such understated tax, and
any imposed interest and penalty thereon, are your responsibility.  A
company's returns may be selected for review by the taxing authorities or a
company may receive a notice requesting a response to certain issues on a
tax return.  Any proposed adjustments by the examining agent are subject to
certain rights of appeal.  In the event of such government tax examination
or inquiry, we will clarify the nature and extent of services we will
provide regarding the tax examination or inquiry response and will render
additional invoices for these services.

Any additional services not referenced above will be considered "out of
scope" of this engagement letter.  Prior to the commencement of "out of
scope" services, we will discuss the nature and extent of the work that
clarifies these services.

The timeliness of a company's cooperation is essential to our ability to
complete this engagement.  Specifically, we must receive sufficient
information from which to prepare the return within a reasonable period of
time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our
engagement cannot be relied upon to disclose errors, fraud, or other
illegal acts that may exist.  However, it may be necessary to ask the
company for clarification of some of the information provided, and we will
inform the company of any material errors, fraud, or other illegal acts
that come to our attention.

You are responsible for maintaining an adequate and efficient accounting
system, for safeguarding assets, for authorizing transactions, and for
retaining supporting documentation for those transactions, all of which
will among other things, help assure the preparation of proper returns.
Furthermore, you are responsible to review all of the information presented
on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may
be conflicts between the taxing authorities' interpretation of the law and
other supportable positions.  In the end, we will adopt, on the company's
behalf the alternative which you select after having considered the

VOYNOW_035697
VOYNOW_035697

Star Toyota
December 30, 2008
Page 3

information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our service. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent. In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement. The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement. If you have any questions, please let us know. We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

VOYNOW_035698
VOYNOW_035698

Star Toyota
December 30, 2008
Page 4


Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants


ACKNOWLEDGED:

_____

Mike Koufakis

_____
          Date

VOYNOW_035699
VOYNOW_035699

**VOYNOW, BAYARD AND COMPANY**

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 110

TREVOSE, PENNSYLVANIA 19053

(215) 355-8090

FAX: (215) 396-2080

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
CHARLES L. KLOSS, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2008

Mr. Steve Koufakis
Metro Chrysler
c/o Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

     Re:  Metro Chrysler
          Star Auto Body of Queen Village LLC

Dear Steve:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us. It is the your responsibility to provide all the information required for the preparation of complete and accurate returns. We will not audit or otherwise verify the information submitted. To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only. Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us. This list is not necessarily all inclusive:

-   Reconciling of Retained Earnings
-   Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter. Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035700
VOYNOW_035700

Metro Chrysler
December 30, 2008
Page 2

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records. The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability. You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility. A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter. Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035701
VOYNOW_035701

Metro Chrysler
December 30, 2008
Page 3

Our fees for this engagement are not contingent on the results of our service. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent.  In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Steve Koufakis

_____
Date

VOYNOW_035702
VOYNOW_035702

**VOYNOW, BAYARD AND COMPANY**

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1216 NORTHBROOK DRIVE, SUITE 110

TREVOSE, PENNSYLVANIA 19053

(215) 355-8100

FAX: (215) 396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. John Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

        Re:  Star Nissan, Inc.

Dear John:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to

MEMBER · AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER · PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035703
VOYNOW_035703

Star Nissan, Inc.
December 30, 2009
Page 2

provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035704
VOYNOW_035704

Star Nissan, Inc.
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our
service. Rather, our fees for this engagement will be based on a number of
factors, including but not limited to, the time spent as well as the
complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information
requested will constitute a basis for our election to terminate our
services. If we elect to terminate our services, our engagement will be
deemed to have been completed upon written notification of termination,
even if we have not completed the returns.  The company will be obligated,
through the date of termination, to compensate us for all outstanding
invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data
that form the basis of income, deductions, and credits.  These may be
necessary to prove the accuracy and completeness of the returns to a taxing
authority.  The company has the final responsibility for the tax returns
and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the
copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____

John Koufakis

_____
            Date

VOYNOW_035705
VOYNOW_035705

# VOYNOW, BAYARD AND COMPANY

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8100

FAX: (215) 396-2030

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHITE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. Stephen  Koufakis
Star Chrysler, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

Re:  Star Chrysler, Inc.

