# EXHIBIT 27

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM          INDEX NO. 710988/2023

NYSCEF DOC. NO. 11                                      RECEIVED NYSCEF: 08/25/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a
STAR TOYOTA OF BAYSIDE), STAR AUTO
SALES OF QUEENS, LLC (d/b/a STAR SUBARU),
STAR HYUNDAI LLC (d/b/a STAR HYUNDAI),
STAR NISSAN, INC (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC.
(d/b/a STAR CHRYSLER JEEP DODGE),
STAR AUTO SALES OF QUEENS COUNTY LLC
(d/b/a STAR FIAT), and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

                              Plaintiffs,

           -against-

ROSENFIELD & COMPANY, PLLC,

                              Defendant.

-------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiffs designate
Queens County as the place
of trial, based on Plaintiffs'
residence in Queens County

**TO THE ABOVE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the plaintiffs' attorney within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief demanded

in the complaint.

The basis of the venue designated in the County of Queens is the residence of Plaintiffs.

Dated:  Lake Success, New York
          May 25, 2023

                                   Jamie S. Felsen, Esq.

FILED: QUEENS COUNTY CLERK 08/25/2023 04:09 PM

NYSCEF DOC. NO. 11

INDEX NO. 710986/2023

RECEIVED NYSCEF: 08/25/2023

Joseph M. Labuda, Esq.
Milman Labuda Law Group PLLC
Attorney for Plaintiffs
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899
jamie@mllaborlaw.com
joe@mllaborlaw.com

2

FILED: QUEENS COUNTY CLERK 08/25/2023 05:02 PM

NYSCEF DOC. NO. 11

INDEX NO. 710988/2023

RECEIVED NYSCEF: 08/26/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – COMMERCIAL DIVISION
-----------------------------------------------------------------X

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a
STAR TOYOTA OF BAYSIDE), STAR AUTO
SALES OF QUEENS, LLC (d/b/a STAR SUBARU),
STAR HYUNDAI LLC (d/b/a STAR HYUNDAI),
STAR NISSAN, INC (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC.
(d/b/a STAR CHRYSLER JEEP DODGE),
STAR AUTO SALES OF QUEENS COUNTY LLC
(d/b/a STAR FIAT), and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

Index No.:

**VERIFIED COMPLAINT**

                                  Plaintiffs,

          -against-

ROSENFIELD & COMPANY, PLLC,

                                  Defendant.
-----------------------------------------------------------------X

          Plaintiffs, Star Auto Sales of Bayside, Inc. d/b/a Star Toyota of Bayside, Star Auto Sales

of Queens, LLC d/b/a Star Subaru, Star Hyundai LLC d/b/a Star Hyundai, Star Nissan, Inc d/b/a

Star Nissan, Metro Chrysler Plymouth Inc. d/b/a Star Chrysler Jeep Dodge, Star Auto Sales of

Queens County LLC d/b/a Star Fiat, and Star Auto Sales of Queens Village LLC d/b/a Star

Mitsubishi (collectively hereinafter the "Star Auto Group"), by and through their attorneys,

Milman Labuda Law Group PLLC ("MLLG"), complaining of the Defendant, Rosenfield &

Company, PLLC ("Rosenfield"), allege as follows:

## NATURE OF THE CLAIMS

          1.          Star Auto Group brings this Complaint against Rosenfield for (1) breach of contract

dated April 20, 2017; (2) breach of contract dated May 25, 2017; (3) breach of implied contract

1

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM  INDEX NO. 710988/2023

NYSCEF DOC. NO. 11  RECEIVED NYSCEF: 08/25/2023

dated May 25, 2017; (4) breach of quasi-contract dated May 25, 2017/promissory estoppel; (5) breach of contract dated March 8, 2019; and (6) fraudulent misrepresentation.

**PARTIES**

2.     Rosenfield is a Florida limited liability company with its principal place of business in Orlando, Florida. In addition to its office located in Orlando, Florida, Rosenfield also has an office in New York, New York.

3.     Star Auto Sales of Bayside, Inc., is a New York corporation with its principal place of business located in Bayside, New York.

4.     Star Auto Sales of Queens, LLC is a New York limited liability company with its principal place of business located in Bayside, New York.

