# EXHIBIT 30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC. :
(d/b/a STAR TOYOTA OF BAYSIDE), : 18 cv 5775-ERK-CLP
STAR AUTO SALES OF QUEENS, LLC :
(d/b/a STAR SUBARU), STAR HYUNDAI LLC :
(d/b/a STAR HYUNDAI), STAR NISSAN, INC. : **PLAINTIFFS' RESPONSES**
(d/b/a STAR NISSAN), METRO CHRYSLER : **AND OBJECTIONS TO**
PLYMOUTH INC. (d/b/a STAR CHRYSLER : **DEFENDANTS' FIRST**
JEEP DODGE), STAR AUTO SALES OF : **REQUEST FOR THE**
QUEENS COUNTY LLC (d/b/a STAR FIAT) : **PRODUCTION OF**
and STAR AUTO SALES OF QUEENS : **DOCUMENTS**
VILLAGE LLC (d/b/a STAR MITSUBISHI), :
                                                           :
                    Plaintiffs, :
                                                           :
            v. :
                                                           :
VOYNOW, BAYARD, WHYTE :
AND COMPANY, LLP, HUGH WHYTE, :
RANDALL FRANZEN and ROBERT SEIBEL, :
                                                           :
                    Defendants. :
-----------------------------------------------------------x

Plaintiffs respond to Defendants' First Request for the Production of Documents, dated March 11, 2019 (the "Requests"), as follows:

## GENERAL OBJECTIONS

1. Plaintiffs object to each and every request to the extent that it fails to describe the documents requested with reasonable particularity, is unduly vague or ambiguous, or would unreasonably require plaintiffs to speculate as to the nature or scope of the documents sought.

2. Plaintiffs object to each and every request to the extent that it seeks documents that are beyond its possession, custody, or control. Plaintiffs will produce non-privileged, responsive documents within its possession, custody, or control.

3. Plaintiffs object to each and every request to the extent that it is unduly burdensome or oppressive.

4. Plaintiffs object to each request that it does not define a time period. In response to all such requests and without prejudice to any other objections, Plaintiffs will produce non-privileged and responsive documents from January 1, 2012 forward.

5. Plaintiffs object to each and every request to the extent that it seeks documents or information that are or is not relevant to the proceedings.

6. Plaintiffs object to each and every request to the extent that it calls for the production of "all" documents when all relevant information can be obtained from fewer than "all" documents.

7. Plaintiffs object to each and every request to the extent that it seeks documents or information that are or is protected from discovery by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or otherwise protected from discovery pursuant to applicable law. The inadvertent production of any privileged document or information shall not be deemed to be a waiver of any applicable privilege with respect to such document or information or with respect to any other document or information. Plaintiffs specifically reserve the right to demand the return of any such inadvertently-produced documents, without prejudice to any claim of privilege.

8. Plaintiffs object to each and every request to the extent that it seeks information which is confidential. All such materials will be produced subject to the execution and entry of a mutually agreed confidentiality order and stipulation.

9. In providing these objections to Defendants' Document Requests, plaintiffs do not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. all objections as to competence, relevance, materiality, admissibility in evidence or other use of the document requests or portions thereof, or the subject matter thereof, or plaintiffs' response or objections thereto;

    b. all rights to object on any ground to the use of the document requests, responses or objections, or the subject matter thereof, in this or any other or subsequent proceeding; and

    c. all rights to object on any ground to any request for further responses to these or any other requests for documents or things, or to other discovery requests involving or related to the subject matter of the document requests. Plaintiffs submit these objections and responses to the document requests without conceding the admissibility, relevance or materiality of the subject matter of any document or document request, and without prejudice to his right to object to further discovery.

10. Plaintiffs hereby reserve the right to supplement or amend any objections herein.

11. These General Objections, including without limitation the objection based on the attorney-client and attorney work product privileges, are hereby incorporated into Plaintiffs' responses to each of the requests referenced below, whether or not the requests are specifically set forth in the section captioned "Responses and Objections to the Document Requests."

3

## RESPONSES TO THE SPECIFIC REQUESTS

1.      In response to Request Nos. 1-2, 8-12, 15-26, 28-37 and 39, Plaintiffs have no specific objections. Subject to and without waiving their general objections, Plaintiffs will produce non-privileged documents in their custody and control that are responsive to these requests.

