UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.              :
(d/b/a STAR TOYOTA OF BAYSIDE),               :      Case No.: 1:18-cv-5775 (ERK) (TAM)
STAR AUTO SALES OF QUEENS, LLC                :
(d/b/a STAR SUBARU), STAR HYUNDAI LLC         :      DECLARATION OF JAMIE
(d/b/a STAR HYUNDAI), STAR NISSAN, INC.       :      S. FELSEN, ESQ.
(d/b/a STAR NISSAN), METRO CHRYSLER           :
PLYMOUTH INC. (d/b/a STAR CHRYSLER            :
JEEP DODGE), STAR AUTO SALES OF               :
QUEENS COUNTY LLC (d/b/a STAR FIAT)           :
and STAR AUTO SALES OF QUEENS                 :
VILLAGE LLC (d/b/a STAR MITSUBISHI),          :
                                              :
                    Plaintiffs,               :
                                              :
            v.                                :
                                              :
VOYNOW, BAYARD, WHYTE                         :
AND COMPANY, LLP, HUGH WHYTE,                 :
RANDALL FRANZEN and ROBERT SEIBEL,            :
                                              :
                    Defendants.               :
-------------------------------------------------------------x

        JAMIE S. FELSEN, ESQ., pursuant to 28 U.S.C. § 1746 and Local Civil Rule

1.10 of the United States District Court for the Eastern District of New York, declares as

follows:

        1.      Your deponent is an attorney and counselor at law duly admitted to

practice before the courts of the State of New York and before this Honorable Court.

Further, your deponent is a member of Milman Labuda Law Group, PLLC, attorneys to

Plaintiffs.  In that capacity, your deponent is fully and personally familiar with all the

facts and circumstances set forth herein except for those items stated to be alleged upon

information and belief.

        2.      This declaration is respectfully offered in opposition to Defendants'

Motion for Partial Summary Judgment.

3.      A true and correct copy of relevant portions of the deposition transcript of Douglas Sosnowski is annexed hereto as Exhibit "1".

4.      True and correct copies of the September 15, 2023 Sosnowski Report, the November 20, 2023 Sosnowski Report, and the November 10, 2023 Sosnowski Rebuttal Report are annexed hereto as Exhibit "2".

5.      A true and correct copy of relevant portions of the deposition transcript of Michael Koufakis is annexed hereto as Exhibit "3".

6.      A true and correct copy of relevant portions of the deposition transcript of John Koufakis is annexed hereto as Exhibit "4".

7.      A true and correct copy of relevant portions of the deposition transcript of Steven Koufakis is annexed hereto as Exhibit "5".

8.      A true and correct copy of relevant portions of the FRCP 30(b)(6) deposition transcript of Star Nissan, Inc. is annexed hereto as Exhibit "6".

9.      A true and correct copy of relevant portions of the FRCP 30(b)(6) deposition transcript of Metro Chrysler Plymouth Inc. d/b/a Star Chrysler is annexed hereto as Exhibit "7".

10.      A true and correct copy of relevant portions of the FRCP 30(b)(6) deposition transcript of Star Auto Sales of Queens, LLC d/b/a Star Subaru is annexed hereto as Exhibit "8".

11.      A true and correct copy of relevant portions of the FRCP 30(b)(6) deposition transcript of Star Auto Sales of Bayside, Inc. d/b/a Star Toyota is annexed hereto as Exhibit "9".

12.      A true and correct copy of relevant portions of the deposition transcript of Hugh Whyte is annexed hereto as Exhibit "10".

13.     A true and correct copy of relevant portions of the deposition transcript of David Lombardo is annexed hereto as Exhibit "11".

14.     A true and correct copy of relevant portions of the deposition transcript of John Breslin is annexed hereto as Exhibit "12".

15.     A true and correct copy of relevant portions of the deposition transcript of David Kumor is annexed hereto as Exhibit "13".

