# EXHIBIT "26"

```
 1    SUPREME COURT OF THE STATE OF NEW YORK

 2    COUNTY OF QUEENS:  CRIMINAL TERM, PART TAP A
      ---------------------------------------X
 3    THE PEOPLE OF THE STATE OF NEW YORK,   Indictment No.

 4                -against-                     71553/23

 5                                              Plea
      DESPINA THEOCHARIS,
 6
                        Defendant.
 7    ---------------------------------------X
                              November 30, 2023
 8                            125-01 Queens Boulevard
                              Kew Gardens, New York
 9


10
      B E F O R E :
11
              HONORABLE TONI CIMINO,
12                                              Justice,


13


14
      A P P E A R A N C E S :
15
      For the People:
16
           MELINDA KATZ, ESQ.
17         District Attorney, Queens County,
           BY: BRIAN KOHM, ESQ.
18         Assistant District Attorney


19
      FOR THE DEFENDANT:
20
           OLIVER STORCH, ESQ.
21         120 Broadway
           New York, New York
22         BY:  PAUL TESTAVERDE, ESQ. OF COUNSEL


23
                              ROCHELLE J WRIGHT, RPR, CSR
24                               OFFICIAL COURT REPORTER


25


                                                         RJW
```

1          COURT CLERK:  49, indictment 71553 of '23, Despina
2     Theocharis who is out and present.
3          MR. KOHM:  Brian Kohm for the People.
4          MR. TESTAVERDE:  For the defendant, Paul
5     Testaverde, of counsel for Oliver Storch, 120 Broadway, New
6     York, New York.
7          THE COURT:  This matter is on today for trial.
8          MR. KOHM:  Your Honor, we have disposition today.
9          THE COURT:  What is the resolution that's being
10    proposed?
11         MR. KOHM:  Petit larceny with a conditional
12    discharge, that the defendant pay $5,000 in restitution.  I
13    have a document through a canceled check and records from
14    Metro Chrysler Plymouth.  And the Grand Jury minutes here.
15    I believe that the defendant is ready to pay even something
16    today, Mr. Testaverde.
17         MR. TESTAVERDE:  Yes.  Able to pay five percent.
18         THE COURT:  Five percent.
19         MR. TESTAVERDE:  Five hundred.
20         MR. KOHM:  Five hundred.
21         MR. TESTAVERDE:  It was because of the surcharge.
22         THE COURT:  Restitution is $5,000 plus there is a
23    five percent surcharge in addition that's payable through
24    Safe Horizon.  That's something I don't have any control
25    over.

                                                      RJW

```
 1                MR. TESTAVERDE:  Understood, your Honor.

 2                THE COURT:  My issue is I guess financial

 3    wherewithal.  I know Ms. Theocharis has private counsel.  I

 4    all make that inquiry because I am -- I don't want to be in

 5    a position where I am going to sentence Ms Theocharis to 364

 6    days in jail because she comes in and tells me she doesn't

 7    have the financial wherewithal to pay.

 8                Can you tell me, Mr. Testaverde, what am I

 9    supposed to be relying on to ensure that this is an

10    appropriate disposition.  I am not going to be forced with

11    perhaps putting somebody who is financially unstable in

12    jail.  I don't want to ever have to do that.

13                MR. TESTAVERDE:  Your Honor, all she needs is

14    about a few months.  I would like to have three, four months

15    for cushioning.  It should be all paid by then.

16                THE COURT:  Five hundred dollars is being paid

17    today.  How is that being paid?

18                MR. TESTAVERDE:  I believe she has cash, your

19    Honor.

20                MR. KOHM:  It has to go through Safe Horizon.

21                THE COURT:  Has to go through Safe Horizon.  I

22    don't know where that office is.

23                MR. TESTAVERDE:  I believe it's downstairs.  We

24    will make payment right after this appearance.

25                THE COURT:  Do they take cash?
```

