# EXHIBIT 69



VOYNOW BAYARD WHYTE
AND COMPANY, LLP
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA
ROBERT P. SEIBEL, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
TIMOTHY KRAVETS, CPA
DAVID M. KUMOR

PAUL VOYNOW, CPA *(Inactive)*
ROBERT H. BAYARD, CPA *(1937-2015)*

January 2, 2015

Mr. Jack Thompson
Thompson Motor Group, Inc.
122 Swamp Road
Doylestown, PA 18901

Re: Thompson Motor Group, Inc.

Dear Jack:

This letter is to confirm our understanding of the terms and objectives of our engagements and the nature and limitations of the services we will provide.

We will perform the following services:

We will review the statement of assets, liabilities and equity- income tax basis of Thompson Motor Group, Inc. as of December 31, 2014 and 2013 and the related statements of revenues and expenses, retained earnings and cash flows- income tax basis for the years then ended, in accordance with the *Statements on Standards for Accounting and Review Services* issued by the American Institute of Certified Public Accountants.

The objective of a review engagement is to obtain limited assurance that there are no material modifications that should be made to the financial statements in order for the statements to be in accordance with the income tax basis of accounting.

You are responsible for:

a) The preparation and fair presentation of the financial statements in accordance with the income tax basis of accounting.

b) Designating, implementing, and maintaining internal controls relevant to the preparation and fair presentation of the financial statements.

c) Preventing and detecting fraud.

d) Identifying and ensuring that the company complies with the laws and regulations applicable to its activities.

e) The selection and application of accounting principles.

f) Making all financial records and related information available to us and for the accuracy and completeness of that information.

NORTHBROOK CORPORATE CENTER • 1210 NORTHBROOK DRIVE • SUITE 140 • TREVOSE, PA 19053 • 215.355.8000 • 215.396.2000 F
MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS



PLAINTIFF'S
EXHIBIT NO. 184
FOR IDENTIFICATION
DATE: 6/22/23   RPTR:
PENGAD 800-631-6989

VOYNOW_035330

Thompson Motor Group, Inc.
January 2, 2015
Page 2

g) Providing us, at the conclusion of the engagement, with a letter that confirms certain representations made during the reviews.

We will conduct our reviews in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

A review includes primarily making inquiries of company management and applying analytical procedures to your financial data. A review is substantially less in scope then an audit, the objective of which is the expression of an opinion regarding the financial statements as a whole. A review does not contemplate obtaining an understanding of the entity's internal control; assessing fraud risk; testing accounting records by obtaining sufficient audit evidence through inspection, observation, confirmation, or the examination of source documents; or other procedures ordinarily performed in an audit. Accordingly, we will not express an opinion regarding the financial statements as a whole.

Our engagement cannot be relied upon to disclose errors, fraud or illegal acts, that may exist. However, we will inform the appropriate level of management of any material errors and any evidence or information that comes to our attention during the performance of our review procedures, that fraud may have occurred. In addition, we will inform you of any evidence or information that comes to our attention during the performance of our review procedures regarding illegal acts that may have occurred, unless they are clearly inconsequential. We have no responsibility to identify and communicate deficiencies in internal control as part of this engagement.

Also, the document we will submit to you will include the following supplementary information that will not be subjected to the inquiry and analytical procedures applied in the reviews of the basic financial statements, but will be compiled by us from information that is the representation of management, and we will not express an opinion or any other form of assurance on such information:

1. Supplementary Schedule of Other Operating Income
2. Supplementary Schedule of Selling Expenses
3. Supplementary Schedule of Semi-Fixed Expenses
4. Supplementary Schedule of Fixed Expenses

If for any reason, we are unable to complete our reviews of your financial statements, we will not issue a report on such statements as a result of this engagement.

We will advise you about appropriate accounting principles and their application and will assist in the preparation of your financial statements, but the responsibility for the financial statements remains with you. This responsibility includes the establishment and maintenance of adequate records and the safeguarding of assets. As part of preparing the financial statements, we may propose standard, adjusting, or correcting journal entries to your financial statements. You are responsible for reviewing and approving the entries and understanding the nature of any proposed entries and the impact they have on the financial statements.

VOYNOW, BAYARD, WHYTE AND COMPANY, LLP · CERTIFIED PUBLIC ACCOUNTANTS
1210 NORTHBROOK DRIVE · SUITE 140 · TREVOSE, PA 19053

VOYNOW_035331

Thompson Motor Group, Inc.
January 2, 2015
Page 3

Furthermore, it is the company's responsibility, once these entries are agreed to, to post the entries to its accounting system in a timely manner.

We will prepare the company's 2014 federal tax return, and tax returns for the state and local taxing authorities in which the company has been established and/or is doing business (collectively, the "returns") in 2014, as detailed in a separate tax engagement letter.

We will make interim visits, as agreed, to perform management consulting services with a focus on business operations from the vantage point of selective testing of the books and records.

