# EXHIBIT "73"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI LLC
(d/b/a STAR HYUNDAI), STAR NISSAN, INC.
(d/b/a STAR NISSAN), METRO CHRYSLER
PLYMOUTH INC. (d/b/a STAR CHRYSLER
JEEP DODGE), STAR AUTO SALES OF
QUEENS COUNTY LLC (d/b/a STAR FIAT)
and STAR AUTO SALES OF QUEENS
VILLAGE LLC (d/b/a STAR MITSUBISHI),

                Plaintiffs,

                v.

VOYNOW, BAYARD, WHYTE
AND COMPANY, LLP, HUGH WHYTE,
RANDALL FRANZEN and ROBERT SEIBEL,

                Defendants.
-----------------------------------------------------------x

Case No.: 1:18-cv-5775 (ERK) (TAM)

DECLARATION OF MICHAEL KOUFAKIS

MICHAEL KOUFAKIS, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10 of the United States District Court for the Eastern District of New York, declares as follows:

    1.    Throughout the period that Defendant, Voynow, Bayard, Whyte, and Company, LLP ("Voynow"), provided services to Plaintiffs ("Star"), I was (i) the Dealer Principal of Star Auto Sales of Bayside, Inc. d/b/a Star Toyota of Bayside; (ii) the Dealer Principal of Star Auto Sales of Queens, LLC d/b/a Star Subaru; (iii) the Executive Manager of Star Nissan, Inc. d/b/a Star Nissan; (iv) a Managing Member of Star Hyundai LLC d/b/a Star Hyundai; and (v) a manager for Metro Chrysler Plymouth Inc. d/b/a Star Chrysler Jeep Dodge. In this capacity, your deponent is fully and personally familiar with all the facts and circumstances set forth herein.

    2.    This declaration is respectfully submitted in opposition to Defendants' Motion for Partial Summary Judgment.

1

3. At the start of the consulting and controllership engagement between Voynow, and Star, Voynow was provided with log-in credentials that provided Voynow with access to Star's Reynolds & Reynolds system. These log-in credentials never changed.

4. During Voynow's engagement with Star, Star's office managers and I had online access to Star's Investors Bank account which could also be monitored in Star's Reynolds & Reynolds system by Voynow as Voynow had access to Star's Reynolds & Reynolds account.

5. Vivian Karouzakis, a former employee of Star who was criminally charged for stealing from Star passed away on the eve of her criminal trial.

6. Carmen Jones and Douglas Filardo ("Filardo"), former employees of Star, were criminally charged for stealing from Star and the charges against them remain pending.

7. The total amount for which Filardo has been criminally charged is $1,855,039.70.

8. Advertising at Star Subaru was delegated to Filardo, Star Subaru's sales manager.

9. Voynow did not provide any annual or final reports to Star that related to any specific project.

10. Throughout the engagement with Voynow, I had an ongoing dialogue with Voynow and I would contact Voynow if I had any questions about Star's accounting.

11. In addition to speaking with Voynow when they came to Star's offices, I spoke with Voynow on the phone on a monthly basis. The conversations on the phone included questions I had about prior visits and questions about daily accounting operations.

12. Mail that was addressed to me at Star was delivered to me.

13. The last report Star received from Voynow was in 2013. See Exhibit 38.

14. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 15, 2024

                                                Michael Koufakis