# EXHIBIT "75"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI LLC
(d/b/a STAR HYUNDAI), STAR NISSAN, INC.
(d/b/a STAR NISSAN), METRO CHRYSLER
PLYMOUTH INC. (d/b/a STAR CHRYSLER
JEEP DODGE), STAR AUTO SALES OF
QUEENS COUNTY LLC (d/b/a STAR FIAT)
and STAR AUTO SALES OF QUEENS
VILLAGE LLC (d/b/a STAR MITSUBISHI),

     Plaintiffs,

  v.

VOYNOW, BAYARD, WHYTE
AND COMPANY, LLP, HUGH WHYTE,
RANDALL FRANZEN and ROBERT SEIBEL,

     Defendants.
---------------------------------------------------------------x

Case No.: 1:18-cv-5775 (ERK) (TAM)

DECLARATION OF DOUGLAS P. SOSNOWSKI

    DOUGLAS P. SOSNOWSKI, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10 of the United States District Court for the Eastern District of New York, declares as follows:

    1.  I am the Managing Director and Partner with Brisbane Consulting Group, LLC providing Business Valuation, Forensic Accounting, and Litigation Support Services. I have been retained by Plaintiffs as an expert in this action. In this capacity, your deponent is fully and personally familiar with all the facts and circumstances set forth herein.

    2.  This declaration is respectfully submitted on behalf of Plaintiffs ("Star") in opposition to Defendants' Motion for Partial Summary Judgment.

1

3. The contents of the September 15, 2023 Sosnowski Report and November 20, 2023 Sosnowski Report, as well as my November 10, 2023 Rebuttal Report, that I submitted in this case, collectively annexed as Exhibit 2 to the Declaration of Jamie Felsen, are true and accurate.

4. As set forth in the reports I submitted in this case, the engagement between Voynow and Star Auto was primarily a consulting/controllership engagement. Tax return preparation was a minor service performed within the 21-year consulting period. The majority of time spent and fees charged were for ongoing consulting/controllership functions.

5. As Voynow, Bayard, Whyte and Company, LLP's ("Voynow") expert, Stephen Scherf, correctly concluded, a consultative engagement could be ongoing.

6. The consulting/controllership engagement between Star and Voynow was ongoing and did not have a discrete beginning and end.

7. Voynow's review of Star's financial statements and audit-type procedures is consistent with a consulting engagement.

8. While performing Star's controllership function, Voynow should have recommended to Star that, for all loans, Star use loan agreements with written loan terms and repayment schedules and that it obtain signed acknowledgements as to receipt of cash for the repayment towards loans.

9. Voynow never issued Star an accountant's report with its annual financial statements which would be required to close out a review or audit.

10. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 15, 2024

*Douglas P. Sosnowski*
Douglas P. Sosnowski

Sworn to me this 15

day of May, 2024.

_____
Notary Public

MEGAN E. MAHANEY
Notary Public, State of New York
No. 6421767
Qualified in Erie County
Commission Expires 9/7/2025

3