# EXHIBIT 49

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR Auto Sales OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI
LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC. (d/b/a
STAR CHRYSLER JEEP DODGE) STAR Auto
SALES OF QUEENS COUNTY LLC (d/b/a
STAR FIAT) and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                        Plaintiffs,

            -against-                    Case No.
                                         18-cv-05775
VOYNOW, BAYARD, WHYTE and COMPANY        (ERK)(TAM)
LLP, HUGH WHYTE, and RANDALL
FRANZEN,

                        Defendants.
-------------------------------------x
```

December 14, 2023
8:37 a.m.

Remote Videotaped Deposition of STEPHEN J. SCHERF, taken by Plaintiffs, pursuant to Notice, held via Zoom before Lisa Hiesiger, a Shorthand Reporter and Notary Public within and for the State of New York.

Case 1:18-cv-05775-ERK-TAM   Document 126-134   Filed 06/05/24   Page 3 of 8 PageID #: 4502

STAR AUTO SALES, et al. v. YOYNOW, BAYARD, WHYTE AND CO., et al.
Stephen Scherf  ---  December 14, 2023

2

A P P E A R A N C E S :


MILMAN LABUDA PLLC
Attorneys for Plaintiffs
   3000 Marcus Avenue, Suite 3W8
   Lake Success, New York 11042

By:   MICHAEL MULÈ, ESQ.
      JEREMY M. KOUFAKIS, ESQ.
      jeremy@mllaborlaw.com


MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.
Attorneys for Defendants
   620 Freedom Business Center, Suite 405
   King of Prussia, Pennsylvania 19406

By:   MAUREEN P. FITZGERALD, ESQ.
      mpfitzgerald@mdwcg.com



Also Present:

   JACQUELINE CUTILLO

   HUGH WHYTE

   JAMES LAUGHLIN, Videographer

              ~oOo~

Case 1:18-cv-05775-ERK-TAM   Document 126-134   Filed 06/05/24   Page 4 of 8 PageID #: 4503

STAR AUTO SALES, et al. v. YOYNOW, BAYARD, WHYTE AND CO., et al.
Stephen Scherf   ---   December 14, 2023

3

1
2          IT IS HEREBY STIPULATED AND AGREED, by and
3   between counsel for the respective parties hereto,
4   that the filing, sealing and certification of the
5   within deposition shall be and the same are hereby
6   waived;
7          IT IS FURTHER STIPULATED AND AGREED that all
8   objections, except as to form of the question, shall
9   be reserved to the time of the trial;
10         IT IS FURTHER STIPULATED AND AGREED that the
11  within deposition may be signed before any Notary
12  Public with the same force and effect as if signed and
13  sworn to before the Court.
14                          ~oOo~
15
16
17
18
19
20
21
22
23
24
25

Case 1:18-cv-05775-ERK-TAM   Document 126-134   Filed 06/05/24   Page 5 of 8 PageID #: 4504

STAR AUTO SALES, et al. v. YOYNOW, BAYARD, WHYTE AND CO., et al.
Stephen Scherf --- December 14, 2023

97

1   Scherf
2   They may be doing work to ensure that items of
3   income and expense are properly treated on the
4   tax return, which is what I saw Voynow do in this
5   case. But they were preparing a tax return.
6       Q.   Your report at page 8 says that "As
7   discussed previously, plaintiffs engaged Voynow
8   to provide certain accounting services spanning a
9   number of years. These engagements primarily
10  included the preparation of filing of tax
11  returns." Do you see that?
12      A.   Yes.
13      Q.   So what did Voynow do secondarily?
14      A.   Secondarily --
15           MS. FITZGERALD: Object to form.
16      A.   It did certain special accounting
17  services that were billed separately like doing a
18  DOL audit, a Department of Labor audit, or
19  training the new controller Jackie Cutillo or
20  doing a sales tax audit. My review of the
21  records indicated that those were billed
22  separately as basically separate accounting
23  matters when they were done. But all of the
24  other bills were related to specifically the
25  preparation of the tax returns.

Case 1:18-cv-05775-ERK-TAM Document 126-134 Filed 06/05/24 Page 6 of 8 PageID #: 4505

STAR AUTO SALES, et al. v. YOYNOW, BAYARD, WHYTE AND CO., et al.
Stephen Scherf --- December 14, 2023

100

Scherf

Q. I'm sorry, there's an engagement letter for the tax services?

A. Correct.

Q. You're saying unsigned letter?

A. Yes, there's an unsigned letter for the tax engagement services. There are e-mails or billing records that describe the scope of certain other services that were provided, those would have been consulting services by definition, and the standards essentially don't require an engagement letter for that. That understanding can be an oral understanding as to what you're doing if somebody says to you come up and oversee this sales tax audit, then you do that and then you bill them separately.

So there is in some cases e-mails or are billing records or conversations that I saw people testify about what other work was done that was agreed to between the plaintiffs and Voynow. So I don't know how else to answer your question.

Q. Mr. Scherf, other than tax review and audit engagements, is it fair to say that all other engagements of an accounting firm fall

Case 1:18-cv-05775-ERK-TAM   Document 126-134   Filed 06/05/24   Page 7 of 8 PageID #: 4506

STAR AUTO SALES, et al. v. YOYNOW, BAYARD, WHYTE AND CO., et al.
Stephen Scherf   ---   December 14, 2023

244

1            Scherf
2  her findings?
3            MS. FITZGERALD:  Object to form.
4       A.   The accountant could do one of two
5  things.  Typically the accountant would provide
6  an oral report, which is very common, or a
7  written report of the findings that would
8  conclude the engagement.  So a lot of times I'm
9  involved in a consulting situation and an oral
10 report is just fine with the client and I
11 generate an invoice.
12      Q.   And the invoice would indicate the
13 services that you provided in the matter, you
14 wouldn't do any more work on that matter?
15      A.   Correct, I would not do additional
16 work on the matter.  It would be done, the
17 invoice would conclude the services that were
18 provided, right.
19      Q.   Here the special accounting services
20 invoices were not -- did not clearly specify the
21 work that was done, correct?
22      A.   Look, it says that they're special
23 accounting services, but a lot of cases based
24 upon my knowledge and review and review of the
25 documents in the record, significant amounts of

Case 1:18-cv-05775-ERK-TAM   Document 126-134   Filed 06/05/24   Page 8 of 8 PageID #: 4507

STAR AUTO SALES, et al. v. YOYNOW, BAYARD, WHYTE AND CO., et al.
Stephen Scherf --- December 14, 2023

245

Scherf

those were like tax audits or something like that, and so there would be a specific time and an end to that tax audit, for example, or DOL audit or when Voynow provided consulting services for training, the new controller. So there would be a start and an end to each of those engagements that would be clear because they would just start and end.

Q. A consulting engagement could be ongoing, correct?

A. Look, theoretically it could, but you would anticipate that it would be done in phases and so that at the end of each phase either a written or oral report would be provided to the client to tell them the progress or what the observations were during that consulting engagement.

Q. I want to refer you to Exhibit 204, this is a new exhibit.

(Exhibit 204, Nissan Rebate and
Incentive Schedule 21 Bates stamped Voynow
006616, was so marked for identification,
as of this date.)

Q. Mr. Scherf, I show you what has been