# EXHIBIT 51

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE),
STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI
LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN),
METRO CHRYSLER PLYMOUTH INC. (d/b/a
STAR CHRYSLER JEEP DODGE) STAR AUTO
SALES OF QUEENS COUNTY LLC (d/b/a
STAR FIAT) and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                            Plaintiffs,

            -against-                    Case No.
                                         18-cv-05775
VOYNOW, BAYARD, WHYTE and COMPANY        (ERK)(TAM)
LLP, HUGH WHYTE, and RANDALL
FRANZEN,

                            Defendants.
----------------------------------x

                              November 9, 2022
                              11:00 a.m.
```

Remote Deposition of CODY McCABE, taken by Plaintiffs, pursuant to Notice, held via Zoom before Lisa Hiesiger, a Shorthand Reporter and Notary Public within and for the State of New York.

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe   ---   November 9, 2022

2

A P P E A R A N C E S :


MILMAN LABUDA PLLC
Attorneys for Plaintiffs
   3000 Marcus Avenue, Suite 3W8
   Lake Success, New York 11042

By:   JOSEPH LABUDA, ESQ.
      JEREMY M. KOUFAKIS, ESQ.
      jeremy@mllaborlaw.com


MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
 P.C.
Attorneys for Defendants
   620 Freedom Business Center, Suite 405
   King of Prussia, Pennsylvania 19406

By:   MAUREEN P. FITZGERALD, ESQ.
      mpfitzgerald@mdwcg.com


Also Present:

   JACQUELINE CUTILLO

   ROBERT SEIBEL

   STEVE RAMBAM

   RANDY FRANZEN

   HUGH WHYTE

                    ~oOo~

Case 1:18-cv-05775-ERK-TAM  Document 126-136  Filed 06/05/24  Page 4 of 10 PageID #: 4514

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe --- November 9, 2022

3

1
2
3       IT IS HEREBY STIPULATED AND AGREED, by and
4   among counsel for the respective parties hereto,
5   that the filing, sealing and certification of the
6   within deposition shall be and the same are
7   hereby waived;
8       IT IS FURTHER STIPULATED AND AGREED that
9   all objections, except as to form of the
10  question, shall be reserved to the time of the
11  trial;
12      IT IS FURTHER STIPULATED AND AGREED that
13  the within deposition may be signed before any
14  Notary Public with the same force and effect as
15  if signed and sworn to before the Court.
16
17
18
19
20
21
22
23
24
25

Case 1:18-cv-05775-ERK-TAM   Document 126-136   Filed 06/05/24   Page 5 of 10 PageID #: 4515

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe --- November 9, 2022

32

McCabe

specific service directors as to each work order.

Q. Then would you in the interim report, would that be included as to why a particular customer hadn't paid?

MS. FITZGERALD: Objection.

A. I don't recall.

Q. Some explanation?

A. I would think so, I just don't recall.

Q. Can you contrast or compare and contrast the work that you did on the tax side of things and then contrast that with the accounting and reporting services that we were just talking about? Like what's the difference between the tax aspect of things that you were doing and these interim visits that you would do like we just talked about at Koeppel?

MS. FITZGERALD: Objection. Object to form.

A. To the best of my recollection, the tax visits were to finalize the tax information for the return and then the interim visits were just to get kind of almost a tax planning for the tax planning, to kind of just meet in the middle

Case 1:18-cv-05775-ERK-TAM Document 126-136 Filed 06/05/24 Page 6 of 10 PageID #: 4516

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe --- November 9, 2022

33

1 McCabe
2 of the year and just make sure everything was
3 working.
4     Q. Was the idea at least getting from
5 the old work orders that you were describing, one
6 of the purposes behind the accounting and
7 reporting services is to identify some type of
8 possible irregularities?
9     MS. FITZGERALD: Objection.
10     Q. You can answer.
11     A. I think what you're referring to is
12 different than tax information. It's a separate
13 instance where you're actually contracting to do
14 that.
15     Q. I understand that, but I mean you're
16 identifying old work orders, right, in the
17 instance with Koeppel you're identifying old work
18 orders, money that hadn't been paid that you
19 believe should have been paid to Koeppel, right?
20     A. I believe so, yes.
21     Q. So I mean that really doesn't have
22 anything to do with taxes at all because the
23 money hasn't been paid, if it gets paid, it gets
