# EXHIBIT 54

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
STAR AUTO SALES OF BAYSIDE, INC.
(d/b/a STAR TOYOTA OF BAYSIDE), STAR
AUTO SALES OF QUEENS, LLC (d/b/a
STAR SUBARU), STAR HYUNDAI LLC
(d/b/a STAR HYUNDAI), STAR NISSAN,
INC. (d/b/a STAR NISSAN), METRO
CHRYSLER PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR AUTO SALES
OF QUEENS COUNTY LLC (d/b/a STAR
FIAT) and STAR AUTO SALES OF QUEENS
VILLAGE LLC (d/b/a STAR MITSUBISHI),

                             Plaintiffs,

         -against-                 Case No.
                                     18-cv-05775
VOYNOW, BAYARD, WHYTE and COMPANY,  (ERK)(TAM)
LLP, HUGH WHYTE, and RANDALL FRANZEN,

                             Defendants.
------------------------------------x

                        March 22, 2022
                        10:24 a.m.

      Deposition of SHAWN McCORMACK, taken by

Plaintiffs, held at the offices of Milman Labuda

Law Group PLLC, 3000 Marcus Avenue, Suite 3W8,

Lake Success, New York, before Joseph Danyo V,

a Shorthand Reporter and Notary Public within

and for the State of New York.

Job No: 4430

```
 1
 2         A P P E A R A N C E S :
 3
 4           MILMAN LABUDA LAW GROUP PLLC
             Attorneys for Plaintiffs
 5              3000 Marcus Avenue, Suite 3W8
                Lake Success, New York 11042
 6
             By:    JAMIE S. FELSEN, ESQ.
 7                    jamiefelsen@mllaborlaw.com
                    JEREMY M. KOUFAKIS, ESQ.
 8                    jeremy@mllaborlaw.com

 9           MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.
             Attorneys for Defendants
10              620 Freedom Business Center, Suite 300
                King of Prussia, Pennsylvania 19406
11
             By:    MAUREEN P. FITZGERALD, ESQ.
12                    mpfitzgerald@mdwcg.com

13

14        Also Present:

15           HUGH WHYTE

16           RANDALL FRANZEN

17           ROBERT SEIBEL

18           STEVEN RAMBAM

19           JACQUELINE CUTILLO

20                         ~oOo~

21

22

23

24

25
```

Page 3

1
2       IT IS HEREBY STIPULATED AND AGREED, by and
3  between counsel for the respective parties hereto,
4  that the filing, sealing and certification of the
5  within deposition shall be and the same are hereby
6  waived;
7       IT IS FURTHER STIPULATED AND AGREED that
8  the within deposition may be signed before any Notary
9  Public with the same force and effect as if signed and
10 sworn to before the Court.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 4

1    McCORMACK

2    S H A W N   M c C O R M A C K, after having been
3    first duly sworn by Joseph Danyo V, a Notary
4    Public, was called as a witness and testified as
5    follows:
6    EXAMINATION BY MR. FELSEN:
7        Q.   Good morning, Mr. McCormack.
8        A.   Good morning.
9        Q.   My name is Jamie Felsen.  I'm an
10   attorney for various Star corporate entities, who
11   I will refer to today simply as Star.  Do you
12   understand that?
13       A.   Yes.
14       Q.   We're here today to ask questions and
15   have you answer those questions related to a
16   lawsuit that was commenced against the defendants
17   in this action, who are Voynow, Bayard, Whyte and
18   Company LLP, who I will simply refer to as
19   Voynow, in addition to Hugh Whyte and Randall
20   Franzen.  Do you understand?
21       A.   Yes.
22       Q.   In the lawsuit that Star has
23   commenced against those defendants that I've
24   identified, you are not named as a defendant.  Do
25   you understand that?

Page 120

1          McCORMACK

2          A.   We would do it at year-end.  We would
3    ask the questions and make sure that these things
4    were legitimately receivables and not expenses.
5          Q.   That was only done once a year for
6    some of those tax clients, correct?
7          A.   Because we were only there once a
8    year.
9          Q.   Let's review a little bit further
10   down into customer deposits.  Customer deposit
11   work wasn't tax work, correct?
12              MS. FITZGERALD:  Objection.
13         A.   Again, we were checking to see if
14   there was anything stuck on their schedules that
15   they needed to clear for their income statement
16   before year-end.
17         Q.   Why did that need to be done in the
18   middle of the year?
19         A.   You're right, it didn't need to be
20   done.  However, since we were there and visiting,
21   this was in order to get them prepared for the
22   end of the year.
23         Q.   Okay.  Let's turn to the next page,
24   Voynow 011010.  Towards the bottom of the page
25   there is a section entitled Holdback Receivable.

1                    McCORMACK
2  What kind of work was that, holdback receivable?
3        A.    It's just to make sure there is
4  nothing stuck on the schedule and that they are
5  getting paid all their factory holdbacks.  I mean
6  it's --
7        Q.    That work isn't related to a year-end
8  tax return, correct?
9        A.    We would look at that at the year-end
10 too.  I mean it's just again prepping them for
11 the year-end and letting them know the status of
12 what's on their books so they knew what had to be
13 focused on.  They would look at this and know
14 that that wasn't a focus.
15       Q.    Okay.  The next item on this page is
16 credit card receivable.  This wasn't tax work,
17 was it?
18       A.    This was just checking on an asset
19 account like we did with all the other asset
20 accounts and asking the customer or the client
21 about it.  Tax work, it's just basic work.
22       Q.    It wasn't performed for other car
23 dealerships that you only went to once a year,
24 correct?
25       A.    You're right.