# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Joseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

April 30, 2025

**Via ECF**

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   *Re:*   **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP,** *et al.*
>           **Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Korman:

      This firm represents Plaintiffs ("Star") in the above-referenced matter.  We are in receipt of the Court's March 25, 2025 Order (ECF Docket Entry [128](#)) concerning Defendants' ("Voynow") partial summary judgment motion (ECF Docket Entry [126-1](#)) on the limited issue of whether the three (3) year statute of limitations under N.Y. C.P.L.R. § 214(6) applies to Star's professional malpractice and respondeat superior claims.  Star wanted to alert the Court to an important issue concerning the applicability of two (2) tolling agreements between the parties on the statute of limitations that was not raised by Voynow nor decided by the Court in its March 25, 2025 Order but is nevertheless affected by the Order.  Based on the tolling agreements, Voynow's professional malpractice concerning the 2014 tax return, and all alleged acts of theft or fraud occurring from January 1, 2014 through December 31, 2014, were timely asserted.  Star seeks to address this issue through either a motion under Fed. Civ. Proc. R. 54(b), supplemental briefing on the issue under Fed. Civ. Proc. R. 56, or a subsequent motion in limine before trial, or otherwise as this Court deems appropriate.

      In this case, the parties entered into two (2) separate pre-litigation tolling agreements which tolled the statute of limitations by an additional 227 days.[1]  (See tolling agreements annexed hereto as **Exhibit "1"**).  However, as noted above, Voynow did not seek a ruling from the Court in their summary judgment motion as to the effect of these multiple tolling agreements on the statute of

---

[1] The parties initially agreed to toll the statute of limitations from March 1, 2018 until August 30, 2018, and entered into another tolling agreement which further tolled the statute of limitations from August 30, 2018 until October 14, 2018. The parties entered into the tolling agreements so that they could engage in settlement discussions in an attempt to avoid litigation without prejudicing either side.  Preventing Plaintiff from utilizing the tolling agreements would be a manifest injustice and would turn the purpose of tolling agreements on its head.  Fed. Civ. Proc. R. 54.

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
April 30, 2025
Page 2 of 5

limitations. Rather, Voynow limited its argument to the fact that "[p]ursuant to NY CPLR 214(6), the statute of limitations applicable to a professional liability claim in New York against an accountant is three years and begins to accrue 'upon receipt of the accountant's work product since this is the point that a client reasonably relies on the accountant's skill and advice.'" ECF Docket Entry 126-1. Voynow made no citation to the tolling agreements in their Statement of Material Facts. Accordingly, the Court was "limited to the arguments [Voynow] actually made", i.e that the three (3) year statute of limitations under N.Y. C.P.L.R. § 214(6) applies and the continuous representation exception does not apply. See Diggs v. City of New York, 2019 U.S. Dist. LEXIS 131833 (S.D.N.Y. Aug. 5, 2019); Probulk Carriers Ltd. V. Peraco Chartering USA LLC, 2012 U.S. Dist. LEXIS 102390, f.n. 6 (S.D.N.Y. July 19, 2012) ("because Peraco does not raise this argument in its briefing, the Court will not address it *sua sponte*.") Upon reading this Court's Order, Plaintiffs believe it is appropriate to notify the Court now prior to any trial and seek clarity from the Court on how to proceed with addressing this issue. Whether intentionally or unintentionally omitted from its summary judgment motion, Star believes that Voynow's failure to seek a determination of the parties multiple tolling agreements left the Court with the misimpression that the statute of limitations could only run back to October 16, 2015 and that Star's claims were limited to the 2015 tax returns through the present – which Star respectfully submits is not the case. In reality, the tolling agreements have the effect of placing the 2014 tax returns squarely into the statute of limitations period.

