# EXHIBIT "1"

## *Tolling Agreement*

**WHEREAS**, Star Auto Sales of Bayside, Inc. (d/b/a Star Toyota of Bayside), Star Auto Sales of Queens, LLC (d/b/a Star Subaru), Star Hyundai LLC (d/b/a Star Hyundai), Star Nissan, Inc. (d/b/a Star Nissan), Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep Dodge), Star Auto Sales of Queens County LLC (d/b/a Star Fiat) and Star Auto Sales of Queens Village LLC (d/b/a Star Mitsubishi) (collectively, the "Star Auto Group") have identified certain claims against Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte") and Randall Franzen ("Franzen") (the "Voynow Parties"); and,

**WHEREAS**, the foregoing parties now wish to engage in pre-suit negotiations regarding a possible resolution of any and all such claims,

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and conditions herein contained,

**IT IS HEREBY AGREED** as of March 1, 2018, by and among the Star Auto Group and the Voynow Parties that any and all statutes of limitations or other defenses based on the passage of time, including laches, waiver and estoppel, applicable to any claims that the Star Auto Group and/or their affiliates, parents, subsidiaries, successors or assigns may have against the Voynow Parties and/or their affiliates, parents, subsidiaries, successors or assigns arising from or relating to their professional relationships are hereby deemed to have been tolled as of and from the date hereof to and including August 30, 2018 or the date that this Tolling Agreement is otherwise terminated as provided herein (the "Tolling Period").

**IT IS FURTHER AGREED** that either party may terminate this Tolling Agreement by giving written notice (an "Early Termination Notice") to the other party's undersigned counsel setting forth a new Tolling Period end date that is not less than two

weeks after the date on which such notice is given (the "Early Termination Date"). Any Early Termination Notice shall be given by priority overnight mail (e.g., Federal Express) and also by email, and shall be effective upon receipt of the overnight mail.

**IT IS FURTHER AGREED** that the Star Auto Group will not commence an action against the Voynow Parties prior to the end of the Tolling Period as set forth herein or as modified by an Early Termination Notice.

**IT IS FURTHER AGREED** that the execution of this Tolling Agreement shall in no way operate as an admission of liability by any party hereto or that a colorable claim or defense exists by any party to this Agreement with respect to any other party to this Agreement.

**IT IS FURTHER AGREED** that during the pendency of this Tolling Agreement, the Voynow Parties may request, and the Star Auto Group may provide, certain documents concerning the claims under negotiation for purposes of evaluation and/or claims adjustment. The Star Auto Group agrees to provide responses in its discretion, and all such materials shall be treated in the following manner: (i) all such materials shall be marked "Confidential" and bates numbered, (ii) the Voynow Parties and their counsel shall use all such "Confidential" materials solely for purposes of evaluating the prospective claims under negotiation and for no other purpose, (iii) all such "Confidential" materials may be shown only to counsel, the Voynow Parties, their insurance company(ies), and any experts retained for such purposes, as well as any staff members of counsel, the Voynow Parties or any retained experts, all on an as needed basis, and may not be disclosed in form or substance to any other third party, (iv) at the conclusion of the Tolling Period, all such "Confidential Materials" shall be returned to counsel for the Star Auto Group or destroyed by counsel with a

2

confirmation that all such materials have in fact been destroyed or retained by counsel in lieu of discovery by mutual agreement and subject to any confidentiality orders that may be entered in any action and (v) in the event of any breach or threatened breach of this confidentiality agreement, the Star Auto Group shall be entitled to immediate injunctive relief without the requirement of any bond or undertaking.

**IT IS FURTHER AGREED** that nothing in this Tolling Agreement shall affect any defense available to any party as of the date hereof, and this Tolling Agreement shall not be deemed to revive any claim that was already time barred on that date. Further, nothing in this Tolling Agreement or in the circumstances that gave rise to it, shall be construed as an acknowledgment by any party that any claim has or has not been barred, or is about to be barred, by the statute of limitations, laches, or any other defense based on the lapse of time.

