**MARSHALL DENNEHEY**

620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8270
Email:  mpfitzgerald@mdwcg.com

May 6, 2025

**VIA ECF**

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

> RE:  Star Auto Sales, et al. v. Voynow, et al.
> Docket No.:   USDC of Eastern NY No. 1:18-cv-05775-ERK-TAM
> Our File No.:  03127.01373

Dear Judge Korman:

This firm represents Defendants Voynow, Bayard, Whyte and Company, LLP, Randall Franzen, Robert Seibel and Hugh Whyte ("Voynow") and we are submitting this letter in response to the April 30, 2025 correspondence from counsel for the Plaintiff Star Auto entities ("Star").

Star seeks "guidance" from the Court as to which procedural mechanism it should utilize to seek reconsideration of the Court's March 25, 2025 Order granting Voynow's Motion for Partial Summary Judgment. (Dkt. 128). That Order held that Star's claims against Voynow arising from purported acts of fraud occurring in 2001 through 2014 were time-barred based upon the three year statute of limitations, and that Star's reliance upon a continuous representation exception to the statute of limitations did not apply.  Now, despite extensive briefing on the limitations argument, Star claims there is "an important issue concerning applicability of two tolling agreements" not raised in the summary judgment submissions, and asks for direction from the Court as to whether it will allow supplemental briefing under FRCP 56, briefing through a motion in limine, or immediate certification to the Second Circuit under FRCP 54(b).  This Court correctly decided the limitations issue and Voynow respectfully submits that Star should not be permitted opportunity to further litigate this issue, whether through a piecemeal appeal or any other motion.

**Star's Request For Reconsideration Based Upon Tolling Agreements Is Untimely And Improper**

Plainly, Star is seeking reconsideration of the March 25, 2025 Order although it couches its request as one based upon a motion in limine or a request to certify an immediate appeal.  Star is requesting that the Court now hold that its claims relating to 2014 are not time-barred.  When a party believes a court "overlooked important matters or controlling decisions" that would have influenced a prior ruling, it is a motion for reconsideration that is the proper mechanism to utilize.  <u>Baumgarten v. Suffolk County</u>, 2014 WL 4175793 * 2

_____

(E.D. N.Y. August 14, 2014). Pursuant to Local Civil Rule 6.3, a motion for reconsideration must be served within fourteen days after entry of the Court's Order being challenged along with a memorandum setting forth the matters or controlling decision the moving party believes the Court overlooked.

Star's request to revisit the statute of limitations ruling is untimely. Rather than seek reconsideration within 14 days as mandated by Local Rule 6.3, it is now asking the Court to reconsider the March 25, 2025 Order 36 days after its entry. This untimeliness is sufficient basis alone to deny Star's request. See *Zambito v. United States*, 2025 WL 788930, at *2 (E.D.N.Y. Mar. 11, 2025), citing, *Harris v. City of New York*, 2023 WL 7474419, at *2 (S.D.N.Y. Oct. 12, 2023) ("the motion is untimely under Local Civil Rule 6.3 and is denied on that basis"); *Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009) ("Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration."); see also *United States v. Buff,* 2022 WL 11318419, at *1 (S.D.N.Y. Oct. 19, 2022) (motion for reconsideration served 17 days after order at issue exceeded 14 day maximum and was therefore untimely).

Apart from its untimeliness, Star's request is unfounded. Star asserts that the statute of limitations ruling should be reconsidered because the tolling agreement between the parties was purportedly never disclosed to the Court, and infers that Voynow is somehow complicit because it did not include a copy in its submission. Yet, a simple reading of the summary judgment briefs reveal that both Voynow and Star referenced the tolling agreement in their submissions to the Court. See Dkt. 126-1 (Voynow's Memo of Law, p. 2 fn 1); Dkt. 126-15 (Star's Memo of Law, p. 3 fn 2). The existence of the tolling agreement was cited by both parties and is not evidence withheld from the Court. Although Star also seeks to blame Voynow for not providing the actual document to the Court, it curiously offers no reason as to why it could not have done so. Notably, Star also does not claim that Voynow misrepresented the date of the tolling expiration or the date the case was filed. Rather, it argues that the tolling agreement's impact was never considered when granting summary judgment.

To the extent Star felt that it had arguments pertinent to the statute of limitations based upon any tolling agreement, it was incumbent upon it to raise them in its submissions. Specifically, if Star felt that the tolling agreement lent credence to its argument for a continuous representation exception to the three year limitations period, or that a tolling agreement rendered 2014 a viable period for recovery, then it should have made that argument in its opposition. It did not and offers no plausible explanation as to why, if it was such a significant issue. As such, it has waived this argument. *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) (a party who does not "raise [an] argument in his opposition to summary judgment" waives that argument).

### **Evidence Of A Tolling Agreement Should Not Alter The Court's March 25, 2025 Ruling That There Was No Continuous Representation Between Voynow And Star**

Notwithstanding Star's failure to raise any argument as to a tolling agreement in its summary judgment decision, the tolling agreement's existence does not alter or impact the Court's ruling in any way. At the outset, Star filed this case after the tolling agreement had already expired. An initial tolling agreement was executed on March 1, 2018 and then extended on August 30, 2018, providing for tolling that expired on October 14, 2018. Star filed its Complaint on October 17, 2018 – three days after the tolling period expired. Dkt. 1. Voynow pointed this out in its summary judgment submission and Star did not refute this point. See Dkt. 126-1 (Voynow's Memo of Law, p. 2 fn 1).

