| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| STAR AUTO SALES OF BAYSIDE, INC. d/b/a STAR TOYOTA; STAR AUTO SALES OF QUEENS, LLC d/b/a STAR SUBARU; STAR HYUNDAI LLC d/b/a STAR HYUNDAI; STAR NISSAN, INC. d/b/a STAR NISSAN; METRO CHRYSLER PLYMOUTH, INC. d/b/a STAR CHRYSLER JEEP DODGE; STAR AUTO SALES OF QUEENS COUNTY LLC d/b/a STAR FIAT; and STAR AUTO SALES OF QUEENS VILLAGE LLC d/b/a STAR MITSUBISHI, | **MEMORANDUM & ORDER**<br><br>18-CV-5775 (ERK) (TAM) |

Plaintiffs,

– against –

VOYNOW, BAYARD, WHYTE AND COMPANY, LLP; HUGH WHYTE; RANDALL FRANZEN; and ROBERT SEIBEL,

Defendants.

KORMAN, *J.*:

On April 30, the Plaintiffs filed a letter requesting guidance about how to seek a resolution as to the effect of two 2018 tolling agreements that could squarely impact the 2014 fiscal year and the statute of limitations, the subject of my March 25 opinion. A motion for reconsideration under Rule 54(b) would be the proper method to seek this relief. The letter was filed more than one month after my March 25 opinion, which is well past the fourteen-day window for reconsideration motions under Local Rule 6.3 and a sufficient reason to deny one here. *Zambito v. United States*, No. 18-CV-3612, 2025 WL 788930, at *2 (E.D.N.Y. Mar. 11, 2025).

More importantly, the Plaintiffs have possessed the 2018 agreements since then, and despite years of discovery disputes and pretrial motion practice, they failed to introduce them in

1

any way until over a month after I issued a summary judgment decision about the very issue the agreements implicate, at least regarding 2014. The Plaintiffs allege no change in law, the agreements are not "new evidence" because the Plaintiffs have long had them, and there is no injustice to avoid or mistake to correct because this information should have been presented previously. *Vicuna v. O.P. Schuman & Sons, Inc.*, 298 F. Supp. 3d 419, 433 (E.D.N.Y. 2017). The time has passed for introducing new evidence as a basis for reconsideration. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that motions for reconsideration are not appropriate vehicles for introducing new arguments that could have been introduced previously).

**SO ORDERED.**

Brooklyn, New York
September 10, 2025

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge