# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

————————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 13, 2026

**VIA ECF**
Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:*    **Star Auto Sales of Bayside, Inc.,** *et al.* **v. Voynow, Bayard, Whyte and Co., LLP,** *et al.*
         **Case No.: 1:18-cv-5775 (ERK) (TAM)**

Dear Judge Korman:

We represent Plaintiffs in the above-referenced action. After reviewing Defendants' 24-page letter dated August 3, 2026, it is apparent that Defendants failed to follow the Court's Order to submit a pre-motion letter on the limited issue of whether a *Daubert* motion should be made now or at trial. We respectfully request that Defendants be ordered to resubmit an appropriate pre-motion letter, limited to 3 pages and only addressing the issue raised by the Court, so that Plaintiffs may appropriately respond with a 3-page letter to that submission, or alternatively, we request an extension until September 16, 2026 to appropriately and commensurately respond to Defendants' full-scale *Daubert* motion (which is not what the Court directed).[1]

On August 3, 2026, this Court "directed the parties to file letters on their respective positions" with respect to "whether a Daubert motion to exclude plaintiffs' expert is appropriate at this stage or whether it should be addressed at trial instead". (Dkt. 136). The Court further ordered that "Defense counsel shall submit their pre-motion letter by 8/3/26; plaintiffs' counsel shall submit their response by 8/17/26." *Id.*

Rather than submit an appropriate pre-motion letter on the issue directed – a letter that is typically 3-pages in length, Defendants submitted a 24-page single space letter, in essence, the entirety of their proposed motion. The undersigned advised the Court on July 27, 2026, that I would be away on a family vacation from July 30, 2026 until August 10, 2026.  Having returned on Monday, I just completed my initial review of Defendants' opus yesterday. First, it fails to address the issue as the Court directed – "whether a Daubert motion … is appropriate at this stage …." In addition, Defendants' counsel, who have had Plaintiffs' expert reports for nearly three years and were ready to file their motion within days of the July 27, 2026 Court conference, decided to file the equivalent of a 55-page legal memorandum. That is not what the Court directed, and it certainly was not what we reasonably anticipated would occur.

Defendants completely ignored the Court's request and instead improperly submitted a full-scale Daubert motion in a single-spaced 24-page letter.  Without the relief requested, Plaintiffs will be prejudiced because Defendants have had nearly three years to prepare their submission. Accordingly, we respectfully request that Defendants be ordered to resubmit a 3-page letter

---

[1] My partner, Joseph M. Labuda, Esq., originally requested an extension until August 31, 2026, which was rejected by opposing counsel, but when we, collectively, discussed the breadth of Defendants' 24-page single space letter, we reconsidered as it was clear that the submission was inappropriate.

Honorable Edward R. Korman, U.S.D.J.
United States District Court Eastern District of New York
August 13, 2026
Page **2** of **2**


addressing solely the issue as directed by the Court and that Plaintiffs be given the opportunity to respond to that letter, or alternatively, that Plaintiffs have until September 16 to appropriately address the extensive, albeit meritless, legal and factual arguments made in their *de facto Daubert* motion.


                                    Respectfully submitted,
                                    **MILMAN LABUDA LAW GROUP, PLLC**
                                    /s/ Michael C. Mulè
                                    Attorneys for Plaintiffs

cc: All counsel of record