Dear Stephen:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035706
VOYNOW_035706

Star Chrysler
December 30, 2009
Page 2

provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records. The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability. You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility. A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter. Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035707
VOYNOW_035707

Star Chrysler, Inc.
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our
service.  Rather, our fees for this engagement will be based on a number of
factors, including but not limited to, the time spent as well as the
complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information
requested will constitute a basis for our election to terminate our
services. If we elect to terminate our services, our engagement will be
deemed to have been completed upon written notification of termination,
even if we have not completed the returns.  The company will be obligated,
through the date of termination, to compensate us for all outstanding
invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data
that form the basis of income, deductions, and credits.  These may be
necessary to prove the accuracy and completeness of the returns to a taxing
authority.  The company has the final responsibility for the tax returns
and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other
legal process for the production of documents and/or testimony relative to
information we obtained and/or prepared during the course of this
engagement, the company agrees to compensate us, as set forth above, for
the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar
award, the company agrees to pay any amount in settlement, and any costs
incurred as a result of any inaccurate or incomplete information that the
company provided to us during the course of this engagement.  The company
agrees to indemnify us, defend us, and hold us harmless against such
obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this
letter accurately summarizes the significant terms of the engagement.  If
you have any questions, please let us know.  We will be pleased to discuss
this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the
copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Stephen Koufakis

_____
            Date

VOYNOW_035708
VOYNOW_035708

**VOYNOW, BAYARD AND COMPANY**

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8000

FAX: (215) 396-2000

PARTNERS:
ROBERT H. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. Steve Koufakis
Metro Chrysler
c/o Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

          Re:   Metro Chrysler
                Star Auto Body of Queen Village LLC

Dear Steve:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035709
VOYNOW_035709

Metro Chrysler
December 30, 2009
Page 2

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

VOYNOW_035710
VOYNOW_035710

Metro Chrysler
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Steve Koufakis

_____
              Date

VOYNOW_035711
VOYNOW_035711

**VOYNOW, BAYARD AND COMPANY**

CERTIFIED PUBLIC ACCOUNTANTS

NORTHBROOK CORPORATE CENTER

1210 NORTHBROOK DRIVE, SUITE 140

TREVOSE, PENNSYLVANIA 19053

(215) 355-8800

FAX: (215) 396-2030

PARTNERS:
ROBERT N. BAYARD, CPA
KENNETH MANN, CPA
HUGH WHYTE, CPA

RANDALL E. FRANZEN, CPA
DAVID A. KAPLAN, CPA
STEVEN W. WHITE, CPA

PAUL VOYNOW, CPA

December 30, 2009

Mr. Michael Koufakis
Star Toyota, Inc.
205-11 Northern Boulevard
Bayside, NY 11361

    Re:  Star Toyota, Inc.
         Star Auto Body of Queen Village LLC
         Star Auto Sales of Queens, LLC (Star Subaru)
         Star Mitsubishi
         Koufakis Reality LLC
         Koufakis Reality 211-52 Jamaica Ave
         210-10 Jamaica Ave, LLC
         211-48 Jamaica Ave, LLC
         Star Hyundai, LLC

Dear Michael:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns") in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us. It is your responsibility to provide all the information required for the preparation of complete and accurate returns. We will not audit or otherwise verify the information submitted. To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only. Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us. This list is not necessarily all inclusive:

MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035712
VOYNOW_035712

Star Toyota, Inc.
December 30, 2009
Page 2

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter. Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records. The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability. You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility. A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter. Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

VOYNOW_035713
VOYNOW_035713

Star Toyota, Inc.
December 30, 2009
Page 3

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

VOYNOW_035714
VOYNOW_035714

Star Toyota, Inc.
December 30, 2009
Page 4

Very truly yours,

*Voynow, Bayard and Company*

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Michael Koufakis

_____
                Date

VOYNOW_035715
VOYNOW_035715

December 30, 2008

Mr. John Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

     Re:  Star Toyota

Dear John:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses
-

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance,

Star Nissan, Inc.
December 30, 2008
Page 2

stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which

VOYNOW_028330

will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions. In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us. Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return. However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.
Star Nissan, Inc.
December 30, 2008
Page 3

Our fees for this engagement are not contingent on the results of our service. Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent. In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns. The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement. The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this

VOYNOW_028331

letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.


Very truly yours,


VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:


_____
John Koufakis


_____
            Date

VOYNOW_028332

December 30, 2008

Mr. Mike Koufakis
Star Toyota
205-11 Northern Boulevard
Bayside, NY 11361

     Re:  Star Toyota
         Star Hyundai
         Star Mitsubishi
         Koufakis Reality, LLC
         Koufakis Realty 211-52 Jamaica Ave, LLC
         211-48 Jamaica Ave, LLC
         210-10 Jamaica Ave, LLC

Dear Mike:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing

certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

- Reconciling of Retained Earnings
- Recognition of Depreciation and Amortization Expenses

Star Toyota
December 30, 2008
Page 2

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other

VOYNOW_028326

illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.      .