5.     Star Hyundai LLC is a New York limited liability company with its principal place of business located in Bayside, New York.

6.     Star Nissan, Inc., is a New York corporation with its principal place of business located in Bayside, New York.

7.     Metro Chrysler Plymouth Inc. is a New York corporation with its principal place of business located in Queens Village, New York.

8.     Star Auto Sales of Queens County LLC is a New York limited liability company with its principal place of business located in Queens Village, New York.

9.     Star Auto Sales of Queens Village LLC is a New York limited liability company with its principal place of business in Queens Village, New York. Star Auto Sales of Queens Village LLC ceased operations in or around 2011.

2

FILED: QUEENS COUNTY CLERK 08/25/2023 05:01 PM INDEX NO. 710988/2023
NYSCEF DOC. NO. 11                                                  RECEIVED NYSCEF: 08/25/2023

## VENUE

10.    Venue for this action in Queens County is appropriate because Plaintiffs' principal place of business is in Queens County.

## FACTUAL ALLEGATIONS

11.    In 2016, Michael Koufakis ("Koufakis"), a principal of Star Auto Group, discovered that Vivian Karouzakis ("Karouzakis"), an office manager/controller of several of Star Auto Group's dealerships, was embezzling money from Star Auto Group.

12.    On April 4, 2017, Karouzakis was arrested for embezzlement and related crimes discovered solely by Star Auto Group.

13.    After Karouzakis was arrested, Star Auto Group uncovered another fraudulent scheme created by Karouzakis and informed the District Attorney's office about same on April 7, 2017.

14.    On or around April 12, 2017, Star Auto Group uncovered additional thefts that were committed by Despina Theocharis ("Theocharis"), another office manager/controller of Star Auto Group, and at the suggestion of counsel, Star Auto Group decided to hire a forensic accountant to identify each scheme undertaken by Karouzakis and Theocharis to embezzle and uncover the extent of the embezzlement for each scheme in anticipation of litigation and to assist in the criminal prosecution against these former employees and any other perpetrators to these schemes.

15.    A few days later, on or about April 18, 2017, Star Auto Group hired Rosenfield.

16.    Star Auto Group retained Rosenfield based on Rosenfield's statements that (1) they have over twenty (20) years of experience in the automotive industry and (2) Rosenfield's managing partner, Ken Rosenfield, had a purported ownership interest and/or financial interest in an automotive dealership prior to creating Rosenfield & Company, PLLC.

3

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM          INDEX NO. 710988/2023
NYSCEF DOC. NO. 11                                    RECEIVED NYSCEF: 08/25/2023

17.     Notably, from in or around November 3, 2017 until in or around April 17, 2020, Rosenfield was Star Auto Group's accountant performing tax, accounting services, and work related to New York State sales tax audits under a separate agreement. The instant lawsuit does not involve any of Rosenfield's work regarding tax, accounting services, and work related to New York State sales tax audits.

**The 4/20/17 Rosenfield Contract**

18.     Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

19.     In or around April 20, 2017, Star Auto Group entered into an agreement with Rosenfield under which Rosenfield agreed to provide forensic accounting services to Star Auto Group ("4/20/17 Rosenfield Contract") to support Star Auto Group's anticipated civil litigation against these former employees.

20.     The 4/20/17 Rosenfield Contract states that Rosenfield's customary practice in these types of engagements is to receive a retainer in the amount of $50,000.00 before commencing work.

21.     The 4/20/17 Rosenfield Contract does not identify any hourly rates and merely states its fees for these services will be $35,000.00 per week with at least four highly qualified staff working a full working week.

22.     The 4/20/17 Rosenfield Contract states that the services Rosenfield provides in this engagement will be "conducted in accordance with consulting standards established by the American Institute of Certified Public Accountants".