2.      In response to Requests Nos. 3-7, 13-14 and 38, Plaintiffs object to the extent each request seeks documents dating back to 1996. Subject to and without waiving this or any other objection, Plaintiffs will produce non-privileged documents that are responsive to each such request that are under their custody and control which date back to January 1, 2010.

3.      Plaintiffs object to Request No. 27 (tax returns) to the extent that it seeks irrelevant documents, is unduly burdensome and seeks information that is duplicative of other requests. Plaintiffs further object to this request on the grounds that Defendants already have copies of all such returns, as they prepared them. Subject to and without waiving this or any other objections, Plaintiffs will produce certain tax returns subject to redactions.

Dated:  New York, New York
        June 3, 2019

                                **TRACHTENBERG RODES & FRIEDBERG LLP**

                                /s/ Barry J. Friedberg

                                545 Fifth Avenue
                                New York, New York 10017
                                (212) 972-2929

                                *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT) and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),<br><br>Plaintiffs,<br><br>v.<br><br>VOYNOW, BAYARD, WHYTE AND COMPANY, LLP, HUGH WHYTE, RANDALL FRANZEN AND ROBERT SEIBEL,<br><br>Defendants. | Civil Action No.:<br>1:18-cv-05775-ERK-CLP<br><br>Defendants' First Request for the Production of Documents |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants, Voynow, Bayard, Whyte and Company, LLP, Hugh Whyte, Randall Franzen, and Robert Seibel (collectively "Defendants") by and through their undersigned counsel, hereby propound the following request for production of documents on Plaintiffs, Star Auto Sales of Bayside, Inc ("Star Toyota"), Star Auto Sales of Queens, LLC ("Star Subaru"), Star Hyundai LLC ("Star Hyundai"), Star Nissan, Inc., ("Star Nissan"), Metro Chrysler Plymouth Inc ("Star Chrysler Jeep Dodge"), Star Auto Sales of Queens County, LLC ("Star Fiat"), and Star Auto Sales of Queens Village LLC (individually "Star Mitsubishi" and collectively with Star Toyota, Star Subaru, Star Hyundai, Star Nissan, Star Chrysler, Jeep Dodge, and Star Fiat, the "Star Autogroup"). The documents, including electronically stored information, responsive to the following requests, are

1

to be produced at the offices of Marshall Dennehey Warner Coleman and Goggin, 2000 Market Street, Suite 2300, Philadelphia Pennsylvania, 19103, within 30 days of the date of service hereof and supplemented hereafter in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS/ INSTRUCTIONS

1. "You" Your" "Plaintiff" or the "Star Autogroup Entities" for the purpose of these document requests, means the Plaintiffs in this matter (individually and collectively), Star Toyota, Star Subaru, Star Hyundai, Star Nissan, Star Chrysler Jeep Dodge, Star Fiat", and/or Star Mitsubishi, as well as their agents, representatives, and attorneys.

2. The term "Vivian Karouzakis" or "Karouzakis" for the purpose of these document requests refers to Vivian Karouzakis.

3. The term "Complaint" for the purpose of these document requests refers to the operative Complaint filed in this matter.

4. The term "Voynow" or "Defendants" for the purpose of these document requests means the Defendants in this Matter, Voynow, Bayard, Whyte and Company, LLP, Hugh Whyte, Randall Franzen, and/or Robert Seibel.

5. The term "Star Toyota" for purpose of these document requests refers to Plaintiff, Star Auto Sales of Bayside, Inc, d/b/a Star Toyota of Bayside.

6. The term "Rosenfeld Report" for purpose of these document requests means the report prepared by Rosenfield & Co, dated June 2, 2017, and submitted to Allison Wright, Assistant District Attorney, Queens County District Attorneys Office, and any supplement or amendment thereto.