16.     A true and correct copy of relevant portions of the deposition transcript of Shawn McCormack is annexed hereto as Exhibit "14".

17.     A true and correct copy of relevant portions of the deposition transcript of Randall Franzen is annexed hereto as Exhibit "15".

18.     A true and correct copy of relevant portions of the deposition transcript of Robert Seibel is annexed hereto as Exhibit "16".

19.     A true and correct copy of mailing and postage receipts that Star believed to be real, but has now learned that they were fake and a sample mailer which Star believed had been mailed but has now learned that it was not mailed, bearing bates stamp numbers  STAR00151829-00151832;  STAR00151833-00151836, and  STAR00151869 are annexed hereto as Exhibit "17".

20.     A true and correct copy of relevant portions of the deposition transcript of Cody McCabe is annexed hereto as Exhibit "18".

21.     A true and correct copy of relevant portions of the deposition transcript of Vincent Bucolo is annexed hereto as Exhibit "19".

22.     A true and correct copy of relevant portions of the deposition transcript of Benjamin Sidor is annexed hereto as Exhibit "20".

23.     A true and correct copy of relevant portions of the deposition transcript of Mike Corrigan is annexed hereto as Exhibit "21".

24.     A true and correct copy of relevant portions of the deposition transcript of Stephen Scherf is annexed hereto as Exhibit "22".

25.     A true and correct copy of relevant portions of the FRCP 30(b)(6) deposition transcript of Voynow, Bayard, Whyte and Company, LLP is annexed hereto as Exhibit "23".

26.     A true and correct copy of relevant portions of the deposition transcript of David Kaplan is annexed hereto as Exhibit "24".

27.     A true and correct copy of Plaintiffs' Response to Defendants' Second Set of Interrogatories is annexed hereto as Exhibit "25".

28.     A true and correct copy of Despina Theocharis' guilty plea is annexed hereto as Exhibit "26".

29.     A true and correct copy of the verdict sheet in Carmen Jones' civil case in state court is annexed hereto as Exhibit "27".

30.     A true and correct copy of a July 25, 2013 interim letter is annexed hereto as Exhibit "28".

31.     A true and correct copy of a 2012 interim memo is annexed hereto as Exhibit "29".

32.     A true and correct copy of a 2016 Subaru memo is annexed hereto as Exhibit "30".

33.     A true and correct copy of a new controller checklist is annexed hereto as Exhibit "31".

34.     A true and correct copy of a sample of Voynow timesheets is annexed hereto as Exhibit "32".

35.     A true and correct copy of various Voynow workpapers is annexed hereto as Exhibit "33".

36.     A true and correct copy of a cashier audit is annexed hereto as Exhibit "34".

37.     A true and correct copy of a Voynow newsletter, website and marketing material is annexed hereto as Exhibit "35".

38.     A true and correct copy of a June 8, 2011 interim letter email with attachments is annexed hereto as Exhibit "36".

39.     A true and correct copy of an August 2013 interim letter regarding accrued payroll is annexed hereto as Exhibit "37".

40.     A true and correct copy of Star Subaru Service and Parts Receivable Workpapers is annexed hereto as Exhibit "38".