Proceedings                                    4

1                MR. TESTAVERDE:  No idea.  It's possible they
2      could take a card.
3                THE COURT:  $500 is going to be paid today and I
4      am going to require that all money be paid by -- what do you
5      think is realistic here?
6                MR. TESTAVERDE:  I would like at least four
7      months.  Four months from today would be end of February,
8      early March.
9                THE COURT:  I am going to put this on for
10     March 22nd.  Everything is due and payable by March 22nd.
11     You are asking me for February.  I am giving you March
12     because I want to make sure that it's all taken care of.
13     That will be a compliance date.  If your client has paid in
14     full on March 22nd, I will waive her appearance and your
15     office could coming in or provide the proof in advance that
16     all the money has been paid.
17               MR. TESTAVERDE:  Okay.  Very good, your Honor.
18               THE COURT:  With respect to this matter --
19               MR. KOHM:  I am going to ask 155.25, lesser
20     included.
21               THE COURT:  Lesser included will plead under count
22     one.  Mr. Testaverde, have you or Mr. Storch had a
23     conversation with Ms. Theocharis about her absolute right to
24     discovery.  This case was previously certified back on
25     April 28th of 2023, but to the extent that anything is

                                                            RJW

1   outstanding, does your client understand that by pleading

2   guilty today there will be no further discovery, that part

3   of the case will be over?

4            MR. TESTAVERDE:  Yes.

5            THE COURT:  Did the People make this offer to your

6   client in any way conditioned upon a waiver of her absolute

7   right to discovery?

8            MR. TESTAVERDE:  No.

9            THE COURT:  We can swear in Ms. Theocharis.

10           (Whereupon, the defendant is sworn by the clerk of

11  the court.)

12           COURT CLERK:  State your name for the record.

13           THE DEFENDANT:  Despina Theocharis.

14           THE COURT:  Ms. Theocharis, I am going to ask you

15  a series of questions now.  Beginning with, you are feeling

16  well today physically and mentally, meaning have you

17  understood everything that we have said so far and are you

18  prepared to answer my questions?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Your attorney tells me that you would

21  like to plead guilty to petit larceny, that's a class A

22  misdemeanor, in exchange for a conditional discharge and the

23  conditional discharge means you have to live a law abiding

24  life for the next one year, stay out of the trouble, don't

25  get rearrested and you will also have to pay back $5,000 in

Proceedings 6

1    restitution.  There is a five percent court surcharge.  You

2    are going get some paperwork today.  That has to be paid

3    through Safe Horizon.  Is that what you wish to do?

4             THE DEFENDANT:  Yes, ma'am.

5             THE COURT:  There will be no mandatory court

6    surcharge in this case as a result of the substantial

7    restitution that is being paid.

8             Ms. Theocharis, have you had enough time to

9    discuss this plea, the sentence and the restitution with

10   your attorney Mr. Testaverde and also with Mr. Storch?

11            THE DEFENDANT:  Yes, ma'am.

12            MR. KOHM:  I have a brief allocution.

13            THE COURT:  Sure.

14            With respect to this matter do you understand by

15   pleading guilty you are waiving your right to present any

16   defenses in this case.  If you had a defense to the charges

17   here, you are not going to be able to present that because

18   you will not have a trial.  Do you understand that?

19            THE DEFENDANT:  Yes, ma'am.

20            THE COURT:  Has your attorney or your attorneys,

21   have they answered all of the your questions?

22            THE DEFENDANT:  Yes, ma'am.

23            THE COURT:  Are you pleading guilty freely and

24   voluntarily?

25            THE DEFENDANT:  Yes, your Honor.

RJW

1              THE COURT:  Is anyone forcing you to plead guilty?
2              THE DEFENDANT:  No, ma'am.
3              THE COURT:  Other than the promises that I have
4     just placed on the record, have any other promises been made
5     to you?
6              THE DEFENDANT:  No, ma'am.
7              THE COURT:  Do you understand by pleading guilty
8     you are giving up certain important constitutional rights.
9     You are giving up your right to have a jury trial, you are
10    right to confront and cross-examine the witnesses against
11    you, your right to testify or remain silent and your right
12    to have the district attorney prove the charges beyond a
13    reasonable doubt.  You understand, you are giving up all of
14    those important constitutional rights?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  I am not asking if you are, but I am
17    advising, if you are not a citizen of the United States,
18    this plea may have negative immigration consequences for you
19    in the future including deportation, exclusion from
20    admission to the country or denial of naturalization.
21             Counsel, to the extent those issues are relevant
22    to your client, have they been discussed?
23             MR. TESTAVERDE:  Yes.
24             THE COURT:  Ms. Theocharis, I am not asking you
25    about the contents of the conversation, I just need to know