You are responsible for management decisions and functions, and for designating an individual with suitable skill, knowledge, or experience to oversee any tax services, consulting services, or other services we provide. You are responsible for evaluating the adequacy and results of the services performed and accepting responsibility for such services. You are responsible for establishing and maintaining internal controls, including monitoring ongoing activities.

Our fees will be based on the number of hours spent and the experience level of the individuals assigned, subject to any existing overall fee arrangement with us. Our fee arrangement assumes that your personnel will have prepared, on a timely basis, a complete and accurate sets of books, as well as certain schedules and analyses for us and will make available to us invoices and other documents for our examination when requested.

Any inability, on your part, to sign the management representation letter mentioned above, non-response by you on information requested or non-payment of fees will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the financial statements and/or tax returns. The company will be obligated to compensate us for all outstanding invoices as well as our final invoice for the time spent through the date of withdrawal.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event that you direct us not to make the disclosure, you agree to hold us harmless for any expenses incurred in defending the privilege, including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege on your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response, and to reimburse us for all of our out-of-pocket costs incurred in that regard.

In the event that we become obligated to pay a judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred

VOYNOW_035332

Thompson Motor Group, Inc.
January 2, 2015
Page 4

as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement.  The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

Any work involving additional projects such as attendance at meetings with you, your lawyers or bankers, computer applications and consultation, tax consulting, tax audits, etc. will be billed based upon hourly rates related to the level of experience of the individual accountant(s) employed to perform those projects upon their completion.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagements.  If you have any questions, please let us know. We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

VOYNOW, BAYARD, WHYTE AND COMPANY, LLP
Certified Public Accountants

ACCEPTED AND AGREED:
Thompson Motor Group, Inc.

Jack Thompson

9-27-17

Date

VOYNOW_035333



Voynow, Bayard, Whyte and Company, LLP
1210 Northbrook Drive, Suite 140
Trevose, PA  19053

Gentlemen:

    In connection with your reviews of the statements of assets,
liabilities and equity – income tax basis and related statements of
revenues and expenses, retained earnings and cash flows – all income tax
basis of Thompson Motor Group, Inc. d/b/a Thompson Toyota, Inc. as of
December 31, 2015 and 2014 and for the years then ended for the purpose of
expressing limited assurance that there are no material modifications that
should be made to the statements in order for them to be in conformity
with the income tax basis of accounting we confirm, to the best of our
knowledge and belief, the following representations made to you during
your reviews.

1.   The financial statements referred to above, which are our
     responsibility, fairly present the assets, liabilities, equity,
     revenues, expenses and cash flows of Thompson Motor Group, Inc. d/b/a
     Thompson Toyota, Inc. in conformity with the income tax basis of
     accounting. Certain representations in this letter are described as
     being limited to matters that are material. Items are considered
     material, regardless of size, if they involve an omission or
     misstatement of accounting information that, in the light of
     surrounding circumstances, makes it probable that the judgement of a
     reasonable person relying on the information would be changed or
     influenced by the omission or misstatement. In that connection, we
     specifically confirm that...

     a.   The Company's accounting principles, and the practices and
          methods followed in applying them, are as disclosed in the
          financial statements in Note 1.

     b.   There have been no changes during 2015 or 2014 in the Company's
          accounting principles and practices.

     c.   We have no plans or intentions that may materially affect the
          carrying value or classification of assets and liabilities.

     d.   There are no material transactions that have not been properly
          reflected in the financial statements.

     e.   There are no material losses (such as from obsolete inventory or
          purchase or sales commitments) that are required to be accrued or
          disclosed in the financial statements.

     f.   There are no violations or possible violations of laws or
          regulations whose effects should be considered for disclosure in
          the financial statements or as a basis for recording a loss
          contingency, and there are no other material liabilities

Toyota ∘ Scion ∘ Lexus ∘ BMW ∘ Collision Center ∘ Rent a Car ∘ Detail Center

Routes 313 & 611 Bypass, 122 W. Swamp Rd., Doylestown, PA 18901 • (215) 345-9460
1-800-THOMPSON • Fax (215) 348-4474 • www.1800THOMPSON.com

VOYNOW_035334

Voynow, Bayard, Whyte and Company, LLP
Page 2

(including environmental remediation) or gain or loss contingencies that are required to be accrued or disclosed, including the extent of the defalcation discovered that is referred to below, net of any recovery for claims against the loss involved.

g.   The Company and its facilities are in compliance with all federal, state and local laws and regulations relating to the discharge of materials into the environment as of December 31, 2013 and through the date of this letter.  The Company has not been notified nor named as being a potentially responsible person (PRP) for any environmental claims by any federal, state or local authority.

h.   The Company has satisfactory title of all owned assets, and there are no liens or encumbrances on such assets nor has any asset been pledged (except for vehicle notes payable to Toyota Motor Credit Corp (TMCC), which are secured by vehicle inventory).