24 paid, and that will get generated as revenue,
25 right, but it's identifying some money that

Case 1:18-cv-05775-ERK-TAM   Document 126-136   Filed 06/05/24   Page 7 of 10 PageID #: 4517

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe --- November 9, 2022

108

1       McCabe
2       Q.   So to the extent you were having
3   discussions with anyone at Koeppel, whether it
4   was a service manager or a controller about these
5   open repair orders, is it fair to say that those
6   discussions were centered upon whether or not
7   there was income out there that could be picked
8   up?
9       A.   Correct.
10           MR. LABUDA:  Objection to form.
11           You can answer.
12      Q.   I think you specifically were asked
13  about digging deeper when you would -- do you
14  recall that digging deeper when you were looking
15  at these open repair orders at Koeppel?
16      A.   Yeah.
17      Q.   Were you digging deeper to find out
18  if there was unreported income?
19      A.   Not unreported, I guess to figure out
20  why work orders were open.
21      Q.   Whether or not income should be
22  written off, right?
23      A.   Correct.
24      Q.   But that was your focus when you were
25  looking at those open repair orders at Koeppel?

Case 1:18-cv-05775-ERK-TAM Document 126-136 Filed 06/05/24 Page 8 of 10 PageID #: 4518

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe --- November 9, 2022

112

1   McCabe
2   books and records, correct?
3       A.   Correct.
4            MR. LABUDA:  Objection.
5       Q.   Is Star responsible for the accuracy
6   of its own books and records?
7       A.   Correct.
8       Q.   Other than your general recollection
9   that you have of working on fixed assets, is it
10  fair to say you don't have any specific knowledge
11  as to what any other Voynow employee worked on at
12  Star?
13      A.   Specifically, no, I don't recall.
14      Q.   So you don't know, is it fair to say
15  that you don't know whether or not any other
16  Voynow employee questioned any Star employee
17  about any specific schedule?
18      A.   I don't specifically recall, but I'm
19  sure there were conversations.
20      Q.   Is it fair to say that Voynow was not
21  simply taking numbers that were on Star's
22  schedules and plugging them into a tax return
23  without raising questions if questions were
24  warranted?
25      A.   Yes, that's correct.

Case 1:18-cv-05775-ERK-TAM   Document 126-136   Filed 06/05/24   Page 9 of 10 PageID #: 4519

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe   ---   November 9, 2022

115

1                    McCabe
2         Q.    You were asked questions about
3    whether or not this document was a typical
4    interim report.  Do you recall that questioning?
5         A.    Yes.
6         Q.    If I understand your testimony, you
7    told me you only went on one visit and that was
8    to Koeppel as an interim visit, correct?
9         A.    Correct.
10        Q.    Is it fair to say that you don't have
11   enough knowledge to know what is and what is not
12   a typical interim report since you only went on
13   one visit?
14        A.    That's fair, correct.
15              MR. LABUDA:  Objection.
16              You can answer.
17        Q.    You also testified that you
18   understood that the purpose of an interim report
19   was to bring certain items to the attention of
20   management, do you recall that?
21        A.    Correct.
22        Q.    One of the things you said was an
23   interim report could let a manager or controller
24   know about customers who owe money, do you recall
25   that?

STAR AUTO SALES, et al. v. VOYNOW, BAYARD, et al.
Cody McCabe ---- November 9, 2022

116

1 McCabe
2 A. Yes.
3 Q. Would the reason for that be so that
4 the manager could make a determination whether
5 that particular customer amount was collectible
6 or not?
7 A. That's correct.
8 Q. Then the manager, because whether or
9 not it was collectible or not, could impact the
10 client's income?
11 A. Correct.
12 Q. Because if it wasn't collectible, it
13 would then be written off, right?
14 A. That's correct.
15 Q. So that would be the reason why as
16 far as you know, an interim visit could let a
17 manager know about items that may be outstanding
18 so that they could decide whether or not it could
19 be collectible?
20 MR. LABUDA: Objection.
21 You can answer.
22 A. That's correct.
23 Q. How much of what you do currently is
24 tax work?
25 A. Probably 80 percent of what I do.