It should be noted that, curiously, Voynow dropped a single footnote in its brief without any evidentiary support incorrectly stating "The parties had entered into tolling agreements which tolled any claims existing as of March 1, 2018 up until October 14, 2018. The tolling agreement expired on October 14, 2018. Star did not file this lawsuit within the tolling period so none of their claims against Voynow have been tolled." ECF Docket Entry 126-1, f.n. 1.[2] Star asserts that this passing reference does not support a conclusion that Voynow properly raised the tolling agreements in its motion. See Maragh v. Roosevelt Is. Operating Corp., 2021 U.S. Dist. LEXIS 147091 (S.D.N.Y. Aug. 5, 2021) (a single passing reference in a brief unsupported by record evidence not considered); Forte v. Liquidnet Holdings, Inc., 2015 U.S. Dist. LEXIS 136474 (S.D.N.Y. Sep. 30, 2015) (passing reference in a footnote insufficient). However, even assuming *arguendo* that Voynow, through this footnote, somehow properly raised the argument of the effect of tolling agreements on the statute of limitations in their motion, Voynow cites no facts concerning the tolling agreements in their 56.1 Statement of Material Facts and fails to support their argument or any "fact" concerning the tolling agreements by any admissible evidence (such as the tolling agreements themselves) and could not be considered by this Court (nor was it) in deciding Voynow's motion. Courts routinely hold that each material fact as to which the moving party contends there is no genuine issue to be tried must be contained in a 56.1 statement and a court may not consider any facts not contained in a 56.1 statement. See McCall v Genpak, LLC, 2015 U.S. Dist. LEXIS 133762, *13 (S.D.N.Y. Sep. 30, 2015) ("the Court need not consider any evidence not included in the Rule 56.1 Statements"); Cortes v. City of NY., 2019 U.S Dist. LEXIS 188208 (E.D.N.Y. Oct. 30, 2019) ("Local Civ. R. 56.1(c). Subsection (d) provides,

---

[2] Star included a footnote in its memorandum of law stating that Star commenced this lawsuit immediately after the expiration of the March 2018 tolling agreement. ECF Docket Entry 126-115.

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
April 30, 2025
Page 3 of 5

"[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Civ. R. 56.1(d).… where a party fails to support a fact with admissible evidence, the court may not deem that fact as admitted based solely on the opposing party's failure to expressly controvert it) citing *Giannullo v. City of New York*, 322 F.3d 139, 142-43 (2d Cir. 2003); *Walker v. Carrozzo*, 664 F. Supp. 3d 490, 506 (S.D.N.Y. 2023) (refusing to consider purported fact contained in a memorandum of law that was not contained in 56.1 statement); *Day v. NY City Dept. of Consumer Affairs*, 2016 U.S. Dist. LEXIS 33606, f.n. 4 (S.D.N.Y. Mar. 15, 2016); *Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, 2011 U.S. Dist. LEXIS 144996, *8-9 ("Because these statements were not included in a Rule 56.1 statement (where they would have been required to be supported by admissible evidence), the Court need not consider them…. The Rule requires that a party moving for summary judgment submit a list of the material facts as to which there is no genuine issue to be tried, along with "citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." Loc. Civ. R. 56.1.")

The Second Circuit explained its reasoning for not considering facts not raised in a 56.1 statement in *Holtz v. Rockefeller & Co.*, 258 F3d 62, 73-74 (2d Cir 2001) holding "[w]e have a second reason to look past Holtz's failure to file a Local Rule 56.1 statement. RCI's allegations of uncontested fact cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement. Local Rule 56.1(d) provides that "each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible" as required by Fed. R. Civ. P. 56(e). Interpreting the predecessor to the current Local Rule 56.1, we held that " a Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts." *Zanghi v. Old Brookville*, 752 F2d 42, 47 (2d Cir 1985). Likewise, district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that "where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." *Watt v. NY Botanical Garden*, 2000 U.S. Dist LEXIS 1611, *2, f.n. 1 (S.D.N.Y. Feb. 15, 2000),; see also *IBS Ketel, Ltd. v. Korea Telecom Am., Inc.*, 2000 U.S. Dist. LEXIS 8678, *1, f.n. 1 (S.D.N.Y. June 20, 2000); *AAA v. AAA Auto. Club of Queens, Inc.*, 1999 US Dist LEXIS 8892, *7 (E.D.N.Y. Feb. 8, 1999); *Rivera v. Natl. R.R. Passenger Corp.*, 152 FRD 479, 484 (S.D.N.Y. 1993). Allowing a Rule 56.1 statement to substitute for the admissibility requirement set forth in Fed. R. Civ. P. 56(e) "would be tantamount to the tail wagging the dog." *Rivera*, 152 F.R.D. at 484. The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties. See *Monahan v. NY City Dept. of Corr.*, 214 F.3d 275, 292 (2d Cir 2000); *Watt*, 2000 U.S. Dist. LEXIS 1611, at *2 n.1, 2000 WL 193626, at *1 n.1. The local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record. Where, as here, the record does not support the assertions in a Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently. See *Zanghi*, 752 F.2d at 47. This same reasoning in *Holtz* equally applies here for