**IT IS FURTHER AGREED** that this Tolling Agreement shall be considered confidential. It may not be shown or given, or its contents disclosed, to anyone other than the parties, their counsel, their insurance companies, any experts retained in relation to the disputes between the parties and any court or court personnel who may need to review this Agreement in the event of a dispute.

**IT IS FURTHER AGREED** that the Tolling Period shall not be included in the calculation of interest on any amount that may be due between the parties.

**IT IS FURTHER AGREED** that this Tolling Agreement shall be governed by the laws of the State of New York.

**IT IS FURTHER AGREED** that each individual executing this Tolling Agreement on behalf of a party represents and warrants that he is fully authorized to do so and

3

that this agreement is not in violation of, or contrary to, any other agreement.

**IT IS FURTHER AGREED** that this Tolling Agreement may be executed in counterparts and a manually signed counterpart delivered by facsimile or email in pdf form shall have the same effect as delivery of the original by manual delivery.

This agreement may be signed by the attorneys for the parties who represent and warrant that they have the power to and are authorized to execute this agreement and that it shall be valid and binding on each party.

**TRACHTENBERG RODES & FRIEDBERG LLP**

By: _____
Barry J. Friedberg

545 Fifth Avenue
New York, New York 10017

*Attorneys for the Star Auto Group*

**MARSHALL DENNEHY WARNER COLEMAN & GOGGIN**

By: _____
Gregory W. Fox

2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for the Voynow Parties*

4

## *Tolling Agreement*

**WHEREAS**, Star Auto Sales of Bayside, Inc. (d/b/a Star Toyota of Bayside), Star Auto Sales of Queens, LLC (d/b/a Star Subaru), Star Hyundai LLC (d/b/a Star Hyundai), Star Nissan, Inc. (d/b/a Star Nissan), Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep Dodge), Star Auto Sales of Queens County LLC (d/b/a Star Fiat) and Star Auto Sales of Queens Village LLC (d/b/a Star Mitsubishi) (collectively, the "Star Auto Group") have identified certain claims against Voynow, Bayard, Whyte and Company, LLP ("Voynow"), Hugh Whyte ("Whyte") and Randall Franzen ("Franzen") (the "Voynow Parties"); and,

**WHEREAS**, the foregoing parties previously entered into an Agreement that any and all statutes of limitations or other defenses based on the passage of time, including laches, waiver and estoppel, applicable to any claims that the Star Auto Group and/or their affiliates, parents, subsidiaries, successors or assigns may have against the Voynow Parties and/or their affiliates, parents, subsidiaries, successors or assigns arising from or relating to their professional relationships were deemed tolled as of March 1, 2018, to and including August 30, 2018; and

**WHEREAS**, the foregoing parties wish to continue to engage in pre-suit negotiations regarding a possible resolution of any and all such claims, and for that reason desire to extend the tolling period further as herein set forth.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and conditions herein contained,

**IT IS HEREBY AGREED,** that the Voynow Parties shall disclose to the Star Auto Group simultaneously with the execution and exchange hereof the amount of any and all insurance coverage applicable to the above-referenced claims; and,

**IT IS FURTHER AGREED**, that, provided the above-referenced disclosure is made, as of <u>August 30, 2018</u>, by and among the Star Auto Group and the Voynow Parties, that any and all statutes of limitations or other defenses based on the passage of time, including laches, waiver and estoppel, applicable to any claims that the Star Auto Group and/or their affiliates, parents, subsidiaries, successors or assigns may have against the Voynow Parties and/or their affiliates, parents, subsidiaries, successors or assigns arising from or relating to their professional relationships are hereby deemed to have been tolled as of and from March 1, 2018 to and including <u>October 14, 2018</u>; or the date that this Tolling Agreement is otherwise terminated as provided herein (the "Tolling Period"); and