Aside from the fact that Star did not file its lawsuit within the tolling period, the tolling agreement had no impact upon the Court's ruling that there was no continuous representation. Specifically, Voynow argued

May 6, 2025
Page 3

_____

that Star's claims from 2001 through 2014 were time-barred. Star countered that Voynow's "cadre of accountants" visited quarterly to oversee Star's accounting personnel, review its books and records, identify operational issues and fix problems or report them to the owners. (Dkt. 126-115 at p. 1). Repeatedly, Star argued that this consulting/controllership service was separate and apart from Voynow's tax engagement, that "there was no end of engagement work product" for this service, as Voynow "was to scour Star's accounts, identify issues within the books and records and present them to the owners." (*Id*. at p. 5). It asserted that "Star makes absolutely no claim that it sustained any damages as a result of Voynow's role in preparing taxes. Star's claims have nothing to do with that." (*Id*. at p. 5, fn 5). Yet now, in total contradiction, it argues for reconsideration as to 2014 based upon when Voynow issued the 2014 tax returns prepared for Star. Aside from the blatant inconsistency in Star's arguments, the Court's ruling that there was no continuous representation renders this argument baseless.

In its Opinion, the Court stated that, according to the summary judgment record, Voynow visited Star multiple times a year to perform various oversight and accounting functions resulting in written reports. (Dkt. 128 at 5; SOF ¶¶ 39-46). It stated that while Voynow "often documented its findings in writing to Star, it also informed the Koufakises of its concerns verbally, speaking with the Koufakises by telephone somewhat regularly about various issues, including fraud prevention. (*Id*., at pp. 5-6). Thus, the Court accepted Star's argument that Voynow reported verbally or in writing to owners either at, or after quarterly visits. But critically, it held that this purported consulting engagement was not a <u>mutually agreed</u> "continuous" transaction, citing to evidence in the record of annual engagement letters, year end workpapers, year end billing, and the nature of the work itself. (*Id*. at pp. 15, 21). Because this Court found that the record did not support any "mutual understanding that any work for any particular year was subject to continue to a subsequent year," it rejected Star's argument as to a continuous representation. (*Id*. at p. 24).

The existence of the tolling agreement does not alter or impact the Court's finding in any way. Star has represented that that "there was no end of engagement work product" for Voynow's consulting services, and instead claims that communications were made in writing or verbally (or negligently not made) when Voynow was on-site for quarterly visits. Thus, to the extent Voynow allegedly failed to communicate findings to Star's owners in 2014 while on site, those claims are time-barred as they would have had to be filed by 2017 in order to be timely. Given the Court's decision that the continuous representation exception did not apply, the applicable limitations period was three years and the Court appropriately excluded 2014 from any recovery.

### Star's Plea For Supplemental Briefing Or Motion Practice Should be Denied

Star essentially seeks reconsideration, but realizes that it is now untimely. Hence, it has characterized its request as one for an immediate appeal under FRCP 54(b), or a motion in limine, or supplemental briefing under Rule 56. Voynow submits that none of these mechanisms is warranted or proper, and that it would be prejudicial to re-litigate the Court's ruling as to the statute of limitations. Star cites to no authority whereby supplemental briefing under FRCP 56 should be permitted once a ruling has already been issued. Supplemental briefing under Rule 56 is typically permitted only at a court's request, or if a precedential decision is rendered while the motion for summary judgment is pending. See e.g., <u>Darwin v. Newburgh Operations, LLC</u>, 2025 WL 104140, *8 (S.D.N.Y. Jan. 15, 2025). A motion in limine is typically used to preclude testimony or evidence for purposes of trial – not to expand the scope of a summary judgment ruling. Courts have denied motions in limine when they are nothing more than a disguised motion for reconsideration never pursued and which is now untimely. See e.g., <u>Zambito v. United States</u>, 2025 WL 788930 (E.D. N.Y. March 11, 2025).

May 6, 2025
Page 4

_____

      Likewise, relief under FRCP 54(b) is improper. There is a well-established policy against piecemeal appeals. Such relief should only be granted where there is an interest in sound judicial administration and efficiency, or in the infrequent, harsh case where there exists some danger of hardship or injustice through delay that cannot be alleviated unless an immediate appeal is granted. *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992); *Baumgarten v. Suffolk Cnty.*, 2014 WL 4175793, at *3 (E.D.N.Y. Aug. 19, 2014). Immediate certification under Rule 54(b) in this case as to an issue properly decided by this Court is simply not warranted and Star has failed to articulate any grounds to warrant deviating from the general rule that a final judgment is proper only after all claims are adjudicated.

      Accordingly, Voynow respectfully requests that the Court deny Star's request to reconsider its March 25, 2025 Order, whether in the form of immediate certification of an appeal, supplemental summary judgment briefing or an motion in limine.

      Thank you for your consideration.

                                                          Respectfully,

                                                            Maureen P. Fitzgerald

MPF:ls
cc:     All counsel of record
LEGAL/168823448.1