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the

Star Toyota
December 30, 2008
Page 3

information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent.  In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

VOYNOW_028327

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Star Toyota
December 30, 2008
Page 4

Very truly yours,

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Mike Koufakis

_____
         Date

VOYNOW_028328

December 30, 2008

Mr. Steve Koufakis
Metro Chrysler
c/o Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

      Re:  Metro Chrysler
          Star Auto Body of Queen Village LLC

Dear Steve:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2008 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2008. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

        ·  Reconciling of Retained Earnings
        ·  Recognition of Depreciation and Amortization Expenses

VOYNOW_028321

.

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

Metro Chrysler
December 30, 2008
Page 2

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for

VOYNOW_028322

retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are forbidden from signing a tax return unless we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Metro Chrysler
December 30, 2008
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

We reserve the right to suspend our services or to withdraw from this engagement in the event that any of our invoices are deemed delinquent.  In the event that any collection action is required to collect unpaid balances due us, the company agrees to reimburse us for the costs of collection including attorneys' fees.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this

VOYNOW_028323

letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.


Very truly yours,



VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:


_____
Steve Koufakis


_____
           Date

VOYNOW_028324

December 30, 2009

Mr. Stephen  Koufakis
Star Chrysler, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

　　　Re:  Star Chrysler, Inc.


Dear Stephen:

We are pleased to confirm and specify the terms of our engagement with the
above mentioned companies and to clarify the nature and extent of the
services we will provide regarding the preparation of its (their) tax
return(s).

We will prepare the 2009 federal tax return, and tax returns for the state
and localities of organization and/or where doing business (collectively,
the "returns) in 2009. You are responsible for providing us all information
necessary to identify all state and localities in which it conducts
business or derives income.

Our engagement will be satisfied upon delivery of the completed returns.
Therefore, you will be solely responsible for filing the returns with the
appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your
responsibility to provide all the information required for the preparation
of complete and accurate returns.  We will not audit or otherwise verify
the information submitted.  To the extent we render any services, it will
be limited to those tasks we deem necessary for the preparation of the
returns only.  Historically, we have provided assistance in preparing
certain reconciliations of balance sheet and income statement accounts
based on the information supplied to us.  This list is not necessarily all
inclusive:

　　　·　Reconciling of Retained Earnings
　　　·　Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during

VOYNOW_028337

the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to

Star Chrysler
December 30, 2009
Page 2

provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented

on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Star Chrysler, Inc.
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has full responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If

VOYNOW_028339

you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,


VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Stephen Koufakis


_____
            Date

VOYNOW_028340

December 30, 2009

Mr. Michael Koufakis
Star Toyota, Inc.
205-11 Northern Boulevard
Bayside, NY 11361

         Re:   Star Toyota, Inc.
               Star Auto Body of Queen Village LLC
               Star Auto Sales of Queens, LLC (Star Subaru)
               Star Mitsubishi
               Koufakis Reality LLC
               Koufakis Realty 211-52 Jamaica Ave
               210-10 Jamaica Ave, LLC
               211-48 Jamaica Ave, LLC
               Star Hyundai, LLC

Dear Michael:

We are pleased to confirm and specify the terms of our engagement with the
above mentioned companies and to clarify the nature and extent of the
services we will provide regarding the preparation of its (their) tax
return(s).

We will prepare the 2009 federal tax return, and tax returns for the state
and localities of organization and/or where doing business (collectively,
the "returns) in 2009. You are responsible for providing us all information
necessary to identify all state and localities in which it conducts
business or derives income.

Our engagement will be satisfied upon delivery of the completed returns.
Therefore, you will be solely responsible for filing the returns with the
appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your
responsibility to provide all the information required for the preparation
of complete and accurate returns.  We will not audit or otherwise verify
the information submitted.  To the extent we render any services, it will
be limited to those tasks we deem necessary for the preparation of the
returns only.  Historically, we have provided assistance in preparing

VOYNOW_028333

certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:


Star Toyota, Inc.
December 30, 2009
Page 2

- · Reconciling of Retained Earnings
- · Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

VOYNOW_028334

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

Star Toyota, Inc.
December 30, 2009
Page 3

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to

VOYNOW_028335

information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Star Toyota, Inc.
December 30, 2009
Page 4

                                        Very truly yours,


                                        VOYNOW, BAYARD AND COMPANY
                                        Certified Public Accountants

ACKNOWLEDGED:


_____
Michael Koufakis


_____
          Date

VOYNOW_028336

December 30, 2009

Mr. John Koufakis
Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

     Re:  Star Nissan, Inc.

Dear John:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

     ·   Reconciling of Retained Earnings
     ·   Recognition of Depreciation and Amortization Expenses

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect, of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to

Star Nissan, Inc.
December 30, 2009
Page 2

provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns.

Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.


Star Nissan, Inc.
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this

letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.