23.     The 4/20/17 Rosenfield Contract further states, *inter alia*, that:

4

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM

INDEX NO. 710988/2023

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 08/25/2023

     a.   It is "anticipated that the engagement could take as long as 2 months" and any travel costs will be waived;

     b.   Rosenfield will issue bills pursuant to this engagement on at least a monthly basis; and

     c.   Rosenfield will prepare written reports when necessary to support its conclusions;

24.     The 4/20/17 Rosenfield Contract provides that "[Star Auto Group] have requested [Rosenfield's] professional forensic accounting services with respect to the employee theft that occurred at the Star Automotive Group dealerships. [Rosenfield] will prepare schedules [...] to assist in determining the amount of theft loss. [Rosenfield] will also perform a test for accuracy of the balance sheet accounts and to conduct an internal control study of both the accounting and computer systems. [...] [Rosenfield] shall undertake no work under this agreement unless specifically requested to do so by [Star Auto Group]."

25.     Star paid the $50,000.00 retainer on April 24, 2017 which was to be applied toward payment of Rosenfield's final invoice in connection with this engagement.

26.     Rosenfield issued invoices to Star Auto Group on May 3, 8, 15 and 22 of 2017 (totaling $126,000.00 – but subsequently discounted to $106,000.00) for services rendered in connection with forensic accounting as specified in the 4/20/17 Rosenfield Contract that were all paid by Star Auto Group.

27.     Rosenfield improperly applied the $50,000.00 retainer and never returned it to Star Auto Group.

**The 5/25/17 Rosenfield Contract**

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM    INDEX NO. 710988/2023

NYSCEF DOC. NO. 11    RECEIVED NYSCEF: 08/25/2023

28.    In or around May 25, 2017, Rosenfield and Star Auto Group terminated the 4/20/17 Rosenfield Contract and entered into an oral agreement to provide the same forensic accounting services described in Paragraph ¶ 24 but now on an hourly basis ("5/25/17 Rosenfield Contract").

29.    Thereafter, later in 2017, Star also requested Rosenfield to perform forensic accounting services vis-à-vis, Voynow, Bayard, Whyte & Company LLP ("Voynow").

30.    Star Auto Group paid approximately $400,000.00 under the 5/25/17 Rosenfield Contract.

31.    On April 17, 2020, Star Auto Group terminated the 5/25/17 Rosenfield Contract.

**Rosenfield breaches its Contracts with Star Auto Group**

32.    Initially, Rosenfield breached the 4/20/17 Rosenfield Contract when it failed to work a "full working week" and failed to provide "four highly qualified staff" as required under the 4/20/17 Rosenfield Contract.

33.    Rosenfield also breached the 4/20/17 Rosenfield Contract by improperly applying the $50,000.00 retainer and never returned it to Star Auto Group.

34.    Moreover, Rosenfield failed to perform forensic accounting services in accordance with the terms of both the 4/20/17 and 5/25/17 Rosenfield Contracts as described in Paragraph ¶ 24.

35.    Rosenfield breached these contracts by, *inter alia,* (i) excessively and unreasonably billing Star Auto Group for its services; (ii) failing to perform the forensic accounting work it was obligated to perform under these contracts; and (iii) billing for work not requested by Star Auto Group.

36.    Despite paying Rosenfield approximately $500,000.00 in total under both contracts, the forensic accounting work performed by Rosenfield was of such a poor quality that

6

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM                    INDEX NO. 710965/2023

NYSCEF DOC. NO. 11                                          RECEIVED NYSCEF: 08/25/2023

Star Auto Group cannot use or rely on any of Rosenfield's work and caused Star Auto Group to retain other forensic accountants to perform the work that Rosenfield failed to perform, but for which Rosenfield was paid.

37. Specifically, Rosenfield breached its contracts by:

    a. Failing to "prepare schedules" as required under both contracts;

    b. Failing to perform any "tests for accuracy of the balance sheet accounts" as required under both contracts;

    c. Failing to "conduct an internal control study of both the accounting and computer systems" as required under both contracts;

    d. Failing to determine "the amount of theft" against by Star Auto Group's employee as required under both contracts;

    e. Failing to uncover new schemes committed by Star Auto Group's former employees (which were later uncovered);

    f. Failing to document and determine the extent of damages for schemes Star Auto Group uncovered on their own about which Star Auto Group notified Rosenfield;

    g. Overbilling for a search for a contractor to help access the data on Star Auto Group's backup tapes – without any results;

    h. Failing to produce a competent report or make conclusions;

    i. Failing to have dealership management software from The Reynolds and Reynolds Company installed on computers Rosenfield's employees used despite representing themselves to be "experts" in the automotive industry; and

    j. Performing work not specifically requested to be done by Star Auto Group.