7. "Document(s)" includes but is not limited to: (a) any written or graphic matter of any kind or character, however produced or reproduced; (b) any electronically or magnetically recorded or stored matter of any kind or character, however produced or reproduced; and (c) any other matter of any kind or character constituting the recording of any tangible thing, or storage in any retrievable way, by any means of communication or representation or data retention not in this subsection heretofore described. The foregoing includes, but is not limited to, all drafts, all originals, all copies different in any way from the original (whether by interlineations, receipt, stamp, notation, indication of copies sent or received or otherwise) of all: telephone phone bills

or records, notes, memoranda, records, correspondence, papers, books, photographs, telegrams, sound or visual recordings on tape, wire, or drum, checks, drafts, confirmations, statements, books of account, emails, or any financial documents of any kind, logs, journals, aides-memoirs, diaries, desk calendars, or similar records of any kind, minutes, reports, forecasts or studies, agreements, working papers, drafts or notes prepared in connection with such documents, whether used or not, and anything similar to the foregoing however denominated.

8. The term "relate to" or "related to," as used herein, means constitute(s), refer(s) to, reflects(s), concern(s), pertain(s) to or in any way logically or factually connect(s) with the matter described in the request.

9. The term "communications," as used herein, means all statements, admissions, denials, inquiry, discussions, conversations, negotiations, agreements, contracts, answering machine recordings, caller ID printouts, understandings, applications, interviews, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, or any other form of written or verbal intercourse, including but not limited to Skype, emails, SMS messages, etc.

10. The singular shall include the plural and the plural shall include the singular.

11. The masculine, feminine or neuter pronoun shall not exclude the other genders.

## DOCUMENT REQUESTS

1. All non-privileged documents and/or communications regarding, reflecting, or relating to any investigations conducted into any alleged theft from or fraudulent scheme against Star Autogroup or any Star Autogroup affiliate, including but not limited to any statements provided by witnesses or employees.

2. All documents and/or communications related to the Rosenfeld Report, including but not limited to documents and/or communications referenced in such report, relied upon in the drafting of such report, and any subsequent amendment or supplement relating thereto.

3

3. All documents and/or communications related to or reflecting the results of any audits or similar financial analyses or reviews of the Star Autogroup Entities conducted by either internal or external parties from 1996 to the present, including but not limited to any reports generated as a result of such audits/analyses/reviews.

4. All financial statements of the Star Autogroup Entities from 1996 to the present, including but not limited to financial statements submitted to secure car inventory financing.

5. All journal entries of the Star Autogroup Entities from 1996 to the present.

6. All balance sheets of the Star Autogroup Entities from 1996 to the present.

7. All retained earnings accounts of the Star Autogroup Entities from 1996 to the present.

8. Copies of all checks of the Star Autogroup Entities that fall within any of the following categories:

    a. Were issued to pay credit card bills and other personal obligations of Star Autogroup employees;

    b. Bore hand-written notations as alleged in paragraph 56 of the Complaint;

    c. Were debited or credited to irregular accounts;

    d. Bore irregular control numbers; and/or

  e. Were in any way related to employee theft from or fraudulent scheme against the Star Autogroup Entities.

9. All irregular manual accounting entries allegedly reviewed by Voynow.

10. All irregular manual journal entries made by Karouzakis or any other employee believed to have been involved in any theft from or fraudulent scheme against the Star Autogroup Entities.

11. Ledgers for all accounts that were offset or adjusted in any way by Karouzakis or any other employee believed to have been involved in any theft from or fraudulent scheme against the Star Autogroup Entities.

12. Copies of all uncleared checks of the Star Autogroup Entities as alleged in the Complaint.

13. Copies of any bank reconciliations and related bank statements of the Star Autogroup Entities prepared from 1996 to the present.

14. Copies of all intercompany accounting records of the Star Autogroup Entities from 1996 to the present.

15. All documents and/or communications evidencing, reflecting, or relating to falsified "control" and/or "employee numbers in any of the Star Autogroup Entities' journals as alleged in paragraph 55 of the Complaint.

16. All documents and/or communications evidencing, reflecting, or relating to the cash advances recorded at Star Toyota as alleged in paragraph 57 of the Complaint.

17. All documents and/or communications evidencing, reflecting, or relating to any fraudulent accounting maneuvers believed to have been used to conceal improper and unauthorized automobile purchases, as alleged in paragraph 58 of the Complaint.