41.     A true and correct copy of Star Toyota Accrued Commissions is annexed hereto as Exhibit "39".

42.     A true and correct copy of Star Nissan Accrued Commissions is annexed hereto as Exhibit "40".

43.     A true and correct copy of We Owes and Extra Workpapers is annexed hereto as Exhibit "41".

44.     A true and correct copy of Nissan Rebate and Incentive Workpapers is annexed hereto as Exhibit "42".

45.     A true and correct copy of Nissan Accounts Payable Schedule is annexed hereto as Exhibit "43".

46.     A true and correct copy of List of Schedules for Each Dealership is annexed hereto as Exhibit "44".

47.     A true and correct copy of a sample of Mike Corrigan's Timesheet Entries is annexed hereto as Exhibit "45".

48.     A true and correct copy of Robert Seibel's Nissan Interim Timesheet Entry is annexed hereto as Exhibit "46".

49.     A true and correct copy of a sample of John Breslin's Timesheet Entries is annexed hereto as Exhibit "47".

50.     A true and correct copy of various timesheet entries is annexed hereto as Exhibit "48".

51.     A true and correct copy of a sample of David Kumor's Timesheet Entries is annexed hereto as Exhibit "48-1".

52.     A true and correct copy of a sample of Vincent Bucolo's Timesheet Entries is annexed hereto as Exhibit "49".

53.     A true and correct copy of a sample of Benjamin Sidor's Timesheet Entries is annexed hereto as Exhibit "50".

54.     A true and correct copy of a sample of Timofey Kravet's Timesheet Entries is annexed hereto as Exhibit "51".

55.     A true and correct copy of a sample of Cody McCabe's Timesheet Entries is annexed hereto as Exhibit "52".

56.     A true and correct copy of a sample of David Kaplan's Timesheet Entries is annexed hereto as Exhibit "53".

57.     A true and correct copy of a sample of Hugh Whyte's Timesheet Entries is annexed hereto as Exhibit "54".

58.     A true and correct copy of a Timesheet Summary bearing bates stamp number VOYNOW_024898 is annexed hereto as Exhibit "55".

59.     A true and correct copy of a timesheet establishing that Voynow reviewed Form 1099s is annexed hereto as Exhibit "56".

60.     A true and correct copy of a December 3, 2010 Nissan interim report is annexed hereto as Exhibit "57".

61.     A true and correct copy of Robert Kirkhope's timesheet showing "Internal Control Review" is annexed hereto as Exhibit "58".

62.     A true and correct copy of a December 16, 2016 email from Michael Koufakis to Randall Franzen regarding Karouzakis car purchases is annexed hereto as Exhibit "59".

63.     A true and correct copy of Randall Franzen timesheets establishing two monthly visits to Star is annexed hereto as Exhibit "60".

64.     A true and correct copy of a July 15, 2014 email from Randall Franzen regarding dealership deceptive practices is annexed hereto as Exhibit "61".

65.     A true and correct copy of a Nissan Parts Statement Trend Analysis is annexed hereto as Exhibit "62".

66.     A true and correct copy of a sample of Voynow timesheets relating to Star Toyota is annexed hereto as Exhibit "63".

67.     A true and correct copy of a sample of Voynow timesheets relating to Star Nissan is annexed hereto as Exhibit "64".

68.     A true and correct copy of a sample of Voynow timesheets relating to Star Chrysler is annexed hereto as Exhibit "65".

69.     A true and correct copy of a sample of Voynow timesheets relating to Star Hyundai is annexed hereto as Exhibit "66".

70.     A true and correct copy of a sample of Voynow timesheets relating to Star Subaru is annexed hereto as Exhibit "67".

71.     A true and correct copy of an email regarding profit tie-in and charts is annexed hereto as Exhibit "68".

72.     A true and correct copy of Voynow review engagements with Thompson Auto Group is annexed hereto as Exhibit "69".

73.     A true and correct copy of an example of the Personal Creditor BONUS1015 tied to Voynow's Workpapers is annexed hereto as Exhibit "70".

74.     A true and correct copy of Voynow's billing report for each Star dealership is annexed hereto as Exhibit "71".

75.     A true and correct copy of the declaration of Jacqueline Cutillo is annexed hereto as Exhibit "72".

76.     A true and correct copy of the declaration of Michael Koufakis is annexed hereto as Exhibit "73".

77.     A true and correct copy of Key Voynow Timesheet Entries is annexed hereto as Exhibit "74".

78.     A true and correct copy of the declaration of Douglas Sosnowski is annexed hereto as Exhibit "75".

Dated: May 15, 2024

/s/ Jamie S. Felsen, Esq.

8