1   that you had those conversations with your attorney.
2            THE DEFENDANT:  Yes, your Honor.
3            THE COURT:  Having had those conversations, do you
4   still wish to plead guilty here today?
5            THE DEFENDANT:  Yes, your Honor.
6            THE COURT:  Is it true that on or about and
7   between July 21st of 2016, and November 30th of 2016, in
8   Queens County, that you stole property, specifically, United
9   States currency, from Star Chrysler, is that true?
10           THE DEFENDANT:  Yes.
11           MR. KOHM:  In the amount of $5,000.
12           THE COURT:  It's petit larceny.
13           MR. KOHM:  Understood.
14           THE COURT:  There is no amount because she is
15  pleading guilty to petty larceny, not the grand larceny.
16           MR. KOHM:  Understood.
17           THE COURT:  Is there anything else that you wanted
18  to ask?
19           MR. KOHM:  No.  That was it.
20           MR. TESTAVERDE:  I want to also have on the record
21  that this certificate of relief from disabilities is to be
22  signed by your Honor and I believe the People don't have a
23  position on it.
24           THE COURT:  Mr. Testaverde, with respect to the
25  amount of restitution, were you satisfied with the proof

1    that the People have provided on the issue of restitution?

2          MR. TESTAVERDE:  Yes.

3          THE COURT:  Having said that, Counsel, Mr. Kohm,

4    are the People satisfied with the allocution?

5          MR. KOHM:  Yes, your Honor.

6          THE COURT:  Is there a waiver in this case?

7          MR. KOHM:  No, your Honor.

8          THE COURT:  Counsel, is your client waiving any

9    adjournment for investigation and sentence?

10         MR. TESTAVERDE:  No, your Honor.

11         THE COURT:  She wants to come back to court for

12   sentence?  I am asking if you are waiving a probation

13   report.

14         MR. TESTAVERDE:  We can do it today.

15         THE COURT:  You are waiving the investigation and

16   sentence?

17         MR. TESTAVERDE:  Yes.

18         THE COURT:  Your client stands ready for sentence

19   today?

20         MR. TESTAVERDE:  Yes.

21         THE COURT:  Before sentence is imposed, both

22   People, defense counsel and Ms. Theocharis have a right to

23   make a statement.  Beginning with the People.

24         MR. KOHM:  Nothing further.

25         THE COURT:  Counsel?

RJW

Proceedings                                            10

```
1                MR. TESTAVERDE:  Nothing further.
2                THE COURT:  Ms. Theocharis, is there anything that
3     you want to say?
4                THE DEFENDANT:  No, ma'am.
5                THE COURT:  The sentence of the court is as
6     promised, conditional discharge, $5,000 in restitution plus
7     five percent surcharge payable through Safe Horizon.
8                The restitution and surcharge are due and payable
9     all by March 22nd of 2024.  That's the court date for
10    compliance as I indicated earlier.
11               If you are paid in full, your attorney can simply
12    provide that proof to the court in advance of the court date
13    and you will not have to come.  If you do not pay the
14    restitution by that date, you do also face the possibility
15    of a violation of the conditional discharge because a
16    condition of your, of the conditional discharge is that you
17    pay by that date.  That is a possibility.  As I said, if
18    everything is all good, you don't have to come back to
19    court.
20               No surcharge in the case.  Wait for paperwork.
21               There is also going to be a DNA sample required as
22    a result of this conviction.
23               I am signing the certificate of relief from civil
24    disabilities.
25               CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT.   Rochelle J. Wright
```

RJW