i.   There are no related party transactions, such as sales, purchases, loans, transfer, leases and guarantees or related amounts receivable or payable that have not been properly disclosed in the notes to the financial statements. Management fees earned from affiliates amounted to $686,468 in 2015. Management fees paid to affiliates amounted to $186,845 in 2015.

j.   We have recorded all intercompany payables and receivables with affiliates, and all intercompany amounts tie out with the books of the related affiliates.

k.   We have complied with all aspects of contractual agreements that would have a material effect on the financial statements in the event of non-compliance.

l.   To the best of our knowledge and belief, no events have occurred subsequent to the balance sheet date, and through the date of this letter, that would require adjustment to, or disclosure in, the financial statements in accordance with FASB ASC 855-10.

m.   There are no unasserted claims or assessments that our lawyer has advised us are probable of assertion and must be disclosed in accordance with FASB ASC 450.

n.   There are no guarantees, whether written or oral, under which the Company is liable, that have not been properly disclosed in the notes to the financial statements.

o.   We have identified all accounting estimates that could be material to the financial statements, including the key factors and significant assumptions underlying those estimates, and we believe the estimates are reasonable in the circumstances.

p.   There are no such estimates that may be subject to material change in the near term.  We understand that the near-term means the period within one year of the date of the financial statements.

VOYNOW_035335

Voynow, Bayard, Whyte and Company, LLP
Page 3

q.  We have no knowledge of concentrations existing at the date of the financial statements that make the Company vulnerable to the risk of a near-term severe impact. We understand that concentrations include individual or group concentrations of customers, suppliers, lenders, products, services, sources of labor or materials, licenses or other rights, or operation areas or markets. We further understand that severe impact means a significant financially disruptive effect on the normal functioning of the Company.

r.  The Company is not out of trust with respect to its floor plan liability.

s.  Arrangements with financial institutions involving compensating balances or other arrangements involving restrictions on cash balances, lines of credit, or similar arrangements have been properly disclosed.

t.  The note payable, shareholder, is not expected to be called by the shareholder during 2015.

u.  We acknowledge our responsibility to detect fraud. We have no knowledge of any fraud or suspect fraud affecting the entity involving management or others, except for an employee defalcation, the amount of which has not been exactly determined, but has been estimated not to have a significant effect on the financial statements. We have no knowledge of any allegations of fraud or suspect fraud affecting the entity received in communications from employees, former employees or others.

   There is a receivable of approximately $264,000 that is contingent on a bonding claim.

v.  We have approved all of your proposed adjusting journal entries for 2015 and 2014 for posting to the books of account.

2.  We have made available to you all financial records and related data.

3.  We have advised you of all actions taken at meetings of stockholders, board of directors, and committees of the board of directors (or other similar bodies, as applicable) that may affect the financial statements.

4.  We have responded fully to all inquiries made to us by you during your reviews.

_____
John H. Thompson, President

_____
Steve McCloskey, CEO

_____
Date

VOYNOW_035336



**VOYNOW BAYARD WHYTE**
AND COMPANY, LLP
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA
ROBERT P. SEIBEL, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
TIMOFEY KRAVETS, CPA
DAVID M. KUNOR, CPA

PAUL VOYNOW, CPA (Inactive)
ROBERT H. BAYARD, CPA (1933-2013)

January 2, 2015

Mr. Jack Thompson
Thompson Automotive Group, Inc.
122 Swamp Road
Doylestown, PA 18901

Re: Thompson Automotive Group, Inc.

Dear Jack:

This letter is to confirm our understanding of the terms and objectives of our engagements and the nature and limitations of the services we will provide.

We will perform the following services:

We will review the statement of assets, liabilities and equity- income tax basis of Thompson Automotive Group, Inc. as of December 31, 2014 and 2013 and the related statements of revenues and expenses, retained earnings and cash flows- income tax basis for the years then ended, in accordance with the Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

The objective of a review engagement is to obtain limited assurance that there are no material modifications that should be made to the financial statements in order for the statements to be in accordance with the income tax basis of accounting.

You are responsible for:

a) The preparation and fair presentation of the financial statements in accordance with the income tax basis of accounting.

b) Designating, implementing, and maintaining internal controls relevant to the preparation and fair presentation of the financial statements.

c) Preventing and detecting fraud.

d) Identifying and ensuring that the company complies with the laws and regulations applicable to its activities.

e) The selection and application of accounting principles.

f) Making all financial records and related information available to us and for the accuracy and completeness of that information.

NORTHBROOK CORPORATE CENTER • 1210 NORTHBROOK DRIVE • SUITE 140 • TREVOSE, PA 19053 • 215.355.8000 • 215.396.1000 F
MEMBER • AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER • PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035337

Thompson Automotive Group, Inc.
January 2, 2015
Page 2

g) Providing us, at the conclusion of the engagement, with a letter that confirms certain representations made during the reviews.