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
April 30, 2025
Page 4 of 5

the Court to not consider a passing reference by Voynow in a footnote as a "fact" raised in Voynow's motion.

On the issue of the tolling agreements, it is fundamental that "[d]uring the period the tolling agreements were in effect, the statute of limitations stopped running." *See, e.g., SEC v. Kelly, 663 F Supp 2d 276, 287 (S.D.N.Y. 2009)*; *NY ex rel. Spitzer v Feldman*, 2003 U.S. Dist. LEXIS 11759, *15 (S.D.N.Y. July 10, 2003) ("Because the time period during which the Agreement was in effect does not count for limitations purposes, this suit was timely filed within the four-year statute applicable to New York's Sherman and Donnelly Act claims.") Accordingly, by virtue of the tolling agreements, the statute of limitations stopped running from March 1, 2018 through October 14, 2018, which is a total of 227 days. Based on the foregoing, as to claims pertaining to the 2014 tax return, Star was obligated to file suit within three years plus 227 days from their receipt of Voynow's work product. That is, for the 2014 tax returns that Star received beginning on August 6, 2015, as conceded by Voynow (ECF Docket Entry 126-1, p. 6), based on the three-year statute of limitations plus the 227-day toll, Star needed to file suit by March 20, 2019. Star filed this instant lawsuit on October 16, 2018. Therefore, the lawsuit was timely commenced with respect to Voynow's professional malpractice concerning the 2014 tax return, and all alleged acts of theft or fraud occurring from January 1, 2014 through December 31, 2014 were timely asserted.

Again, Voynow did not seek a ruling nor present the Court with copies of the tolling agreements. Instead, the statement of material facts and briefing on Voynow's motion for partial summary judgment was limited to the discrete issue of whether the three (3) year statute of limitations under N.Y. C.P.L.R. § 214(6) applies or whether the continuous representation exception applies to extend the statute of limitations back to 2001. Therefore, when the Court concluded that the continuous representation exception does not apply, the Court simply concluded that alleged acts of theft or fraud occurring from 2001 through 2014 are untimely pursuant to C.P.L.R. § 214(6). The effect that the existence of the tolling agreements has on the statute of limitations, by adding one additional year, is an important issue that remains open for the Court to decide.

In conclusion, Star respectfully seek guidance from the Court as to the appropriate mechanism under which Star should address this unique issue with the Court, whether it be through a motion *in limine* or a motion seeking a modification of the order, or some other vehicle. *See United States v. Lo Russo*, 695 F.2d 45 (2d Cir 1982) (a district court has the inherent power to modify its interlocutory orders prior to the entry of judgment, whether they be oral, or written any time prior to appeal); *Soybel v. City of N.Y.*, 2024 U.S. Dist. LEXIS 241631 (E.D.N.Y. Mar. 14, 2024) (noting "[t]he Court has authority under Fed. R. Civ. P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment" and altering prior decision of the court such that the date the court relied on to end tolling was the date class certification was denied rather than the date of the lower court's dismissal, as the court previously ruled); *Williams v. County of Nassau*, 779 F. Supp. 2d 276 (E.D.N.Y. 2011) ("[a] district court retains absolute authority to reconsider or otherwise affect its interlocutory orders any time prior to appeal.")

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
April 30, 2025
Page 5 of 5

      We thank the Court for its time and consideration in this matter.[3]

                                    Respectfully submitted,

                                    /s/ Joseph M. Labuda

cc: All counsel of record

---

[3] Star attempted to resolve this issue of the tolling agreements with Voynow prior to submitting this letter, but Voynow responded that the Court's opinion is "very clear on what is left in the case."