**IT IS FURTHER AGREED**, that either party may terminate this Tolling Agreement by giving written notice (an "Early Termination Notice") to the other party's undersigned counsel setting forth a new Tolling Period end date that is not less than <u>seven (7) days</u> after the date upon which such notice is given (the "Early Termination Date"). Any Early Termination Notice shall be given by priority overnight mail (e.g., Federal Express) and also by email, and shall be effective upon receipt of the overnight mail; and

**IT IS FURTHER AGREED**, that the Star Auto Group will not commence an action against the Voynow Parties prior to the end of the Tolling Period as set forth herein or as modified by an Early Termination Notice; and

**IT IS FURTHER AGREED**, that the execution of this Tolling Agreement shall in no way operate as an admission of liability by any party hereto or that a colorable claim or defense exists by any party to this Agreement with respect to any other party to this Agreement; and

2

**IT IS FURTHER AGREED**, that during the pendency of this Tolling Agreement, the Voynow Parties may request, and the Star Auto Group may provide, certain documents concerning the claims under negotiation for purposes of evaluation and/or claims adjustment. The Star Auto Group agrees to provide responses in its discretion, and all such materials shall be treated in the following manner: (i) all such materials shall be marked "Confidential" and bates numbered, (ii) the Voynow Parties and their counsel shall use all such "Confidential" materials solely for purposes of evaluating the prospective claims under negotiation and for no other purpose, (iii) all such "Confidential" materials may be shown only to counsel, the Voynow Parties, their insurance company(ies), and any experts retained for such purposes, as well as any staff members of counsel, the Voynow Parties or any retained experts, all on an as needed basis, and may not be disclosed in form or substance to any other third party, (iv) at the conclusion of the Tolling Period, all such "Confidential Materials" shall be returned to counsel for the Star Auto Group or destroyed by counsel with a confirmation that all such materials have in fact been destroyed or retained by counsel in lieu of discovery by mutual agreement and subject to any confidentiality orders that may be entered in any action and (v) in the event of any breach or threatened breach of this confidentiality agreement, the Star Auto Group shall be entitled to immediate injunctive relief without the requirement of any bond or undertaking; and

**IT IS FURTHER AGREED**, that nothing in this Tolling Agreement shall affect any defense available to any party as of the date hereof, and this Tolling Agreement shall not be deemed to revive any claim that was already time barred on that date. Further, nothing in this Tolling Agreement or in the circumstances that gave rise to it, shall be

3

construed as an acknowledgment by any party that any claim has or has not been barred, or is

about to be barred, by the statute of limitations, laches, or any other defense based on the

lapse of time; and

      **IT IS FURTHER AGREED**, that this Tolling Agreement shall be considered

confidential.  It may not be shown or given, or its contents disclosed, to anyone other than the

parties, their counsel, their insurance companies, any experts retained in relation to the

disputes between the parties and any court or court personnel who may need to review this

Agreement in the event of a dispute; and

      **IT IS FURTHER AGREED**, that the Tolling Period shall not be included in

the calculation of interest on any amount that may be due between the parties; and

      **IT IS FURTHER AGREED**, that this Tolling Agreement shall be governed

by the laws of the State of New York; and

      **IT IS FURTHER AGREED**, that each individual executing this Tolling

Agreement on behalf of a party represents and warrants that he is fully authorized to do so and

that this agreement is not in violation of, or contrary to, any other agreement; and

      **IT IS FURTHER AGREED**, that this Tolling Agreement may be executed in

counterparts and a manually signed counterpart delivered by facsimile or email in pdf form

shall have the same effect as delivery of the original by manual delivery.

4

This Agreement may be signed by the attorneys for the parties who represent and warrant that they have the power to and are authorized to execute this agreement and that it shall be valid and binding on each party.

TRACHTENBERG RODES
& FRIEDBERG LLP

By: _____
    Barry J. Friedberg

545 Fifth Avenue
New York, New York 10017

*Attorneys for the Star Auto Group*

MARSHALL DENNEHY WARNER
COLEMAN & GOGGIN

By: _____
    Gregory W. Fox

2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for the Voynow Parties*

5