                                        Very truly yours,



                                        VOYNOW, BAYARD AND COMPANY
                                        Certified Public Accountants

ACKNOWLEDGED:


_____
John Koufakis


_____
            Date

VOYNOW_028320

December 30, 2009

Mr. Steve Koufakis
Metro Chrysler
c/o Star Nissan, Inc.
206-26 Northern Boulevard
Bayside, NY 11361

      Re:  Metro Chrysler
          Star Auto Body of Queen Village LLC

Dear Steve:

We are pleased to confirm and specify the terms of our engagement with the above mentioned companies and to clarify the nature and extent of the services we will provide regarding the preparation of its (their) tax return(s).

We will prepare the 2009 federal tax return, and tax returns for the state and localities of organization and/or where doing business (collectively, the "returns) in 2009. You are responsible for providing us all information necessary to identify all state and localities in which it conducts business or derives income.

Our engagement will be satisfied upon delivery of the completed returns. Therefore, you will be solely responsible for filing the returns with the appropriate taxing authorities.

We will prepare the returns from information provided us.  It is the your responsibility to provide all the information required for the preparation of complete and accurate returns.  We will not audit or otherwise verify the information submitted.  To the extent we render any services, it will be limited to those tasks we deem necessary for the preparation of the returns only.  Historically, we have provided assistance in preparing certain reconciliations of balance sheet and income statement accounts based on the information supplied to us.  This list is not necessarily all inclusive:

      ·  Reconciling of Retained Earnings
      ·  Recognition of Depreciation and Amortization Expenses

VOYNOW_019118

Unless otherwise noted by you, this same assistance will be provided during the current year engagement and is subject to the same terms and conditions set forth in this letter.  Please note that we will not determine the completeness or accuracy of the information supplied and the assistance we do provide is not to be construed as an oversight function, in any respect,

Metro Chrysler
December 30, 2009
Page 2

of a company's accounting system; therefore, there should be no reliance, stated or implied, by a company on the accuracy of the assistance we are to provide. As a result of our assistance, we may propose standard, adjusting, or correcting journal entries to your books and records.  The company, however, has final responsibility for reviewing the proposed entries and understanding the nature and impact of the proposed entries on the returns. Furthermore, it is the company's responsibility, once these entries have been agreed to, to post the entries to its accounting system in a timely manner.

The law provides various penalties that may be imposed when taxpayers understate their liability.  You acknowledge that such understated tax, and any imposed interest and penalty thereon, are your responsibility.  A company's returns may be selected for review by the taxing authorities or a company may receive a notice requesting a response to certain issues on a tax return.  Any proposed adjustments by the examining agent are subject to certain rights of appeal.  In the event of such government tax examination or inquiry, we will clarify the nature and extent of services we will provide regarding the tax examination or inquiry response and will render additional invoices for these services.

Any additional services not referenced above will be considered "out of scope" of this engagement letter.  Prior to the commencement of "out of scope" services, we will discuss the nature and extent of the work that clarifies these services.

The timeliness of a company's cooperation is essential to our ability to complete this engagement.  Specifically, we must receive sufficient information from which to prepare the return within a reasonable period of time prior to the applicable filing deadline.

We will not audit or otherwise verify the data submitted.  Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist.  However, it may be necessary to ask the company for clarification of some of the information provided, and we will inform the company of any material errors, fraud, or other illegal acts that come to our attention.

You are responsible for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, and for

CONFIDENTIAL

retaining supporting documentation for those transactions, all of which will among other things, help assure the preparation of proper returns. Furthermore, you are responsible to review all of the information presented on the tax returns for correctness.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretation of the law and other supportable positions.  In the end, we will adopt, on the company's behalf the alternative which you select after having considered the information provided by us.  Pursuant to standards prescribed in IRS Circular 230 and IRC 6694, we are permitted to sign a tax return only if we have a reasonable belief that there is substantial authority for a tax position taken on the return or we have a reasonable basis for a tax position taken on the return and we disclose this tax position on a separate attachment to the tax return.  However, under no circumstances may we sign a tax return with a tax position that has no reasonable basis.

Metro Chrysler
December 30, 2009
Page 3

Our fees for this engagement are not contingent on the results of our service.  Rather, our fees for this engagement will be based on a number of factors, including but not limited to, the time spent as well as the complexity of the services we will perform.

Any inability to sign a tax return, or non-response of information requested will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the returns.  The company will be obligated, through the date of termination, to compensate us for all outstanding invoices as well as our final invoice.

The company should retain all documents, cancelled checks, and other data that form the basis of income, deductions, and credits.  These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.  The company has the final responsibility for the tax returns and, therefore, it should be reviewed carefully before being signed.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response.

In the event that we become obligated to pay any judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

We appreciate the opportunity to be of service to you and believe this

letter accurately summarizes the significant terms of the engagement.  If you have any questions, please let us know.  We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

VOYNOW, BAYARD AND COMPANY
Certified Public Accountants

ACKNOWLEDGED:

_____
Steve Koufakis

_____
          Date