7

FILED: QUEENS COUNTY CLERK 08/25/2023 05:02 PM
NYSCEF DOC. NO. 11

INDEX NO. 710968/2023
RECEIVED NYSCEF: 08/25/2023

38.     Whenever Rosenfield provided a report to Star Auto Group, the reports contained numerous errors and issues. Rosenfield's most recent report was provided to Star Auto Group on December 4, 2019 which contained numerous errors and issues such as:

a.   Incorrectly stating that every intercompany check between Star Toyota and Star Nissan was fraudulent despite Rosenfield's knowledge that certain intercompany checks were legitimate;

b.   Incorrectly identifying fraudulent schemes;

c.   Stating there was theft from Star Auto Group's "factory incentive accounts" but failing to discover either of the two (2) schemes actually committed by Star Auto Group's former employee, Carmen Jones ("Jones"), out of this same account, for which Star Auto Group sued Jones;

d.   Incorrectly stating that there were "several suspicious transactions that could result in approximately $206,180.00 of fraudulent activity" related to employee advances. Whereas the first report Rosenfield provided to Star Auto Group on June 2, 2017 contains the same exact sentence, evidencing a copy-and-paste job with poor attention to detail;

e.   Incorrectly stating that "there is no record of payment" by Star Auto Group's former employee, Theocharis, receiving an employee advance of $30,000.00, despite Star Auto Group providing Rosenfield with a $25,000.00 check from Theocharis to Star Auto Group, along with a corresponding journal entry;

f.   Incorrectly stating that Star Auto Group's current employee, Jacqueline Cutillo, obtained a vehicle through a general journal entry while not identifying other former employees who did in fact have general journal entries corresponding to

8

FILED: QUEENS COUNTY CLERK 08/25/2023 04:09 PM   INDEX NO. 710988/2023
NYSCEF DOC. NO. 11                                   RECEIVED NYSCEF: 08/25/2023

their vehicle purchase–other than Jones which was originally brought to Rosenfield's attention by Star Auto Group;

g.  Failing to provide any additional detail in Rosenfield's December 4, 2019 report regarding "vehicle sales to employees with no documentation of cash receipts" despite mentioning the same information in its June 2, 2017 report;

h.  Incorrectly stating that there are vendor numbers with more than one vendor assigned but failing to specifically identify any vendors, including Nissan Motors and Staples, both of which had two separate vendor numbers. (Star Auto Group notified Rosenfield about embezzlement schemes engaged in by their former employees that Star Auto Group uncovered involving these vendors but Rosenfield still failed to include them in its December 4, 2019 report);

i.  Failing to include several embezzlement schemes in its December 4, 2019 report which Star Auto Group previously notified Rosenfield, including, but not limited to, a Star Subaru embezzlement scheme involving warranty claims replacing customer deposits. (This embezzlement scheme was originally mentioned in a report by Rosenfield dated May 29, 2018, but was completely omitted from Rosenfield's December 4, 2019 report); and

j.  Identifying several embezzlement schemes that were not, in fact, embezzlement schemes.

39.     As another example of the poor quality of Rosenfield's work, on January 24, 2020, a private investigator retained by MLLG met with Ken Rosenfield at Rosenfield's office in Orlando, Florida. During this meeting, Rosenfield provided specific details of Theocharis' improper conduct. On January 26, 2020, the private investigator sent a recap email to Rosenfield

9

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM       INDEX NO. 710968/2023
NYSCEF DOC. NO. 11                                     RECEIVED NYSCEF: 08/25/2023

and Star Auto Group outlining what was discussed during the meeting on January 24, 2020. One

specific issue included in the January 26, 2020 email was that Rosenfield stated that that from

approximately 2014 to 2017, cash was being stolen from Metro Chrysler Plymouth Inc. d/b/a Star

Chrysler Jeep Dodge's ("Star Chrysler") bank deposits "every day and sometimes twice a day"