18. All documents and/or communications evidencing, reflecting, or relating to all cash payments to or by the Star Autogroup Entities that are believed to have been offset to irregular accounts.

19. All documents and/or communications evidencing, reflecting, or relating to any unauthorized auto purchases at discounted prices, as alleged in paragraph 58 of the Complaint.

20. All documents and/or communications evidencing, reflecting, or relating to factory part reconciliations of the Star Autogroup Entities as alleged in the Complaint.

21. All documents and/or communications evidencing, reflecting, or relating to offsetting entries into irregular accounts of the Star Autogroup Entities.

22. All documents and/or communications evidencing, reflecting, or relating to payments by the Star Autogroup Entities for which 1099s were not issued.

23. All documents and/or communications evidencing, reflecting, or relating to unusual incidences of manual journal entries, irregular control numbers, and/or improper flow of funds through irregular accounts as alleged in paragraph 55 of the Complaint.

24. All documents and/or communications exchanged between or among JP Morgan Chase, Voynow, and any representative of the Star Autogroup Entities regarding retained earnings accounts.

25. All documents and/or communications exchanged between or among Voynow and any representative of the Star Autogroup Entities reflecting any request that Voynow investigate retained earnings accounts, or Voynow's responses thereto.

26. All documents and/or communications evidencing, reflecting, or relating to transactions of the Star Autogroup Entities that failed to clear the payroll cycle.

27. State and Federal Tax Returns for the Star Autogroup Entities for the years 2016 and 2017.

28. All documents and/or communications relating to the firing of any employee believed to have been involved in any theft from or fraudulent scheme against the Star Autogroup Entities.

29. Employee files relating to any employee believed to have been involved in any theft from or fraudulent scheme against the Star Autogroup Entities.

30. All documents and/or communications evidencing, reflecting, or relating to believed theft of ACH wire transfers from the Star Autogroup Entities, and any manual account entries believed related thereto.

31. All criminal complaints filed relating to any theft from or fraudulent scheme against the Star Autogroup Entities.

32. All criminal indictments related to any theft from or fraudulent scheme against the Star Autogroup Entities.

33. All documents and/or communications evidencing, reflecting, and relating to the damages believed to have been suffered by the Star Autogroup Entities as a result of any action or inaction of Voynow.

34. All civil complaints filed relating to any theft from or fraudulent scheme against the Star Autogroup Entities.

35. All documents and/or communications evidencing, reflecting, or relating to any bond claims or other insurance claims made relating to any theft from or fraudulent scheme against the Star Autogroup Entities.

36. All documents and/or communications reflecting or relating to the scope of services rendered by Voynow to Star Autogroup.

37.     All communications between Voynow and the Star Autogroup Entities, including past and present employees, representatives, or any person acting on behalf of the Star Autogroup Entities.

38. All documents reflecting a list of all employees of the Star Autogroup Entities, and/or the roles and responsibilities of such employees, from 2010 to the present.

39. All documents and/or communications related to theft from or fraudulent scheme(s) against the Star Autogroup Entities by any employee or owner of such entities, any investigation into such thefts/schemes, and the results of any such investigation including any disciplinary action taken.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

/s/ Sarah A. Kleinman
Sarah A. Kleinman, Esquire
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2874
(215) 575-0856
sakleinman@mdwcg.com
Attorney for Defendants,
Voynow, Bayard, Whyte and Company, LLC, Hugh Whyte, Randall Franzen, and Robert Siebel

Dated: March 11, 201

## CERTIFICATE OF SERVICE

I, Sarah A. Kleinman, Esquire hereby certify that on this 7th day of March, 2019, I caused a true and correct copy of Defendants' First Request for Production of Documents directed to Plaintiff to be served on Plaintiff's counsel (listed below) via email.

Barry J. Friedberg
Trachtenberg Rhoads & Friedberg LLP
545 Fifth Avenue
New York, NY 10017

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

/s/ Sarah A. Kleinman
Sarah A. Kleinman, Esquire
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2874
(215) 575-0856
sakleinman@mdwcg.com
Attorney for Defendants,
Voynow, Bayard, Whyte and Company, LLC, Hugh Whyte, Randall Franzen, and Robert Siebel

Dated: March 11, 2019