We will conduct our reviews in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

A review includes primarily making inquiries of company management and applying analytical procedures to your financial data. A review is substantially less in scope then an audit, the objective of which is the expression of an opinion regarding the financial statements as a whole. A review does not contemplate obtaining an understanding of the entity's internal control; assessing fraud risk; testing accounting records by obtaining sufficient audit evidence through inspection, observation, confirmation, or the examination of source documents; or other procedures ordinarily performed in an audit. Accordingly, we will not express an opinion regarding the financial statements as a whole.

Our engagement cannot be relied upon to disclose errors, fraud or illegal acts, that may exist. However, we will inform the appropriate level of management of any material errors and any evidence or information that comes to our attention during the performance of our review procedures, that fraud may have occurred. In addition, we will inform you of any evidence or information that comes to our attention during the performance of our review procedures regarding illegal acts that may have occurred, unless they are clearly inconsequential. We have no responsibility to identify and communicate deficiencies in internal control as part of this engagement.

Also, the document we will submit to you will include the following supplementary information that will not be subjected to the inquiry and analytical procedures applied in the reviews of the basic financial statements, but be compiled by us from information that is the representation of management, and we will not express an opinion or any other form of assurance on such information:

1. Supplementary Schedules of Other Operating Income
2. Supplementary Schedules of Selling Expenses
3. Supplementary Schedules of Semi-Fixed Expenses
4. Supplementary Schedules of Fixed Expenses

If for any reason, we are unable to complete our reviews of your financial statements, we will not issue a report on such statements as a result of this engagement.

We will advise you about appropriate accounting principles and their application and will assist in the preparation of your financial statements, but the responsibility for the financial statements remains with you. This responsibility includes the establishment and maintenance of adequate records and the safeguarding of assets. As part of preparing the financial statements, we may propose standard, adjusting, or correcting journal entries to your financial statements. You are responsible for reviewing and approving the entries and understanding the nature of any proposed entries and the impact they have on the financial statements.

VOYNOW, BAYARD, WHITE AND COMPANY, LLP • CERTIFIED PUBLIC ACCOUNTANTS
1210 NORTHBROOK DRIVE • SUITE 140 • TREVOSE, PA 19053

VOYNOW_035338

Thompson Automotive Group, Inc.
January 2, 2015
Page 3

Furthermore, it is the company's responsibility, once these entries are agreed to, to post the entries to its accounting system in a timely manner.

We will prepare the company's 2014 federal tax return, and tax returns for the state and local taxing authorities in which the company has been established and/or is doing business (collectively, the "returns") in 2014, as detailed in a separate tax engagement letter.

We will make interim visits, as agreed, to perform management consulting services with a focus on business operations from the vantage point of selective testing of the books and records.

You are responsible for management decisions and functions, and for designating an individual with suitable skill, knowledge, or experience to oversee any tax services, consulting services, or other services we provide. You are responsible for evaluating the adequacy and results of the services performed and accepting responsibility for such services. You are responsible for establishing and maintaining internal controls, including monitoring ongoing activities.

Our fees will be based on the number of hours spent and the experience level of the individuals assigned, subject to any existing overall fee arrangement with us. Our fee arrangement assumes that your personnel will have prepared, on a timely basis, a complete and accurate sets of books, as well as certain schedules and analyses for us and will make available to us invoices and other documents for our examination when requested.

Any inability, on your part, to sign the management representation letter mentioned above, non-response by you on information requested or non-payment of fees will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the financial statements. The company will be obligated to compensate us for all outstanding invoices as well as our final invoice for the time spent through the date of withdrawal.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event that you direct us not to make the disclosure, you agree to hold us harmless for any expenses incurred in defending the privilege, including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege on your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response, and to reimburse us for all of our out-of-pocket costs incurred in that regard.

VOYNOW_035339

Thompson Automotive Group, Inc.
January 2, 2015
Page 4

In the event that we become obligated to pay a judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement. The company agrees to indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

Any work involving additional projects such as attendance at meetings with you, your lawyers or bankers, computer applications and consultation, tax consulting, tax audits, etc. will be billed based upon hourly rates related to the level of experience of the individual accountant(s) employed to perform those projects upon their completion.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagements. If you have any questions, please let us know. We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

VOYNOW, BAYARD, WHYTE AND COMPANY, LLP
Certified Public Accountants

ACCEPTED AND AGREED:
Thompson Automotive Group, Inc.

_____
Jack Thompson

9-27-17
Date

VOYNOW_035340



Voynow, Bayard, Whyte and Company, LLP
1210 Northbrook Drive, Suite 140
Trevose, PA  19053

In connection with your reviews of the statements of assets, liabilities and equity – income tax basis and related statements of revenues and expenses, retained earnings and cash flows – all income tax basis of Thompson Automotive Group, Inc. as of December 31, 2014 and 2013 and for the years then ended for the purpose of expressing limited assurance that there are no material modifications that should be made to the statements in order for them to be in conformity with the income tax basis of accounting, we confirm, to the best of our knowledge and belief, the following representations made to you during your reviews.