Rosenfield had billed tens of thousands of dollars in an effort to support that this theft occurred

and reconfirmed to the private investigator that this theft was occurring each day during this time

period. Rosenfield claimed that its primary evidence that this scheme, in fact, occurred "every day

and sometimes twice a day" over a period of years was its examination and analysis of the Star

Chrysler's "cash boards". However, Rosenfield never bothered to examine the primary banking

and dealership accounting files, specifically the "edit lists". Had Rosenfield taken this basic step,

Rosenfield would have seen the precise amount consisting of not only cash, but checks and credit

cards, coming into Star Chrysler was in fact deposited every day in Star Chrysler's bank account.

When the private investigator presented details of Rosenfield's allegations to Star Auto Group's

office manager, she was able to respond to the private investigator the next day with evidence

completely debunking Rosenfield's allegation.

40.     The allegations contained in the above paragraphs are only a few of many examples

showing how the 4/20/17 and 5/25/17 Rosenfield Contracts were breached by Rosenfield, and is

by no means an exhaustive list of Rosenfield's extensive failures to perform under the parties'

agreements.

41.     Many of Rosenfield's invoices state that certain work was performed, but in a vast

majority of cases, there is no documentation to support that this work was actually done.

10

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM                    INDEX NO. 710988/2023
NYSCEF DOC. NO. 11                                               RECEIVED NYSCEF: 08/25/2023

42.     Star Auto Group relied on Rosenfield's expertise as forensic accountants in the automotive industry and, in good faith, paid all invoices Rosenfield issued to Star Auto Group arising out of the 4/20/17 and 5/25/17 Rosenfield Contracts.

43.     Once Star Auto Group learned that the work performed by Rosenfield was so poor that Star Auto Group could not use or rely on any of this work, Star Auto Group retained and paid other forensic accountants to do work that Rosenfield failed to perform but for which it had already been paid to perform.

44.     Star Auto Group relied on embezzlement schemes Rosenfield uncovered by including them in lawsuits Star Auto Group filed against their former accountant and former employees which Star Auto Group has now learned were not embezzlement schemes, including but not limited to, the schemes Rosenfield identified involving employees with multiple employee identification numbers and involving general journal entries for Star Chrysler.

45.     Based on the above allegations, Rosenfield breached the 4/20/17 and 5/25/17 Rosenfield Contracts and engaged in fraud for which Star Auto Group is entitled to damages for excessive monies paid to Rosenfield and all consequential damages incurred as a result of Rosenfield's failure to perform under the contracts and all available remedies at law.

**Breach of Contract Dated March 8, 2019**

46.     Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

47.     In or around March 8, 2019, Star Auto Group entered into another agreement with Rosenfield ("3/8/19 Rosenfield Contract").

48.     The 3/8/19 Rosenfield Contract does not cover any work related to a legal proceeding Star Auto Group commenced against Voynow in the United States District Court

11

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM          INDEX NO. 710988/2023
NYSCEF DOC. NO. 11                                          RECEIVED NYSCEF: 08/25/2023

Eastern District of New York (Case No.: 18-cv-5775) ("Voynow Litigation") commencing on December 1, 2017.

49.     Under the 3/8/19 Rosenfield Contract, Star engaged Rosenfield to provide "investigation, prosecution, litigation support services, and expert testimony inclusive of working with Milman Labuda Law Group PLLC [...] with respect to any and all schemes committed or participated [in] by former employees [of Star Auto Group] including Douglas Filardo, Francine Filardo, Vivian Karouzakis, Despina Theocharis and Carmen Jones, inclusive of their families, related persons, and/or entities."

50.     The hourly rates under the 3/8/19 Rosenfield Contract ranged from $130.00 to $550.00 per hour; with a specific rate for Dan Jamnik of $275.00 per hour.

51.     Rosenfield never issued any invoice for services performed under the 3/8/19 Rosenfield Contract.

52.     The 3/8/19 Rosenfield Contract states "[Rosenfield's] customary practice in these types of engagements is to receive a retainer of the $15,000 before commencing work" and "[T]his retainer will be billed against work as we go and replenished upon approval of client.