1.  The financial statements referred to above, which are our responsibility, fairly present the assets, liabilities, equity, revenues, expenses and cash flows of Thompson Automotive Group, Inc., D/B/A Thompson BMW, in conformity with the income tax basis of accounting. Certain representations in this letter are described as being limited to matters that are material. Items are considered material, regardless of size, if they involve an omission or misstatement of accounting information that, in the light of surrounding circumstances, makes it probable that the judgement of a reasonable person relying on the information would be changed or influenced by the omission or misstatement. In that connection, we specifically confirm that...

    a.  The Company's accounting principles, and the practices and methods followed in applying them, are as disclosed in the financial statements in Note 1.

    b.  There have been no changes during 2014 and 2013 in the Company's accounting principles and practices.

    c.  We have no plans or intentions that may materially affect the carrying value or classification of assets and liabilities.

    d.  There are no material transactions that have not been properly reflected in the financial statements.

    e.  There are no material losses (such as from obsolete inventory or purchase or sales commitments) that are required to be accrued or disclosed in the financial statements.

    f.  There are no violations or possible violations of laws or regulations whose effects should be considered for disclosure in the financial statements or as a basis for recording a loss contingency, and there are no other material liabilities (including environmental remediation) or gain or loss contingencies that are required to be accrued or disclosed, including the extent of the defalcation discovered that is

Toyota • Scion • Lexus • BMW • Collision Center • Rent-a-Cars • Quick Lube

Routes 313 & 611, 680 N. Main St., Doylestown, PA 18901 • (215) 340-3900
1-800-THOMPSON • Fax (215) 345-0290 • www.1800THOMPSON.com

VOYNOW_035341

Voynow, Bayard, Whyte and Company, LLP
Page 2

loss involved.

g.   The Company and its facilities are in compliance with all
     federal, statement and local laws and regulations relating to
     the discharge of material into the environment as of December
     31, 2014 and through the date of this letter.  The Company has
     not been notified nor named as being a potentially responsible
     person (PRP) for any environmental claims by any federal, state
     or local authority.

h.   The Company has satisfactory title of all owned assets, and
     there are no liens or encumbrances on such assets nor has any
     asset been pledged (except under the term loan payable to BMW
     Financial Services, as well as the vehicle notes, which are
     secured by vehicle inventory).

i.   We have recorded all intercompany payables and receivables with
     affiliates, and all intercompany amounts tie out with the books
     of the related affiliates.

j.   There are no related party transactions, such as sales,
     purchases, loans, transfers, leases and guarantees or related
     amounts receivable or payable that have not been properly
     disclosed in the notes to the financial statements. Management
     fees incurred in 2014 and 2013 amounted to $1,080,208 and
     $1,499,191, respectively.

k.   We have complied with all aspects of contractual agreements that
     would have a material effect on the financial statements in the
     event of non-compliance.

l.   To the best of our knowledge and belief, no events have occurred
     subsequent to the year-end statement date, and through the date
     of this letter, that would require adjustment to, or disclosure
     in, the financial statements in accordance with FASB ASC 855-10.

m.   There are no unasserted claims or assessments that our lawyer
     has advised us are probable of assertion and must be disclosed
     in accordance with FASB ASC 450.

n.   There are no guarantees, whether written or oral, under which
     the Company is liable that have not been properly disclosed in
     the notes to the financial statements.

o.   We have identified all accounting estimates that could be
     material to the financial statements, including the key factors
     and significant assumptions underlying those estimates, and we
     believe the estimates are reasonable in the circumstances.

p.   There are no such estimates that may be subject to material
     change in the near term.  We understand that the near-term means
     the period within one year of the date of the financial
     statements.

q.   We have no knowledge of concentrations existing at the date of
     the financial statements that make the Company vulnerable to the

VOYNOW_035342

Voynow, Bayard, Whyte and Company, LLP
Page 2

r. risk of a near-term severe impact.  We understand that concentrations include individual or group concentrations of customers, suppliers, lenders, products, services, sources of labor or materials, licenses or other rights, or operation areas or markets.  We further understand that severe impact means a significant financially disruptive effect on the normal functioning of the Company.

r. The Company is not out of trust with respect to its floor plan liability and had received by oral agreement a temporary increase in its lines when they exceeded their limits.

s. The goodwill on the statements of assets and liabilities is not amortizable.

t. Arrangements with financial institutions involving compensating balances or other arrangements involving restrictions on cash balances, lines of credit, or similar arrangements have been properly disclosed.

u. We acknowledge our responsibility to detect fraud.  We have no knowledge of any fraud or suspect fraud affecting the entity involving management or others, except for an employee defalcation, the amount of which has not been exactly determined, but has been estimated not to have a significant effect on the financial statements. We have no knowledge of any allegations of fraud or suspect fraud affecting the entity received in communications from employees, former employees or others.

v. We have approved all of your proposed adjusting journal entries for 2014 and 2013 for posting to the books of account.