53.     Pursuant to the 3/8/19 Rosenfield Contract, when it was executed by the parties, Star Auto Group paid a $15,000.00 retainer deposit to Rosenfield.

54.     Rosenfield never performed any work covered by the 3/8/19 Rosenfield Contract.

55.     Because no work was performed by Rosenfield under the 3/8/19 Contract, the $15,000 retainer was never used and must be returned to Star.

56.     Rosenfield improperly and unethically attempted to apply the $15,000.00 retainer deposit to invoices for work Rosenfield allegedly performed covered by other agreements between

12

FILED: QUEENS COUNTY CLERK 08/25/2023 05:02 PM     INDEX NO. 710988/2023

NYSCEF DOC. NO. 11                                    RECEIVED NYSCEF: 08/25/2023

the parties. On November 18, 2019, Star Auto Group, through counsel, notified Rosenfield that this was improper.

57.     On November 26, 2019, Rosenfield responded to the November 18, 2019 letter and agreed with Star Auto Group but never returned the $15,000.00.

58.     On April 17, 2020, Star Auto Group terminated the 3/8/19 Rosenfield Contract.

59.     Since Rosenfield failed to perform any work covered by the 3/8/19 Rosenfield Contract, when the agreement was terminated on April 17, 2020, Rosenfield was obligated to return the $15,000.00 retainer deposit to Star Auto Group.

60.     Star Auto Group has demanded that Rosenfield return the $15,000.00 unused retainer deposit, but Rosenfield has failed to return it.

61.     Accordingly, Rosenfield breached its contract with Star Auto Group causing Star Auto Group damages of $15,000.00.

### FIRST CLAIM AGAINST ROSENFIELD
### (Breach of the 4/20/17 Rosenfield Contract)

62.     Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

63.     Rosenfield breached the 4/20/17 Rosenfield Contract with Star Auto Group by overbilling under the contract, improperly applying the $50,000.00 retainer and never returning it, using failing to perform services under the contract, incorrectly identifying fraudulent schemes and billing for work not requested by Star Auto Group.

64.     Star Auto Group was damaged by Rosenfield's conduct.

### SECOND CLAIM AGAINST ROSENFIELD
### (Breach of the 5/25/17 Rosenfield Contract)

13

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM          INDEX NO. 710986/2023
NYSCEF DOC. NO. 11                                       RECEIVED NYSCEF: 08/25/2023

65. Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

66. Rosenfield breached the 5/25/17 Rosenfield Contract with Star Auto Group by overbilling under the contract, failing to perform services under the contract, incorrectly identifying fraudulent schemes and billing for work not requested by Star Auto Group.

67. Star Auto Group was damaged by Rosenfield's conduct.

## THIRD CLAIM AGAINST ROSENFIELD
### (Breach of Implied Contract Dated May 25, 2017)
### (In the Alternative to Counts II and IV)

68. Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

69. Rosenfield's assented to an implied-in-fact contract with Star Auto Group to perform forensic accounting services in accordance with the terms of both the 5/25/17 Rosenfield Contract as described in Paragraph ¶ 24 based on the parties' course of dealings.

70. Star Auto Group paid Rosenfield in good faith and these payments were done with the knowledge of Rosenfield, who ultimately accepted to perform the requested forensic accounting services for said payments. Rosenfield understood it would provide *inter alia*, the forensic accounting services described in Paragraph ¶ 24 in exchange for the payments made by Star Auto Group.

71. Rosenfield breached the implied-in-fact contract with Rosenfield by overbilling under the contract, failing to perform services under the contract, incorrectly identifying fraudulent schemes and billing for work not requested by Star Auto Group.

72. Star Auto Group was damaged by Rosenfield's conduct.

## FOURTH CLAIM AGAINST ROSENFIELD
### (Breach of Quasi-Contract Dated May 25, 2017 – Promissory Estoppel)

14

**(In the Alternative to Counts II and III)**

73.    Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

74.    Rosenfield made a clear and unambiguous promise to Star Auto Group to provide *inter alia*, the forensic accounting services described in Paragraph ¶ 24 in exchange for the payments made by Star Auto Group.

75.    Star Auto Group reasonably relied on this promise to its detriment by paying for these services that were ultimately never provided by Rosenfield.