2. We have made available to you all financial records and related data.

3. We have advised you of all actions taken at meetings of stockholders, board of directors, and committees of the board of directors (or other similar bodies, as applicable) that may affect the financial statements.

4. We have responded fully to all inquiries made to us by you during your reviews.

John H. Thompson, President

Steve McCloskey, CFO

VOYNOW_035343



**VOYNOW BAYARD WHYTE**
**AND COMPANY, LLP**
CERTIFIED PUBLIC ACCOUNTANTS

PARTNERS:
HUGH WHYTE, CPA
KENNETH MANN, CPA
RANDALL E. FRANZEN, CPA
ROBERT P. SEIGEL, CPA

DAVID A. KAPLAN, CPA
ROBERT KIRKHOPE, CPA
TIMOFEY KRAVETS, CPA
DAVID M. RUMOR

PAUL VOYNOW, CPA *(Inactive)*
ROBERT H. BAYARD, CPA *(1937-2015)*

January 2, 2015

Mr. Jack Thompson
Thompson Group, Inc.
122 Swamp Road
Doylestown, PA 18901

   Re: Thompson Group, Inc.

Dear Jack:

This letter is to confirm our understanding of the terms and objectives of our engagements and the nature and limitations of the services we will provide.

We will perform the following services:

We will review the statement of assets, liabilities and equity- income tax basis of Thompson Group, Inc. as of December 31, 2014 and 2013 and the related statements of revenues and expenses, retained earnings and cash flows- income tax basis for the years then ended, in accordance with the Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

The objective of a review engagement is to obtain limited assurance that there are no material modifications that should be made to the financial statements in order for the statements to be in accordance with the income tax basis of accounting.

You are responsible for:

a) The preparation and fair presentation of the financial statements in accordance with the income tax basis of accounting.

b) Designating, implementing, and maintaining internal controls relevant to the preparation and fair presentation of the financial statements.

c) Preventing and detecting fraud.

d) Identifying and ensuring that the company complies with the laws and regulations applicable to its activities.

e) The selection and application of accounting principles.

f) Making all financial records and related information available to us and for the accuracy and completeness of that information.

NORTHBROOK CORPORATE CENTER · 1210 NORTHBROOK DRIVE · SUITE 140 · TREVOSE, PA 19053 · 215.355.8000 · 215.396.2000 F
MEMBER · AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
MEMBER · PENNSYLVANIA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

VOYNOW_035344

Thompson Group, Inc.
January 2, 2015
Page 2

g) Providing us, at the conclusion of the engagement, with a letter that confirms certain representations made during the reviews.

We will conduct our reviews in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

A review includes primarily making inquiries of company management and applying analytical procedures to your financial data. A review is substantially less in scope then an audit, the objective of which is the expression of an opinion regarding the financial statements as a whole. A review does not contemplate obtaining an understanding of the entity's internal control; assessing fraud risk; testing accounting records by obtaining sufficient audit evidence through inspection, observation, confirmation, or the examination of source documents; or other procedures ordinarily performed in an audit. Accordingly, we will not express an opinion regarding the financial statements as a whole.

Our engagement cannot be relied upon to disclose errors, fraud or illegal acts, that may exist. However, we will inform the appropriate level of management of any material errors and any evidence or information that comes to our attention during the performance of our review procedures, that fraud may have occurred. In addition, we will inform you of any evidence or information that comes to our attention during the performance of our review procedures regarding illegal acts that may have occurred, unless they are clearly inconsequential. We have no responsibility to identify and communicate deficiencies in internal control as part of this engagement.

Also, the document we will submit to you will include the following supplementary information that will not be subjected to the inquiry and analytical procedures applied in the reviews of the basic financial statements, but will be compiled by us from information that is the representation of management, and we will not express an opinion or any other form of assurance on such information:

      1. Supplementary Schedule of Other Operating Income
      2. Supplementary Schedule of Selling Expenses
      3. Supplementary Schedule of Semi-Fixed Expenses
      4. Supplementary Schedule of Fixed Expenses

If for any reason, we are unable to complete our reviews of your financial statements, we will not issue a report on such statements as a result of this engagement.

We will advise you about appropriate accounting principles and their application and will assist in the preparation of your financial statements, but the responsibility for the financial statements remains with you. This responsibility includes the establishment and maintenance of adequate records and the safeguarding of assets. As part of preparing the financial statements, we may propose standard, adjusting, or correcting journal entries to your financial statements. You are responsible for reviewing and approving the entries and understanding the nature of any proposed entries and the impact they have on the financial statements.

VOYNOW_035345

Thompson Group, Inc.
January 2, 2015
Page 3

Furthermore, it is the company's responsibility, once these entries are agreed to, to post the entries to its accounting system in a timely manner.