76.    As a result of Star Auto Group's reasonable and foreseeable reliance, Star Auto Group sustained injuries.

77.    For the reasons set forth above, Rosenfield is liable to Star Auto Group for damages.

### FIFTH CLAIM AGAINST ROSENFIELD
### (Breach of the 3/8/19 Rosenfield Contract)

78.    Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

79.    Rosenfield breached the 3/8/19 Rosenfield Contract with Star Auto Group by failing to return the $15,000.00 deposit.

80.    Star Auto Group was damaged by Rosenfield's conduct.

### SIXTH CLAIM AGAINST ROSENFIELD
### (Fraudulent Misrepresentation)

81.    Star Auto Group repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

82.    As its accountant, Rosenfield owed a fiduciary duty to Star Auto Group.

FILED: QUEENS COUNTY CLERK 08/25/2023 05:09 PM
NYSCEF DOC. NO. 11

INDEX NO. 710988/2023

RECEIVED NYSCEF: 08/25/2023

83.     Rosenfield made material misrepresentations of fact to Star Auto Group regarding its work and bills which were made intentionally in order to defraud or mislead Star Auto Group.

84.     Ken Rosenfield made the following fraudulent statements:

- informed Star Auto Group that certain theft schemes occurred which did not occur; and

- informed the district attorney, the police, and Star that it would provide reports proving that Star's employees committed various schemes but never providing any such documentation.

85.     These fraudulent statements were made in reports Rosenfield and Ken Rosenfield provided to Star which include but are not limited to on June 2, 2017, June 8, 2018, November 21, 2018, May 29, 2019, and December 4, 2019; and

86.     These statements were also made to Star by Ken Rosenfield during meetings he had with Michael Koufakis, a principle of Star, which include but are not limited to on September 27, 2017, September 29, 2018, December 8, 2017, June 14, 2018, December 20, 2018, February 7, 2019, March 27, 2019, and November 13, 2019.

87.     Star Auto Group reasonably relied on the misrepresentations and suffered damages as a result of its reliance on Rosenfield's misrepresentations.

88.     Star Auto Group was damaged by Rosenfield's conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Star Auto Group demands the following:

a.  Judgment on all claims against Rosenfield in an amount to be established at trial plus pre and post-judgment interest, costs, attorney's fees, and punitive damages; and

b.  Together with such other and further relief as the Court deems just and proper.

## STAR AUTO GROUP DEMANDS TRIAL BY JURY

Star Auto Group demands a trial by jury on all questions of fact raised in this case.

16

Dated: Lake Success, New York
May 25, 2023

MILMAN LABUDA LAW GROUP PLLC

By: _____
Jamie S. Felsen, Esq.
Joseph M. Labuda, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamie@mllaborlaw.com
joe@mllaborlaw.com

*Attorneys for Plaintiffs, Star Auto Sales of Bayside, Inc. d/b/a Star Toyota of Bayside, Star Auto Sales of Queens, LLC d/b/a Star Subaru, Star Hyundai LLC d/b/a Star Hyundai, Star Nissan, Inc d/b/a Star Nissan, Metro Chrysler Plymouth Inc. d/b/a Star Chrysler Jeep Dodge, Star Auto Sales of Queens County LLC d/b/a Star Fiat, and Star Auto Sales of Queens Village LLC d/b/a Star Mitsubishi*

17

FILED: QUEENS COUNTY CLERK 08/25/2023 05:01 PM
NYSCEF DOC. NO. 11

INDEX NO. 710988/2023
RECEIVED NYSCEF: 08/25/2023

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  )   ss.:
COUNTY OF NASSAU  )

JAMIE S. FELSEN, being duly sworn, deposes and says:

I am a member of the law firm of Milman Labuda Law Group PLLC, the attorneys for the Plaintiffs in the within action.  I have read the foregoing Summons with Verified Complaint and know the contents thereof to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

This verification is made by me because the Plaintiffs are not located within the County of Nassau.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  interview of witnesses and review of documents.

Dated: Lake Success, New York
       May 25, 2023

MILMAN LABUDA LAW GROUP PLLC

By: _____
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com

*Attorneys for Plaintiffs*

18