We will prepare the company's 2014 federal tax return, and tax returns for the state and local taxing authorities in which the company has been established and/or is doing business (collectively, the "returns") in 2014, as detailed in a separate tax engagement letter.

We will make interim visits, as agreed, to perform management consulting services with a focus on business operations from the vantage point of selective testing of the books and records.

You are responsible for management decisions and functions, and for designating an individual with suitable skill, knowledge, or experience to oversee any tax services, consulting services, or other services we provide. You are responsible for evaluating the adequacy and results of the services performed and accepting responsibility for such services. You are responsible for establishing and maintaining internal controls, including monitoring ongoing activities.

Our fees will be based on the number of hours spent and the experience level of the individuals assigned, subject to any existing overall fee arrangement with us. Our fee arrangement assumes that your personnel will have prepared, on a timely basis, a complete and accurate sets of books, as well as certain schedules and analyses for us and will make available to us invoices and other documents for our examination when requested.

Any inability, on your part, to sign the management representation letter mentioned above, non-response by you on information requested or non-payment of fees will constitute a basis for our election to terminate our services. If we elect to terminate our services, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed the financial statements.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event that you direct us not to make the disclosure, you agree to hold us harmless for any expenses incurred in defending the privilege, including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege on your direction to us to assert the privilege.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, the company agrees to compensate us, as set forth above, for the time we expend in connection with such response, and to reimburse us for all of our out-of-pocket costs incurred in that regard.

In the event that we become obligated to pay a judgement or similar award, the company agrees to pay any amount in settlement, and any costs incurred as a result of any inaccurate or incomplete information that the company provided to us during the course of this engagement. The company agrees to

VOYNOW_035346

Thompson Group, Inc.
January 2, 2015
Page 5

indemnify us, defend us, and hold us harmless against such obligations, agreements and/or costs.

Any work involving additional projects such as attendance at meetings with you, your lawyers or bankers, computer applications and consultation, tax consulting, tax audits, etc. will be billed based upon hourly rates related to the level of experience of the individual accountant(s) employed to perform those projects upon their completion.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagements.  If you have any questions, please let us know. We will be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Very truly yours,

VOYNOW, BAYARD, WHYTE AND COMPANY, LLP
Certified Public Accountants

ACCEPTED AND AGREED:
Thompson Group, Inc.

_____
Jack Thompson

_____
Date

VOYNOW_035347

# Thompson
## LEXUS

Voynow, Bayard, Whyte and Company, LLP
1210 Northbrook Drive, Suite 140
Trevose, PA 19053

    In connection with your reviews of the statements of assets, liabilities and equity - income tax basis and related statements of revenues and expenses, retained earnings and cash flows - all income tax basis of Thompson Group, Inc. as of December 31, 2014 and 2013 and for the years then ended for the purpose of expressing limited assurance that there are no material modifications that should be made to the statements in order for them to be in conformity with the income tax basis of accounting, we confirm, to the best of our knowledge and belief, the following representations made to you
    during
your reviews.

1.    The financial statements referred to above, which are our responsibility, fairly present the assets, liabilities, equity, revenues, expenses and cash flows of Thompson Group, Inc., D/B/A Thompson Lexus, in conformity with the income tax basis of accounting. Certain representations in this letter are described as being limited to matters that are material. Items are considered material, regardless of size, if they involve an omission or misstatement of accounting information that, in the light of surrounding circumstances, makes it probable that the judgement of a reasonable person relying on the information would be changed or influenced by the omission or misstatement. In that connection, we specifically confirm that...

    a.    The Company's accounting principles, and the practices and methods followed in applying them, are as disclosed in the financial statements in Note 1.

    b.    There have been no changes during 2014 or 2013 in the Company's accounting principles and practices.

    c.    We have no plans or intentions that may materially affect the carrying value or classification of assets and liabilities.

    d.    There are no material transactions that have not been properly reflected in the financial statements.

    e.    There are no material losses (such as from obsolete inventory or purchase or sales commitments) that are required to be accrued or disclosed in the financial

VOYNOW_035348

Voynow, Bayard, Whyte and Company, LLP
Page 2

f.  There are no violations or possible violations of laws or
regulations whose effects should be considered for
disclosure in the financial statements or as a basis for
recording a loss contingency, and there are no other
material liabilities (including environmental remediation)
or gain or loss contingencies that are required to be
accrued or disclosed, including the extent of the
defalcation discovered that is referred to below, net of any
recovery for claims against the loss involved.

g.  The Company and its facilities are in compliance with all
federal, state and local laws and regulations relating to
the discharge of materials into the environment as of
December 31, 2014 and through the date of this letter. The
Company has not been notified nor named as being a
potentially responsible personal (PRP) for any environment
claims by any federal, state or local authority.

h.  The Company has satisfactory title of all owned assets, and
there are no liens or encumbrances on such assets nor has
any asset been pledged (except for vehicle notes payable to
Toyota Motor Credit Corporation which are secured by
vehicle   inventory).

i.  There are no related party transactions, such as sales,
purchases, loans, transfers, leases and guarantees or
related amounts receivable or payable that have not been
properly disclosed in the notes to the financial
statements. Management fees earned from affiliates amounted
to
$1,235,446 and $1,106,503 for 2014 and 2013, respectively.

j.  We have recorded all intercompany payables and receivables
with affiliates and all intercompany amounts tie out with
the books of the related affiliates

k.  We have complied with all aspects of contractual agreements
that would have a material effect on the financial
statements in the event of noncompliance.

l.  To the best of our knowledge and belief, no events
have occurred subsequent to the balance sheet date, and
through the date of this letter, that would require
adjustment to, or disclosure in, the financial statements
in accordance with FASB ASC 855-10.

m.  There are no unasserted claims or assessments that our
lawyer has advised us are probable of assertion and must be
disclosed in accordance with FASB ASC 450.

n.  There are no guarantees, whether written or oral, under
which the Company is liable that have not been properly

VOYNOW_035349

Voynow, Bayard, Whyte and Company, LLP
Page 3

disclosed in the notes of the financial statements.

o.   We have identified all accounting estimates that could be
material to the financial statements, including the key
factors and significant assumptions underlying those
estimates, and we believe the estimates are reasonable in
the circumstances.

p.   There are no such estimates that may be subject to material
change in the near term.  We understand that near-term
means    the period within one year of the date of the
financial        statements.

q.   We have no knowledge of concentrations existing at the date
of the financial statements that make the Company
vulnerable       to the risk of a near-term severe impact.  We
understand       that concentrations include individual or group
concentrations of customers, suppliers, lenders, products,
services, sources of labor or materials, licenses or other
rights, or operation areas or markets.  We further
understand that severe impact means a significant
financially disruptive effect on the normal functioning of
the Company.

r.   The Company is not out of trust with respect to its floor
plan liability.

s.   Arrangements with financial institutions involving
compensating balances or other arrangements involving
restrictions on cash balances, lines of credit, or similar
arrangements have been properly disclosed.

t.   We acknowledge our responsibility to detect fraud.  We have
no knowledge of any fraud or suspect fraud affecting the
entity involving management or others, except for an
employee defalcation, the amount of which has not been
exactly determined, but has been estimated not to have a
significant effect on the financial statements.  We have no
knowledge of any allegations of fraud or suspect fraud
affecting the entity received in communications from
employees, former employees or others.

u.   We have approved all of your proposed adjusting journal
entries for 2014 and 2013 for posting to the books of
account.

2.   We have made available to you all financial records and related
data.

3.   We have advised you of all actions taken at meetings of
stockholders, board of directors, and committees of the board of
directors (or other similar bodies, as applicable) that may
affect the financial statements.

Voynow, Bayard, Whyte and Company, LLP
Page 4

4.   We have responded fully to all inquiries made to us by you during your reviews.

John J. Thompson, President

Steve McCloskey, CFO

VOYNOW_035351

## FINANCIAL STATEMENT CONTROL SHEET

CLIENT _W & D Imports_ _D/B/A Davis Ltd_ PERIOD ENDED _12-31-2014_

| PENCIL COPY | BY | DATE | TIME | TYPED COPY | BY | DATE | TIME |
|---|---|---|---|---|---|---|---|
| Prepared | BB | 6/16/15 | | Typed | DB | 6-15-15 | |
| Mathed | BB | 6/15/15 | | Proofread | | | |
| Reviewed | RPS | 6/16/15 | | Mathed | | | |
| Tech. Rev'd | Kim | Nov-Jul | | | | | |

### CHANGES

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Changes | DB | 6-16-15 | | Changes | DB | _joint text stara_ 6/24/2015 | |
| Corrections reviewed | | | | Corrections reviewed | | | |
| Changes | DB | 6-28-15 | | Changes | BD | 6/24/15 | |
| Corrections reviewed | | | | Corrections reviewed | | | |
| Changes | DB | 6/23/15 | | Changes | BD | 6/30/15 | |
| Corrections reviewed | | | | Corrections reviewed | | | |
| Changes | DB | 6/23/15 | | Changes | | | |
| Corrections reviewed | | | | Corrections reviewed | | | |

### CLIENT COPY

| | | | | | |
|---|---|---|---|---|---|
| Okayed for assembly | BD | 6/30/15 | K. Mann sign off (before assembly) | Ku | 7/1/15 |
| Assembled | DB | 7/1/2015 | | | |
| Assembly approved | | | Both Ken or Lisa (if unavailable, must be approved by the managing consultant) | | |
| Accountant approved | RPS | 7/1/15 | | | |
| Partner in charge | HW | | | | |
| Mailed or delivered | | | | | |

TO BE MAILED TO: _____  # of reports _____

TO BE MAILED TO: _____  # of reports _____

TO BE MAILED TO: _____  # of reports _____

WHAT TYPE OF REPORT IS THIS?   Year end   Interim